I hereby attest and certify on Oct 12, 2011 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: s/ K. Johnson
         Deputy



FILED
OCT 11 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MIDLAND CREDIT MANAGEMENT, INC.,
TELEPHONE CONSUMER PROTECTION ACT LITIGATION           MDL No. 2286

### TRANSFER ORDER

**Before the Panel:**\* Pursuant to 28 U.S.C. § 1407, defendants Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. (Midland) move for coordinated or consolidated pretrial proceedings of four actions split between two districts as listed on Schedule A. Defendants seek centralization in the Southern District of California. Plaintiff in one Southern District of California action (*Tovar*) supports the motion.

Plaintiff in one Northern District of Illinois action (*Scardina*) supports centralization but suggests the Northern District of Illinois as an appropriate transferee district. Plaintiffs in the remaining two actions did not respond to the motion.

On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in all actions allege that one or more of the defendants violated the federal Telephone Consumer Protection Act by placing debt collection calls to debtors' cell phones using an automated system, without the debtors' consent. Despite the relatively low number of parties and actions, efficiencies could be gained from having the actions proceed in a single district. Discovery into the defendants' policies and practices with respect to calling procedures likely will be necessary across the four actions, and centralization will eliminate duplicative discovery and prevent inconsistent pretrial rulings.

We are persuaded that the Southern District of California is an appropriate transferee forum for this litigation. The two actions pending in the Southern District of California were the first actions filed, and the putative nationwide classes sought in these actions overlap with the classes sought in the other two actions. The district also has a nexus to the allegations given the location of the defendants there, and relevant documents and witnesses likely will be found there. Centralization in this district also permits the Panel to assign the litigation to a judge who is not presently presiding over other multidistrict litigation.

---

\* Judge W. Royal Furgeson, Jr., did not participate in the decision of this matter.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of California are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Michael M. Anello for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

P ANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil     Frank C. Damrell, Jr.
Barbara S. Jones     Paul J. Barbadoro
Marjorie O. Rendell

IN RE: MIDLAND CREDIT MANAGEMENT, INC.,
TELEPHONE CONSUMER PROTECTION ACT LITIGATION          MDL No. 2286

## SCHEDULE A

### Southern District of California

Christopher Robinson v. Midland Funding, LLC, C.A. No. 3:10-02261
Eduardo Tovar v. Midland Credit Management, C.A. No. 3:10-02600

### Northern District of Illinois

Nicholas Martin v. Midland Funding, LLC, C.A. No. 1:11-03104
Dave Scardina v. Midland Credit Management, Inc., et al., C.A. No. 1:11-03149