# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION** | CASE NO. 11-md-2286-MMA (MDD)<br><br>Member cases: 10-cv-02261<br>10-cv-02600<br>11-cv-02368<br>11-cv-02370<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS SCARDINA AND ROBINSON'S MOTION FOR THE APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL** |

Plaintiffs Dave Scardina and Christopher Robinson submit this Memorandum of Law in Support of Plaintiffs' Motion for the Appointment of Interim Co-Lead Class Counsel.

**I.    ARGUMENT**

Given the substantial similarity of the parties and claims in the above-captioned actions, Plaintiffs have followed the guidance of the Manual/or Complex Litigation (4th ed. 2004) (the "Manual"), which provides for the efficient organization of plaintiffs' counsel by the appointment of interim class counsel. The 2003 committee note to Fed. R. Civ. P. 23(g)(2)(A) (now re-numbered as Rule 23(g)(3)) provides standards to apply to the appointment of interim class counsel:

> Paragraph (2)(A) authorizes the court to designate interim counsel during the precertification period if necessary to protect the interests of the putative class. Rule 23(c)(1)(B) directs that the order certifying the class include appointment of class counsel. Before class certification, however, it will usually be important for an attorney to take action to prepare for the certification decision. **The amendment to Rule 23(c)(1)**

5

> **recognizes that some discovery is often necessary for that determination. It also may be important to make or respond to motions before certification. Settlement may be discussed before certification. Ordinarily, such work is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate. Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made. . . .**

(*emphasis added*).

> Similarly, the *Manual for Complex Litigation* (4th ed. 2004)(the "Manual") states:

> *Whether to appoint interim class counsel during the period before class certification is decided.* If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, **such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement . . . .**

(*italicized emphasis in original, bolded emphasis added*).

Plaintiffs respectfully submit that such designation will promote the orderly progress of this litigation, and ensure that plaintiffs are able to prosecute this litigation in an efficient and coordinated fashion.

Plaintiffs Robinson and Scardina propose the following Interim Co-Lead Class Counsel Committee:

Douglas J. Campion
Law Offices of Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, CA 92108-3507
Email: doug@djcampion.com

***Counsel representing Plaintiff Robison***

6

-and-

James O. Latturner
EDELMAN COMBS LATTURNER
    & GOODWIN, LLC
120 S. Lasalle Street, Suite 1800
Chicago, Illinois 60603
Email: jlatturner@edcombs.com
Email: courtecl@edcombs.com

*Counsel representing Plaintiff Scardina*

The proposed Interim Co-Lead Class Counsel Committee, as described above, are (1) willing and able to commit to a time-consuming process; (2) able to work cooperatively among themselves and with others (3) have extensive professional experience in this type of litigation and (4) have access to sufficient resources to advance the litigation in a timely manner.

### A. Willingness and Ability to Commit to Time-Consuming Process

Each of the proposed firms is committed to expending all resources necessary to achieve the best possible results for its clients and class members and has adopted a high standard that guides its prosecutorial efforts, including a commitment to producing only the highest quality work product.  This is evidenced by the Declarations attached hereto, illustrating extensive experience in prosecuting similar TCPA and other consumer related litigation on a class wide basis.  (Exhibits A-D).

As suggested by the *Manual,* plaintiffs' Interim Co-Lead Class Counsel are charged with the responsibility for the day-to-day conduct of the litigation and for carrying out the Orders of the Court concerning the conduct of the litigation. Indeed, Interim Co-Lead Class Counsel are:

> Charged with the major responsibility for formulating (after consultation with other counsel) and presenting positions on substantive and procedural issues during litigation, ... [for] presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

*Manual* at § 20.221. Interim Co-Lead Class Counsel are also charged with responsibility for monitoring the time and expenses of all plaintiffs' counsel to ensure that this litigation is conducted efficiently and without duplication. Counsel for Robinson and Scardina have already discussed this commitment and are prepared, willing and able to handle these responsibilities.

### B. Ability to Work Cooperatively With Others

As evidenced by the current petition and agreement between the parties, the firms, Edelman, Combs, Latturner & Goodwin, LLC, Warner Law Firm, LLC, Hyde and Swigart, Law Offices of Douglas J. Campion, and Kazerounian Law Group have the ability to cooperatively work with each other and others in pursuing the present MDL litigation.

Upon receiving notice of the consolidation, the Edelman firm initiated a telephone conference with the law firms representing the California plaintiffs in an attempt to reach an agreement as to the structure of lead counsel as well as to coordinate positions and, in anticipation of the November 2, 2011 conference, select, to the extent possible, a single attorney to act on the joint behalf of the respective Plaintiffs.

The Edelman firm is currently acting as co-lead counsel, under a similar interim co-lead counsel structure as the one proposed here, in *In re: Wal-Mart ATM Fee*, MDL Docket No. 2:11-md-02234-JPM. Additionally, the Swigart firm, the Campion firm, and

Kzerounian firm, have worked as lead or co-lead counsel in a number of TCPA cases and other consumer related litigation over the past ten years as detailed in the Declarations attached hereto as Exhibits A-D.

Moreover, the Edelman firm has in the recent past cooperated with other counsel in litigating multi State-wide class actions against the Midland Defendants and was successful in bringing those cases to a global and amicable settlement. (Exhibit E, Final Approval Order for *Miller v. Midland Credit Management*). In *Miller v. Midland Credit Management,* Case No. 08 C 870 (N.D. Ill.), although not consolidated MDL litigation, the Edelman firm was able to work with plaintiff's counsel in Connecticut and Michigan to resolve four independent class actions involving almost 500,000 class members in three different states. *Id.*

### C. Professional Experience in This Type of Litigation

As set forth in the attached Firm Resumes and Declarations, each of the proposed firms comprising the Lead Counsel Committee has a wealth of experience not only in prosecuting complex consumer class actions, but specifically complex class action consumer litigation against the Midland Defendants. As to the Edelman firm*, see Hernandez v. Midland Credit Management, Inc., et al.,* 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. 2007) (summary judgment entered in plaintiff's favor); *Hernandez v. Midland Credit Management, Inc. et al.,* 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. 2007) (class certification granted); *Balogun v. Midland Credit Management, Inc., et al.*, 2007 U.S. Dist. LEXIS 74845 (N.D. Ill. 2007); *Herkert v. MRC Receivables, Corp, et al.*, 655 F. Supp. 2d 870 (N.D. Ill. 2008) (summary judgment entered in plaintiffs' favor); *Herkert v. MRC Receivables, Corp, et al.*, 254 F.R.D. 344 (N.D. Ill. 2008) (summary judgment

9

entered in plaintiffs' favor); *Miller v. Midland Credit Management, Inc., et al.*, 621 F. Supp. 2d 621 (N.D. Ill. 2009); *Miller v. Midland Credit Management, Inc., et al.*, 2009 U.S. Dist. LEXIS 16273 (N.D. Ill. 2009) (class certification granted).  Additionally, the Edelman firm has received thousands of documents from the Midland Defendants in response to discovery requests and has taken the deposition of the President of Noble Systems Corporation, which provided the autodialers at issue in this litigation.

Each of the firms has acted as class counsel in many large class actions and has extensive experience in consumer class actions including the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). *See* Declarations attached as Exhibits A-D; *See also Soppet, et al. v. Enhanced Recovery Co.*, 2011 U.S. Dist. LEXIS 92888 (N.D. Ill. 2011); *Frydman v. Portfolio Recovery Associates, LLC*, 2011 U.S. Dist. LEXIS 69502 (N.D. Ill. 2011); *Vance v. Bureau of Collection Recovery, LLC*, 2011 U.S. Dist. LEXIS 24908 (N.D. Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC*, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. 2011).

As previously explained, the Swigart firm, the Campion firm and Kazerounian firm have worked as lead or co-lead counsel in a number of TCPA cases and other consumer related litigation over the past ten years as detailed in the Declarations attached hereto as Exhibits A-D; *Bellows v. NCO Financial, Inc.*, 07-CV-1413 W(AJB) (S.D. Cal.); *Adams v. AllianceOne, Inc.,* 08-CV-0248 JAH(WVG) (S.D. Cal.); *Arthur v. Sallie Mae*, 10-CV-00198 JLR (W.D. Wash.); *Connor v. JP Morgan Chase, et. al*., 10-CV-1284 DMS(BGS) (S.D. Cal.); *Shirdel v. Access Group, Inc.,* 10-CV-2159 W(BLM) (S.D. Cal.); *Malta v. Wells Fargo*, 10-CV-1290 IEG(BLM) (S.D. Cal.); *Allen v. Wells Fargo Auto Financing*,  10-CV-2657 W(JMA) (S.D. Cal.); *Lemieux v. Global Credit &*

*Collection*, 08-CV-1012 IEG(POR) (S.D. Cal.); *In Re Jiffy Lube Litigation*; MDL No. 2261, 11-CV-00865 MMA(JMA); *Ryabyschchuk v. Citibank*; 11-CV-01236 IEG(WVG) (S.D. Cal.). Additionally, the Edelman firm is currently acting as co-lead counsel, under a similar interim co-lead counsel structure as the one proposed here, in *In re: Wal-Mart ATM Fee*, MDL Docket No. 2:11-md-02234-JPM and is currently co-counseling a TCPA case in the Northern District of Illinois with the Warner Law Firm, LLC titled *Balbarin v. North Star Capital Acquisition, LLC*, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. 2011)

Moreover, each of the firms is actively litigating numerous other class actions across the country.

### D. Access to Sufficient Resources to Advance the Litigation in A Timely Manner

As previously discussed, The *Scardina* litigation was filed jointly by the law firms of Edelman, Combs, Latturner & Goodwin, LLC and Warner Law Firm, LLC while the *Robinson* litigation was filed jointly by the law firms of Law Offices of Douglas J. Campion, Hyde and Swigart, and Kazerounian Law Group. For efficiency reasons, these two groups have elected to designate the Edelman firm and the Campion firm to act as interim co-lead counsel, although the five firms have agreed to work cooperatively together in order to litigate the present MDL litigation. Between these firms there are sufficient resources to advance the litigation in a timely manner. Counsel understand the obligations as co-lead counsel, and the proposed firms consist of experienced counsel – as is indicated by Exhibits A-D, which set forth counsel's qualifications.

### E. Fee Proposal

Counsel believe that they will likely request a percentage of any common fund

which is awarded or negotiated on behalf of the class. Interim-lead counsel have agreed to split any fee award between the two lead counsel firms. Attached as Exhibit F is a fee declaration setting forth the typical fees sought on behalf of the Edelman firm. The declaration reflects fees typically requested on behalf of lead counsel and for the associates at the Edelman firm. The Edelman and Campion firm anticipate requesting fees in line with the attached fee declaration.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs Dave Scardina and Christopher Robinson respectfully requests that the Court enter an order appointing the law firms of the Law Offices of Douglas J. Campion, and Edelman, Combs, Latturner & Goodwin, LLC as Interim Co-Lead Class Counsel.

Date: October 28, 2011

Respectfully submitted,

s/ Joshua Swigart
Joshua Swigart
Hyde and Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Email: josh@westcoastlitigation.com

s/ James O. Latturner
James O. Latturner
EDELMAN COMBS LATTURNER
    & GOODWIN, LLC
120 S. Lasalle Street, Suite 1800
Chicago, Illinois 60603
Email: jlatturner@edcombs.com
Email: courtecl@edcombs.com

s/ Curtis C. Warner
Curtis Charles Warner
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Avenue, Suite 560
Chicago, IL 60601
Email: cwarner@warnerlawllc.com

s/ Abbas Kazerounian
Abbas Kazerounian
Kazerounian Law Group
2700 North Main Street, Suite 1050
Santa Ana, CA 92866
Email: ak@kazlg.com

13

s/ Douglas J. Campion
Douglas J. Campion
Law Offices of Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, CA 92108-3507
Email: doug@djcampion.com

**CERTIFICATE OF SERVICE**

I, James O. Latturner, hereby certify that a copy of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS SCARDINA AND ROBINSON'S MOTION FOR THE APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL and this Certificate of Service was filed via CM/ECF and served by First Class Mail and email on October 28, 2011, to the following:

| | |
|---|---|
| **Joseph Darrell Palmer**<br>Law Office of Darrell Palmer<br>603 North Highway l0l, Suite A<br>Solano Beach, CA 92075<br>Email: danell.palmer@cox.net<br>(darrell.palmer@palmerlegalteam.com)<br>*Counsel for Plaintiff: Eduardo Tovar*<br>    S.D. California, No. 3:10-cv-02600<br><br>**Amy M. Gallegos**<br>Hogan Lovells US LLP<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6047<br>Email: amy.gallegos@hoganlovells.com<br>*Counsel for Defendant: Midland Credit Management*<br>    S.D. California, No. 3:10-cv-02600<br>*Counsel for Defendant: Midland Funding, LLC*<br>    S.D. California, No. 3:10-cv- 02261<br><br>**Joshua Swigart**<br>Hyde and Swigart<br>411 Camino Del Rio South, Suite 301<br>San Diego, CA 92108<br>Email: josh@westcoastlitigation.com<br>*Counsel for Plaintiff: Christopher Robinson*<br>    S.D. California, No. 3:10-cv- 02261<br><br>**Abbas Kazerounian**<br>Kazerounian Law Group<br>2700 North Main Street, Suite 1050<br>Santa Ana, CA 92866 | **Alexander Holmes Burke**<br>Burke Law Offices, LLC<br>155 N. Michigan Ave., Suite 9020<br>Chicago, IL 60601<br>E-mail: aburke@burkelawllc.com<br>*Counsel for Plaintiff: Nicholas Martin*<br>    N.D. Illinois, No. l:11-cv-03104<br><br>**Theodore Wilson Seitz**<br>Dykema Gossett, PLLC<br>124 West Allegan, Suite 800<br>Lansing, MI 48933<br>Email: tseitz@dykema.com<br>*Counsel for Defendant Midland Funding, LLC*<br>    N.D. Illinois, No. 1:11-cv-03104<br>*Counsel for Defendant Midland Credit Management, Inc.*<br>    N.D. Illinois, No. 1:11-cv-03149<br><br>**Renee Lynn Zipprich**<br>**James Michael Golden**<br>Dykema Gossett PLLC<br>10 South Wacker Drive, Suite 2300<br>Chicago, IL 60606<br>Email: rzipprich@dykema.com<br>Email: jgolden@dykema.com<br>*Counsel for Defendant Midland Funding, LLC*<br>    N.D. Illinois, No. 1:11-cv-03104<br>*Counsel for Defendant Midland Credit Management, Inc., Midland Funding* |

| | |
|---|---|
| Email: ak@kazlg.com<br>*Counsel for Plaintiff: Christopher Robinson*<br>   S.D. California, No. 3:10-cv- 02261<br><br>**Douglas J. Campion**<br>Law Offices of Douglas J. Campion<br>409 Camino Del Rio South, Suite 303<br>San Diego, CA 92108-3507<br>Email: doug@djcampion.com<br>*Counsel for Plaintiff: Christopher Robinson*<br>   S.D. California, No. 3:10-cv- 02261 | *LLC, and Encore Capital Group, Inc.*<br>   N.D. Illinois, No. 1:11-cv-03149<br><br>**Brett J. Natarelli**<br>Dykema Gossett PLLC<br>10 South Wacker Drive, Suite 2300<br>Chicago, IL 60606<br>Email: bnatarelli@dykema.com<br>*Counsel for Defendant Midland Credit Management, Inc., Midland Funding LLC, and Encore Capital Group, Inc.*<br>   N.D. Illinois, No. 1:11-cv-03149 |

                                        s/ James O. Latturner
                                        James O. Latturner

15