Adam T. Hill (IL 6293003)
Krohn & Moss, Ltd.
10 N. Dearborn St., 3rd Fl.
Chicago, IL 60602
Tel: (312) 578-9428
Fax: (866) 861-1390
ahill@consumerlawcenter.com

Attorneys for MARY GAMBLE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEHPONE CONSUMER PROTECTION ACT LITIGATION. | ) Case No.: 11-md-2286 MMA (MDD)<br>)<br>) from N.D. Ill. 1:14-cv-04818<br>)<br>) **MOTION TO DISMISS WITHOUT**<br>) **PREJUDICE AS TO MARY GAMBLE**<br>)<br>)<br>)<br>) |

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff, MARY GAMBLE ("Plaintiff"), hereby moves for an Order dismissing her action against Defendant, MIDLAND CREDIT MANAGMENET, INC. ("Defendant"), without prejudice.  This Motion will be based on the following Memorandum of Points and Authority.

## MEMORANDUM AND POINTS OF AUTHORITY

**I. INTRODUCTION**

Plaintiff initially filed her lawsuit on June 25, 2014, against Defendant in the United States District Court for the Northern District of Illinois (case no. N.D. Ill. 1:14-cv-04818) under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.  Plaintiff's allegations were based

on her own personal experience with Defendant and being subjected to Defendant's harassing collection practices. Subsequently, Plaintiff's lawsuit was transferred before this Honorable Court due to the TCPA violation. Defendant has filed its Answer to the TCPA allegations. Now, Plaintiff now moves for voluntary dismissal of her claim without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

**II. LEGAL STANDARD**

If, as is the case here, the adverse party has served an Answer, dismissal is available to a Plaintiff only upon order of the Court and upon such terms and conditions as the Court deems appropriate. Fed.R.Civ.P. 41(a)(2). The trial court has considerable discretion in deciding whether to allow the withdrawal of a claim with prejudice. *Wakefield v. N.Telecom, Inc.*, 769 F.2d 109, 114 (2nd Cir. 1985). "Generally…a voluntary dismissal under Rule 41(a)(2) will be allowed if Defendant will not be prejudiced thereby." *Id*. at 114. Here, Defendant will suffer no legal prejudice if Plaintiff's motion is granted.

**III. ARGUMENT**

Defendant will not be prejudiced if Plaintiff's motion to dismiss is granted. "Factors relevant to a court's decision whether or not to grant a motion to dismiss with prejudice include [1] plaintiff's diligence in bringing the motion; [2] any "undue vexatiousness" on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

None of these factors warrant denying Plaintiff's motion. Plaintiff was not dilatory in bringing the motion. This instant motion was not made to harass or annoy, but instead to bring the litigation of Plaintiff's TCPA claim to a conclusion without further expense on the part of

either party. This has not been a protracted lawsuit; rather, Plaintiff brought suit for violations of the TCPA, and FDCPA, in good faith.

Further, Plaintiff's purpose in seeking to voluntarily dismiss this complaint is so that she can pursue her FDCPA claim against Defendant without the TCPA claim. Plaintiff is aware that by pursuing her FDCPA claim without the related TCPA claim, any resolution of the FDCPA claim will also resolve the TCPA she could have brought against Defendant based on the facts involved in this case.

Further, Plaintiff attempted to confer with Defendant's counsel to obtain an amicable, joint dismissal of Plaintiff's action without prejudice, which Defendant declined without a dismissal with prejudice. There has not been any adjudication of Plaintiff's claims on the merits thereby warranting a dismissal of Plaintiff's claims with prejudice. Further, as argued *supra*, dismissal of Plaintiff's claim without prejudice is appropriate under these circumstances. As Plaintiff has brought the instant motion in a timely manner, and dismissal will not prejudice Defendant, Plaintiff's Motion to Dismiss without Prejudice should be granted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court dismiss this action against Defendant without prejudice.

Respectfully submitted,

Date: March 5, 2015

/s/ Adam T. Hill
Adam T. Hill (IL 6293003)
Krohn & Moss, Ltd.
10 N. Dearborn St., 3rd Fl.
Chicago, IL 60602
Tel: (312) 578-9428
Fax: (866) 861-1390
ahill@consumerlawcenter.com
Attorneys for MARY GAMBLE

///

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 5, 2015, a true and correct copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

                                          /s/ Adam T. Hill
                                          Adam T. Hill