Richard L. Stone (Bar No. 110022)
Amy M. Gallegos (Bar No. 211379)
Christopher S. Lindsay (Bar No. 280525)
rstone@jenner.com
agallegos@jenner.com
clindsay@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone:    (213) 239-5100
Facsimile:    (213) 239-5199

Edward D. Totino (Bar No. 169237)
edward.totino@dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars, Suite 400
Los Angeles, California 90067
Telephone:    (310) 595-3000
Facsimile:    (310) 595-3300

William S. Boggs (Bar No. 53013)
Amanda C. Fitzsimmons (Bar No. 258888)
william.boggs@dlapiper.com
amanda.fitzsimmons@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101
Telephone:    (619) 699-2700
Facsimile:    (619) 699-2701

Attorneys for Defendants
Midland Funding LLC,
Midland Credit Management, Inc., and
Encore Capital Group, Inc.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT INC. TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11-md-2286 MMA (MDD)<br><br>This motion relates to member cases:<br><br>  3:15-cv-00773-MMA-MDD<br>  3:15-cv-00774-MMA-MDD<br>  3:15-cv-00775-MMA-MDD<br>  3:15-cv-00776-MMA-MDD<br>  3:15-cv-00777-MMA-MDD<br>  3:15-cv-00783-MMA-MDD<br>  3:15-cv-00785-MMA-MDD<br><br>**REPLY IN SUPPORT OF MOTION FOR AN ORDER REQUIRING DAVID MACK TO CEASE FILING DUPLICATIVE LITIGATION OUTSIDE OF THE MDL**<br><br>Date: July 27, 2015<br>Time: 2:30 p.m.<br>Courtroom: 5<br><br>**<u>NO ORAL ARGUMENT REQUESTED</u>** |

2375644.1

**Reply Brief**

Mr. Mack's opposition brief does not dispute the substantive points in Midland's motion. He concedes that he is intentionally bombarding the courts and the JPML with over one hundred duplicative complaints as a "litigation strategy" that he hopes will spur Midland to pay him to go away. His conduct is inappropriate and a waste of judicial resources. Midland respectfully requests that this Court exercise its authority to order Mr. Mack to stop filing duplicative cases outside of this MDL and instead file an amended complaint that consolidates the 13 identical complaints he has currently pending before this Court, and that asserts all TCPA claims he believes he has against Midland.[1] As discussed in Midland's motion, such an order is clearly within the Court's authority to manage this litigation, and Mr. Mack did not identify any prejudice that he would suffer from such an order.

Mr. Mack's opposition brief is primarily devoted to arguing that his cases should not have been transferred to this MDL in the first place. As Midland explained in its motion, the JPML has already considered and rejected these arguments. Mot. at 3-4; *see also* Gallegos Decl. Exs. 18-24 (Mr. Mack's briefs to the JPML raising the same arguments he made in his opposition); *id*. Exs. 1-2 (JPML orders rejecting Mr. Mack's arguments and transferring his cases to the MDL).

Mr. Mack is mistaken when he contends that this Court lacks jurisdiction to order him to file an amended consolidated complaint in this Court, as opposed to one hundred plus separate complaints in other courts that will have to be transferred here at considerable expense. Once a case is transferred into an MDL, the transferee court has the same jurisdiction over the parties and the same authority to manage the case and litigants before it as any other court. *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) ("Following a transfer, the transferee judge has all the jurisdiction

---

[1] In addition to the 13 cases that have already been transferred and the 12 more that are in the JPML pipeline already, the Clerk of the JPML issued an order conditionally transferring six more of Mr. Mack's cases to this MDL on July 16. Mr. Mack's deadline to oppose the transfer of these cases is July 23.

- 1 - 

REPLY BRIEF
11-md-2286 MMA (MDD)

2375644.1

and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer."); *In re U.S. Office Prods. Co. Sec. Litig.*, 251 F. Supp. 2d 58, 64-65 (D.D.C. 2003) ("In a MDL action, the transferee judge has the same jurisdiction and power over pretrial proceedings that the transferor judge would have in the absence of the transfer."); *id.* at 76 (providing an MDL plaintiff a deadline to file an amended complaint).

Mr. Mack has stated multiple times, including in his opposition to this motion, that Midland called him 113 times in late 2013 and early 2014. He admits that he intends to split his claim into 113 separate lawsuits against Midland, each of which will have to be transferred by the JPML to this court. He has unsuccessfully fought every transfer order issued by the JPML, asserting the same rejected arguments over and over. This wastes the JPML's time and resources. An order requiring Mr. Mack to file an amended consolidated complaint seeking relief for all 113 alleged calls would end this needless consumption of judicial resources, and is well within the Court's authority. *See* Fed. R. Civ. P. 16 (governing deadlines for amending pleadings); Fed. R. Civ. P. 42(a) (governing consolidation); *see also* DAVID F. HERR, MULTIDISTRICT LITIGATION MANUAL § 9:14 (2014 ed.) ("[I]t is quite important in all complex cases, particularly in MDL transfer dockets, that the court consider implementing a deadline for joining additional parties and for amending to add new issues to the case."). For the foregoing reasons, as well as those stated in its motion, Midland respectfully requests that this Court order Mr. Mack to cease filing TCPA lawsuits against Midland in other courts and to give him thirty days from the date of the Court's order to file an amended complaint raising every TCPA claim he believes he has against Midland.

| | |
|---|---|
| Dated: July 20, 2015 | JENNER & BLOCK LLP |
| |     /s/ Amy M. Gallegos |
| | Richard L. Stone |
| | Amy M. Gallegos |
| | Christopher S. Lindsay |
| | |
| | DLA PIPER LLP (US) |
| | |
| | William S. Boggs |
| | Edward D. Totino |
| | Amanda C. Fitzsimmons |
| | |
| | Attorneys for Defendants |
| | Midland Funding LLC, |
| | Midland Credit Management, Inc., and |
| | Encore Capital Group, Inc. |