1

2

3

4

5

6

7

8

| | |
|---|---|
| 9 | IN RE MIDLAND CREDIT MANAGEMENT INC. TELPHONE CONSUMER PROTECTION ACT LITIGATION, | CASE NO. 11md2286-MMA (MDD)

MEMBER CASE NOS:
15cv773-MMA (MDD)
15cv774-MMA (MDD)
15cv775-MMA (MDD)
15cv776-MMA (MDD)
15cv777-MMA (MDD)
15cv783-MMA (MDD)
15cv785-MMA (MDD)

**ORDER DENYING DEFENDANTS' MOTION FOR ORDER REQUIRING DAVID MACK TO CEASE FILING DUPLICATIVE LITIGATION OUTSIDE OF THE MDL**

[Doc. No. 228] |

10

11

12

13

14

15

16

17

18

19

20

21

22

23        Defendants Midland Credit Management, Inc., Midland Funding LLC, and

24   Encore Capital Group, Inc. (collectively, "Defendants") have filed a motion seeking

25   to stop Plaintiff David Mack ("Plaintiff") from filing Telephone Consumer Protection

26   Act lawsuits against Defendants outside of this MDL, and to set a 30-day deadline for

27   Plaintiff to file an amended complaint in this Court consolidating his multiple

28   pending complaints.  *See* Doc. No. 228.  Plaintiff filed an opposition, to which

1    Defendants replied.  *See* Doc. Nos. 237, 241.  The Court found the matter suitable for

2    determination on the papers without oral argument pursuant to Civil Local Rule

3    7.1(d)(1).  For the reasons set forth below, the Court **DENIES** Defendants' motion.

4                                                    BACKGROUND

5          This matter concerns various lawsuits filed by Plaintiff against Defendants,

6    which have been transferred to this Court for coordinated or consolidated pretrial

7    proceedings in MDL No. 2286, *In re: Midland Credit Management, Inc., Telephone*

8    *Consumer Protection Act.*  See Doc. No. 209 (Transfer Order re: Mack I-VII); Doc.

9    No. 226 (Transfer Order re: Mack VIII-XIII).[1]  According to Plaintiff, Defendants

10   called him 113 times over a 90-day period beginning in November 2013, sometimes

11   as many as 4 call per day, without Plaintiff's consent.  Plaintiff has filed separate

12   lawsuits against Defendants, so far 25 in total, based on distinct calls he alleges to

13   have received in violation of the Telephone Consumer Protection Act ("TCPA"), 47

14   U.S.C. § 227, *et seq.*; the Texas Business Commerce Code section 305.053; and the

15   Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*

16         Although filed separately, Plaintiff's various actions have all followed a similar

17   litigation pattern.  Plaintiff files the action in in small claims court in Collin County,

18   Texas.  Defendants then remove the actions to federal court in the Eastern District of

19   Texas, and subsequently move to transfer the actions into this MDL.  In response,

20   Plaintiff has moved to vacate the transfer order in each case.  To date, the Judicial

21   Panel on Multidistrict Litigation ("JPML") has denied Plaintiff's attempts to vacate

22

23

24

25
_____

26   [1] There are currently Conditional Transfer Orders pending for another 12 lawsuits filed by Plaintiff
     Mack.  Defendants request the Court take judicial notice of Plaintiff Mack's opposition to the
27   Conditional Transfer Order No. 88.  *See* Doc. No. 244, Exhibit A.  The Court **GRANTS**
     Defendants' request and takes judicial notice of Plaintiff's filing of the notice of opposition to
28   Conditional Transfer Order No. 88 pursuant to Federal Rule of Evidence 201.

1  two transfer orders, finding transfer of Plaintiff's actions to this MDL appropriate on

2  the grounds that the actions share a common factual core.  *See* Doc. Nos. 209, 226.[2]

3        Defendants presently take issue with the fact that Plaintiff has opted to file

4  separate lawsuits for each individual phone call he claims to have received, asserting

5  that "this continuous stream of frivolous motion practice is vexatious and a waste of

6  the panel's time and resources."  Defs.'s Mot. at 3.  Defendants move for an order (1)

7  enjoining Plaintiff Mack from filing TCPA lawsuits against Midland outside of this

8  MDL; and (2) imposing a 30-day deadline for Plaintiff Mack to file an amended

9  complaint in this Court consolidating his multiple pending complaints into a single

10  complaint seeking relief for every call he alleges to have received.

## DISCUSSION

12        Defendants asks this Court to enjoin Plaintiff from commencing new litigation

13  in any other court outside this MDL, and insist that the Court has the authority to do

14  so.  In support of this argument, Defendants cite to § 9.6[3] of the Multidistrict

15  Litigation Manual, which recognizes that courts have the power to enjoin litigants

16  _____

17  [2] "These actions share a common factual core with the actions already in MDL No. 2286—the allegation that Midland sought to collect a debt by contacting plaintiff on his cellular telephone
18  using an automatic telephone dialing systems without prior consent.  These actions thus involve similar factual inquiries and discovery about Midland's collection call policies and procedures, as
19  well as its policies and procedures for obtaining and recording a consumer's consent to receive collection calls.  Contrary to plaintiff's assertion, this commonality is apparent on the face of all the
20  complaints."  Doc. No. 209 (Mack I-VII); Doc. No. 226 (Mack VIII-XIII) ("Plaintiff's argument
21  against transfer are essentially identical to those we rejected with respect to seven prior actions filed by plaintiff (Mack I-VII)").

22  [3] Section 9.6 read as follows:

23        The fact that the Panel has exercised jurisdiction over the case by ordering transfer does not have any impact on the power of the transferee court, other to vest
24  it with jurisdiction over transferred actions.  The transferee court's jurisdiction is no vaster than the transferor's jurisdiction over the transferred actions.
25        An important power of the courts that is particularly important to an MDL transferee judge is the power to enjoin litigants and their attorneys from commencing
26  or prosecuting litigation in other forums.  This power flows from the intersection of the Anti–Injunction Act, 28 U.S.C. § 2283, and the All Writs Act, 28 U.S.C. §
27  1651(a). A power to enjoin attempts by litigants in MDL litigation to have other
28  courts take jurisdiction over the dispute is recognized in a number of cases.

1  from commencing or litigating actions in other forums under the intersection of the

2  All Writs Act, 28 U.S.C. § 1651(a) and Anti–Injunction Act, 28 U.S.C. § 2283.

3       The All Writs Act provides that: "The Supreme Court and all courts established

4  by Act of Congress may issue all writs necessary or appropriate in aid of their

5  respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C.

6  § 1651(a).  As the Ninth Circuit has recognized, "[t]hat is a broad, but not unlimited,

7  grant of authority to federal courts, including the district court."  *Negrete v. Allianz*

8  *Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1098–99 (9th Cir. 2008).  The Anti-Injunction

9  Act, in turn, provides that: "A court of the United States may not grant an injunction

10  to stay proceedings in a State court except as expressly authorized by Act of

11  Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its

12  judgments."  28 U.S.C. § 2283.  The Supreme Court has explained that "[o]n its face

13  the present [Anti–Injunction] Act is an absolute prohibition against enjoining state

14  court proceedings, unless the injunction falls within one of three specifically defined

15  exceptions."  *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281,

16  286 (1970); *see also Negrete*, 523 F.3d at 1100 ("At the outset, it is important to note

17  that the Anti–Injunction Act restriction is based upon considerations of federalism

18  and speaks to a question of high public policy.  It is not a minor revetment to be

19  easily overcome; it is a fortress which may only be penetrated through the portals that

20  Congress has made available.").  Thus, when read together, a federal district court has

21  the authority to "issue all writs necessary" but may not enjoin a state court proceeding

22  unless one of the three enumerated exceptions applies.  *See Negrete*, 523 F.3d at

23  1100.  This Court must therefore determine whether Defendants' ground for

24  enjoining Plaintiff Mack from commencing or litigating any cases outside this MDL

25  fits within one of the three exceptions set forth above.

26       The Ninth Circuit has recognized that "the existence of advanced federal in

27  personam litigation may, in some instances, permit an injunction in aid of

28  jurisdiction" and that this exception often arises in the context of multidistrict

1  litigation cases.  *Negrete*, 523 F.3d at 1102, n.16.  However, "in less advanced cases,

2  courts have been more chary about issuing injunctions, as, indeed, they should have

3  been."  *Id.* at 1102.  In distinguishing between advanced and less advanced cases,

4  courts consider the stage of the litigation, particularly whether settlement or judgment

5  has been reached.  *See id.* at 1102.  With respect to the less advanced cases, the Ninth

6  Circuit noted that where "no settlement had yet been approved by the MDL court, no

7  provisional settlement was in hand, and no conditional class certification was extant  .

8  . . the state court proceeding was not the kind of interference that could justify an

9  injunction."  *Id.* at 1102 (citing *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank*

10  *Prods. Liab. Litig.,* 134 F.3d 133, 137 (3d Cir. 1998)).

11        Here, although Defendants claim that they are "not seeking to enjoin any state-

12  court lawsuits" [Doc. No. 228-1 at 7], that is precisely what they are asking this court

13  to do—enjoin Plaintiff Mack from commencing TCPA litigation against Defendants

14  in *any* other court other than this MDL, including the state court which has thus far

15  been Plaintiff's chosen forum.  However, no settlement has been reached in this

16  action, and Defendants do not argue that Plaintiff Mack's state court filings would

17  interfere with discovery or global settlement efforts in this matter.  Instead,

18  Defendants appear to argue that without an injunction, the cycle of these cases will

19  continue, resulting in duplicative motion practice before the JPML.  Although it may

20  well be more convenient and efficient were Plaintiff to file claims for all 113 calls in

21  in a single, consolidated pleading, the fact that Plaintiff has opted not to do so does

22  not amount to a proper reason for enjoining a state court proceeding under the Anti-

23  Injunction Act.  *See Negrete*, 523 F.3d at 1101 ("Any time parallel state and federal

24  actions are proceeding against the same defendant, it is conceivable that occurrences

25  in the state action will cause delay in the federal action, by provoking motion practice

26  in federal court regarding the effects of state-court rulings, or simply by diverting the

27  attention of the defendant.  Such a rule [a rule that would allow an injunction to avoid

28  delay] would in effect create an additional exception to the Anti–Injunction Act for

1   circumstances where a federal court finds it *convenient* to enjoin related state

2   proceedings—an approach contrary to the Supreme Court's direction that we construe

3   doubts about the permissibility of an injunction 'in favor of permitting the state courts

4   to proceed in an orderly fashion to finally determine the controversy.'") (emphasis

5   and brackets in original).  Based on the record before the Court as well as the current

6   procedural posture of this MDL, the Court finds that Defendants have failed to show

7   that an injunction is appropriate, either in aid of this Court's jurisdiction or otherwise,

8   under the All Writs Act and Anti-Injunction Act.  Accordingly, the Court **DENIES**

9   Defendants' motion to enjoin Plaintiff Mack from filing any other case outside this

10   MDL.

### CONCLUSION

12       Defendants have not shown proper grounds for an injunction under the All

13   Writs Act and Anti-Injunction Act, and therefore the Court **DENIES** Defendants'

14   motion.

15       **IT IS SO ORDERED.**

17   Dated:  August 4, 2015

18                     Hon. Michael M. Anello

19                     United States District Judge

11md2286