## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is effective as of June 23, 2015, and is entered into by Plaintiffs Christopher Robinson, Eduardo Tovar, and Dave Scardina, (collectively, "Plaintiffs"), individually and on behalf of the Settlement Class members, and by Midland Funding, LLC, Midland Credit Management, Inc. ("MCM"), and Encore Capital Group, Inc., (collectively, "Defendants").  Plaintiffs and Defendants are referred to collectively in this Agreement as the "Parties."

## RECITALS

1.01.   On November 2, 2010, Christopher Robinson filed a Complaint in the United States District Court for the Southern District of California (the "Court") entitled *Christopher Robinson, individually and on behalf of himself and all others similarly situated vs. Midland Funding, LLC.,*  Case No. 10-CV-2261-MMA-MDD (the "*Robinson* Action").  The Complaint in the *Robinson* Action alleged that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by using an automatic telephone dialing system or an artificial or prerecorded voice to call cell phones without the prior express consent of Robinson and the putative class members.

1.02.   On December 17, 2010, Eduardo Tovar filed a Complaint in the United States District Court for the Southern District of California, entitled *Eduardo Tovar, on behalf of himself and all others similarly situated vs. Midland Credit Management,* Case No. 10-CV-2600-MMA-MDD (the "*Tovar* Action").  The Complaint in the *Tovar* Action alleged that Midland Credit Management violated the TCPA by using an automatic telephone dialing system or an artificial or prerecorded voice to call cell phones without the prior express consent of Tovar and the putative class members.

1.03    On May 11, 2011, Dave Scardina filed a Complaint in the United States District Court for the Northern District of Illinois, entitled *Dave Scardina, individually and on behalf of a class vs. Midland Credit Management, Inc.; Midland Funding LLC; Encore Capital Group, Inc.,* Case No. 11-CV-02370-MMA-MDD (the "*Scardina* Action").  The Complaint in the *Scardina* Action alleged that Defendants violated the TCPA by using an automatic telephone dialing

system or an artificial or prerecorded voice to call cell phones without the prior express consent of Scardina and the putative class members.

1.04    On October 11, 2011, these civil actions were transferred to the United District Court for the Southern District of California for coordinated or consolidated pretrial proceedings before Honorable Michael M. Anello. This Consolidated action is entitled *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act (TCPA) Litigation.,* Case No. 11-CV-02286-MMA-MDD (the "*In Re: Midland Credit Management, Inc. TCPA Litigation* Action"). After this date, numerous other cases were transferred to the Southern District of California to be coordinated with the *In Re: Midland Credit Management, Inc. TCPA Litigation* Action.

1.05 Defendants in the *In Re: Midland Credit Management, Inc. TCPA Litigation* Action deny all material allegations of the Complaints. Defendants specifically dispute that they called Plaintiffs or putative class members without their consent, that they violated the TCPA, or that Plaintiffs and putative class members are entitled to any relief from Defendants. Defendants further contend that the *In Re: Midland Credit Management, Inc. TCPA Litigation* Action would not be amenable to class certification if class certification were sought by Plaintiffs and opposed by Defendants. Nevertheless, given the risks, uncertainties, burden and expense of continued litigation, Defendants have agreed to settle this litigation on the terms set forth in this Agreement, subject to Court approval.

1.06.   This Agreement resulted from good faith, arms-length settlement negotiations over many months, including approximately eleven mediation sessions before the Hon. Herbert B. Hoffman, Ret. Prior to and during the course of those mediation sessions, Defendants provided Plaintiffs with  information concerning their claims, including the approximate number of calls made to the cellphones of persons that can be identified from Defendants' records as having received the calls and of calls to other cellphone numbers whose recipients were never verified from Defendants' records. The Parties also participated in direct discussions about possible resolution of this litigation, including many mediation sessions, in-person discussions and numerous telephonic meetings. Certain information related to the assembly of the data and the procedures used to locate and identify the cellphone numbers called and the identification of

the Class members provided by Defendants is subject to confirmatory discovery by Plaintiffs as a condition of this settlement.

1.07.    Based on their investigation and the negotiations described above, and under the assumption that the information currently known to Plaintiffs is confirmed through the additional confirmatory discovery to be conducted as described in Section 15.01 below, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by class members pursuant to this Agreement, that a settlement with Defendants on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

1.08.    The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement is inadmissible as evidence against any party except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any party to this Agreement.  It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

1.09.    The settlement contemplated by this Agreement is subject to preliminary and final approval by the court, as set forth herein.  This Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## DEFINITIONS

2.01.    "Action" means the *In Re: Midland Credit Management, Inc. TCPA Litigation* Action.

2.02.    "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

2.03.    "Approved Claimant" means a Settlement Class Member who submits a claim which is approved pursuant to Section 10.

2.04.    "Approved Claims" means claims that have been timely submitted and approved for payment.

2.05.    "CAFA Notice" means the notice required by 28 U.S.C. Section 1715(b).

2.06.   "Cell Phone Number List" shall mean an electronically searchable list of all United States cellphone numbers dialed by Defendants or their subsidiaries, affiliates or related companies (other than calls made by Asset Acceptance LLC, Atlantic Credit & Finance, Inc. or Propel Financial Services) in connection with the collection of an alleged debt using a dialer or by artificial or prerecorded voice message during the period from November 2, 2006 through August 31, 2014, inclusive.  It is expected to consist of approximately 41,435,915 cell phone telephone numbers, including those persons called that are on the Notice List.

2.07.   "Claims Administrator" shall mean KCC.

2.08.   "Claims Deadline" means one hundred twenty (120) days after preliminary approval.

2.09.   "Claims Period" means the 90-day period that begins on thirty-five (35) days after preliminary approval and ends one hundred twenty-five (125)  days after preliminary approval.

2.10.    The "Class", "Class Members" or "Settlement Class" means the persons in the following Settlement Class:

a. The Settlement Class consists of all persons in the United States who were called on a cellular telephone by Defendants or their subsidiaries, affiliates or related companies (other than calls made by Asset Acceptance LLC, Atlantic Credit & Finance, Inc. or Propel Financial Services) in connection with the collection of an alleged debt using a dialer or by artificial or prerecorded voice message without prior express consent during the period from November 2, 2006 through August 31, 2014, inclusive.

b. Excluded from the Settlement Class are the Judges to whom the Action is assigned and any member of the Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

2.11.   "Class Counsel" means Douglas J. Campion of The Law Offices of Douglas J. Campion, APC and James O. Latturner of Edelman, Combs, Latturner & Goodwin, LLC.

2.12.   "Class Period" means November 2, 2006 through August 31, 2014, inclusive.

2.13.   "Class Representatives" means Plaintiffs Christopher Robinson, Eduardo Tovar, and Dave Scardina.

2.14.   "Court" shall mean the United States District Court for the Southern District of California, and the U.S. District Judge to which the *In Re: Midland Credit Management, Inc. TCPA Litigation Action* is assigned.

2.15.   "Encore Capital Group" means Encore Capital Group, Inc.

2.16.   "Effective Date" means the date when the Judgment has become final such that no appeal or writ may be taken from it as provided in Section 14.01.

2.17.   "Final Approval Hearing" means the hearing to be held by the Court to determine whether to finally approve the Settlement set forth in this Agreement as fair, reasonable and adequate, sometimes referred to herein as the "Fairness Hearing".

2.18.   "Final Approval Order" means the Court's Order and Judgment to be entered in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit G.

2.19.   "Final Distribution Date" means the date set forth in Section 8.08 (f).

2.20.   "Funding Date" means the date which is no later than ten (10) business days after the Effective Date, on which Defendants shall cause a payment to be made into the Settlement Fund Account pursuant to Section 8.07.

2.21.   "Midland Credit Management" or "MCM" means Midland Credit Management, Inc.

2.22.   "Midland Funding" means Midland Funding, LLC.

2.23.   "Notice" means the notices to be provided to Class Members as set forth in Section 9, including, without limitation, the Q & A Long Form Notice Settlement Notice to be posted on the website, the Postcard Notice, the Publication Notice, the Internet Notice package, and the Press Release described in Sections 9.00 through 9.08.  The forms of the Q & A Long Form Notice, the Postcard Notice, the Publication Notice, the Internet Notice package, and the Press Release are attached hereto as Exhibits B, C, D, E and F, respectively.  The Claims Administrator shall also give its input to the Parties as to whether other notice is necessary and, if so, what type of notice, i.e., different internet notice, different publication type or content, etc.

2.24.   "Notice Database" means the database containing information to be provided by Defendants pursuant to Section 8.03.

2.25.     "Notice Date"  means the date the first Postcard Notice is mailed out by the Settlement Administrator, expected to be 35 days after Preliminary Approval.

2.26.     The "Notice List" means the list to be compiled by Defendants of each of their current and former account holders in the United States who are identified in Defendants' records as having received a call in connection with an alleged debt on a cellular telephone number that was made using a dialer or by prerecorded voice message during the Class Period from Defendants or their subsidiaries, affiliates or related companies (other than calls made by Asset Acceptance LLC, Atlantic Credit & Finance, Inc. or Propel Financial Services) and to be provided as part of the settlement process to the Claims Administrator, including an electronically searchable list of such identified persons.  The Notice List shall include the name, cell phone number(s) called, last known address, MCM account numbers, and last four digits of the social security or taxpayer identification number associated with each person on the list. Defendants represent that the Notice List will consist of approximately 6,156,500 persons so identified.

2.27.     "Objection Deadline" means one hundred thirty (130) days after preliminary approval.

2.28.     "Opt-Out Deadline" means one hundred thirty (130) days after preliminary approval.

2.29.     "Preliminary Approval Order" means the Court's Order entered in connection with the Preliminary Approval Hearing, substantially in the form attached as Exhibit A.

2.30.     The "Postcard Notice" means the postcard-sized version of the notice of settlement substantially in the form of Exhibit C.

2.31.     "Q&A Long Form Notice" means the long-form Question & Answer notice containing questions and answers relating to the terms of the settlement, which will be made available on the Settlement Website as described in Section 9.04, the form of which is attached hereto as Exhibit B.

2.32.     "Released Claims" means those claims released in Section 16.

2.33.     "Released Parties" means the Defendants and the released Parties contemplated under this Settlement as set forth in Section 16.

2.34.   "Settlement Consideration" means the amounts paid and relief provided as set forth below in Section 5 below.

2.35.   "Settlement Fund" shall mean the debt credits and funds to be paid by Defendants pursuant to Sections 5.01 and 5.02 below.  The "Credit Component of the Settlement Fund" shall be the $13,000,000 of debt credits to be applied by Defendants pursuant to Section 5.01 below. The "Cash Component of the Settlement Fund" shall be the $2,000,000 to be paid by Defendants pursuant to Section 5.02 below.

2.36.   "Settlement Website" means the Internet website operated by the Claims Administrator as described in Section 9.06.

2.37.    "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any regulations or rules promulgated under it.

## BOTH SIDES RECOMMEND APPROVAL OF THE SETTLEMENT

3.01.   <u>Defendants' Position on the Conditional Certification of Settlement Class</u>. Defendants dispute that a class would be ascertainable, manageable or superior or that common issues predominate over individual ones, and deny that a litigation class properly could be certified on the claims asserted in the *In Re: Midland Credit Management, Inc. TCPA Litigation* Action.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendants do not oppose and agree to certification of the Class defined in Section 2.09, for *settlement purposes only*, pursuant to Fed. R. Civ. P. 23(b)(3).  Preliminary certification of the Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would Defendants be precluded from challenging class certification in further proceedings in the *In Re: Midland Credit Management, Inc. TCPA Litigation*  Action or in any other action if the Settlement is not finalized or finally approved.  If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving Defendants.  No agreements made by or entered into by Defendants in connection with the Settlement may be used by Plaintiffs, any person in the Class or any other person to establish any of the elements of class certification in any litigated certification

proceedings, whether in the *In Re: Midland Credit Management, Inc. TCPA Litigation* Action or any other judicial proceeding.

     3.02.  <u>Plaintiffs' Belief in the Merits of Case</u>.  Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed to date supports those claims.  This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs that there is any infirmity in the claims asserted by Plaintiffs, or that there is any merit whatsoever to any of the contentions and defenses that Defendants have asserted.

     3.03.  <u>Plaintiffs Recognize the Benefits of Settlement</u>. Plaintiffs recognize and acknowledge, however, the expense and amount of time which would be required to continue to pursue the Action against Defendants, and that further delay is detrimental to the Class. Plaintiffs have concluded that it is desirable that the Action and any Released Claims be fully and finally settled and released as set forth in this Settlement.  Plaintiffs and Class Counsel believe that the agreement set forth in this Settlement confers substantial benefits upon the Class and is in the best interests of individual Class Members and imposes a significant cost on the Defendants.

<b><u>CLASS COUNSEL AND CLASS REPRESENTATIVES</u></b>

    4.01.  <u>Class Representative And Class Counsel Appointment</u>.  For settlement purposes, and subject to Court approval, Christopher Robinson, Eduardo Tovar, and Dave Scardina are appointed as the Class Representatives for the Class. The law firms appointed Class Counsel for the Settlement Class are as follows:   The Law Offices of Douglas J. Campion, APC and Edelman, Combs, Latturner & Goodwin, LLC.

<b><u>SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS</u></b>

    5.01.  Upon receipt of the information about the number and type of claims made and the identity of the claimants from the Claims Administrator, and within thirty (30) days after the Effective Date or as soon as practicable thereafter, Defendants are to credit each Approved Claimant who has at least one account with Defendants with an outstanding balance a pro rata amount equal to $13,000,000  (the "Credit Component of the Settlement Fund") divided by the

8

total number of Approved Claimants who have accounts with Defendants with outstanding balances and have not validly contested receiving debt credits pursuant to Section 11.03 below ("Credit Amount").  If an Approved Claimant entitled to a Credit Amount has more than one account with Defendants, the credit will go to the account with the smallest balance, and if that balance is less than the amount of the credit, then the remaining amount left over from paying off the smallest account will be credited to another account with Defendants with the next largest balance for that Approved Claimant.  If an Approved Claimant entitled to a Credit Amount does not have a high enough account balance or balances to use the entire Credit Amount, the Approved Claimant will receive a debt credit or credits up to his or her account balance or balances and no refund of the excess Credit Amount will be given to the Approved Claimant.  In determining whether a claimant has an outstanding balance on an account, Defendants may, but are not required to, disregard any amounts owed to Defendants for which Defendants have determined that they will not pursue collection efforts within a reasonable time.

5.02.  Defendants are to pay a settlement cash fund in the amount of $2,000,000 (the "Cash Component of the Settlement Fund") that will be used first to pay  the fees and costs of the Special Master as provided in Section 20.13 below, next to pay the incentive awards to the Class Representatives, with the remainder to be paid on a pro rata basis, to each Approved Claimant who does not have an account with an outstanding balance with Defendants, regardless of whether they never had such an account or have previously paid off their account.   Defendants will within fourteen  (14) days after the end of the Claims Period advise the Claims Administrator of the names of the Approved Claimants who will receive a Credit Amount and the remaining Approved Claimants will receive a pro rata cash distribution, subject to Section 11.03 below.  The Cash Component of the Settlement Fund will be paid to the Claims Administrator within ten (10) business days of the Effective Date.

5.03   Defendants shall not pay more than the amounts set forth in paragraphs 5.01 and 5.02 above to the Class.  An additional amount will be paid by Defendants for notice, costs of claims administration, attorney fees, and litigation costs as detailed more fully herein.

5.04.  Costs of claims administration and notice will be paid by Defendants, separate and apart from the Settlement Fund and will not affect the payout to each Approved Claimant.  Upon Preliminary Approval, Defendants will provide to the Claims Administrator all payments the Claims Administrator requires to move forward with setting up the website, giving notice and any other initial costs the Claims Administrator might reasonably require.  Any reasonable costs incurred by the Claims Administrator, including costs related to notice and any claims administration incurred prior to Final Approval will be billed by the Claims Administrator to Defendants and paid by Defendants even in the event of any failure to obtain Final Approval.  As a component of the confirmatory discovery agreed – upon herein,  the Claims Administrator through a consultant it retains that is experienced in such tasks shall also analyze the telephone numbers in the Cell Phone Number List and Notice List to examine whether those telephone numbers are, in fact, cell phone numbers, and to provide the total number of cell phone numbers on the Cell Phone Number List and on the Notice List to the Claims Administrator who shall immediately provide such information to Class Counsel and Defendant Counsel.  The consultant chosen by the Claims Administrator to conduct this analysis, shall never have worked in the past with Class Counsel.  However, Class Counsel shall be informed of the choice of consultant and must agree to the use of that consultant. In order to allow this analysis to take place prior to preliminary approval of this settlement, Defendants shall provide the Claims Administrator with the telephone numbers contained in the Notice List and the Cell Phone Number List in a usable and searchable format, such as comma delimited or CSV, within ten (10) days of all parties signing this Agreement.   This analysis shall be completed prior to the filing of the motion for preliminary approval of settlement and is subject to Class Counsel's approval of the results.

Other than the results obtained by the consultant, and if the results do not substantially conform to Defendants' total calls as represented, the methodology used, the Claims Administrator shall keep all information including, without limitation, telephone numbers, provided to it by Defendants to conduct this analysis confidential and shall not disclose this information to plaintiffs or Class Counsel.  If the Court does not preliminarily or finally approve the settlement, the Claims Administrator and its consultant shall delete or otherwise destroy all information provided to it by Defendants in connection with this analysis as well as the Notice List and the Cell Phone Number List.

      5.05.  As set forth below, Class Counsel will apply to the Court for an award of attorneys' fees and litigation costs up to a maximum of Two Million Four Hundred Thousand Dollars ($2,400,000).   Defendants will not object to Class Counsel's request of attorneys' fees and litigation costs up to Two Million Four Hundred Thousand Dollars ($2,400,000).  If this settlement is given Preliminary and Final Approval as anticipated, and the Effective Date occurs, Defendants shall pay the amount approved by the Court up to a maximum of Two Million Four Hundred Thousand Dollars ($2,400,000) to the Claims Administrator for distribution to Class Counsel.  In no event shall Defendants pay more than Two Million Four Hundred Thousand Dollars ($2,400,000) in attorneys' fees and litigation costs pursuant to this Settlement.  The attorneys' fees and litigation costs paid by Defendants shall be paid in addition to any Settlement Fund and shall not affect the payout to each Approved Claimant.    If Defendants cause Class Counsel to incur additional and unnecessary fees and costs, Class Counsel reserve the right to seek additional fees and costs, as necessary, and Defendants reserve all rights to object to any such additional fees and costs.  The parties shall submit this issue to Retired Judge Hoffman and he shall make the final decision.

5.06. Defendants will not object to each of the three Class Representatives making a claim for an incentive award in an amount not to exceed $2,500, to be paid out of the Cash Component of the Settlement Fund.

## ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVES

6.01.   <u>Attorneys' Fees and Costs</u>.  The fees and litigation costs to be paid by Defendants as described in Section 5.05 shall be paid by Defendant to the Claims Administrator within ten (10) days of the Effective Date.  No later than five (5) days of receipt of the funds and after receipt of payees' completed W-9 forms, the Claims Administrator shall pay to Class Counsel the amount of attorneys' fees, costs, and expenses awarded to Class Counsel by the Court, as directed by written instructions from Class Counsel.

6.02.   <u>Payment to Class Representatives</u>.  Class Representatives will also ask the Court to award them incentive payments for the time and effort they have personally invested in this Action.  Defendants shall not object to such incentive payments to be paid to all three named Class Representatives from the Cash Component of the Settlement Fund provided they do not exceed $7,500 in the aggregate, $2,500 for each Class Representative, subject to Court approval. Within ten (10) business days of receipt of the $2,000,000 referenced in Section 5.02 above, and after receipt of payees' completed W-9 forms, the Claims Administrator shall pay to Class Counsel the amount of incentive payments awarded by the Court, and Class Counsel shall disburse such funds to each Class Representative.

6.03   <u>Settlement Independent of Award of Fees, Costs and Incentive Payments</u>.  The payments of attorneys' fees, costs and incentive payments set forth in Sections 5.05, 5.06, 6.01 and 6.02 are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interests of Settlement Class Members.  However, this Settlement is not dependent upon the Court's approving Plaintiffs' requests for such payments or awarding the particular amounts sought by Plaintiffs.  In the event the Court declines Plaintiffs' requests or awards less than the amounts sought, this Settlement shall continue to be effective and enforceable by the Parties.  If Plaintiffs or Class Counsel file an appeal limited solely to the issue

of the amount of attorneys' fees awarded by the Court to Class Counsel, such appeal shall not affect the timing of the distribution of the Settlement Fund to the Approved Claimants.

## PRELIMINARY APPROVAL

7.01.   Order Of Preliminary Approval.  As soon as practicable after the execution of this Agreement, Plaintiffs shall move the Court for entry of the Preliminary Approval Order substantially in the form attached as Exhibit A.  Pursuant to the motion for preliminary approval, the Plaintiffs will request, among other things, that:

A.   the Court conditionally certify the Class for settlement purposes only and appoint Class Counsel as counsel for the Class for settlement purposes only;

B.   the Court preliminarily approve the settlement and this Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

C.   the Court approve the form of Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure and other applicable law;

D.   the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

E.   the Court set the Claims Deadline, the Objection Deadline and the Opt-Out Deadline.

7.02.   Timeline for Preliminary Approval Order.  The Proposed Order granting preliminary approval of the settlement shall include the following timeline regarding settlement administration:

| Last day for Defendants to provide the Claims Administrator with the Notice List and Cell Phone Number List | 10 days after preliminary approval |
|---|---|
| Last day for Settlement Website to become operational such that it is able to accept claims | 35 days after preliminary approval ("Notice Date" as defined herein) |
| First Day for Claims Administrator to mail Postcard notice to persons on Notice List ("Notice Date") | Notice Date (35 days after preliminary approval) |
| Last day for Claims Administrator to complete | No later than  30 days before the last day to file |

| publication of notice | objections |
|---|---|
| Internet notice period by Claims Administrator | From Notice Date to 30 days before Objection Date |
| Last day for Class Counsel to file motion for approval of Class Representatives' service payment and application for attorneys' fees and costs | 70 days after Notice Date (30 days before objection deadline) |
| Last day for claims to be submitted by Class Members | 90 days after Notice Date |
| Date for Claims Administrator to provide the final list of claimants to Defendants | 120  days after Notice Date (30 days after claims period ends) |
| Date for Defendants to advise Claims Administrator whether the claimants are credit or cash claimants | 134days after Notice Date (14 days after receipt of last claimant list from claims admin.) |
| Date for Claims Administrator to send out letters to credit claimants | 149 days after Notice Date (14 days after receipt of cash or credit list from Defendants) |
| Date by which credit recipients must object to inclusion in credit group | 163 days after Notice Date (14 days after mailing of letter re: receiving credits) |
| Last day for requests for exclusion from the settlement to be postmarked by Class Members | 100 days after Notice Date |
| Last day for Class Members to file objections to the settlement | 100 days after Notice Date |
| Last day for Class Counsel to file motion for final approval of settlement | 30 days before Final Approval Hearing, unless another date is ordered by the Court |
| Last day for Defendants or their agents to file CAFA declaration | 14 days before Final Approval Hearing date |
| Last day for Claims Administrator to file Decl. | 14 days before Final Approval Hearing |
| Last day for Objectors' counsel to file and serve a notice of appearance for Final Approval Hearing | 10 days before Final Approval Hearing |
| Last day for the Parties to reply to any objections filed by Class Members | 2 days before Final Approval Hearing Date or as the Court allows |
| Hearing on motion for final approval of settlement, Class Representatives' incentive payment, and application for attorneys' fees and costs | At least 230 days (approximately 7 2/3months) after preliminary approval |

## ADMINISTRATION AND NOTIFICATION PROCESS

8.01.  Third-Party Claims Administrator.  The Claims Administrator, KCC, shall be responsible for all matters relating to the administration of this settlement, as set forth herein.

Those responsibilities include, but are not limited to, giving notice to the Class, obtaining new addresses for returned mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the settlement, processing claims, acting as a liaison between Class Members and the Parties regarding claims information, approving claims, rejecting any claim where there is evidence of fraud, directing the mailing of settlement payments to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing.  The Claims Administrator shall provide weekly updates on the status of claims to counsel for all Parties.  Defendants may delegate to KCC the sending of the CAFA Notice.

8.02.  Defendants shall contract with the Claims Administrator, but Class Counsel  shall have full access to all information provided to and from,  and communications with, the Claims Administrator by Defendants or any person or entity (except the Claims Administrator shall not provide the Notice List or Cell Phone Number List or any information therein to Class Counsel except as otherwise specifically set forth herein), including to verify membership in the cash or the credit groups, to verify proper payment and credits, to investigate questions about claims and their status, and in the event other circumstances arise that may require the identification of such persons.  All material decisions relating to the administration of this settlement shall be agreed upon by Class Counsel and Defendants.  If there is any disagreement over any such decisions, the Parties shall submit this issue to Retired Judge Hoffman and he shall make the final decision.

8.03. Notice Database.  To facilitate the notice and claims administration process, Defendants will provide to the Claims Administrator, in an electronically searchable and readable format, the Notice List and the Cell Phone Number List.  The Notice List will be used to mail the Postcard Notice. Those persons who receive the Postcard Notice need only provide their claim number as set forth on the Postcard Notice to make a claim provided that the claimant acknowledges that he or she did not provide prior express consent to be called on his or her cellphone number, i.e. simply by the act of filing a claim after reading or hearing the statement in the manner set forth herein in Section 10.03 below.  The Cell Phone Number List shall be used to verify that a claimant other than a claimant on the Notice List was called on his or her cellphone

by comparing the cellphone number provided by the claimant during the claims process to the numbers on the Cell Phone Number List. If the number appears on the Cell Phone Number List, the claim will be approved with the admonition in Section 10.03, i.e., simply by the act of filing a claim after reading or hearing the statement in the manner set forth herein in Section 10.03 below.  If the claimant provides more than one cellphone number, and more than one number appears on the Cell Phone Number List, that claimant is entitled to file only one claim. Defendants will provide the Notice List and Cell Phone Number List to the Settlement Administrator within ten (10) days of preliminary approval of this settlement.  Class Counsel will not receive the Notice List or Cell Phone Number List but will be able to discuss the specific individuals in the Notice List and specific numbers on the Cell Phone Number List with the Claims Administrator, other co-counsel and defense counsel, on an as-needed basis and obtain the individual names of Class Members if necessary to facilitate the filing or administration of their claims, answer questions for the Class Members, or otherwise assist their Class Member clients without hindrance, if it is necessary or helpful to have the individual's name or names, or other identifying information, provided to Class Counsel.

8.04. Defendants represent for settlement purposes that the estimated size of the class is as follows:

A. Persons in Notice List: Approximately 6,156,500

B. Cellular Telephone Numbers in Cell Phone Number List: Approximately 41,435,915 which includes the number of cellphone numbers in the Notice List.

If the number of Persons in the Notice List or the number of cellular telephone numbers in the Cell Phone Number List materially deviates from these numbers, Plaintiffs reserve the right to seek additional compensation for those persons, either through negotiation with Defendants, through further mediation with Retired Judge Hoffman or both.  A deviation of less than 10% shall not be considered a material deviation.

8.05. If any of the terms of this Settlement relating to the Claims Administrator's services would unreasonably hinder or delay such processes or make them more costly, the Claims Administrator shall so advise the Parties, and the Parties will accommodate the Claims Administrator to the extent necessary to carry out the intent of this Settlement Agreement.  Any

personal information relating to Class Members provided to the Claims Administrator or Class Counsel pursuant to this Settlement shall (i) be provided solely for the purpose of providing notice to Class Members and allowing them to recover under this Settlement; (ii) shall be kept in strict confidence; (iii) shall be maintained securely with all reasonable information security precautions; (iv) shall not be disclosed to any third party other than the third-party consultant to verify the data provided as stated in 5.06 above; and, (v) shall not be used for any other purpose. No contact information obtained by or provided to the Claims Administrator at any time during or related to the claims process, about or related to any Class Member or claimant, shall be provided to Defendants, including but not limited to any updated addresses, phone numbers or other contact information.

8.06.   <u>Payment of Notice and Claims Administration Costs</u>.  Defendants shall pay the reasonable costs of notice and settlement administration as invoiced by the Claims Administrator.  The Claims Administrator may provide an estimate of the amount of costs required to mail the Postcard Notice, create the publication/internet notice program, establish the Settlement Website, and establish a toll-free telephone number, as well as any other initial administration costs required, and request that Defendants pay the estimated amount to the Claims Administrator within seven (7) days after the entry of the Preliminary Approval Order. The Claims Administrator shall invoice anticipated costs and expenses thirty (30) days before expected payment.  After that upfront payment of administration costs by Defendants, the Claims Administrator shall bill Defendants monthly for the reasonable additional costs of settlement administration.  Any amounts paid by Defendants for the estimated costs of administration which are not incurred by the Claims Administrator shall be deducted from future billings by the Claims Administrator.  The Claims Administrator shall maintain detailed records of the amounts spent on the administration of the settlement and shall provide those to the Parties monthly.

8.07.   <u>Payment for Approved Claims and Remaining Settlement Costs.</u>  Within fourteen (14)  days after the Effective Date (the "Funding Date"), Defendants shall provide funds to the Claims Administrator in the full amount of  $2,000,000, subject to the terms of this Agreement to be distributed to all Approved Claimants entitled to a cash settlement payment.   The Cash Component of the Settlement Fund shall be maintained in a non-interest bearing account opened

by the Claims Administrator.  Within thirty (30) days of the Effective Date, or as soon as practicable thereafter not to exceed sixty (60) days after the Effective Date, Defendants shall apply the appropriate debt credit(s) to any Approved Claimants' account(s) which are entitled to a debt credit under the settlement, up to the aggregate amount of $13,000,000.  Within ten days of such completion, Defendants shall provide an accounting to confirm to the Claims Administrator the credits have been provided, including the names and account numbers of the account holders credited. The Claims Administrator shall conduct a random sample of such accounts in such manner based on their expertise and research to confirm to their satisfaction  all credits have been provided as required.

8.08   Distribution of the Settlement Fund.   The Claims Administrator shall distribute the Cash Component of the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

(a)   first, no later than five (5) business days after the Funding Date, the Claims Administrator shall pay taxes and tax-related expenses, if any, or, at the Claims Administrator's discretion, it shall reserve an amount of the Settlement Fund sufficient to pay taxes and tax-related expenses;

(b)   next, within ten (10) business days of receipt of the $2,000,000 referenced in Section 5.02 above, and after receipt of payees' completed W-9 forms, the Claims Administrator shall pay to Class Counsel the amount of incentive payments awarded by the Court, and Class Counsel shall disburse such funds to each Class Representative  and pay the Special Master's fees and costs as provided in Section 20.13;

(c)   next, no later than thirty (30) days after the later of the Funding Date , the Claims Administrator shall pay the cash settlement payments  to Approved Claimants that have submitted approved claims and qualify for such cash payments according to the terms of this Agreement;

(f)      finally, on the Final Distribution Date, which is the earlier of (i) the date as of which all the checks for Settlement Awards have been cashed or (ii) 210 days after the date on which the last check for a Settlement Award was issued, the Claims Administrator shall pay any amount remaining from the Cash Component of the Settlement Fund from uncashed settlement checks to one or more *cy pres* recipients as set forth in Section 11.04.

## NOTICES

9.00.   Settlement Notice.  The Q&A Long Form Settlement Notice shall be substantially in the form of Exhibit B hereto and shall be posted on the Settlement Website.

9.01.   Mailing of Postcard Notice.  The Claims Administrator shall commence sending the Postcard Notice to each person on the Notice List via first class mail within thirty-five (35) days after preliminary approval, or as soon as practicable thereafter.  The Claims Administrator shall use the Notice List to obtain each Class Member's last known address.  Prior to mailing the Postcard Notice, the Claims Administrator shall run the names and addresses through the NCOA database maintained by the United States Postal Service.  If mail is returned as undeliverable by the United States Postal Service, the Claims Administrator shall use best efforts to update those addresses through whatever reasonable means it has at its disposal, including but not limited to the following:   (a) the Claims Administrator may conduct a reasonable search to locate an updated address for any Class Member whose Settlement Notice is returned as undeliverable; (b) the Claims Administrator shall update addresses based on any forwarding information received from the United States Postal Service; and, (c) the Claims Administrator shall update addresses based on any requests received from Class Members.  The Claims Administrator shall then re-mail those notices for which new addresses have been found at the earliest practicable date to facilitate providing sufficient time for the Class Members to take any action required.  Each Postcard Notice shall have a unique Identification Number from which the Claims Administrator shall be able to trace to the information provided in the Notice List.

9.02.   Re-Mailing of Returned Settlement Notices.   In addition to the procedures in Section 9.01, any Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Claims Administrator to such forwarding address.

9.03.   Publication/Internet Notice.   No earlier than the Notice Date nor any later than 30 days prior to the last date to file objections, the Claims Administrator shall complete the publishing of the Publication Notice substantially in the form attached hereto as Exhibit D, to be published or publicized in a manner and frequency set forth in the notice plan attached hereto as part of Exhibit D and E and to also be published on the Settlement Website when published, and retained on the website thereafter.   No later than the Notice Date, the Claims Administrator shall implement a Notice Plan providing Notice on the Internet pursuant to its Internet Notice Plan, including but not limited to banner ads, strategic placement or other procedures intended to provide the Notice of the Settlement in a manner that will maximize the Notice to the Class Members.  No later than thirty (30) days prior to the last date to file objections,   the Claims Administrator shall complete the Internet Notice in a manner and frequency set forth in the notice plan attached hereto as part of Exhibits D and E.

9.04.   Q & A Long Form Notice.  The Claims Administrator shall also post on the website no later than the Notice Date a formal Q & A Long Form Notice, substantially in the form of Exhibit B hereto, which shall set forth in a question and answer format the details of the settlement, and the rights of Class Members to participate in the Settlement, exclude themselves or object to the settlement.

9.05   Press Release.   Plaintiffs will issue a neutrally worded press release substantially in the form of Exhibit F hereto, the contents of which will have been agreed to in advance by Defendants.  The purpose of the press release is to facilitate Class Members learning about the settlement through the notice process, including internet searches, and to provide instructions on how they may obtain additional information about the settlement.  The press release will announce that the Action has been settled, and will include the URL for the dedicated settlement website through which Class Members can obtain relevant information.  If there is any disagreement about the Press Release, the Parties will present their positions to Retired Judge Hoffman who will decide the issue.

9.06.  <u>Website Notice</u>.   No later than the Notice Date, the Claims Administrator shall publish, maintain and administer a dedicated Settlement Website (with a  website name agreed upon by the parties) containing case information and related documents, along with information necessary to file a claim, including filing by telephone, online through the website, and a  version of the Claim Form members can download, complete and submit by mail as a hard copy.  At a minimum, the Settlement Website shall include the Settlement Agreement and Exhibits, the Q & A Long Form Notice, the Preliminary Approval Motion papers, the Preliminary Approval Order, a procedure for submitting claims online,  a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, the operative complaint, and when filed, any Application for Attorneys' Fees and Costs, the Final Approval Motion papers, and the Final Approval Order.

9.07.   <u>Toll Free Telephone Number</u>.   No later than the Notice Date, , the Claims Administrator have available a working  toll-free telephone number for receiving toll-free calls related to the settlement, and for the filing of claims.  That telephone number shall be maintained until thirty (30) days after the Claims Deadline.  When the Claims Deadline has passed, and after that time, and for a period of 90 days thereafter, either a person or a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and the details regarding the settlement may be reviewed on the Settlement Website.

9.08.   <u>CAFA Notice</u>.   Defendants shall be responsible for providing the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 no later than 10 days after the filing of the Preliminary Approval Motion.  Defendants may delegate the service of the CAFA Notice to the Claims Administrator.  If Defendants do so, they shall provide the Claims Administrator with the form of CAFA Notice which the Claims Administrator shall serve on the appropriate officials.  The Claims Administrator shall file a declaration with the Court no later than fourteen (14) days before the Final Approval Hearing date, stating that the CAFA Notice has been served on the appropriate officials.

9.09.   <u>Adequacy of Notice</u>.   The Parties agree that the class notice described herein fairly informs the Class Members of the general nature of the litigation, the financial and other terms of the Agreement particularly significant for the Class Members, the general procedures

for and consequences of making a claim and objecting to the Settlement Agreement, and for excluding themselves from the settlement, and of the date of the final fairness and approval hearing.  Compliance with the procedures described herein shall constitute due and sufficient notice to Class Members of this proposed settlement for the final approval hearing, and shall satisfy the requirement of due process.  Nothing else shall be required of the Parties, Class Counsel, Defense Counsel, or the Claims Administrator to provide notice of the proposed settlement and the final approval hearing other than as described herein. If any additional requirements for giving notice to the Class are imposed by the Court that increase the costs of notice by more than twenty percent (20%), Defendants shall have the option to terminate this Agreement, and if terminated, this Agreement shall be null and void and this settlement of no force and effect.  Defendants shall give notice of such termination in writing to Class Counsel no later than fourteen (14) days after the day that such additional notice requirement is imposed.

## CLAIMS PROCESS

10.01.  <u>Claimants</u>.   Each Class Member who does not timely and validly request exclusion from the Settlement as required in this Agreement shall be a Settlement Class Member and entitled to make a claim.  Each Settlement Class Member shall be entitled to make only one claim, regardless of the number of accounts that Settlement Class Member had or has with Defendants, or the number of calls made to that Settlement Class member's cell phone number(s).

10.02.  <u>How to Make a Claim</u>.  In order to make a claim, a Settlement Class Member must either:  (a) submit a claim by calling the toll-free number; (b) submit a claim online at the Settlement Website; or (c) submit the completed Claim Form downloaded from the Settlement Website to the Claims Administrator, by mail or otherwise.  All claims must be submitted by the Claims Deadline as set forth in the Settlement Notice.  Any Claim Form submitted, or if sent by mail postmarked, after the Claims Deadline shall be deemed untimely and an invalid claim.

10.03.  <u>What is Received by Filing A Claim and How a Claim is Approved</u>.  If someone was called by Defendants on their cellphone in the Class Period and are therefore a Class Member as set forth in Section 2.10, they are entitled to their pro rata share of one of two funds: 1) a $13,000,000 fund from which credits will be made to existing accounts held by Defendants

("Credit Fund") or 2) a $2,000,000 fund ("Cash Fund") from which payments will be made to persons that do not presently have accounts containing balances with Defendants. If a Settlement Class Member submits a claim and qualifies for a monetary payment or debt credits, he or she is an "Approved Claimant". A claimant is an "Approved Claimant" if they are either 1) a person who received the Notice postcard with a Claim Identification number and submits a claim or, 2) if no Notice postcard was received, their cellphone number was called by Defendants during the Class Period and is contained in the Cell Phone Number List of numbers called by Defendant in the Class Period, and they submit a claim. Whether a claimant's number was in fact called will be confirmed by the Claims Administrator by the claimant submitting a claim with a cellphone number or numbers that the claimant believes may have been called, and having it or them compared by the Claims Administrator to the records of cellphone numbers called by Defendants contained in the Cell Phone Number List. If those records indicate any of the claimant's numbers were called during the Class Period, the claimant is a Class Member and may submit a claim to be an Approved Claimant. No more than one claim per person can be submitted, regardless of the number of cellphone numbers called, or the number of times they were called.

All Approved Claimants will receive either a pro rata share of the Credit Fund if they have an account with Defendants showing a balance owed, or if the Approved Claimant does not have an account with Defendants with a balance owed, or never had an account with Defendants, Approved Claimants in that group will get a pro rata share of the Cash Fund. The amount of credit or cash payment will be determined after the claims process is completed and the total amount of approved claims in each group is known.

If the Settlement Class member receives a Postcard Notice with a claim identification number, the claims process shall require that the Settlement Class member provide his or her name, the claim identification number, and, if the notice address is incorrect, a current address. If the Settlement Class member / Claimant did not receive Postcard Notice with a claim number, or if the claim number is otherwise unavailable, the claims process shall require that in order to compare the claimant's cellphone number to those on the Cell Phone Number List, the Claimant provide his or her name, the cellular telephone number on which he or she thinks they may have

been  called, his or her current address, and either his or her MCM account number or the last four digits of his or her social security number or taxpayer identification number to determine the status of the MCM account and/or ensure the settlement benefit is provided to the proper Claimant.  A claimant may submit more than one number until all numbers they believe may have been called have been checked against the Cell Phone Number List, but once a number is matched to that list, no further search on behalf of that claimant is required because only one claim per claimant may be submitted.      The online claim application procedure, any downloadable hard copy claim form, and the telephonic introduction for claims submitted by telephone, shall contain substantially the following message:  "By filing a claim, you are acknowledging that you were called by Defendants or their related entities on your cellphone at least once, and for one or more of those calls, you did not consent to receive such calls to your cellphone."

## CLAIM REVIEW PROCESS

11.01.  <u>Review of Claims by Claims Administrator</u>.  Each Settlement Class member who does not exclude himself or herself from the class and who makes a timely claim shall have the claim reviewed by the Claims Administrator.  The Claims Administrator shall review the claims and advise the Parties, at a minimum, on a weekly basis of the number of claims that are approved and denied.  For claims submitted by persons who were sent Postcard Notices and who provided their Claim Identification Numbers as listed on those postcards, the Claims Administrator shall approve the claim so long as the Settlement Class member provides his or her name, the claim number and, if the notice address is incorrect, a current address.  For claims submitted by persons who do not provide a Claim Identification Number, the Claims Administrator shall approve the claim so long as the Settlement Class member provides his or her name, the cellular telephone number on which he or she may have been  called, his or her address, and either his or her MCM account number, or the last four digits of his or her social security number, or of his or her taxpayer identification number, and the telephone number provided matches a telephone number on the Cell Phone Number List.  Class Counsel shall be entitled to contest the denial of any claims, first through meeting with the Claims Administrator, and if they are unable to resolve such issues, they may seek assistance of Retired Judge Hoffman

or the Court to resolve the issues at the earliest possible date, and to attempt to have a resolution before any final fairness hearing.  However, if those issues are unresolved at the time of the final fairness hearing, that will not prevent the final fairness hearing from going forward, with the issues to be resolved at a later date but within sixty (60) days of the entry of any order regarding the final fairness hearing, including any order for final approval of the settlement.

      11.02.  <u>Review of Claims by Defendants</u>.  On a weekly or otherwise agreed upon interval, the Claims Administrator shall provide Defendants with a "List of Approved Claimants" containing the information on the recently filed Approved Claims, with  (1) the names and, if known, MCM account numbers for each person the Claims Administrator has determined is an Approved Claimant who was assigned a  Claim Identification Number and sent a Postcard Notice, and (2) the names, MCM account numbers (if available) or the last four digits of the Social Security Number or of the Taxpayer Identification Number for each person the Claims Administrator has determined is an Approved Claimant but who was not assigned an Identification Number and sent a Postcard Notice.  No contact information  including updated addresses, telephone numbers or other contact information obtained in the Claims Process will be provided to Defendants by the Claims Administrator for either group of claimants.  Defendants shall review the information provided by the Claims Administrator on an ongoing basis and inform the Claims Administrator on a regular basis whether each Approved Claimant is identified in Defendants' records as owing money on  Defendants' account(s), and therefore included in the group of Class Members entitled to credits on their accounts, or not owing money on Defendants' accounts and therefore in the group of Class Members entitled to a portion of the Cash Component of the Settlement Fund.

      11.03.  <u>Final List of Approved Claimants</u>.  Recognizing that the Claims Administrator will be providing a list of Approved Claimants on an ongoing weekly or similar basis throughout the Claims Period to Defendants to allow Defendants to determine whether the Approved Claimants owe Defendants money and therefore are in the group receiving credits or the group receiving a portion of the Cash Component of the Settlement Fund, within thirty days (30)  days after  the Claims Deadline, the Claims Administrator will provide the last list of Approved Claimants to Defendants.  Within fourteen (14)  days of receipt of that last list of Approved

Claimants, Defendants will examine the list and determine for each Approved Claimant for whom it has not yet made such a determination, whether that Approved Claimant is identified in Defendants' records as owing money on Defendants' accounts, and shall inform the Claims Administrator of this determination.   Within fourteen (14)  days after receiving this information from Defendants, the Claims Administrator shall notify by mail each Approved Claimant who is identified as owing money to Defendants for one or more accounts for which Defendants are collecting and for which   the Approved Claimant will be receiving debt credits under the Settlement, and the estimated amount or range of such debt credits.  That notification will advise the Approved Claimant that he or she may contest whether  he or she owes money to Defendants or  does not have any existing account with Defendants, within fourteen (14)  days of the date of mailing of the notification.   That notification shall advise the recipient they may contest the credits either online through a website procedure or by calling a toll free telephone number set up for that purpose,  or by letter or postcard postmarked before the expiration of the fourteen (14) day period. Any Approved Claimant who fails to contest the receipt of debt credits within the applicable fourteen (14) day  period shall be conclusively determined to be entitled to debt credits rather than cash.   Any Approved Claimant who, within the fourteen (14) day  period, contests in good faith that he or she should receive cash rather than debt credits shall receive cash on a pro rata basis in the amount paid to the other cash recipients under this Agreement. Once the debt credits and settlement checks have been provided to all Approved Claimants, the Claims Administrator shall post a notice on the settlement website stating that all consideration due under the settlement has been paid.

11.04.  Mailing of Settlement Checks.   Settlement checks shall be sent to Approved Claimants who will be receiving a portion of the Cash Component of the Settlement Fund by the Claims Administrator via U.S. mail no later than Thirty (30) days after the later of the Effective Date or the date on which all disputes regarding claims are resolved and the amount of the settlement checks are determined, or as soon as practicable thereafter.  If any settlement checks are returned, the Claims Administrator shall attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described herein.  If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator

to resend the check.  The Claims Administrator shall advise Class Counsel and counsel for Defendants of the names of the claimants whose checks are returned by the postal service as soon as practicable.  Each settlement check will be negotiable for one hundred eighty (180) days after it is issued.  The Class Members will have no ownership interest whatsoever in the Cash Component of the Settlement Fund unless and until they cash the Settlement Checks.  Any funds not paid out as the result of uncashed settlement checks shall be paid out as a *cy pres* award to a recipient or recipients chosen by Class Counsel and agreed to by Defendant  and approved by the Court. If the Parties cannot agree, the Court shall decide.

## OPT-OUTS AND OBJECTIONS

12.01.  Opting Out of the Settlement.  Any Class Members who wish to exclude themselves from the Settlement Class ("opt out") must advise the Claims Administrator in writing of that intent by sending such writing to the Claims Administrator by first class mail, and their opt out request must be postmarked no later than the Opt-Out Deadline.  The Claims Administrator shall provide the Parties with copies of all opt-out requests it receives, and shall provide a list of all Class Members who timely and validly opted out of the settlement in its declaration filed with the Court fourteen (14) days before the final approval hearing.  Settlement Class Members who do not properly and timely submit an opt-out request will be bound by this Agreement and the judgment, including the releases in this Settlement Agreement.

        A.      In the written request for exclusion, the Class Member must state his or her full name, address, and telephone number.  Further, the Class Member must include a statement in the written request for exclusion that he or she wishes to be excluded from the settlement.

        B.      Any Class Member who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement.

12.02.  Objections.  Any Settlement Class Member who intends to object to the fairness of this settlement must file a written objection with the Court and provide a copy to the Settlement Administrator, Class Counsel and counsel for Defendants by the Objection Deadline.

        A.      In the written objection, the Settlement Class Member must state his or her full name, address, and telephone number, an explanation as to why the objector is a Class

Member including the provision of a Claim Identification Number as listed on the postcard they received, or the telephone number on which the objector was called, the reasons for his or her objection, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.  Any documents supporting the objection must also be attached to the Objection.

B.      Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.  A Settlement Class Member or his or her attorney intending to make an appearance at the Fairness Hearing must:  (a) file a notice of appearance with the Court no later than ten (10) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (b) serve a copy of such notice of appearance on all counsel for all Parties.  Any Settlement Class Member who fails to file a written objection in compliance with the provisions of this Section 12.02 shall waive and forfeit any and all rights to appear separately and/or to object, and shall be bound by all the terms of this Settlement, and by all proceedings, orders, and judgments in the litigation.

## FINAL APPROVAL AND JUDGMENT ORDER

13.01.  No later than fourteen (14) days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order, and the results of the claims process, the number of requests for exclusion, including providing copies of those to the Court, and any information it may have relating to any objections it may have received.

13.02.  No later than thirty (30) days before the last day for objections to be filed, Class Counsel shall file their application for attorneys' fees and costs and motion for approval of Class Representatives' service payments and these papers shall be posted on the Settlement Website within three (3) days of filing;

13.03.  If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied:

A.       No later than thirty (30) days prior to the Final Approval Hearing, or at such time as the Court may order, the Class Representatives shall request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit F, with Class Counsel filing a memorandum of points and authorities in support of the motion; and,

B.       No later than two (2) days before the Final Approval Hearing, counsel for the Class and/or Defendants may file a memorandum addressing any objections submitted to the Settlement.

13.04.  At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be sustained or overruled, whether the fee award and incentive payments to the Class Representatives should be approved, and whether a judgment finally approving the Settlement should be entered.

13.05.  This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order substantially in the form of Exhibit G which grants final approval of this Agreement and:

A.       finds that the Notice provided satisfies the requirements of due process, Fed. R. Civ. P. 23(e)(1) and all other applicable law;

B.       finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

C.       finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the releases in Sections 16.01 through  16.04, and that this Settlement Agreement should be and is approved;

D.       dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted against Defendants in the *In Re: Midland Credit Management, Inc. TCPA Litigation* Action;

E.      permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Defendants or the Released Parties; and,

F.      retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## FINAL JUDGMENT

14.01. The Judgment entered at the Final Approval Hearing shall be deemed final the later of:

A. Thirty-One (31) days after entry of the Final Judgment approving the Settlement if no document is filed within that time seeking appeal, review or rehearing of the judgment; or

B. If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated, and if an appeal was filed, after mandate is issued by the appellate court and received by the district court, in such a manner as to permit the judgment to take effect in substantially the form described in Section 13.05.

## CONFIRMATORY DISCOVERY

15.01. Class Counsel shall be entitled to conduct limited discovery to confirm the accuracy of the information provided to them during the course of the litigation and the Parties' settlement negotiations.  The purpose of that discovery shall be to confirm the procedures, methods and analysis of calculation of class size and membership in the Class, and the procedures and methods for creating the Notice List and Cell Phone Number List.   The scope and manner of confirmatory discovery will be agreed to by the Parties, but will include at a minimum written discovery and a deposition of a representative of  Defendants.  Defendants agree to respond to Plaintiffs' confirmatory discovery on an expedited basis so as to allow all discovery to be completed and preliminary approval motion on file by June 12,  2015, or as soon as practicable thereafter.   This discovery is to be used solely for purposes of finalizing this

Settlement and may not be used for any purpose in the event this Agreement is terminated or is otherwise not fully and finally approved by the Court.

## RELEASE OF CLAIMS

16.01.  Upon entry of the Judgment, Class Representatives, for themselves and on behalf of each member of the Class who has not submitted a valid and timely request for exclusion from the Class, and their respective heirs, assigns, successors, agents, attorneys, executors, and representatives, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, irrevocably, and forever released Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc. and, whether or not specifically named herein, each of their past or present directors, officers, employees, agents, insurers or reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, related companies, affiliated companies, parents, subsidiaries, joint venturers, independent contractors, vendors and service providers, wholesalers, resellers, distributors, retailers, divisions, predecessors, successors, and assigns (collectively, the "Released Parties"), from any and all liabilities, claims, causes of action, damages, penalties, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, suspected or unsuspected, which were asserted in the Action or are related to the claims asserted in the Action, any and all claims relating to the making, placing, dialing or initiating of calls using an automatic telephone dialing system or artificial or prerecorded voice, any and all claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder or related thereto, and any and all claims for violation of any laws of any state that regulate, govern, prohibit or restrict the making, placing, dialing or initiating of calls using an automatic telephone dialing system, an artificial or prerecorded voice, or any automated process or technology (hereafter, collectively, the "Released Claims").   Excluded from the Released Parties are Atlantic Credit & Finance, Inc. and Propel Financial Services.  Excluded from the Released Claims are any claims arising from telephone calls made by Asset Acceptance LLC itself, or by Astra Business Services, Inc. or Radius Solutions, Inc., on behalf of Asset Acceptance LLC.  Also excluded from the Released Claims are any claims based on telephone calls made before November 2, 2006 or on or after September 1, 2014.

16.02.  By operation of the entry of the Judgment, the Class Representatives, for themselves and on behalf of each member of the Class, agree to waive in connection with the Released Claims any and all provisions, rights and benefits, which they now have or in the future may be conferred to them by section 1542 of the California Civil Code ("Section 1542") or any similar statutory or common law provision of any other jurisdiction.  Section 1542 reads as follows:

> Certain Claims Not Affected by General Release: A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.

Class Representatives, for themselves and each member of the Class, expressly acknowledge that, to the extent permitted by law, they are waiving in connection with the Released Claims the protections of Section 1542 and of any comparable statutory or common law provision of any other jurisdiction.

16.03.  Covenant Not To Sue.  Except for proceedings to enforce the terms of this Settlement Agreement, upon entry of Judgment, the Class Representatives, for themselves and on behalf of each member of the Class, shall be deemed to have, and by operation of the Judgment shall have agreed, not to file, maintain, cause or knowingly permit the filing or maintenance of any lawsuit, administrative action, or other proceeding, in any state, federal or foreign court, or before any local, state, federal or foreign administrative agency, or any other tribunal, that arises from or relates to any of the Released Claims against the Released Parties. Further, Plaintiffs agree and covenant, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released

Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

## TERMINATION OF AGREEMENT

17.01.  <u>Either Side May Terminate the Agreement</u>.  Plaintiffs and Defendants shall each have the right to unilaterally terminate this Agreement by providing written notice of his, their or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

      a.     the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

      b.     an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

      c.     any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that Plaintiffs or Defendants reasonably consider material, unless such modification or amendment is accepted in writing by all Parties;

      d.     the Effective Date does not occur; or

      e.     any other ground for termination provided for elsewhere in this Agreement occurs.

17.02.  <u>Termination if Large Number of Opt–Outs</u>.  If, at the conclusion of the Opt-Out Deadline, more than 7,500 persons have opted-out of the Settlement, the Defendants shall have, in their sole and absolute discretion, the option to terminate this Agreement within ten (10) calendar days after the Opt-Out Deadline.

17.03.  <u>Revert to Status Quo</u>. If either Plaintiffs or Defendants terminate this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.  However, any payments made to the Claims Administrator for services actually rendered to the date of termination shall not be refunded to Defendants.

## NO ADMISSION OF LIABILITY

18.01.  Defendants deny any liability or wrongdoing of any kind associated with the alleged claims in the operative complaints.  Defendants have denied and continue to deny each and every material factual allegation and all claims asserted against them in the *In Re: Midland Credit Management, Inc. TCPA Litigation* Action.  Nothing herein shall constitute an admission by Defendants of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing herein shall constitute an admission by Defendants that the *In Re: Midland Credit Management, Inc. TCPA Litigation* Action is properly brought on a class or representative basis, or that the class may be certified in those actions, other than for settlement purposes.  To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement:  (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the allegations in the *In Re: Midland Credit Management, Inc. TCPA Litigation* Action ; (ii) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Defendants in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

18.02.  Pursuant to Federal Rules of Evidence Rule 408 and California Evidence Code Sections 1119 and 1152, and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement.

## TAXES

19.01.  Responsibility for Taxes on Distribution. Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

19.06. <u>Defendants Are Not Responsible</u>. In no event shall Defendants or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiffs, Class Members, Class Counsel or any other person or entity, and the Settlement Fund shall indemnify and hold Defendants and the other Released Parties harmless for all such taxes and tax-related expenses (including, without limitation, taxes and tax-related expenses payable by reason of any such indemnification).

## **MISCELLANEOUS**

20.01.  <u>Entire Agreement</u>.  This Agreement and the exhibits hereto constitute the entire agreement between the Parties.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

20.02.  <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of California.

20.03.  <u>Non-Waiver Of Debts/Obligations Owing By Class Members</u>.  The Parties understand and agree that, except for debt credits issued pursuant to Section 5.01 above, this Settlement Agreement and any terms herein shall not affect in any regard any debt or obligation owed by any Plaintiff or Settlement Class Member to Defendants or the Released Parties.  This Settlement Agreement does not operate to waive, extinguish, terminate, reduce or affect any debt or obligation owed by Plaintiffs or Class Members, and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Defendants or the Released Parties and their related or affiliated entities.  Any payments or debt credits made under this Settlement shall not affect the statute of limitations applicable to any debt.

20.04.  <u>Jurisdiction</u>.  The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiffs and all Settlement Class members, for purposes of the administration and enforcement of this Agreement.

20.05.  <u>No Construction Against Drafter</u>.  This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall

be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

20.06.  <u>Resolution of Disputes</u>.   The Parties shall cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall first be presented to Retired Judge Hoffman for mediation and, if no agreement is reached, be decided by the Court. If assistance of Retired Judge Hoffman is required, any costs associated with such resolution process shall be paid from the Cash Component of the Settlement Fund .

20.07.  <u>Counterparts</u>.  This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

20.08.  <u>Time Periods</u>.  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

20.09.  <u>Authority</u>.  Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

20.10.  <u>No Oral Modifications</u>.  This Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendants and Plaintiffs, and approved by the Court.

20.11.  <u>Press Releases and Public Notices</u>.  The Parties and their counsel agree they will not issue any press releases concerning this Settlement Agreement or the resolution of the Action except as specifically set forth above.  Other than as may be required of Defendants or the Released Parties in their public filings, no public disclosure shall be made regarding the settlement until the filing of the Motion for Preliminary Approval.  After that date, any public disclosure shall be limited to the information contained in the Settlement Agreement, exhibits and Court Orders.

20.12.  <u>Notices</u>.   Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

<u>If to Class Counsel</u>:

       Douglas J. Campion, Esq.
       Law Offices of Douglas J. Campion, APC
       17150 Via Del Campo, Suite 100
       San Diego, CA 92127
       midlandsettlement@djcampion.com

       James O. Latturner, Esq.
       Edelman Combs Latturner & Goodwin LLC
       20 South Clark Street
       Suite 1500
       Chicago, IL 60603
       jlatturner@edcombs.com
       fgreene@edcombs.com
       info@edcombs.com

<u>If to counsel for Settling Defendants</u>:

       Edward D. Totino
       DLA Piper LLP (US)
       2000 Avenue of the Stars, North Tower 4th Floor
       Los Angeles, CA  90067
       Telephone:  (310) 595-3000
       edward.totino@dlapiper.com

       William S. Boggs
       DLA Piper LLP (US)
       401 B Street
       Suite 1700
       San Diego, CA 92101-4297
       Telephone: (619)699-2700
       william.boggs@dlapiper.com

20.13.  <u>Appointment of Special Master</u>.  The Parties agree to seek Court approval of the appointment of Retired Judge Hoffman to serve as Special Master for purposes of this Settlement, including drafting a Report & Recommendation to the trial court about the Preliminary and /or Final Approval, and to take such other action as is necessary to facilitate this

Settlement. Any fees or costs associated with the Special Master services rendered by Retired Judge Hoffman shall be paid from the Cash Component of the Settlement Fund.

20.14. Calculation of Dates. When the terms of this Agreement provide that any action must be taken by a certain date, that action shall be timely if performed by 11:59 p.m. Pacific Time on that date.

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this ____ day of June, 2015.

Class Representatives

By: _____          6/17/15
    Christopher Robinson, individually and as     Date
    Class Representative

By: _____          _____
    Eduardo Tovar individually and as           Date
    Class Representative

By: _____          _____
    Dave Scardina, individually and as          Date
    Class Representative

    MIDLAND FUNDING, LLC

By: _____
                                              _____
Its: _____          Date

    MIDLAND CREDIT MANAGEMENT, INC.

By: _____
                                              _____
Its: _____          Date

WEST\251083015.14                    38

ENCORE CAPITAL GROUP, INC.

By: _____                    _____
                                                   Date
Its: _____

APPROVED AS TO FORM:

LAW OFFICES OF DOUGLAS J. CAMPION, APC

_____          6 -17 -15
Douglas J. Campion, Esq.                Date
For Plaintiffs Christopher Robinson, Eduardo
Tovar, and the Settlement Class


EDELMAN, COMBS, LATTURNER & GOODWIN LLC


_____                    _____
James O. Latturner                            Date
For Plaintiff Dave Scardina and the Settlement Class


DLA PIPER LLP (US)


_____                    _____
Edward D. Totino                              Date
For Defendants Midland Funding, LLC, Midland
Credit Management, Inc., and Encore Capital
Group, Inc.


_____                    _____
William S. Boggs                              Date
For Defendants Midland Funding, LLC, Midland
Credit Management, Inc., and Encore Capital
Group, Inc.

ENCORE CAPITAL GROUP, INC.

By: _____

Its: _____    Date _____

APPROVED AS TO FORM:

LAW OFFICES OF DOUGLAS J. CAMPION, APC

   _____   Date _____
   Douglas J. Campion, Esq.
   For Plaintiffs Christopher Robinson, Eduardo
   Tovar, and the Settlement Class

EDELMAN, COMBS, LATTURNER & GOODWIN LLC

   _____   6-18-15
   James O. Latturner      Date
   For Plaintiff Dave Scardina and the Settlement Class

DLA PIPER LLP (US)

   _____   Date _____
   Edward D. Totino
   For Defendants Midland Funding, LLC, Midland
   Credit Management, Inc., and Encore Capital
   Group, Inc.

   _____   Date _____
   William S. Boggs
   For Defendants Midland Funding, LLC, Midland
   Credit Management, Inc., and Encore Capital
   Group, Inc.

Settlement.  Any fees or costs associated with the Special Master services rendered by Retired Judge Hoffman shall be paid from the Cash Component of the Settlement Fund.

20.14.  Calculation of Dates.  When the terms of this Agreement provide that any action must be taken by a certain date, that action shall be timely if performed by 11:59 p.m. Pacific Time on that date.

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this ____ day of June, 2015.

Class Representatives

By: _____
Christopher Robinson individually and as
Class Representative                          Date _____

By: _____
Eduardo Tovar individually and as          6-18-15
Class Representative                          Date

By: _____
Dave Scardina, individually and as
Class Representative                          Date _____

MIDLAND FUNDING, LLC

By: _____
                                              Date _____
Its: _____

MIDLAND CREDIT MANAGEMENT, INC.

By: _____
                                              Date _____
Its: _____

Settlement.  Any fees or costs associated with the Special Master services rendered by Retired Judge Hoffman shall be paid from the Cash Component of the Settlement Fund.

20.14.  <u>Calculation of Dates</u>.  When the terms of this Agreement provide that any action must be taken by a certain date, that action shall be timely if performed by 11:59 p.m. Pacific Time on that date.

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this _____ day of June, 2015.

Class Representatives

By: _____          _____
    Christopher Robinson individually and as       Date
    Class Representative

By: _____          _____
    Eduardo Tovar individually and as             Date
    Class Representative

By: _____          _____
    Dave Scardina, individually and as            Date
    Class Representative

MIDLAND FUNDING, LLC

By: _____          _____
                                                  Date
Its: _____

MIDLAND CREDIT MANAGEMENT, INC.

By: _____          _____
                                                  Date
Its: _____

ENCORE CAPITAL GROUP, INC.

By: _____

Its: _____          Date _____

APPROVED AS TO FORM:

LAW OFFICES OF DOUGLAS J. CAMPION, APC


_____          Date _____
Douglas J. Campion, Esq.
For Plaintiffs Christopher Robinson, Eduardo
Tovar, and the Settlement Class


EDELMAN, COMBS, LATTURNER & GOODWIN LLC


_____          Date _____
James O. Latturner
For Plaintiff Dave Scardina and the Settlement Class


DLA PIPER LLP (US)


_____          Date _____
Edward D. Totino
For Defendants Midland Funding, LLC, Midland
Credit Management, Inc., and Encore Capital
Group, Inc.


_____          Date _____
William S. Boggs
For Defendants Midland Funding, LLC, Midland
Credit Management, Inc., and Encore Capital
Group, Inc.

ENCORE CAPITAL GROUP, INC.

By:   _____          _____

Its:   _____          Date

APPROVED AS TO FORM:

LAW OFFICES OF DOUGLAS J. CAMPION, APC

_____          _____
Douglas J. Campion, Esq.                              Date
For Plaintiffs Christopher Robinson, Eduardo
Tovar, and the Settlement Class


EDELMAN, COMBS, LATTURNER & GOODWIN LLC

_____          _____
James O. Latturner                                      Date
For Plaintiff Dave Scardina and the Settlement Class

DLA PIPER LLP (US)

_____          6/23/15
Edward D. Totino                                      Date
For Defendants Midland Funding, LLC, Midland
Credit Management, Inc., and Encore Capital
Group, Inc.

_____          6/23/15
William S. Boggs                                      Date
For Defendants Midland Funding, LLC, Midland
Credit Management, Inc., and Encore Capital
Group, Inc.

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

**IN RE:  MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION**

Case No.  11-md-2286 MMA (MDD)

Member Cases:  10-cv-02261
10-cv-02600
10-cv-02368
10-cv-02370

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**JUDGE:**  Hon. Michael M. Anello

CASE NO. 11-md-2286 MMA (MDD)

DLA Piper LLP (US)
Los Angeles

WEST\258301755.4

Plaintiffs Christopher Robinson, Eduardo Tovar, and Dave Scardina, (collectively, "Plaintiffs")  filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Lawsuit"). The Preliminary Approval Motion was unopposed by Defendants Midland Funding, LLC, Midland Credit Management, Inc. ("MCM"), and Encore Capital Group, Inc. (collectively, "Defendants").

The Court has read and considered the Settlement Agreement (the "Agreement"), the Preliminary Approval Motion, and the record in this case.

NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

I.  JURISDICTION:  The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.  All capitalized terms used herein have the meanings defined herein and / or in the Agreement.

II.  PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT:  The Court preliminarily finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and the exhibits thereto, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Class Members, taking into consideration the benefits to Class Members; the strength and weaknesses of Plaintiffs' case; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals.  The Court finds that notice of the Settlement should be given to persons in the Class and a full hearing should be held on approval of the Settlement. The provisions of the Settlement Agreement are preliminarily approved and the Parties shall comply with its terms.

III.  CLAIMS ADMINISTRATOR:  The Court approves the selection of KCC to be the Claims Administrator.  The Claims Administrator will administer the

applicable provisions of the Agreement in accordance with the terms of the Agreement, including, but not limited to, distributing and providing the class notice, receiving and examining claims, calculating claims against the Settlement Fund consisting of the $13,000,000 fund for debt credits and the $2,000,000 cash fund, preparing and issuing or working with Defendants to issue all disbursements of the Settlement Fund to Approved Claimants, and handling inquiries about the calculation of the individual settlement amounts. All reasonable fees and costs of the Claims Administrator shall be paid by Defendants and shall not be deducted from the Settlement Fund.

IV.  In compliance with the Class Action Fairness Act, 28 U.S.C. § 1715, and as set forth in the Agreement, Defendants, themselves or through their designees, are ordered to serve written notice of the proposed settlement on the U.S. Attorney General and the appropriate state official of each state, unless such notice has already been served.

V.  CLASS MEMBERS:  Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily and conditionally certified, for settlement purposes only, as a class action on behalf of the following class members:

> All persons in the United States who were called on a cellular telephone by Defendants or their subsidiaries, affiliates or related companies (other than calls made by Asset Acceptance LLC, Atlantic Credit & Finance, Inc. or Propel Financial Services) in connection with the collection of an alleged debt using a dialer or by artificial or prerecorded voice message without prior express consent during the period from November 2, 2006 through August 31, 2014, inclusive.

Excluded from the Class are the Judges to whom the Action is assigned and any member of the Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

VI.   CLASS REPRESENTATIVES AND CLASS COUNSEL APPOINTMENT: For purposes of the Court considering preliminary approval, the Court appoints Plaintiffs as the Class Representatives and Douglas J. Campion of The Law Offices of Douglas J. Campion, APC and James O. Latturner of Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel.

VII.   NOTICE AND CLAIMS PROCESS: The Court approves the form, content and method of notice set forth in the Agreement. If they have not already done so, Defendants shall provide the Notice List and Cell Phone Number List to the Settlement Administrator within ten (10) days of this order granting preliminary approval. No later than thirty-five (35) days after the date of this order, the Claims Administrator shall establish the Settlement Website. No later than thirty-five (35) days after the date of this order, the Claims Administrator shall send by regular mail the Postcard Notice to each person in the Notice List at their last known address as provided by Defendants or as updated by the Claims Administrator through the National Change of Address Database. Any Postcard Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Claims Administrator to such forwarding address. As for Class Members who are not identified in the Notice List, the Claims Administrator shall provide notice by publication and online as set forth in the Publication and Online Notice Plan attached as Exhibits D and E to the Agreement. The Claims Administrator shall initiate the publication of Publication Notice and Online Notice no later than forty (40) days after the date of this Order and complete the publication of

-3-

CASE NO. 11-md-2286 MMA (MDD)

Publication Notice and Online Notice no later than ninety (90) days after the date of this Order. The Postcard Notice, the Publication Notice and the Online Notice shall reference a website established for this Settlement, and that website shall contain the full details of the Settlement and permit the filing of claims on the website. The mailed and published notices shall also contain the Claims Administrator's toll free telephone number so that the Class Members can inquire about the Settlement and also make a claim over the telephone. If the mail attempts at notice are unsuccessful, and/or a Class Member otherwise fails to follow the procedures set forth in this Agreement for submitting a claim or requesting exclusion from the Class, the notice procedures for Class Members not identified in the Notice List shall be deemed to apply and the Class Member shall automatically be deemed a member of the Class whose rights and claims with respect to the issues raised in this action are determined by the Court's final Order approving the settlement of the class claim and this Action, and the Judgment, and by the other rulings in the Action. At least fourteen (14) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures set forth in the Agreement. The Court finds that the form, content and method of notice set forth in the Agreement satisfy the requirements of Fed. R. Civ. P. 23(c)(2), the Constitution of the United States, and any other applicable laws, and due process, and constitutes the best notice practicable under the circumstances. The forms of notice set in Agreement and approved herein provide a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby meet the requirements of Fed. R. Civ. P. 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States

Constitution, and any other applicable law, and shall constitute due and sufficient notice to all Class Members entitled thereto.

VIII.   <u>SETTLEMENT AND CLAIMS PROCESS</u>: The Court preliminarily approves the $15,000,000 Settlement Fund consisting of a $2,000,000 cash component and a $13,000,000 debt forgiveness component, as fair, reasonable and adequate for members of the Class. The Court preliminarily approves the process set forth in the Agreement for reviewing, approving and paying claims from the Common Fund. The Court also preliminarily approves the incentive payments that will be sought by Plaintiffs to be paid from the Common Fund.

IX.   <u>CLASS CERTIFICATION</u>:   The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for purposes of settlement only.

X.   <u>EXCLUSIONS</u>:   Any Class Member may request to be excluded from the Class (*i.e.*, "opt out") by mailing a letter or other writing, by first class mail, to the Claims Administrator containing the Class Member's name and address, and telephone number and a statement that he or she requests to be excluded from the Class.  Any such request must be made in accordance with the terms set forth in the Class Notice and will be timely only if postmarked no later than one hundred thirty-five (135) days after the date of this order granting preliminary approval of this settlement and Agreement (the "Opt-Out Deadline"). The Claims Administrator shall provide the Parties with copies of all opt-out requests as they are received and, no later than five (5) days after the Opt-Out Deadline, the Claims Administrator shall provide defense counsel and Class Counsel with a list of the Class Members who have requested exclusion from the Class. Any Class Member who submits a valid and timely request for exclusion shall not be a member of the

-5-

DLA Piper LLP (US)
Los Angeles
WEST\258301755.4

settlement Class, and shall not be bound by the Agreement or Settlement.  If more than 7,500 persons request exclusion from the Class by the Opt-Out Deadline, Defendants shall have the option to terminate the Agreement and the settlement proceedings, and this Order shall be null and void and the settlement of no force and effect.  Defendants shall give notice of such termination in writing to Class Counsel and the Claims Administrator no later than ten (10) days after the Opt-Out Deadline.   The notice of termination shall then promptly be filed with the Court by Class Counsel.

XI.   OBJECTIONS:  Any Class Member may object to the terms of the Settlement, including, but not limited to, the benefits to be paid to the Class under the settlement, Class Counsel's application for attorneys' fees and litigation expenses and the Class Representatives' service payments by mailing a written objection to the Court. Any Class Member who wants to appear at the Final Approval Hearing, either personally or through counsel, must mail a notice of intention to Appear to the Court.   Written objections and/or notices of intention to appear must be mailed to the Court, and served upon Class Counsel, Defense Counsel, and the Settlement Administrator, no later than one hundred and thirty-five (135) days after the date of this order granting preliminary approval of the settlement.   The timeliness of objections and notices shall be determined the date of receipt by the Court. No later than two days before the Final Approval Hearing, the parties may file with the Court replies to any objections.

XII.   Class Members who do not file their objections and/or notices of intention to appear in the manner set forth herein will be deemed to have waived all objections and will not be entitled to be heard at the final approval hearing.

XIII. Class Counsel shall file a motion for approval of Class Representatives' service payments and application for attorneys' fees and costs no later than

thirty (30) days before the last date to file and serve Objections Class Counsel shall file a motion for final approval of settlement no later than thirty (30) days before the Final Approval Hearing. The motion for final approval of settlement and motion for attorney's fees shall be posted on the website of the Claims Administrator so that they may be reviewed and printed out by any member of the Class or any other person.

XIV.   <u>FINAL APPROVAL HEARING</u>:   The Court shall conduct a hearing (hereinafter the "Final Approval Hearing") on _____, 201_, at ____, in Courtroom 3A (3rd Floor – Schwartz) of the United States District Court for the Southern District of California, 221 West Broadway, San Diego, CA, 92101. The Final Approval Hearing may be rescheduled or continued by the Court without further notice to the Class Members.  At the hearing, the Court will consider the following issues:

   A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P 23;

   B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

   C. Whether the order granting final approval of class action settlement and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

   D.   Such other issues as the Court deems appropriate.

XV. Attendance at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action Settlement.  However, Class Members

wishing to be heard are required to submit a notice of intention to appear at the Final Approval Hearing.

XVI. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Defendants.

XVII. If the Agreement is not finally approved for any reason, then this order shall be vacated, the Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

XVIII. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

Dated: _____          _____
                                          THE HON. MICHAEL M. ANELLO
                                          U.S. DISTRICT COURT JUDGE

DLA PIPER LLP (US)
LOS ANGELES

WEST\258301755.4                              CASE NO. 11-md-2286 MMA (MDD)

# EXHIBIT B

NOTICE AND FREQUENTLY ASKED QUESTIONS ("FAQ")

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
IN RE:  MIDLAND CREDIT MANAGEMENT, INC.,
TELEPHONE CONSUMER PROTECTION ACT LITIGATION
United States District Court for the Southern District of California
Case No.  11-md-2286 MMA (MDD)

READ THIS NOTICE CAREFULLY
YOUR LEGAL RIGHTS MAY BE AFFECTED
A court authorized this notice.  This is not a solicitation from a lawyer.


If you were called on a cellular telephone in the United States by any of the Defendants, Midland Credit Management, Inc. (MCM"), Midland Funding, LLC or Encore Capital Group, Inc. (collectively, "Defendants"),  in connection with an alleged debt using a dialer or by an artificial or prerecorded voice message without prior express consent during the period from November 2, 2006 through August 31, 2014, inclusive (the "Class Period"), you are a class member and your rights may be affected by a class action settlement.  Please read the rest of this Notice to find out more.

SUMMARY OF SETTLEMENT, CLAIMS PROCESS, EXCLUDING YOURSELF FROM OR
OBJECTING TO THE SETTLEMENT

        The Plaintiffs sued the debt collector Defendants in a Class Action for allegedly calling Plaintiffs and other persons (the "Class Members" as defined below) on their cellphones without their prior consent, in violation of the  Telephone Consumer Protection Act ("TCPA"), using an automatic telephone dialing system ("Autodialer") or artificial or prerecorded voice between November 2, 2006 through August 31, 2014 (the "Class Period").  Defendants deny that they violated the TCPA.  However, the Parties have reached a  settlement of this Class Action whereby Defendants will provide the following to settle the lawsuit: 1) They will provide credits in a total amount of $13,000,000, on a pro rata basis, to the collection accounts maintained by Defendants of all Class Members who make valid claims, with the individual credit amount to be determined by the number of valid claims submitted; 2) Pay $2,000,000 which will be divided on a pro rata basis among all Class Members submitting valid claims that do not have existing accounts with Defendants; 3) In addition, Defendants will pay for all costs of notice and claims administration; and 4) Defendants will pay attorneys' fees and costs of litigation in an amount approved by the court but not to exceed $2,400,000.
        There are two groups of potential claimants.  The first group consists of those persons who have accounts with Defendants and for whom Defendants' records show received calls on their cellphones. The second group consists of persons whose cellphone numbers Defendants called but where Defendants' records do not show those calls were received by persons with accounts.  Defendants generally have a name and address associated with their accounts, but do not have names and addresses for persons without accounts.  Therefore, the first group will be sent a postcard providing Notice of the Settlement. The second group, will be notified of the settlement through publication and internet notice.
        Class members may submit claims though a toll-free number, online through a settlement website, or by mail by downloading and mailing a claim form. If the class member received a postcard in the mail with a Claim Identification Number, all that is required to submit a claim is that they provide the Claim Identification number. If the class member did not receive a postcard, the class member may provide the Claims Administrator with the cellphone number(s) that they believe may have been called to determine whether the number was called. The Claims Administrator will maintain a list of all cellphone numbers called and if the claimant's cellphone number is on the list as having been called in the Class Period, they may submit a claim.
        If Class Members do not want to participate in the Settlement, they can request to exclude

themselves as set forth herein.  If they want to remain in the Class but want to formally object to the Settlement, they can do as detailed below. There are deadlines for submitting claims, excluding themselves from the Class or objecting, all set forth herein.

The Court in charge of this case has not decided whether to finally approve the settlement; however, the Court has preliminarily approved the settlement as fair, adequate and reasonable. Payments or one-time debt forgiveness will take place if the Court approves the settlement and after any appeals are resolved.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| Participate in the Settlement | If you wish to receive the benefits  of the Settlement Fund, which consists of either credits to your collection account with Defendants or a cash payment if you have no existing collection account with Defendants,    read this Notice for information on how to file a claim.  If you do not file a Claim Form by [insert claim deadline in bold and underline], you will not receive a Settlement Payment. |
| Exclude Yourself from the Settlement | If you do not want to participate in the settlement, you must send a letter requesting exclusion postmarked no later than [insert deadline in bold and underline] or else you will be bound by the settlement. |
| Object to the Settlement | If you wish to object to the settlement, you must follow the directions in this Notice. |
| Participate in the Hearing | If you submit a timely objection to the settlement, you may also indicate in the objection whether you wish to appear in court and be heard at the time of the final fairness hearing. |
| Do Nothing | If you do nothing with respect to this Notice, you will not receive any part of the Settlement Fund and you will be bound by the terms of the settlement including the release of claims described below. |

### THESE RIGHTS AND OPTIONS, INCLUDING THE DEADLINES BY WHICH TO EXERCISE THEM, ARE EXPLAINED IN THIS NOTICE BELOW

*Frequently Asked Questions*

**1.** *What is this lawsuit about?*

**2.** *Why did I get a postcard?*

**3.** *What if I did not get a postcard?*

**4.** *Are you included in the Settlement Class?*

**5.** *What are the terms of the Settlement?*

**6.** *How can I make a claim for compensation?*

**7. *What is the deadline to submit a claim?***

**8. *When would I get my compensation?***

**9. *In return for Settlement benefits, what am I giving up?***

**10. *How do I get out of the Settlement?***

**11. *If I do not exclude myself, can I sue Midland Credit Management, Inc. or the other defendants for the same thing later?***

**12. *Do I have a lawyer in this case?***

**13. *How will the lawyers be paid?***

**14. *How do I tell the Court that I do not like the Settlement?***

**15. *What is the difference between "objecting" and "excluding" yourself?***

**16. *When and where is the fairness hearing?***

**17. *Do I have to attend to the hearing?***

**18. *What if I do nothing at all?***

**19. *Are there more details about the Settlement?***

**1. *What is this lawsuit about?***

 A class action is where one or more persons, called class representatives, sue on behalf of people who have similar claims.  All of these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

 In this case, Christopher Robinson, Eduardo Tovar, and Dave Scardina, (collectively, "Plaintiffs"), allege on behalf of themselves and the Class, that Defendants violated the Telephone Consumer Protection Act ("TCPA") by calling persons on their cell phones using an automatic telephone dialing system ("Autodialer") or artificial or prerecorded voice, without prior express consent. The lawsuit is entitled *In re: Midland Credit Management, Inc. Telephone Consumer Protection Act Litigation*, United States District Court for the Southern District of California Case No. 11-MD-2286 MMA (MDD) (the "Lawsuit"). The TCPA provides, among other relief, that a plaintiff may seek statutory damages of up to $500 per violation, and that this amount may be trebled for willful violations. The TCPA does not provide for the recovery of attorneys' fees.  Defendants deny that they violated the TCPA and specifically deny that they used an automated telephone dialing system  or an artificial or prerecorded voice to call any class members without prior express consent. The Court in charge of this case has not decided whether to finally approve the settlement; however, the Court has preliminarily approved the settlement as fair, adequate and reasonable. Payments or one-time debt forgiveness will take place if the Court approves the settlement and after any appeals are resolved.

**2. *Why did I get a postcard?***

If you received a postcard, Defendant's records indicate you were called on your cellphone and you did not consent to being called, you may submit a claim to share in  the benefits of the class action settlement, including either credits to any collection account you have with Defendants,  or a cash payment if you do not have such a collection account.  The amount of the credits to be applied to Defendants' accounts and, alternatively, the amount of payment each person receiving a portion of the cash component of the Settlement, will depend on the number of valid claims received in each category.

### 3. *What if I did not get a postcard but believe I was called on my cellphone by Defendants?*

There were many other persons that were called on their cellphones by Defendants during the Class Period than those who will receive a postcard. Postcard notices were sent to only those persons that Defendants could identify by name from their records as receiving calls on their cellphones. Many other persons were called for which Defendants have the cellphone numbers called.  The Claims Administrator has a list of all cell phone numbers called ("Cellphone Number List").  Upon request by anyone believing they were called by Defendants, the Claims Administrator will compare that number or those numbers to the numbers on that Cellphone Number List to see if those cellphone numbers provided by the requester were in fact called during the Class Period by Defendants. If you believe you received one or more calls to your cellphone during the Class Period, you can submit that numbers or those numbers that may have been called to make that determination by submitting them to the Claims Administrator either 1) online on the settlement website www. [INSERT AND BOLD]_____, 2) by calling the toll-free telephone claim number [INSERT AND BOLD] _____ or 3) by mail by downloading the claim form from the website and mailing it to the Claims Administrator at the address below.  If your cell number was called during the Class Period, and you did not consent to being called, you are entitled to submit a claim. (Only one claim can be submitted, regardless of the number of cellphone numbers called.)  If you were not called by Defendants during the Class Period as indicated on the Cellphone Number List, you may not submit a claim.   All valid claimants will receive either credits to any collection account they have with Defendants,  or a cash payment if they do not have such a collection account. The amount credited or paid to each claimant will be the same whether or not they received a postcard Notice.

### 4. *Are you included in the Settlement Class?*

Those persons in the settlement Class or Class Members are defined in the Settlement Agreement as:

> All persons in the United States who were called on a cellular telephone by Defendants or their subsidiaries, affiliates or related companies (other than calls made by Asset Acceptance LLC, Atlantic Credit & Finance, Inc. or Propel Financial Services) in connection with the collection of an alleged debt using a dialer or by artificial or prerecorded voice message without prior express consent during the period from November 2, 2006 through August 31, 2014, inclusive.

> Excluded from the Class are the Judges to whom the Action is assigned and any member of the Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

### 5. *What are the terms of the settlement?*

The Court did not decide in favor of either side.  Instead, both sides have voluntarily agreed to a settlement before any trial, which provides for several benefits:

a.      The Settlement benefit totals Fifteen Million Dollars ($15,000,000.00) (the "Settlement Fund"), which is comprised of Thirteen Million Dollars ($13,000,000) of debt forgiveness and Two Million Dollars ($2,000,000) of cash.

A Class Member's recovery depends on how much , if anything, the individual owes Defendants on their collection account with Defendants and the number of valid claims submitted.  Defendants'

collection accounts generally are established when Defendants purchase obligations owed to creditors. If the Class Member owes Defendants nothing on the collection account or no collection account exists, then that Class Member may be entitled to a one time *pro rata* share ("Individual Cash Settlement Amount") from the $2,000,000 Cash Component of the Settlement Fund after the incentive awards to be paid to Plaintiffs and any fees owed to any Special Master appointed by the Court are deducted. The Settlement Administrator will issue this payment by way of check. The funds represented by the check for the Individual Cash Settlement Amount shall not become the property of any individual Class Member unless and until the check representing those funds is cashed.

If there is an outstanding balance owed by the Class Member to Defendants on a collection account, then that Class Member may be entitled to a one-time forgiveness of the money owed to Defendants of the lesser of (1) a *pro rata* share of the $13,000,000 of debt forgiveness (which is calculated by dividing $13,000,000 by the number of valid Claim Forms received from Class Members who have an outstanding balance on a collection account); or (2) the balance owed on the collection account.

In the event that any portion of the Cash Component of the Settlement Fund remains unclaimed, or any check sent to any Class Member remains un-cashed for more than 180 days after issuance, then such unclaimed or un-cashed funds will, subject to approval by the Court, become part of the Settlement Fund for *cy pres* distribution to organizations mutually agreed upon by the parties and approved by the Court.

b.        All reasonable costs and expenses associated with giving notice to the Class Members and administering the Settlement shall be fully and exclusively paid to the claims administrator, KCC, by Defendants separate and apart from, and in addition to, the Settlement Fund.

c.        Further, the proposed Settlement contemplates that Class Counsel shall be entitled to apply to the Court for an award of attorneys' fees, and litigation expenses up to a maximum of $2,400,000 to be paid by Defendants separate and apart from the Settlement Fund.

d.        Additionally, the Plaintiffs each intend to seek incentive awards of up to $2,500 that will be paid from the $2,000,000 cash portion of the Settlement Fund for bringing and maintaining the Lawsuit on behalf of the Class as the Class Representatives.

## 6. *How can I make a claim for compensation?*

The third party Claims Administrator KCC will be administering the claims. By the terms of the Settlement, no updated contact information you provide to the Claims Administrator will be provided to Defendants. Your name and last four digits of your social security number will be provided to Defendants solely to determine if their records indicate whether you have an existing collection account to be credited.

You may make a claim for compensation in one of three ways:

(1)  Submitting a claim online at the Claims Administrator's settlement website: www. _____.com; or

(2) Submitting a claim by telephone by calling the Claims Administrator at [phone number]; or

(3) Submitting a claim by mail by either downloading a claim form from the settlement website or requesting by telephone that the Claims Administrator mail you a copy of the claim form, completing that paper claim form and mailing the completed claim form to the Claims Administrator by the Claims Deadline.

If you received a postcard notifying you about the Settlement, you must include the following information with your submission:

    a.  name;
    b.  claim number;
    c.  current address for receipt of the Settlement payment, if different from the postcard notice address.;

If you did not receive a postcard notifying you about the Settlement, you must include the following information with your submission:

    a.   name;

    b.   any cell phone number on which you believe you  may have been called during the Class Period;

    c.   current address (not to be provided to Defendants but retained only by the Claims Administrator);  and

    d.   the last 4 digits of your social security number or taxpayer identification number solely to determine if Defendants' records indicate you have an existing collection account to be credited.

In either case, in order to submit a claim, you must agree with the following statement:  "By filing a claim, you are acknowledging that you were called by Defendants or their related entities on your cellphone at least once, and for one or more of those calls, you did not consent to receive such calls to your cellphone."

After your claim is submitted, if the Claims Administrator determines that your claim is valid, your claim will be processed. Only one claim may be submitted per person called by Defendants or someone acting on behalf of Defendants. If the Claims Administrator determines that your claim is incomplete, you will receive a deficiency notice from the Claims Administrator.

Written requests must be submitted to the following address:

_____

KCC

P.O. Box [XXX]

[City], [State and zip code]

### 7. *What is the deadline to submit a claim?*

All online claims or telephone claims must be made on or before close of business [date].  If you submit your claim by mail, your claim must be **postmarked** on or before this date.

### 8. *When would I get my payment?*

The Court will hold a Final Approval or Fairness Hearing on _____, 20__, which may be rescheduled by the Court, to decide whether to grant final approval of the Settlement.  If Judge Michael M. Anello grants Final Approval, and there is no appeal of the Final Approval Order, the Order will become final by law in thirty days from the date of the entry of the Order.  The Claims Administrator will attempt to pay all cash claims and Defendants will attempt to credit accounts within 30 - 45 days of the date the Order becomes final so long as individual amount of each claim can be determined.  Also, there may be appeals.  If so, the Final Approval Order does not take effect until those appeals are resolved.  It is always uncertain whether and when appeals would be resolved, and payment under this Settlement cannot be made until the Final Approval Order is final.

### 9. *In return for Settlement benefits, what am I giving up?*

The full terms of this Release are contained in the Settlement Agreement, Section 16 available here, on the settlement website, or at the public court records on file in this lawsuit. In summary, Plaintiffs and Class Members release Defendants and their related parties from any liability related to the use of an automatic telephone dialing system or artificial or prerecorded voice that violated  the TCPA or state laws.

More specifically, each of the Plaintiffs and each Class Member relinquishes and discharges and releases Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc. and, whether or not specifically named in the Settlement Agreement, each of their past or present directors,

officers, employees, agents, insurers or reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, related companies, affiliated companies, parents, subsidiaries, joint venturers, independent contractors, vendors and service providers, wholesalers, resellers, distributors, retailers, divisions, predecessors, successors, and assigns (collectively, the "Released Parties"), from any and all liabilities, claims, causes of action, damages, penalties, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, suspected or unsuspected, which were asserted in the Action or are related to the claims asserted in the Action, any and all claims relating to the making, placing, dialing or initiating of calls using an automatic telephone dialing system or artificial or prerecorded voice, any and all claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder or related thereto, and any and all claims for violation of any laws of any state that regulate, govern, prohibit or restrict the making, placing, dialing or initiating of calls using an automatic telephone dialing system, an artificial or prerecorded voice, or any automated process or technology (hereafter, collectively, the "Released Claims"). Excluded from the Released Parties are Atlantic Credit & Finance, Inc. and Propel Financial Services. Excluded from the Released Claims are any claims arising from telephone calls made by Asset Acceptance LLC itself, or by Astra Business Services, Inc. or Radius Solutions, Inc., on behalf of Asset Acceptance LLC. Also excluded from the Released Claims are any claims based on telephone calls made before November 2, 2006 or on or after September 1, 2014.

The release also covers known and unknown claims, and waive rights under California Civil Code Section 1542 and similar statutes. This means that all of the Court's orders will apply to you and legally bind you. By staying in the Class, you agree to release any claims, known and unknown, arising from the facts alleged in this lawsuit. The full text of the Release of Claims sections of the Settlement Agreement are set forth in the Appendix at the end of this Notice on page ___.

**10.** *How do I get out of the Settlement?*

If you do not want to participate in this Settlement, or you want to keep the right to sue or continue to sue Defendants on your own, then you must take steps to get out of the Settlement. This is called "excluding yourself" from or "opting out" of the Class, and therefore from the Settlement.

To exclude yourself from the Settlement, you must send a letter or postcard by mail saying that you want to be excluded from the Settlement of *In re: Midland Credit Management, Inc. Telephone Consumer Protection Act Litigation*, United States District Court for the Southern District of California Case No. 11-MD-2286 MMA (MDD). *Be sure to include your name, address, telephone number, your signature, and a statement that you with to be excluded from the Class.* You must mail your exclusion request postmarked no later than _____, 20__ to the Claims Administrator at the following address:



KCC
P.O. Box [XXX]
[City], [State and zip code]

You cannot exclude yourself on the phone or by email. If you ask to be excluded, you will not get any Settlement compensation, and you cannot object to the Settlement. You also will not be legally bound by anything that happens in the Lawsuit.

**11.** *If I do not exclude myself, can I sue Defendants for the same thing later?*

No.

**12.** *Do I have a lawyer in this case?*

The Court appointed  Douglas J. Campion of The Law Offices of Douglas J. Campion, APC and James O. Latturner of Edelman, Combs, Latturner & Goodwin, LLC to represent you and other settlement Class Members. Their contact information is below. These lawyers are called Class Counsel, and their contact information is  listed below. If you want your own lawyer, you may hire one at your own expense

and enter an appearance through your own counsel.

      Douglas J. Campion, Esq.
      Law Offices of Douglas J. Campion, APC
      midlandsettlement@djcampion.com

      James O. Latturner, Esq.
      Edelman Combs Latturner & Goodwin LLC
      jlatturner@edcombs.com
      fgreene@edcombs.com
      **info@edcombs.com**

**13.** ***How will the lawyers, class representatives and claims administrator be paid?***

      The proposed Settlement contemplates that Class Counsel shall be entitled to apply to the Court for an award of attorneys' fees and litigation expenses up to a maximum of $2,400,000 to be paid by Defendants separate and apart from the Settlement Fund. The proposed Settlement also requires that all reasonable costs and expenses associated with giving notice to the Class Members and administering the Settlement shall be fully and exclusively paid by Defendants separate and apart from, and in addition to, the Settlement Fund. Lastly, the proposed Settlement anticipates that Class Counsel will request an incentive award in the amount of $2,500 each to be distributed from the Cash Component of the Settlement Fund to each of the three Plaintiffs, for a total of $7,500.  The incentive awards are paid to the three Plaintiffs for their efforts in bringing the action and assisting throughout the litigation.

**14.** ***How do I tell the Court that I do not like the Settlement?***

      If you are a settlement Class Member and want to object to the Settlement, the deadline to object is _____.  To object, you must mail a letter or other document saying that you object to the settlement of *In re:  Midland Credit Management, Inc. Telephone Consumer Protection Act Litigation*, United States District Court for the Southern District of California Case NO. 11-MD-2286 MMA (MDD).  Be sure to include your name, address, telephone number, your signature, the reason you object to the Settlement and any supporting documents.  Mail the objection to each of the following addresses no later than _____, 20___.

| Clerk of The Court | **Class Counsel** | Defense Counsel | Claims Administrator |
|---|---|---|---|
| Courtroom 3A | Douglas J. Campion, Esq. | DLA PIPER LLP (US) | KCC |
| U.S. District Court | Law Offices of | Edward D. Totino, Esq. | P.O. Box [XXX] |
| Southern District of California | Douglas J. Campion, APC | 2000 Avenue of the Stars, | [City], [State and zip code] |
| 221 West Broadway | 17150 Via Del Campo, Suite 100 | North Tower, 4th Floor | |
| San Diego, CA 92101 | San Diego, CA 92127 | Los Angeles, CA 90067 | |

      You may also ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re:  Midland Credit Management, Inc. Telephone Consumer Protection Act Litigation*, United States District Court for the Southern District

of California Case NO. 11-MD-2286 MMA (MDD)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, 20__, and be sent to the Court, Class Counsel and Defense Counsel at the above addresses.

You cannot object or speak at the hearing if you "excluded yourself" from the Class.

**15.** *What is the difference between "objecting" and "excluding" yourself?*

Objecting is simply telling the Court that you do not like some aspect of the Settlement. You can only object if you stay in the Class and you will continue to be bound by rulings of the Court pertaining to the Class. Excluding yourself from the Settlement is telling the Court that you do not want to be part of the Class, which you must do if you want to file your own lawsuit against Defendants. If you exclude yourself, you have no basis to object because the case no longer affects you.

**16.** *When and where is the fairness hearing?*

The Court will hold a final fairness hearing at _____ _.m. on _____, 20__ at the U.S. District Court, Southern District of California, in Courtroom 3A (3rd Floor – Schwartz), 221 West Broadway, San Diego, CA, 92101, before the Honorable Michael M. Anello. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. If anyone has asked to speak at the hearing, Judge Anello will listen to him or her at that time. The Court will decide after the hearing whether: 1) to approve the Settlement as fair and reasonable, 2) to give final approval to the amount of attorneys' fees, and the costs of notice and claims administration, and 3) to give final approval to the incentive payment to be provided to the Plaintiffs as Class Representatives. We do not know how long these decisions will take.

**17.** *Do I have to come to the hearing?*

No. Class Counsel will answer questions Judge Anello may have that are directed to the Class. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**18.** *What if I do nothing at all?*

If you do nothing, you will be part of the Class and will release your claims as explained above. You will be precluded from being part of any other lawsuit against Defendants or any other Released Party relating to the Released Claims in this case. It also means that all of the Court's orders will apply to you and legally bind you. **You must submit a claim to receive the benefits detailed above, including the credits to your account or the cash compensation.**

**19.** *Are there more details about the Settlement?*

This Notice summarizes the proposed Settlement, and more details are in a Settlement Agreement, which can be downloaded [*here*] and is part of the Court's file, a public record. Many of the court papers, including this Notice, the Settlement Agreement and the Order for Preliminary Approval are also posted on the Settlement website www._____.com. You can obtain a copy of the Settlement Agreement or review any other part of the papers relating to the lawsuit by examining the records of this case, *In re: Midland Credit Management, Inc. Telephone Consumer Protection Act Litigation*, United States District Court for the Southern District of California Case No. 11-MD-2286 MMA (MDD), at the Clerk's office at the U.S. District Court, Southern District of California, 221 West Broadway, San Diego, CA, 92101. The clerk's office has the ability to make copies of any such public documents for you. Also, all filed documents in the case, including the Settlement documents, are available for viewing online for a fee through the Court's PACER document review system (www.pacer.gov).

YOU MAY CONTACT THE SETTLEMENT ADMINISTRATOR WITH ANY QUESTIONS AT 1-XXX-XXX-XXXX OR GO TO WWW._____.COM.

**PLEASE DO NOT CONTACT THE COURT**
**OR DEFENSE COUNSEL WITH ANY QUESTIONS**

Important Dates

| Date: | Deadline: |
|---|---|
| Deadline to submit claim | |
| Deadline to opt-out | |
| Deadline to object | |
| Final Fairness Hearing | |

Appendix

Release of Claims from the Settlement Agreement, Sections 16.01 & 16.02


16.01.   Upon entry of the Judgment, Class Representatives, for themselves and on behalf of each member of the Class who has not submitted a valid and timely request for exclusion from the Class, and their respective heirs, assigns, successors, agents, attorneys, executors, and representatives, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, irrevocably, and forever released Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc. and, whether or not specifically named herein, each of their past or present directors, officers, employees, agents, insurers or reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, related companies, affiliated companies, parents, subsidiaries, joint venturers, independent contractors, vendors and service providers, wholesalers, resellers, distributors, retailers, divisions, predecessors, successors, and assigns (collectively, the "Released Parties"), from any and all liabilities, claims, causes of action, damages, penalties, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, suspected or unsuspected, which were asserted in the Action or are related to the claims asserted in the Action, any and all claims relating to the making, placing, dialing or initiating of calls using an automatic telephone dialing system or artificial or prerecorded voice, any and all claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder or related thereto, and any and all claims for violation of any laws of any state that regulate, govern, prohibit or restrict the making, placing, dialing or initiating of calls using an automatic telephone dialing system, an artificial or prerecorded voice, or any automated process or technology (hereafter, collectively, the "Released Claims").   Excluded from the Released Parties are Atlantic Credit & Finance, Inc. and Propel Financial Services   Excluded from the Released Claims are any claims arising from telephone calls made by Asset Acceptance LLC itself, or by Astra Business Services, Inc. or Radius Solutions, Inc., on behalf of Asset Acceptance LLC.  Also excluded from the Released Claims are any claims based on telephone calls made before November 2, 2006 or on or after September 1, 2014.

16.02.   By operation of the entry of the Judgment, the Class Representatives, for themselves and on behalf of each member of the Class, agree to waive in connection with the Released Claims any and all provisions, rights and benefits, which they now have or in the future may be conferred to them by section 1542 of the California Civil Code ("Section 1542") or any similar statutory or common law provision of any other jurisdiction.  Section 1542 reads as follows:

Certain Claims Not Affected by General Release: A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.

Class Representatives, for themselves and each member of the Class, expressly acknowledge that, to the extent permitted by law, they are waiving in connection with the Released Claims the protections of Section 1542 and of any comparable statutory or common law provision of any other jurisdiction.

# EXHIBIT C

c/o KCC
P.O. Box _____

_____

*In re:  Midland Credit Management, Inc. Telephone Consumer Protection Act Litigation*, United States
District Court for the Southern District of California Case No.  11-MD-2286 MMA (MDD)

If you were called on your cell phone by Midland Credit Management, Inc. ("MCM") during the period from November 2, 2006 thorough August 31, 2014 without your
consent, your rights could be affected by a class action settlement. A settlement has been proposed in the a lawsuit identified above (the "Lawsuit"), pending in the
United States District Court for the Southern District of California (the "Court").

<<<<<<<<<

Postal Service: Please Do
Not Mark Barcode

MDPR1-
<<Claim7>
>-
<<CkDig>>
CLAIM ID:
<<Claim7>
>-
<<CkDig>>
<<FName>> <<LName>>
<<Addr1>> <<Addr2>>
<<City>>, <<State>>
<<Zip>>

If you were called on your cell phone by Midland Credit Management, Inc. ("MCM") during the period from November 2, 2006 through August 31, 2014 without your consent, your rights could be affected by a class action settlement. A settlement has been proposed in the above lawsuit, pending in the United States District Court for the Southern District of California (the "Court").

**Who is Included?** You are included in the Settlement as a "Class Member" if (1) you live in the United States and (2) you received one or more calls to your cellular telephone in connection with debt collection at any time  during the period from November 2, 2006, through August 31, 2014 from or on behalf of Midland Funding, LLC, Midland Credit Management or Encore Capital Group, Inc. ("Defendants") or their subsidiaries, affiliates or related companies (other than Asset Acceptance LLC, Atlantic Credit & Finance, Inc. and Propel Financial Services) using a dialer or by artificial or prerecorded voice message without prior express consent.

## LEGAL NOTICE

**What Is The Case About?** This class action arose out of allegations that Defendants called consumers on their cell phones for debt collection purposes without their prior express consent with an automatic telephone dialing system or with an artificial or prerecorded voice message in violation of the Telephone Consumer Protection Act. Defendants deny that they broke the law and deny doing anything wrong, , and there has been no finding that Defendants have violated any laws.

**Summary Of The Settlement:** The recipients of this postcard notice have been identified in Defendants' records as having been called and are entitled to submit a claim and participate in this Settlement. Under the Settlement, which must be approved by the Court, Class Members who submit valid and timely claims, either online, by calling a toll-free telephone number, or by mail by downloading a claim form from that website and mailing it to the address below , may receive a recovery from the $15,000,000 settlement fund (the "Settlement Fund") which consists of a $13,000,000 debt forgiveness component and a $2,000,000 cash component.  The particular recovery by each Class Member depends on if the Class Member owes Defendants on an existing account, and the amount of the credit depends on the number of valid claims submitted by persons with those existing accounts. If the Class Member owes Defendants nothing, or has no current account with Defendants,  then that Class Member will receive a *pro rata* share of the $2,000,000 cash component, after certain deductions from that account for $7,500 in incentive payments and any Special Master fees are paid.  If at the time the claim is submitted the Class Member owes Defendants money on an accounts for which they are collecting, the Class Member will receive the lesser of (1) a *pro rata* share of the $13,000,0000 of debt forgiveness; or (2) the amount that the Class Member is identified as owing to Defendants in their  records. Defendants will pay separately from the Settlement Fund: 1) all costs of notice and claims administration, estimated to be $_____ and  Class Counsel's attorneys' fees and costs  in the amount subject to Court approval and not to exceed $2,400,000,.

**How Do I Make a Claim?** You can make a claim online at www.XXXXXXXX.com, by calling 800- XXX-XXXX, a toll-free telephone number, or by mail by downloading a claim form from that website and mailing it to [INSERT KCC ADDRESS]. If you received this postcard, to submit a claim, you need only provide the Claim Identification number on the front of the postcard, and a current address if the address is incorrect. The Settlement provides that any information about your current address or phone numbers provided to the Claims Administrator will *not* be provided to Defendants, but is retained solely by the Claims Administrator. **The deadline for filing a claim is _____, 2015.**

**Do I Have A Lawyer?** Yes. The Court has appointed the following lawyers to represent the Class: Douglas J. Campion of The Law Offices of Douglas J. Campion, APC, 17150 Via Del Campo, Suite 100, San Diego, CA 92127, and James O. Latturner of Edelman, Combs, Latturner & Goodwin, LLC, 20 South Clark St., Suite 1500, Chicago, IL 60603 ("Class Counsel"). The lawyers will be paid separate and apart from the Settlement Fund.

**What Should I Do?** You should get more information from the settlement website (www._____.com) or from the Claims Administrator by calling the phone number below and make a decision about what your legal rights are. Basically, as a Class Member, you have four options:

(1) Do nothing.  If you do nothing, you will not receive a share of the Settlement Fund and you give up your rights to sue Defendants about the lawsuit's legal claims.

(2) You can submit a Claim to the Claims Administrator to request a share of the Settlement Fund **by _____.** If your Claim is approved, you will be bound by the Court's decision in the lawsuit. You will not have the right to sue separately about the issues in the lawsuit. You can submit a claim as set forth above.

(3) You can remain a Class Member but object to the Settlement.  To do so you must send a letter (not an email) identifying yourself as a Class Member and explaining why you object. Your objection must be sent to Class Counsel, defense counsel and the Court and be postmarked **no later than _____, 2015.**  You may choose to pay for and be represented by a lawyer who may submit the objection for you. See the Class Notice ("FAQs") on the website for the requirements for objecting to the settlement, defense counsel's address or appearing at the hearing.

(4) You can exclude yourself from the Settlement, and be able to sue Defendants about the facts at issue in the lawsuit, by mailing a letter (not an e-mail) to the Claims Administrator (not the Court), with a copy to Class Counsel and Defendants' Counsel. You must include in writing your name, address, signature, and a statement that you meet the criteria of the Class but wish to be excluded from the Class. The request must be postmarked **no later than _____.** See the Class Notice ("FAQs") on the website for the requirements for excluding yourself from the Settlement.

**Scheduled Hearing:** The United States District Court for the Southern District of California, located at 221 West Broadway, San Diego, CA, 92101, will conduct a fairness hearing on whether to approve the Settlement and, if so, will determine what fees and expenses should be award to Class Counsel and whether a $2,500 incentive payment should be awarded to each of the three Class Representatives. The hearing is presently scheduled for [insert date and time], in Courtroom 3A but may be changed. Any Class Member may enter an appearance with the Court through an attorney.

For more information, visit www._____.com, or contact the Claims Administrator at [insert telephone number], or write to In re Midland MDL TCPA Settlement, c/o KCC, PO Box _____, _____.   **Para ver este aviso en español, visite www.XXXXXXXX.com**

_____

Place
Stamp
Here

TCPA Class Action c/o
KCC
P.O. Box _____

_____

# EXHIBIT D

<u>LEGAL NOTICE</u>

**If you were called on a cellular telephone about a debt by or on behalf of Midland Credit Management, Inc., you may be entitled to receive a payment or debt forgiveness.  Your rights may be affected by this class action settlement.**

A Settlement has been reached in a class action lawsuit *In re:  Midland Credit Management, Inc. Telephone Consumer Protection Act Litigation*, United States District Court for the Southern District of California Case No. 11-MD-2286 MMA (MDD) (the "Lawsuit").  Plaintiffs allege that Midland Funding, LLC, Midland Credit Management, Inc. ("MCM"), and Encore Capital Group, Inc. (collectively, "Defendants") violated the Telephone Consumer Protection Act ("TCPA"), by calling cell phone numbers using an automatic telephone dialing system or an artificial or prerecorded voice between November 2, 2006 and August 31, 2014, inclusive, (the "Class Period"),  without prior express consent. The Court did not decide in favor of Plaintiffs or Defendants and Defendants deny any violation or liability. To settle the case, Defendants will provide a Settlement Fund totaling $15,000,000 composed of a $13,000,000 Debt Forgiveness Component and a $2,000,000 Cash Component. Defendants will also pay the costs of notice and claims administration, estimated to be $_____ and pay attorneys' fees and costs up to $2,400,000, subject to Court approval.

The "Class" includes all persons in the United States who were called on a cellular telephone by Defendants or their subsidiaries, affiliates or related companies (other than calls made by Asset Acceptance LLC, Atlantic Credit & Finance, Inc. or Propel Financial Services) in connection with the collection of an alleged debt using a dialer or by artificial or prerecorded voice message without prior express consent during the period from November 2, 2006 through August 31, 2014, inclusive.

Subject to final Court approval, each Class Member who submits a valid Claim Form will be entitled to recover from the Common Fund consisting of a $13,000,000 fund to provide credits to persons called that have existing accounts with Defendants and a cash fund of $2,000,000 to provide payment to persons that do not have existing accounts with Defendants. If the Class Member does not have an account with  Defendants, or has an account with a zero balance,  then that person is entitled to a pro rata share of the $2,000,000 Cash Component of the Common Fund (after deducting the incentive awards of up to $2,500 each that will be paid to the three Class Representative and any fees of any Special Master appointed by the Court).  The exact amount of both the credits to be received or the cash payments made will depend on the total number of valid Claim Forms received from Class Members in both groups, as the funds will be divided equally, on a pro rata basis, among all the claimants in each group.    If the Class Member has an existing account where a balance is due to Defendants,  then that person shall be entitled to the lesser of (1) a *pro rata* share of the $13,000,0000 of debt forgiveness (which is calculated by dividing $13,000,000 by the number of valid Claim Forms received from Class Members that have existing account balances with Defendants); or (2) the amount that the Class Member is identified as owing to Defendant in its records.

To make a claim or to find out more about this settlement, please visit the settlement website at ==[insert URL]==, or call ==[insert telephone number]==.   You may check to determine  whether any of your cell phone numbers were called during the Class Period by checking on the website or by calling [INSERT TOLL FREE CLAIM NUMBER],  or you can download and print a Claim Form from the website that you can mail in.  If you learn during that process your cellphone number was called during the Class Period and the call was made without your consent, you are a Class Member and can file a claim.  Claims must be submitted by ==[insert date]==.  If you do not want to be a part of the Settlement, you must exclude yourself no later than ==[insert date]== by following the procedure outlined in Class Notice or "FAQs" on the settlement website. Unless you exclude yourself, you will be bound by any final judgment in the action, including the release of Defendants and their agents  from any claims arising out of or related to this Settlement. If you want to object to the Settlement, you must mail an objection postmarked no later than ==[insert date]== by following the procedure outlined in the Class Notice on the settlement website [insert URL]. At your own expense, you may have your own lawyer appear in Court for you if you like. If you hire your own lawyer to appear, that lawyer must submit a Notice of Intention by following the procedures outlined in the Class Notice.

The Court has scheduled a Fairness Hearing for ==[insert date and time]==, at the U.S. District Court, Southern District of California, in Courtroom 3A, 221 West Broadway, San Diego, CA, 92101, to decide: (1) whether to approve the Settlement; (2) Class Counsel's request for attorneys' fees and litigation costs of up to $2,400,000 to be paid by Defendants separately the Settlement Fund;  (3) $2,500 payments to each of the three Class Representatives to be paid from the Cash Component of the Settlement Fund; and (4) to approve payment by Defendants of the cost of notice and claims administration. Upon final approval, the action will be dismissed with prejudice and the Class Members who do not request exclusion will have released Defendants and related entities as detailed in the Settlement Agreement (available at ==[insert URL]==).

For more information: ==[insert URL]== or call ==[insert telephone number]==.

OPTION 2 [ in case the above is too long for publication notice]:

<u>LEGAL NOTICE</u>

**If you were called on a cellular telephone about a debt by or on behalf of Midland Credit Management, Inc., you may be entitled to receive a payment or debt forgiveness.**

**WHAT IS THIS CASE ABOUT?**

A Settlement has been reached in a class action lawsuit *In re:  Midland Credit Management, Inc. Telephone Consumer Protection Act Litigation*, United States District Court for the Southern District of California Case No. 11-MD-2286 MMA (MDD) (the "Lawsuit").  Plaintiffs allege that Midland Funding, LLC, Midland Credit Management, Inc. ("MCM"), and Encore Capital Group, Inc. (collectively, "Defendants") violated the Telephone Consumer Protection Act ("TCPA"), by calling cell phone numbers using an automatic telephone dialing system or an artificial or prerecorded voice between November 2, 2006 and August 31, 2014, inclusive (the "Class Period"),  without prior express consent. The Court did not decide in favor of Plaintiffs or Defendants and Defendants deny any violation or liability. To settle the case, Defendants will provide a Settlement Fund totaling $15,000,000 composed of a $13,000,000 Debt Forgiveness Component and a $2,000,000 Cash Component. If you have an existing account with Defendants with a balance owed, and you have an approved claim, you will receive a credit against any amounts you owe in an amount based on a pro rata division of the Debt Forgiveness Component, which will depend on the number of those claims submitted. If you do not have an existing account with Defendants, and you have an approved claim, you will receive a cash payment based upon a pro rata division of that Cash Component, which will depend on the number of those claims submitted.   Defendants will also pay separate from that Settlement Fund the costs of notice and claims administration, estimated to be $_____ and pay attorneys' fees and costs up to $2,400,000, subject to Court approval.

**HOW DO I KNOW IF I WAS CALLED ON MY CELLPHONE DURING THE CLASS PERIOD?**

If you have not received a postcard notice advising you of this settlement, you still may have been called by Defendants during the Class Period. The Claims Administrator has  a list of cellphone numbers called. If you believe you were called by Defendants on any cellphone you had during the Class Period, you may determine that

during the Claims Process described below. You must provide to the Claims Administrator your cellphone number(s) on which you may have been called and the Claims Administrator can compare your number(s) to those on the list of cellphone numbers called by Defendants during the Class Period. If your number was called, you are a Class Member and entitled to file a claim, but no more than one claim, regardless of how many numbers were called.

## WHAT ARE MY OPTIONS?

You can submit a claim as described below. Or if you do nothing, you remain a Class Member, and if the Court approves the settlement, you will be legally bound by its terms and will release your claims relating to calls placed by, or on behalf of, Defendants.

If you want to exclude yourself from this settlement, you must send a written request specifically stating that you request exclusion from the settlement to Midland Litigation Claims Administrator,KCC, [ADDRESS] postmarked no later than _____, 2015.

If you remain a Class Member, you may object to the settlement by writing to Class Counsel and defense counsel, and file such objections with the Court, all no later than _____, 2015.

Full details on how to object or exclude yourself can be found at www.XXXXXXXX.com.

## SETTLEMENT HEARING

The Court will hold a hearing on _____, 2015, at [insert time], to consider whether to approve the settlement as fair and reasonable, award a $2,500 incentive payment to each of the three class representatives, award attorneys' fees in an amount not to exceed $2,400,000 and litigation costs of $_____.

You or your lawyer may ask to appear and speak at your own expense. A more detailed Notice and a explanation of the claims process are available at www.XXXXXX.com. The website also explains the Settlement terms in more detail. You may write to Midland Litigation Claims Administrator, KCC, [address] to request the more detailed Notice and a paper Claim Form for mailing in a claim.  .

**TO RECEIVE A PAYMENT YOU MUST SUBMIT A CLAIM. YOU MAY COMPLETE AND SUBMIT A CLAIM BY CALLING 1-800-XXX-XXXX , OR YOU MAY SUBMIT A CLAIM ONLINE BY VISITING WWW.XXXXXXX.COM.  YOU MAY ALSO PRINT A COPY OF THE CLAIM FORM AVAILABLE AT WWW.XXXXXXXX.COM, COMPLETE IT, AND MAIL IT TO: MIDLAND  LITIGATION CLAIMS  ADMINISTRATOR, KCC, [INSERT ADDRESS] ALL CLAIMS MUST BE SUBMITTED OR POSTMARKED BY _____, 2015.**
**www.XXXXXXXXXX.com.**

# EXHIBIT E



**Legal Notification Services**

_____

# Settlement Notice Plan

## *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*

## Case No. 11-md-2286-MMA (MDD)

United States District Court
Southern District of California

**Prepared: June 23, 2015**

_____

© 2015 KCC LLC
Proprietary and Confidential

# Table of Contents

| | Page |
|---|---|
| Media Terms | 3 |
| Media Resources | 4 |
| Program Overview | 5 |
| Notice Schedule | 7 |
| Target Analysis | 8 |
| Media Selection | 10 |
| Individual/Direct Notice | 11 |
| Consumer Magazines | 12 |
| Internet Banners | 14 |
| Response Mechanisms | 15 |
| Notice Design Strategies | 16 |
| Draft Forms of Notice | 17 |

Attachment A – Draft Forms of Notice

© 2015 KCC LLC
Proprietary and Confidential

# Media Terms

The following provides the meaning of media terms highlighted throughout the Notice Plan:

**Audience:** Net number of persons or different persons exposed to a media vehicle. It is larger than a publication's circulation because it includes pass-along readers who may obtain the publication second hand (e.g., from a reception room, neighbor, friend).

**Circulation:** Total number of publication copies sold through all channels of distribution (e.g. subscriptions, newsstand, bulk).

**Frequency:** Estimated average number of times a population group is exposed to a media vehicle or combination of media vehicles containing a notice within a given period of time.

**Impressions or Exposures:** Total number of opportunities to be exposed to a media vehicle or combination of media vehicles containing a notice. It is a gross or cumulative number that may include the same person more than once. Impressions can exceed the population size.

**Reach or Coverage:** Net percentage of a specific population group exposed to a media vehicle or a combination of media vehicles containing a notice at least once within a given period of time. Reach factors out duplication, representing the total different/net persons.

**Selectivity Index:** Shows the concentration of a specific population group relative to the general adult population. For example, a publication selectivity index of 175 among men indicates that the publication's readers are 75% more likely to be men as compared to the general adult population.

## Media Resources

The resources KCC used to quantify our plan approach include the same resources used by media professionals to guide the billions of dollars of advertising we see today:

**Alliance for Audited Media (AAM)**

AAM is a nonprofit organization that connects North America's leading media companies, advertisers and ad agencies. Founded in 1914 as the Audit Bureau of Circulations, the AAM is the preeminent source of cross-media verification and information services, providing standards, audit services and data critical to the advertising industry. The organization independently verifies print and digital circulation, mobile apps, website analytics, social media, technology platforms and audience information for newspapers, magazines and digital media companies in the U.S. and Canada.

**GfK Mediamark Research & Intelligence, LLC (MRI)**

MRI is a nationally accredited research firm that provides consumer demographics, product and brand usage, and audience/exposure in all forms of advertising media. Established in 1979, MRI measures the usage of nearly 6,000 product and service brands across 550 categories, along with the readership of hundreds of magazines and newspapers, internet usage, television viewership, national and local radio listening, yellow page usage, and out-of-home exposure. Based on a yearly face-to-face interview of 26,000 consumers in their homes, MRI's *Survey of the American Consumer™* is the primary source of audience data for the U.S. consumer magazine industry and the most comprehensive and reliable source of multi-media audience data available.

**Telmar**

Telmar is the world-leading supplier of computer based advertising media information services. Its software provides for survey analysis, data integration, media planning and optimization. With over 5,000 users in 85 countries, Telmar's clients include many of the world's leading advertising agencies, publishers, broadcasters and advertisers.

## Program Overview

**Objective**

To design a notice program that will effectively reach Class members and capture their attention with notices communicated in clear, concise, plain language so that their rights and options may be fully understood. The FJC's *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* considers 70-95% reach among class members reasonable.

**Class Definition**

The Class (Class members or Settlement Class) consists of all persons in the United States who were called on a cellular telephone by Defendants or their subsidiaries, affiliates or related companies (other than calls made by Asset Acceptance LLC, Atlantic Credit & Finance, Inc. or Propel Financial Services) in connection with the collection of an alleged debt using a dialer or by artificial or prerecorded voice message without prior express consent during the period from November 2, 2006 through August 31, 2014, inclusive.

**Case Analysis**

The Plaintiffs claim that on or after November 2, 2006, Defendants and their agents negligently and/or willfully contacted Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA"), thereby invading Plaintiffs' privacy.

The following known factors were considered when determining our recommendation:
1. Class members are located throughout the U.S., including large cities and rural areas.
2. The Class size is estimated to include 42 million potential Class members.
3. Mailing addresses are available for approximately 6,182,898 known Class members; however, the individual notice effort must be supplemented with a consumer media campaign.
4. To calculate the reach of the media plan, KCC conservatively used a very broad MRI target of adults who own a working cellular/mobile phone and usually or always carry a balance on their credit/debit cards ("Cell Phone Owners with a Credit Card Balance").
5. Effective reach and notice content is vital to convey the importance of the information affecting Class members' rights, as well as to withstand challenge and collateral review.

**Target Audience**

To verify the program's effectiveness, MRI data was studied among Cell Phone Owners with a Credit Card Balance, because this broad, over inclusive target group indicates and best represents the Class.

**Strategies**

Individual notice will be mailed directly to approximately 6,182,898 known Class members. In addition, an extensive schedule of paid notices in well-read consumer magazines and on a variety of websites will provide the necessary reach among the Class.

**Plan Delivery**

The combined mailed and media effort will reach approximately 75.2% of likely Class members, on

© 2015 KCC LLC
Proprietary and Confidential

average 1.8 times each.

**<u>Notice Design</u>**

The Notices will be designed to provide a clear, concise, plain language statement of Class members' legal rights and options. To ease response, the toll-free number and website address will be provided in all printed notice documents. In addition, a Spanish tag line will be placed directly under the headline of the print notices to notify Spanish-speaking Class members to call the toll-free number or go to the website to receive a Notice in Spanish.

The ad units are adequately sized to attract attention to the notice:
- Half-page units in standard sized publications
- Full-page units in digest sized publications
- Standard leaderboard (728x90 pixels), medium rectangle (300x250 pixels), and wide skyscraper (160x600 pixels) banner notices

© 2015 KCC LLC
Proprietary and Confidential

## Notice Schedule

The schedule below is a hypothetical schedule based on a preliminary approval date of x.
- Media funding and final ad approval = x +7 days
- Media campaign start = x +30 days
- Media campaign end = at the most, x +100 days
- Exclusion and objection deadline = x +130 days (i.e. approximately 30 days from the last notice appearance)

| Notice Tactic | Issued | Week 1 | Week 2 | Week 3 | Week 4 | Week 5 | Week 6 | Week 7 | Week 8 | Week 9 | Week 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Individual Mailings | | ■ | ■ | | | | | | | | |
| Consumer Magazines | | | | | | | | | | | |
| *Cosmopolitan* | | | | | | | | | ■ | | |
| *National Geographic* | | | | | | | | | | | ■ |
| *People* | | | | ■ | ■ | | | | | | |
| *Reader's Digest* | Daily | | | | | | | | ■ | | |
| Internet Banner Notices | Monthly | ■ | ■ | ■ | ■ | ■ | ■ | ■ | | | |
| Settlement Website | Constant | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |

Blocks indicate when readers first receive publications (the on-sale date, not the issue/cover date). All media subject to change based on availability at the time of placement.

© 2015 KCC LLC
Proprietary and Confidential

# Target Analysis

Knowing the characteristics, interests, and habits of a target group aids in the media selection process.

**Demographic Highlights**

Demographic highlights of Cell Phone Owners with a Credit Card Balance include the following:

- 98.2% speak English most often;
- 92.5% have graduated from high school and 65.7% have attended college or beyond;
- 89.3% are 25 years of age or older and 70.1% are 35 years of age or older;
- 88.9% live in a household consisting of two or more people, 71.0% live in a household consisting of two to four people, and 59.6% live in a household consisting of three or more people;
- 85.3% live in a Metropolitan CBSA;[1]
- 78.9% are white;
- 77.4% have a household income of $40,000 or more, 68.8% have a household income of $50,000 or more, and 59.6% have a household income of $60,000 or more;
- 74.0% live in County Size A or B;[2]
- 70.9% own a home;
- 65.2% own a home valued at less than $500,000 and 53.9% own a home valued between $100,000-$499,999;
- 62.7% are working full time;
- 59.4% are married;
- 57.8% have lived at their current address for five or more years; and
- 52.0% are women.

On average, Cell Phone Owners with a Credit Card Balance:[3]

- are 45 years of age;
- have a household income of $85,617; and
- own a home valued at $238,135.

---

[1] The Office of Management and Budget defines metropolitan and micropolitan statistical areas (metro and micro areas) as geographic entities for use by Federal statistical agencies in collecting, tabulating, and publishing Federal statistics. The term "Core Based Statistical Area" (CBSA) is a collective term for both metro and micro areas. A metro area contains a core urban area of 50,000 or more population, and a micro area contains an urban core of at least 10,000 (but less than 50,000) population. Each metro or micro area consists of one or more counties and includes the counties containing the core urban area, as well as any adjacent counties that have a high degree of social and economic integration (as measured by commuting to work) with the urban core.

[2] Nielsen County Size classifications are based on Census household counts and metropolitan proximity. "A" counties are highly urbanized areas and belong to the 21 largest Metropolitan Statistical Areas. The combined counties contain 40% of the United States households. "B" counties are counties not defined as A counties that have more than 85,000 households. The combined counties contain 30% of United States households. "C" counties are counties not defined as A or B counties that have more than 20,000 households or are in Consolidated Metropolitan Areas or Metropolitan Statistical Areas with more than 20,000 households. The combined counties contain 15% of United States households. "D" counties are all counties not classified as A, B or C counties. They are considered very rural. The combined counties contain 15% of United States households.

[3] The average age for U.S. adults is 47, the average household income is $75,616, and the average home value is $241,338.

Compared to the general adult population, Cell Phone Owners with a Credit Card Balance are:

- 35.2% more likely to be employed as a manager or professional;
- 30.1% more likely to be working full time;
- 28.8% more likely to be working women;
- 23.8% more likely to be 35-44 years of age, 18.2% more likely to be 45-54 years of age, and 8.7% more likely to be 18-49 years of age;
- 21.2% more likely to have a household income between $100,000-$149,999, 20.8% more likely to have a household income between $75,000-$99,999, and 19.3% more likely to have a household income of $60,000 or more;
- 18.1% more likely to be parents;
- 17.1% more likely to have graduated from college or beyond and 13.8% more likely to have attended college;
- 15.4% more likely to own a home valued between $100,000-$199,999 and 9.5% more likely to own a home valued between $200,000-$499,999;
- 13.5% more likely to live in a household consisting of three or four people and 5.1% more likely to live in a household consisting of five or more people;
- 11.2% more likely to be married;
- 9.7% more likely to be of Spanish, Hispanic or Latino origin or descent and 4.3% more likely to be white;
- 7.7% more likely to speak Spanish most often;
- 5.9% more likely to own a home;
- 5.3% more likely to live in the West Census Region; and
- 4.5% more likely to live in County Size A and 2.3% more likely to live in County Size B.

*Source: 2014 MRI Doublebase Study*

## Media Selection

To create the optimal notice program, KCC evaluated the strengths and weaknesses of the various media, as well as their reach and frequency potential, composition, format/content and efficiencies. Our recommended media mix provides:

- Broad national coverage into the largest cities as well as the smallest towns throughout the nation;

- A written summary of key information that may be easily referred to or passed on to others as a result of placements in some of the largest and most well-read publications in the country;

- A direct link to the case website through the internet banner notices; and

- Easy access to the notice documents through an established case website.

## Individual/Direct Notice

**Mailed Notice**

- Approximately 6,182,898 Postcard Notices will be mailed to the addresses of all known potential Class members for whom KCC has a postal address.

- Prior to mailing, the names and addresses will be:
  - Updated using the USPS National Change of Address (NCOA)[4] database;
  - Certified via the Coding Accuracy Support System (CASS); [5] and
  - Verified through Delivery Point Validation (DPV). [6]

- Notices returned as undeliverable will be re-mailed to any new address provided by the Postal Service.

- Any returned mailing that does not contain a new address will be researched through a third party look-up service.

- Factoring in likely undeliverables, KCC estimates that the individual mailings alone will reach approximately 5,935,582 Class members or, assuming a broad class size of about 42 million potential Class members, 14.13% of the Class.

---

[4] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

[5] Coding Accurate Support System is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.

[6] Records that are ZIP+4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses and reports exactly what is wrong with incorrect addresses.

## Consumer Magazines

To build on the individual notice reach base, KCC recommends notice placements in leading consumer magazines.

| Consumer Magazine | Issuance | Notice Size | # of Insertions |
|---|---|---|---|
| *Cosmopolitan* | Monthly | Half page | 1 |
| *National Geographic* | Monthly | Half page | 1 |
| *People* | Weekly | Half page | 2 |
| *Reader's Digest* | Monthly | Full page (Digest) | 1 |
| **TOTAL** | | | **5** |

- Provides a variety of editorial formats (*e.g.,* entertainment, fashion and general interest) to reduce duplication among readers and extend reach among different demographic segments
- Includes half page notices (full page in the digest size publication) to attract attention and enhance readership with adequately sized text
- Includes some of the largest circulating publications in the country
- Positioning will be sought opposite articles, cover stories, or editorial features with documented high readership
- All placements will be tracked to ensure that they appear exactly as planned as well as meet our high standards in terms of quality and positioning

The following provides details for each of the recommended consumer magazines:



- Circulation: 3,066,070
- Adult Audience: 16,802,000
- Monthly magazine providing editorial on relationships and romance, fashion and beauty, women's health and well-being, as well as pop culture and entertainment
- Reaches 8.4% of Cell Phone Owners with a Credit Card Balance
- Readers are 17.0% more likely to be Cell Phone Owners with a Credit Card Balance, as compared to the general adult population
- Extends reach among young, single women

**NATIONAL GEOGRAPHIC**

- Circulation: 3,538,623
- Adult Audience: 31,155,000

© 2015 KCC LLC
Proprietary and Confidential

- Monthly magazine with editorial focusing on culture, nature, geography, ecology, science and technology and encompassing people and places of the world
- Reaches 12.9% of Cell Phone Owners with a Credit Card Balance
- Extends reach among affluent, educated adults



- Circulation: 3,537,318
- Adult Audience: 42,726,000
- Weekly entertainment magazine featuring celebrity news, biographies and gossip
- Reaches 19.3% of Cell Phone Owners with a Credit Card Balance
- Readers are 6.5% more likely to be Cell Phone Owners with a Credit Card Balance, as compared to the general adult population
- Provides a large number of pass along readers



- Circulation: 3,067,649
- Adult Audience: 22,876,000
- Monthly general interest and family magazine
- Reaches 8.6% of Cell Phone Owners with a Credit Card Balance
- Audience skews slightly older

# Internet Banners

90.6% of Cell Phone Owners with a Credit Card Balance have access to the internet at home using a computer, 90.0% have looked at or used the internet in the past 30 days, and 61.5% have looked at the internet on their cell phone or smartphone in the past 30 days. In addition, Cell Phone Owners with a Credit Card Balance are 10.5% more likely to have access to the internet at home using a computer, 10.7% more likely to have looked at or used the internet in the past 30 days, and 17.1% more likely to have looked at the internet on their cell phone or smartphone in the past 30 days, as compared to the general adult population. As a result, to further extend reach among the Class, KCC recommends purchasing 110.5 million *unique* internet banner impressions over a four to six week period. The banners will be targeted to adult cell phone owners and will be embedded with a hyperlink to the settlement website.

| Internet Description | Target | Impressions |
|---|---|---|
| Mobile Network | Adult Cell Phone Owners | 500,000 |
| Run of Network | Adult Cell Phone Owners | 110,000,000 |
| **TOTAL** | | **110,500,000** |

Sample run of network sites may include:

    

  

    

    

## Response Mechanisms

**Case Website**
- Provides a simple way for Class members to learn more about the settlement
- Allows Class members the ability to obtain additional information and documents including the Detailed Notice, Summary Notice, Settlement Agreement, and any other information that the parties may agree to provide or that the Court may require
- Prominently displayed in all printed notice materials and accessible through a hyperlink embedded in the internet banner ads

**Toll-Free Telephone Support**
- Provides a simple way for Class members to obtain additional information about the settlement
- Allows Class members the opportunity to learn more about the case in the form of frequently asked questions and answers
- Allows Class members to request to have more information mailed directly to them
- Prominently displayed in all printed notice materials

.

# Notice Design Strategies

The design and content of all of the notice materials are consistent with the FJC's "illustrative" forms of model plain language notices, available at www.fjc.gov.

**Postcard and Publication Summary Notices**
- Bold headline captures attention and speaks directly to Class members, alerting them that they should read the Notice and why it is important
- Prominent notice size promotes attention, readership, and comprehension
- Legal significance is highlighted to ensure readers that the communication carries legitimate information from the court and not commercial advertising
- Concise plain language without "legalese" enhances comprehension
- Content includes all critical information in simple format
- Toll-free number and case website invite response, allowing Class members the opportunity to obtain additional information
- Spanish tag line directly under the headline notifies Spanish-speaking Class members to call the toll-free number or go to the website to receive a Notice in Spanish.

**Detailed Notice**
- Prominent "Your Rights and Options" table on first page immediately informs readers of their rights and options in the case
- Table of Contents and question and answer format allow Class members to easily locate information
- Bold headline captures attention and speaks directly to Class members, alerting them that they should read the Notice and why it is important
- Concise plain language without "legalese" enhances comprehension
- Provides more detailed information than that of a Summary Notice
- Content includes all essential information in simple format
- Toll-free number and  case website invite response, allowing Class members the opportunity to obtain additional information
- Spanish tag line directly under the headline notifies Spanish-speaking Class members to call the toll-free number or go to the website to receive a Notice in Spanish.

**Internet Banner Notices**
- Simple rotating message alerts Class members about the litigation
- An embedded link allows immediate access to the case website

© 2015 KCC LLC
Proprietary and Confidential

## Draft Forms of Notice

**Attachment A** contains the draft forms of the following notice documents (Spanish translations will be provided in conjunction with our final report):

- The **Postcard Notice** that will be mailed to all identifiable Class members.

- The **Detailed Notice** that will be mailed to Class members who call the toll-free number to request one, as well as made available at the website.

- The **Summary Notice** as it will appear in the publications identified in this Notice Plan.

- The **Internet Banners** that will be posted on a variety of web properties.

Attachment A

# EXHIBIT F

**TCPA Class Action Resolved**

City, State, [_____, 2015] – Kurtzman Carson Consultants, LLC, a neutral third party that has been court-appointed as Claims Administrator for this case, hereby advises that Class Counsel, Douglas J. Campion of the Law Offices of Douglas J. Campion, APC and James O. Latturner, of Edelman, Combs, Latturner & Goodwin, LLC, and defense counsel William S. Boggs and Edward D. Totino of DLA PIPER, LLP (US), today announced an agreement to resolve a class action pending against Midland Funding, LLC, Midland Credit Management and Encore Capital Group, Inc. ("Defendants") in federal court in California, *In re: Midland Credit Management, Inc. Telephone Consumer Protection Act Litigation* Case No. 11-MD-2286 MMA (MDD). The lawsuit alleges Defendants violated the Telephone Consumer Protection Act in their debt collection efforts by calling cell phones without prior consent using an automated dialer or with an artificial or prerecorded voice message related. Under the terms of the settlement, Defendants deny any liability but agreed to fund a settlement in the amount of $15,000,000, consisting of $13,000,000 in credits to be applied to claimant with existing accounts on a pro rata basis, and $2,000,000 to be provided on a pro rata basis for claimants who do not have any existing accounts with Defendants. In addition, Defendants will pay the costs of notice and claims administration estimated to be approximately $_____, and to pay attorneys' fees and costs, in an amount up to $2,400,000, subject to Court approval.

The settlement has been preliminarily approved by the U.S. District Court in the Southern District of California, and is subject to the court's final approval. The Settlement Class consists of all persons in the United States who were called on a cellular telephone by Defendants in connection with the collection of an alleged debt using a dialer or by artificial or prerecorded voice message without prior express consent during the period from November 2, 2006 through August 31, 2014, inclusive.

The settlement fund, including the credits and cash component, as approved by the Court, will be distributed to Settlement Class members who submit claims under procedures implemented by the Court overseeing the settlement.

Many persons included in the Settlement Class can be identified from Defendants' records and will receive mailed notice of the settlement. Persons who do not receive mail notice may contact the Claims Administrator to determine if their cellphone numbers were called and, if so, they may submit claims. For more information, go to www.XXXXXXX.com.

MEDIA CONTACTS:
Class Counsel:
Law Offices of Douglas J. Campion APC
Douglas J. Campion: (619) 299-2091

Edelman, Combs, Latturner & Goodwin, LLC

James O. Latturner: (312) 739-4200

Defendants:

[INSERT CONTACT]

_____

**Source:** [Lawfirm(s)]
**Media Contact(s):** Name, Lawfirm, Phone Number

# EXHIBIT G

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   **IN RE:  MIDLAND CREDIT**          CASE NO. 11-md-2286 MMA (MDD)
     **MANAGEMENT, INC.,**
12   **TELEPHONE CONSUMER**              Member Cases:  10-cv-02261
     **PROTECTION ACT**                                 10-cv-02600
13   **LITIGATION.**                                    10-cv-02368
                                                        10-cv-02370
14
                                        **ORDER GRANTING FINAL**
15                                      **APPROVAL OF CLASS ACTION**
                                        **SETTLEMENT AND JUDGMENT;**
16                                      **APPROVAL OF ATTORNEYS'**
                                        **FEES, INCENTIVE PAYMENTS**
17                                      **AND COSTS OF LITIGATION**

18                                      **JUDGE:**  Hon. Michael M. Anello

19

20

21

22

23

24

25

26

27

28                                              CASE NO. 11-md-2286 MMA (MDD)

WEST\258302333.5

On ___, 2015, Plaintiffs Christopher Robinson, Eduardo Tovar, and Dave Scardina, (collectively, "Plaintiffs") and Defendants Midland Funding, LLC, Midland Credit Management, Inc. ("MCM"), and Encore Capital Group, Inc. (collectively, "Defendants"), entered in to a Settlement Agreement and Release (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.  Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Lawsuit").

On _____, 201__, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").

On _____, 201__, Plaintiffs filed their Motion for Attorneys' Fees, Costs and Incentive Payments.

On _____, 201__, Plaintiffs filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion"). Pursuant to their Final Approval Motion, Plaintiffs request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

On _____, 201__, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Final Approval Motion, any objections filed and the record.  All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

-1-                    CASE NO. 11-md-2286 MMA (MDD)

1

2

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND
DECREED THAT:

3

4

5

I.     The Agreement and all definitions set forth therein are hereby
incorporated with and made part of this Final Order Approving Class Action
Settlement and Judgment ("Final Order and Judgment").

6

7

8

II.     JURISDICTION:  The Court has jurisdiction over the subject matter of
the Lawsuit and over all settling Parties thereto including, without limitation,
the Class Members.

9

10

11

III.     CLASS MEMBERS:  Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit
is hereby finally certified, for settlement purposes only, as a class action on
behalf of the following Class Members:

12

13

14

15

16

17

18

19

20

21

All persons in the United States who were called on a
cellular telephone by Defendants or their subsidiaries,
affiliates or related companies (other than calls made by
Asset Acceptance LLC, Atlantic Credit & Finance, Inc. or
Propel Financial Services) in connection with the
collection of an alleged debt using a dialer or by artificial
or prerecorded voice message without prior express
consent during the period from November 2, 2006 through
August 31, 2014, inclusive.

22

23

24

25

Excluded from the Class are the Judges to whom the
Action is assigned and any member of the Judges' staffs
and immediate families, as well as all persons who validly
request exclusion from the Settlement Class.

26

27

28

IV.     CLASS   REPRESENTATIVE   AND   CLASS   COUNSEL
APPOINTMENT:     Pursuant to Fed. R. Civ. P. 23, Plaintiffs are the Class

WEST\258302333.5

Representatives and Douglas J. Campion of The Law Offices of Douglas J. Campion, APC and James O. Latturner of Edelman, Combs, Latturner & Goodwin, LLC are certified as Class Counsel.

V.   <u>NOTICE AND CLAIMS PROCESS</u>:  Pursuant to the Court's Preliminary Approval Order, the Claims Administrator, KCC, LLC has complied with the approved notice process as confirmed in its declaration filed with the Court. The Court finds that the form and method for notifying the settlement Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order, provided a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby satisfied the requirements of Fed. R. Civ. P. 23(c)(2) and due process, and constituted the best notice practicable under the circumstances, and due and sufficient notice to all Class Members entitled thereto. Specifically, individual notice was provided to those potential Class Members who are current or former account holders of Defendants who are identified in Defendants' records as having received a call on a cellular telephone number from Defendants or their subsidiaries, affiliates or related companies (other than calls made by Asset Acceptance LLC, Atlantic Credit & Finance, Inc. or Propel Financial Services) in connection with the collection of an alleged debt using a dialer or by artificial or prerecorded voice message without prior express consent during the period from November 2, 2006 through August 31, 2014, inclusive; and all other persons were notified by publication and/or  online by the Notice Plan proposed by the Partties and approved by the Court at Preliminary Approval. The Court finds that the notice process was designed to advise the settlement Class Members of their rights.  The Court finds that the notice requirements set forth in the Class Action Fairness Act and any other applicable law have

DLA Piper LLP (US)
Los Angeles

WEST\258302333.5

been satisfied.  Further, the Court finds that Settlement Fund is approved, and the claim process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

VI.  <u>FINAL CLASS CERTIFICATION</u>:  The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes, namely:

     1) The Settlement Class members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

    2) There are questions of law and fact common to the Settlement Class members, which predominate over any individual questions;

    3) The claims of Plaintiffs are typical of the claims of the Settlement Class members;

    4) The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and

    5) Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settlement Class Members, especially in light of the benefits to the settlement Class Members, the strength of the Plaintiffs' case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

VII. <u>SETTLEMENT TERMS</u>:  The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed Settlement,

DLA PIPER LLP (US)
LOS ANGELES

are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Claims Administrator shall conduct all administration of the Settlement Fund. The Claims Administrator shall prepare and issue all disbursements of the Individual Cash Settlement Amounts from the Settlement Fund to Approved Claimants entitled to such benefits within the time period specified in the Agreement. Defendants shall prepare and issue all of the Individual Debt Forgiveness Settlement Amounts from the Settlement Fund to Approved Claimants entitled to such benefits within the time period specified in the Agreement. Defendants shall provide verification of all such credits to the accounts and the Claims Administrator shall confirm the credits were properly made to the accounts, in the manner specified in the Settlement Agreement.

VIII.   The Court finds that Class Counsel are qualified to represent the settlement Class. The Court hereby grants Class Counsel's request for an award of attorney's fees s in the amount of $_____. The Court finds that the amount of this award is fair and reasonable in light of the efforts expended by Class Counsel in prosecuting this Action and the results obtained. to be paid by Defendants within the time period set forth in the Agreement separate and apart from the Settlement Fund.

IX.   The Court finds that it is appropriate for the Class Representatives, Christopher Robinson, Eduardo Tovar, and Dave Scardina, each to be paid a one-time payment of $_____ from the Cash Component of the Settlement, as an incentive payment for instituting, prosecuting and bearing the risk of this litigation. Aside from any claims they are paid for or credits provided them as a result of claims they made as members of the Class, this incentive payment shall be the only consideration paid to the Class Representatives.

DLA PIPER LLP (US)
LOS ANGELES
WEST\258302333.5

X.   <u>EXCLUSIONS AND OBJECTIONS</u>:  This Final Order and Judgment applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Class Members who did not properly request exclusion.  A total of ____ exclusion requests were received.  Those persons requesting exclusion are identified on Exhibit A to this Order.  The Court hereby excludes these persons from the Class and Settlement.

XI.  The Class Members were given an opportunity to object to the settlement. Only _____ Settlement Class Members filed objections.  After consideration of each of the objections, the Court hereby overrules such objections.

XII.  This Order is binding on all Class Members, except those individuals named on Exhibit A, who validly and timely excluded themselves from the Class.

XIII. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>:  The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement.  Pursuant to the Release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order. The Released Claims include, without limitation, any and all liabilities, claims, causes of action, damages, penalties, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, suspected or unsuspected, which were asserted in the Action or are related to the claims asserted in the Action, any and all claims relating to the making, placing, dialing or initiating of calls using an automatic telephone dialing system or artificial or prerecorded voice, any and all claims for

-6-

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder or related thereto, and any and all claims for violation of any laws of any state that regulate, govern, prohibit or restrict the making, placing, dialing or initiating of calls using an automatic telephone dialing system, an artificial or prerecorded voice, or any automated process or technology (hereafter, collectively, the "Released Claims").   Excluded from the Released Parties are Atlantic Credit & Finance, Inc. and Propel Financial Services.   Excluded from the Released Claims are any claims arising from telephone calls made by Asset Acceptance LLC itself, or by Astra Business Services, Inc. or Radius Solutions, Inc., on behalf of Asset Acceptance LLC. Also excluded from the Released Claims are any claims based on telephone calls made before November 2, 2006 or after August 31, 2014.

XIV. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure. Final Judgment in this action is hereby entered. This action, including all claims asserted herein, is hereby dismissed with prejudice in all respects.

XV. This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

XVI. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order and judgment.

DLA PIPER LLP (US)
LOS ANGELES

WEST\258302333.5

1
2
3
4

IT IS SO ORDERED.

5
Dated: _____

6
_____
THE HON. MICHAEL M. ANELLO

7
U.S. DISTRICT COURT JUDGE

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DLA PIPER LLP (US)
LOS ANGELES

WEST\258302333.5

-8-                    CASE NO. 11-md-2286 MMA (MDD)