UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | MDL No. 2286<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;**<br><br>[Doc. No. 281]<br><br>**SETTING FINAL APPROVAL HEARING** |

Plaintiffs Christopher Robinson, Eduardo Tovar, and Dave Scardina, (collectively, "Plaintiffs") move for preliminary approval of a proposed class action settlement and certification of a settlement class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned multidistrict litigation (the "Lawsuit"). Defendants Midland Funding, LLC, Midland Credit Management, Inc. ("MCM"), and Encore Capital Group, Inc. (collectively, "Defendants") do not oppose the Preliminary Approval Motion. The parties appeared before the Court on December 8, 2015 for a hearing on the motion. The Court has reviewed and considered the Settlement Agreement (the "Agreement"), the Preliminary Approval Motion, as well as the record in this case, and determines that preliminary approval of the proposed settlement and certification of a settlement class is

1

appropriate. For the reasons stated on the record during the December 8, 2015 hearing and set forth below, the Court **GRANTS** Plaintiffs' motion. Accordingly,

   **IT IS HEREBY ORDERED**:

I.  JURISDICTION: The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

II. PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT: The Court preliminarily finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and the exhibits thereto, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Class Members, taking into consideration the benefits to Class Members; the strength and weaknesses of Plaintiff's case; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals. The Court finds that notice of the Settlement should be given to persons in the Class and a full hearing should be held on approval of the Settlement. The provisions of the Settlement Agreement are preliminarily approved and he Parties shall comply with its terms.

III. CLAIMS ADMINSTRATOR: The Court approves the selection KCC to be the Claims Administrator. The Claims Administrator will administer the applicable provisions of the Agreement in accordance with the terms of the Agreement, including, but not limited to, distributing and providing the class notice, receiving and examining claims, calculating claims against the Settlement Fund consisting of the $13,000,000 fund for debt credits and the $2,000,000 cash fund, preparing and issuing or working with Defendants to issue all disbursements of the Settlement Fund to Approved Claimants, and handling inquiries about the calculation of the individual settlement amounts. All reasonable fees and costs of the Claims Administrator shall be paid by Defendants and shall not be deducted from the

Common Fund.

IV. In compliance with the Class Action Fairness Act, 28 U.S.C. § 1715, and as set forth in the Agreement, Defendants, themselves or through their designees, are ordered to serve written notice of the proposed settlement on the U.S. Attorney General and the appropriate state official of each state, unless such notice has already been served.

V. <u>CLASS MEMBERS</u>: Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily and conditionally certified, for settlement purposes only, as a class action on behalf of the following class members:

> All persons in the United States who were called on a cellular telephone by Defendants or their subsidiaries, affiliates or related companies (other than calls made by Asset Acceptance LLC, Atlantic Credit & Finance, Inc. or Propel Financial Services) using a dialer or by prerecorded voice message without prior express consent during the period from November 2, 2006 through August 31, 2014, inclusive.
>
> Excluded from the Class are the Judges to whom the Action is assigned and any member of the Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

VI. <u>CLASS REPRESENTATIVES AND CLASS COUNSEL APPOINTMENT</u>: For purposes of the Court considering preliminary approval, the Court appoints Plaintiffs as the Class Representatives and Douglas J. Campion of The Law Offices of Douglas J. Campion, APC and James O. Latturner of Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel.

VII. <u>NOTICE AND CLAIMS PROCESS</u>: The Court approves the form, content and method of notice set forth in the Agreement. If they have not already done so, Defendants shall provide the Notice List and Cell Phone Number List to the Settlement Administrator within ten (10) days of this order granting preliminary

approval. No later than thirty-five (35) days after the date of this order, the Claims Administrator shall establish the Settlement Website.  No later than thirty-five (35) days after the date of this order, the Claims Administrator shall send by regular mail the Postcard Notice to each person in the Notice List at their last known address as provided by Defendants or as updated by the Claims Administrator through the National Change of Address Database. Any Postcard Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Claims Administrator to such forwarding address. As for Class Members who are not identified in the Notice List, the Claims Administrator shall provide notice by publication and online as set forth in the Publication and Online Notice Plan attached as Exhibits D and E to the Agreement.  The Claims Administrator shall initiate  the publication of Publication Notice and Online Notice no later than forty (40) days after the date of this Order and complete the publication of Publication Notice and Online Notice no later than ninety (90) days after the date of this Order. The Postcard Notice, the Publication Notice and the Online Notice shall reference a website established for this Settlement, and that website shall contain the full details of the Settlement and permit the filing of claims on the website. The mailed and published notices shall also contain the Claims Administrator's toll free telephone number so that the Class Members can inquire about the Settlement and also make a claim over the telephone.  If the mail attempts at notice are unsuccessful, and/or a Class Member otherwise fails to follow the procedures set forth in this Agreement for submitting a claim or requesting exclusion from the Class, the notice procedures for Class Members not identified in the Notice List shall be deemed to apply and the Class Member shall automatically be deemed a member of the Class whose rights and claims with respect to the issues raised in this action are determined by the Court's final Order approving the settlement of the class claim and this Action,

and the Judgment, and by the other rulings in the Action.  At least fourteen (14) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures set forth in the Agreement. The Court finds that the form, content and method of notice set forth in the Agreement satisfy the requirements of Fed. R. Civ. P. 23(c)(2), the Constitution of the United States, and any other applicable laws, and due process, and constitutes the best notice practicable under the circumstances.  The forms of notice set in the Agreement and approved herein provide a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby meet the requirements of Fed. R. Civ. P. 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution, and any other applicable law, and shall constitute due and sufficient notice to all Class Members entitled thereto.

VIII. SETTLEMENT AND CLAIMS PROCESS: The Court preliminarily approves the $15,000,000 Settlement Fund consisting of a $2,000,000 cash component and a $13,000,000 debt forgiveness component, as fair, reasonable and adequate for members of the Class. The Court preliminarily approves the process set forth in the Agreement for reviewing, approving and paying claims from the Common Fund. The Court also preliminarily approves the incentive payments that will be sought by Plaintiffs to be paid from the Common Fund.

IX. CLASS CERTIFICATION:  The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for purposes of settlement only.

X. EXCLUSIONS:  Any Class Member may request to be excluded from the Class (*i.e.*, "opt out") by mailing a letter or other writing, by first class mail, to the Claims Administrator containing the Class Member's name and address, and

telephone number and a statement that he or she requests to be excluded from the Class. Any such request must be made in accordance with the terms set forth in the Class Notice and will be timely only if postmarked no later than one hundred thirty (135) days after the date of this order granting preliminary approval of this settlement and Agreement (the "Opt-Out Deadline"). The Claims Administrator shall provide the Parties with copies of all opt-out requests as they are received and, no later than five (5) days after the Opt-Out Deadline, the Claims Administrator shall provide defense counsel and Class Counsel with a list of the Class Members who have requested exclusion from the Class. Any Class Member who submits a valid and timely request for exclusion shall not be a member of the settlement Class, and shall not be bound by the Agreement or Settlement. If more than 7,500 persons request exclusion from the Class by the Opt-Out Deadline, Defendants shall have the option to terminate the Agreement and the settlement proceedings, and this Order shall be null and void and the settlement of no force and effect. Defendants shall give notice of such termination in writing to Class Counsel and the Claims Administrator no later than ten (10) days after the Opt-Out Deadline. The notice of termination shall then promptly be filed with the Court by Class Counsel.

XI. <u>OBJECTIONS</u>: Any Class Member may object to the terms of the Settlement, including, but not limited to, the benefits to be paid to the Class under the settlement, Class Counsel's application for attorneys' fees and litigation expenses and the Class Representative's service payment by mailing a written objection to the Court. Any Class Member who wants to appear at the Final Approval Hearing, either personally or through counsel, must mail a notice of intention to appear to the Court. Written objections and/or notices of intention to appear must be mailed to the Court, and served upon Class Counsel, Defense Counsel, and the Settlement

Administrator, no later than one hundred and thirty (135) days after the date of this order granting preliminary approval of the settlement.  The timeliness of objections and notices shall be determined the date of receipt by the Court.   No later than two days before the Final Approval Hearing, the parties may file with the Court replies to any objections.

XII. Class Members who do not file their objections and/or notices of intention to appear in the manner set forth herein will be deemed to have waived all objections and will not be entitled to be heard at the final approval hearing.

XIII. Class Counsel shall file a motion for approval of Class Representatives' service payments and application for attorneys' fees and costs no later than thirty (30) days before the last date to file and serve Objections.   Class Counsel shall file a motion for final approval of settlement no later than thirty (30) days before the Final Approval Hearing.   The motion for final approval of settlement and motion for attorney's fees shall be posted on the website of the Claims Administrator so that they may be reviewed and printed out by any member of the Class or any other person.

XIV. <u>FINAL APPROVAL HEARING</u>:  The Court shall conduct a hearing (hereinafter the "Final Approval Hearing") on **August 26, 2016 at 9:00 a.m**., in Courtroom 3A (3rd Floor – Schwartz) of the United States District Court for the Southern District of California, 221 West Broadway, San Diego, CA, 92101. The Final Approval Hearing may be rescheduled or continued by the Court without further notice to the Class Members.  At the hearing, the Court will consider the following issues:

   A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P 23;

   B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

7

     C.    Whether the order granting final approval of class action settlement and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

     D.    Such other issues as the Court deems appropriate.

XV. Attendance at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action Settlement. However, Class Members wishing to be heard are required to submit a notice of intention to appear at the Final Approval Hearing.

XVI. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Defendants.

XVII. If the Agreement is not finally approved for any reason, then this order shall be vacated, the Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

XVIII. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

    **IT IS SO ORDERED**.

DATE: December 9, 2015

                                  HON. MICHAEL M. ANELLO
                                  United States District Judge