Steven F. Helfand
1400 SW 137th Avenue, Unit F112
Hollywood, FL 33027
Telephone:    415.596.5611
Email:        sh4078@gmail.com

*In Propria Persona*

**FILED**

Apr 19 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ patricid          DEPUTY

NUNC PRO TUNC
4/7/2016

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: MIDLAND CREDIT MANAGEMENT, INC. TCPA | Case No.: 11-MD-2286 MMA (MDD)<br><br>**OBJECTION AND NOTICE TO APPEAR FOR STEVEN F. HELFAND** |
|---|---|

Steven F. Helfand, in *pro se*, objects as follows:

## I.  OBJECTIONS

### A.  The Settlement is Unfair and Unreasonable.

**1.    The settlement contains a warning sign of an unfair deal: a "clear sailing" agreement.**

A clear sailing clause stipulates that attorney awards will not be contested by opposing parties. *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

"Such a clause by its very nature deprives the court of the advantages of the adversary process." *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 525 (1st Cir. 1991). The clause "suggests, strongly," that its associated fee request should go "under the microscope of judicial scrutiny." *Id.* at 518, 525; *Childs v. United Life Ins. Co.*, No. 10-CV-23-PJC, 2012 U.S. Dist. LEXIS 70113, at *13-*14 & n.6 (N.D. Okla. May 21, 2012). The clear sailing clause lays the groundwork for lawyers to "urge a class settlement at a low figure or on a less-than-optimal basis in exchange for red-carpet treatment on fees." *Weinberger*, 925 F.2d at 524; accord *Bluetooth*, 654 F.3d at 948. *Gooch v. Life Investors Ins. Co. of Am.* found that a clear-sailing agreement that awarded class counsel disproportionate fees could be evidence of settlement unfairness. 672 F.3d 402, 425 (6th Cir. 2012) (finding potentially problematic clear-sailing clause acceptable because class counsel received only 2.3% of settlement value; reversing on other grounds).

This is compounded by the fact there is no way to ascertain how the settlement shall benefit particular class members, let alone, who is a class member. Are all credit cards involved? Who is Midland Credit Management, Inc. [hereafter "Midland"]? What are the entities for which Midland makes telephone calls? What claims are released? What debt is released? It is claimed that millions of dollars are released; yet the class gets no information as to what specific claims are released, by whom and for how much. Nobody has even heard of Midland. The settlement notice is incomprehensible and is misleading. Not one example of a single alleged creditor is provided; yet, according to the notice there is a discharge of debt. Shall Midland be obligated to update credit records of class members to correct the false bad debts? This question is open. Midland simply says, "it is releasing the [unknown] debts!" Big deal! Is Midland going to simply sell the alleged bed debts to other vendors who then bombard class members in violation of the law. The entire settlement is illusory. The only winners are the class attorneys. They are making money on the release of non-existent debt; have looted the class, and have fees that are grossly excessive and inflated. Class counsel should be awarded no fees for the overreach. The settlement is unfair and inadequate. The settlement class is rife with conflicts.

There is no meaningful formula or computation to assess the recovery on either an aggregate or individualized basis; no analysis of damages or potential

recoveries to square with the value of class claims. The Notice is understandably lengthy but glosses over these salient points; what will the class members obtain, if anything? Obviously, how much a class member is to receive has a bearing on the fairness of the settlement. It also matters which debts, if any, are being released.

Making matters even worse, there is no meaningful information concerning the size of the class which is likely large. If there is a potential for thousands of claims; which is not so far fetched, class members may get next to nothing. All debts need to be expunged.

Moreover, the Notice fails to meaningfully set forth pertinent facts from which a class member should determine whether to remain in the class, object or seek exclusion. There does not seem to be a process for claims at this juncture (or at least one that Class counsel is ready to divulge); no way, to assess fairness, other than rote reliance on a global number. The Court needs a lot more information.

## II. CONCLUSION

The Court should decline to grant final approval to the proposed settlement. Assuming, arguendo, the proposed settlement is approved, attorneys fees should be dramatically reduced.

Dated: April 4, 2016

Steven Franklyn Helfand
1400 SW 137th Avenue, Apt. F112
Hollywood, FL 33027
Telephone:  415.397.0007

Objection and Notice to Appear by Steven F. Helfand.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Email:     sh4078@gmail.com

# DECLARATION OF STEVEN F. HELFAND

I, Steven F. Helfand, declare:

1. According to the class settlement notice, I am a class member.

2. I received a notice and claim number. It is attached to this declaration. I submitted a claim. The settlement is inadequate. My submittal does not waive my challenge to all aspects of this "deal." It is grossly substandard, unfair, unreasonable and inadequate.

3. I am a class member but have no idea what debts are being released. The notice is vague and misleading.

I make this declaration under penalty of perjury pursuant to the laws of the United States of America. This declaration is executed in Hollywood, Florida on April 4, 2016.

_____

Steven F. Helfand

## LEGAL NOTICE

*In re: Midland Credit Management, Inc.*
*Telephone Consumer Protection Act Litigation,*
Case No. 11-MD-2286 MMA (MDD)

**You may be included in a class action settlement alleging calls made to your cell phone and violations of the Telephone Consumer Protection Act. Your rights may be affected and you can submit a Claim to receive a payment.**

If you were called on your cell phone by Midland Credit Management, Inc. ("MCM") during the period from November 2, 2006 through August 31, 2014 without your consent, your rights could be affected by a class action settlement. A settlement has been proposed in the above lawsuit, pending in the United States District Court for the Southern District of California (the "Court").

**Who is Included?** You are included in the Settlement as a "Class Member" if (1) you live in the United States and (2) you received one or more calls to your cellular telephone in connection with debt collection at any time during the period from November 2, 2006 through August 31, 2014 from or on behalf of Midland Funding, LLC, Midland Credit Management or Encore Capital Group, Inc. ("Defendants") or their subsidiaries, affiliates or related companies (other than Asset Acceptance LLC, Atlantic Credit & Finance, Inc. and Propel Financial Services) using a dialer or by artificial or prerecorded voice message without prior express consent.

See important notice
on the other side.

MDD
RMS SP1 33027

**In re Midland TCPA**
**Claims Administrator**
P.O. Box 30199
College Station, TX 77842-3199

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
**PAID**
COMMUNICATION
SERVICES

Postal Service: Please do not mark barcode

Claim#: MDD-12438155801-35084
STEVEN HELFAND
1400 SW 137TH AVE APT 112
PEMBROKE PINES, FL 33027

271734_DOM/035084/035084/i

**What Is The Case About?** This class action arose out of allegations that Defendants called consumers on their cell phones for debt collection purposes without their prior express consent, with an automatic telephone dialing system or with an artificial or prerecorded voice message, in violation of the Telephone Consumer Protection Act. Defendants deny that they broke the law and deny doing anything wrong, and there has been no finding that Defendants have violated any laws.

**Summary Of The Settlement:** The recipients of this postcard notice have been identified in Defendants' records as having been called and are entitled to submit a claim and participate in this Settlement. Under the Settlement, which must be approved by the Court, Class Members who submit valid and timely claims, either online, by calling a toll-free telephone number, or by mail by downloading a claim form from that website and mailing it to the address below, may receive a recovery from the $15,000,000 settlement fund (the "Settlement Fund") which consists of a $13,000,000 debt forgiveness component and a $2,000,000 cash component. The particular recovery by each Class Member depends on if the Class Member owes Defendants on an existing account, and the amount of the credit depends on the number of valid claims submitted by persons with those existing accounts. If the Class Member owes Defendants nothing, or has no current account with Defendants, then that Class Member will receive a *pro rata* share of the $2,000,000 cash component, after certain deductions from that cash component for $7,500 in incentive payments and any Special Master fees. If at the time the claim is submitted the Class Member owes Defendants money on an account for which they are collecting, the Class Member will receive the lesser of (1) a *pro rata* share of the $13,000,0000 of debt forgiveness; or (2) the amount that the Class Member is identified as owing to Defendants in their records. Defendants will pay separately from the Settlement Fund: 1) all costs of notice and claims administration, estimated to be approximately $3,350,000 and Class Counsel's attorneys' fees and costs in an amount subject to Court approval but not to exceed $2,400,000.

**How Do I Make a Claim?** You can make a claim online at www.MidlandTCPAsettlement.com, by calling 1-888-557-3460, a toll-free telephone number, or by mail by downloading a claim form from that website and mailing it to In re: Midland TCPA Claims Administrator, P.O. Box 30198, College Station, TX 77842-3198. If you received this postcard, to submit a claim, you need only provide the Claim Identification number on the front of the postcard, and a current address if the address is incorrect. The Settlement provides that any information about your current address or phone numbers provided to the Claims Administrator will *not* be provided to Defendants, but is retained solely by the Claims Administrator. **The deadline for filing a claim is April 12, 2016.** (The claims procedures for the group of Class Members that did not receive a postcard are different as explained on the Settlement Website www.MidlandTCPAsettlement.com.)

**Do I Have A Lawyer?** Yes. The Court has appointed the following lawyers to represent the Class: Douglas J. Campion of The Law Offices of Douglas J. Campion, APC, 17150 Via Del Campo, Suite 100, San Diego, CA 92127, and James O. Latturner of Edelman, Combs, Latturner & Goodwin, LLC, 20 South Clark St., Suite 1500, Chicago, IL 60603 ("Class Counsel"). The lawyers will be paid separate and apart from the Settlement Fund.

**What Should I Do?** You should get more information from the settlement website (www.MidlandTCPAsettlement.com) or from the Claims Administrator by calling the phone number below and make a decision about what your legal rights are. Basically, as a Class Member, you have four options:
(1) Do nothing. If you do nothing, you will not receive a share of the Settlement Fund and you give up your rights to sue Defendants about the lawsuit's legal claims.
(2) You can submit a Claim to the Claims Administrator to request a share of the Settlement Fund **by April 12, 2016.** If your Claim is approved, you will be bound by the Court's decision in the lawsuit. You will not have the right to sue separately about the issues in the lawsuit. You can submit a claim as set forth above.
(3) You can remain a Class Member but object to the Settlement. To do so you must send a letter (not an email) identifying yourself as a Class Member and explaining why you object. Your objection must be sent to Class Counsel, defense counsel and the Court and be postmarked **no later than April 22, 2016.** You may choose to pay for and be represented by a lawyer who may submit the objection for you. See the Class Notice ("FAQs") on the settlement website for the requirements for objecting to the settlement, defense counsel's address or appearing at the hearing.
(4) You can exclude yourself from the Settlement, and be able to sue Defendants about the facts at issue in the lawsuit, by mailing a letter (not an email) to the Claims Administrator (not the Court), with a copy to Class Counsel and Defendants' Counsel. You must include in writing your name, address, signature, and a statement that you meet the criteria of the Class but wish to be excluded from the Class. The request must be postmarked **no later than April 22, 2016.** See the Class Notice ("FAQs") on the settlement website for the requirements for excluding yourself from the Settlement.

**Scheduled Hearing:** The United States District Court for the Southern District of California, located at 221 West Broadway, San Diego, CA, 92101, will conduct a fairness hearing on whether to approve the Settlement and, if so, will determine what fees and expenses should be award to Class Counsel and whether a $2,500 incentive payment should be awarded to each of the three Class Representatives. The hearing is presently scheduled for August 26, 2016 at 9:00 a.m., in Courtroom 3A but may be changed. Any Class Member may enter an appearance with the Court through an attorney. For more information, visit www.MidlandTCPAsettlement.com or contact the Claims Administrator at 1-888-557-3460, or write to In re: Midland TCPA Claims Administrator, P.O. Box 30198, College Station, TX 77842-3198. **Para ver este aviso en español, visite www.MidlandTCPAsettlement.com.**

029GYA

In re: Midland Credit Management, Inc. Telephone Consumer Protection Act
Litigation Settlement

## Claim Form Receipt

Thank You. Your claim form has been submitted. Please print this page as your receipt.

Your Claim Number is 12438155801. Please retain this number for your records.

Print

Case Code:        **MDD**

Date:             **April 4, 2016**

### CLAIMANT INFORMATION

**STEVEN HELFAND**
**1400 SW 137TH AVENUE, APT. F112**
**HOLLYWOOD, FL 33027**

Contact phone number:     **(415) 596-5611**

Email Address:            **sh4078@gmail.com**

Please print this page and retain it for your records.

For more information about the settlement and the claims filing process, please review the
Class Notice.

 KCC                                                    **www.kccllc.com**

Home     File a Claim     Class Notice     Aviso de la Clase     Court Documents     Frequently Asked Questions

**Kurtzman Carson Consultants**     Terms of Use     Privacy Policy

## PROOF OF SERVICE

ON APRIL 4, 2016, I CAUSED TO BE SERVED, VIA FIRST CLASS MAIL, POSTAGE PREPAID, THE ATTACHED DOCUMENT

CLERK OF THE COURT
US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
221 WEST BROADWAY
SAN DIEGO, CA 92101

DOUGLAS J. CAMPION
17150 VIA DEL CAMPO
SUITE 100
SAN DIEGO, CA 92127

DLA PIPER, LLP
EDWARD D. TOTINO
2000 AVENUE OF THE STARS, NORTH TOWER
4TH FLOOR
LOS ANGELES, CA 90067

IN RE: MIDLAND TCPA CLAIMS ADMINISTRATOR
P.O. BOX 30198
COLLEGE STATION, TX 77842-3198

This declaration is made under penalty of perjury under the laws of the United States of America. This declaration is executed in Hollywood, Florida on APRIL 4, 2016.

Steven Franklyn Helfand
*In propria persona*
1400 SW 137th Avenue, Apt. F112

Hollywood, FL 33027
Telephone:   415.397.0007
Email:          sh4078@gmail.com

Speer F. Helford
1700 SW 17th Ave, F112
Hollywood, FL 33027

Clerk of the Court
Courtroom 3A
US District Court Southern District
221 West Broadway
San Diego, CA 92101

APR - 7 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

RECEIVED