Erich B. Neumann
5 Island Avenue, Suite 3J
Miami Beach, Florida 33139
Telephone: (305) 735-2404
Facsimile: (305) 735-2651

*Attorney* and *pro se* Class's Member

NUNC PRO TUNC
APR 2 0 2016

FILED
APR 2 5 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION LITIGATION | Case No. 11-md-2286-MMA (MDD)<br><br>**OBJECTION TO SETTLEMENT OF CLASS MEMBER ERICH NEUMANN** |

The undersigned, Erich Neumann, a Class Member who has received mailed settlement notice in the above-captioned action (*see* Exhibit A, attached hereto), hereby submits his Objection in opposition to the proposed settlement. As noted below, numerous factors should preclude the proposed settlement in this matter.

First, this settlement is in large part a 'coupon settlement' triggering a heightened review under CAFA. While debt forgiveness is not considered a coupon where there is a cash *option*, here individual Class Members cannot elect to seek cash. *See CLRB Hanson Indus., LLC v. Weiss & Associates, PC*, 465 Fed. Appx. 617, 619 (9th Cir. 2012). Further, it is unclear from Plaintiffs' filings whether the attorney fee award sought is on a lodestar or 'percentage-of-the-fund' basis. If the latter, as a 'coupon settlement,' Plaintiffs' attorney fee award should be limited to those coupons actually redeemed (here, the amount of actual debt forgiveness). If the former, the Court should at the very least require itemized time records.

Second, in the alternative that the 'debt forgiveness' portion is not a coupon, it is nevertheless illusory relief for those Class Members who have time-barred debt.[1] A "credit" for a debt for which there is no enforcement mechanism is of no value. The IRS, for example, only counts as income the forgiveness of those debts on which one is "personally liable."[2] Alternatively, if the "forgiveness" of uncollectible debt *is* considered income by the IRS, Class Members will actually *lose money* as a result of this settlement (leading to 'negative' relief).

Third, even if the relief is not 'illusory' or 'negative,' the value used to calculate the settlement sum (and value to Class Members) should be the fair-market value of the debt, not the amount of the credit. According to one FTC study, debt that is less than three years old is only worth 7.9 cents on the dollar, while a debt between six and fifteen years is worth only 2.2 cents on the dollar.[3] Thus, the actual

---

[1] In many states, the statute of limitations is between three and six years. Fifteen years is the longest statute of limitations. In one FTC study, 19.3% of debt purchased was between three and six years old. This probably includes a significant amount of time-barred debt. 11.3% of debt was between six and fifteen years old; an even higher percentage of this is likely "time-barred." See http://www.clearpoint.org/resource-center/articles-and-tips/dealing-with-debt/debt-buyers-debt-collection-agencies/.

[2] *See* https://www.irs.gov/pub/irs-pdf/i1099ac.pdf at 2.

[3] http://www.clearpoint.org/resource-center/articles-and-tips/dealing-with-debt/debt-buyers-debt-collection-agencies/.

market value of the debt repayment credits (assuming Defendant distributes the full $13 million which is extremely unlikely) is between $286,000 and $1,027,000. Thus, most of the Defendant's monetary loss for the vast majority of Class Members is Defendant's payment not to Class Members but rather to their attorneys. Tellingly, the 'incentive awards' paid in this case are in *cash*, not debt forgiveness, which underscores Class Members' preference for one over the other.[4]

Fourth, this settlement results in the preferential treatment of: (1) Class Members who receive cash over those who receive a 'debt credit; and (2) Class Members who receive a debt credit over those whom the Defendant elects not to pursue the debt. Numerous courts have recognized the 'two-tier system' between Class Members who receive credits versus those who receive cash. *See Keirsey v. eBay, Inc*, No. 12-01200, 2013 WL 5755047, at *5 (N.D. Cal. Oct. 23, 2013)). Further, the settlement agreement gives the Defendant the option to simply "not pursue" a debt in lieu of providing a debt credit. Settlement § 5.01. These are not one in the same, as an outstanding debt will still appear on a Class Members' credit report even where Defendant chooses "not to pursue it"; and nothing is to stop Defendant from simply selling the debt to another debt collection company.[5]

Fifth, even if the forgiveness of non-collectible debt is considered to have value (which it does not), the settlement amount is inadequate and at the least requires more inquiry by this Court. For one, the Court should compare the settlement fund to the potential adequate recovery. Further, the entire $13 million is not allocated *pro rata* to the Class, but merely up until claimants' debts are extinguished. Since counsel for Plaintiffs estimate a claims rate of between 1 and 5 percent, the Court should attempt to ascertain how much of the $13 million will actually be distributed.

Sixth, the Notice is inadequate as it does not inform Class Members whether their debt is time-barred or not (which would provide them with adequate information as to whether they can select the 'cash option' or not). While the FDCPA requires debt collection companies to truthfully respond to a customer's inquiry about whether their debt is time barred, this settlement unbelievably puts the onus

---

[4] At the very least, the Court should award any incentive award as a "debt credit" rather than cash. Putting the class representatives in a preferred position as compared to the rest of the Class is grounds to reject the settlement.

[5] Indeed, there appears to be no other rational reason why Defendant would 'choose not to purse' a debt versus credit the debt other than an intent to turn around and sell the pre-existing debt to another collection agency.

on *Class Members* to dispute whether the debt is collectible or not. Settlement § 11.03. Class Members whose debts are uncollectible should be told as much in the Notice and should be provided a cash option; instead, the Notice puts the legal burden on the Class Members to come forward with "evidence" that their debt is not collectible.[6]

Seventh, this settlement ignores some critical aspects of debt collection practices. First, Class Members must be told (either before or after the allocation) how much of their debt has been repaid pursuant to the settlement. There is nothing to stop Defendant from selling the debt to another debt collector who will then operate under the assumption that the Class Member has no idea how much of his or her debt has been 'forgiven.' Further, the 'debt credit' might be considered a partial payment under some state's laws, which might 'revive' otherwise time-barred debts.

Finally, the amount of attorneys' fees is excessive. Given the illusory (or alternatively, 'negative' or 'pennies on the dollar') relief and inability for the Court to calculate the actual value to the Class (without further information), the fees requested by Class Counsel are plainly excessive. Plaintiff's attorneys fees should be calculated based on the actual value to the class, or alternatively, under the 'coupon settlement' provisions of CAFA.

---

[6] For many Class Members, this would mean hiring an attorney; in any event, the Class is not "ascertainable" since Class Members receiving Notice would have to make legal determinations as to which "sub-class" they are in. This lack of ascertainability dooms certification of the settlement Class.

| | |
|---|---|
| Dated: April 20, 2016 | Submitted respectfully, |
| | *(signature)* |
| | Erich Neumann |
| | Attorney and Objector / Class Member |

## **DISTRIBUTION LIST**

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Douglas J. Campion, Esq.<br>Law Offices of Douglas J. Campion, APC<br>17150 Via Del Campo, Suite 100<br>San Diego, CA 92127 | Edward D. Totino, Esq.<br>DLA PIPER LLP (US)<br>2000 Avenue of the Stars,<br>North Tower, 4th Floor<br>Los Angeles, CA 90067 |
| **CLERK OF THE COURT** | **CLAIMS ADMINISTRATOR** |
| Clerk of The Court Courtroom 3A<br>U.S. District Court<br>Southern District of California<br>221 West Broadway<br>San Diego, CA 92101 | In re: Midland TCPA Claims<br>Administrator<br>PO Box 30198<br>College Station, TX 77842-3198 |

**LEGAL NOTICE**
*In re: Midland Credit Management, Inc.
Telephone Consumer Protection Act Litigation,*
Case No. 11-MD-2286 MMA (MDD)

You may be included in a class action settlement alleging calls made to your cell phone and violations of the Telephone Consumer Protection Act. Your rights may be affected and you can submit a Claim to receive a payment.

If you were called on your cell phone by Midland Credit Management, Inc. ("MCM") during the period from November 2, 2006 through August 31, 2014 without your consent, your rights could be affected by a class action settlement. A settlement has been proposed in the above lawsuit, pending in the United States District Court for the Southern District of California (the "Court").

**Who Is Included?** You are included in the Settlement as a "Class Member" if (1) you live in the United States and (2) you received one or more calls to your cellular telephone in connection with debt collection at any time during the period from November 2, 2006 through August 31, 2014 from or on behalf of Midland Funding, LLC, Midland Credit Management or Encore Capital Group, Inc. ("Defendants") or their subsidiaries, affiliates or related companies (other than Asset Acceptance LLC, Atlantic Credit & Finance, Inc. and Propel Financial Services) using a dialer or by artificial or prerecorded voice message without prior express consent.

See important notice on the other side.

**MDD**

**In re Midland TCPA
Claims Administrator**
P.O. Box 30199
College Station, TX 77842-3199

PRESORTED
FIRST-CLASS
U.S. POSTAGE
PAID
YORK, PA
PERMIT NO.12039

Postal Service: Please do not mark barcode

Claim #: MDD - 14032014301  a032014

\*\*\*\*\*\*AUTO\*\*SCH 5-DIGIT 33139
04544973  i4544973  T5323  7262  000085
Erich Neuman
5 Island Ave Apt 3J
Miami Beach, FL 33139-1302

**What Is The Case About?** This class action arose out of allegations that Defendants called consumers on their cell phones for debt collection purposes without their prior express consent, with an automatic telephone dialing system or with an artificial or prerecorded voice message, in violation of the Telephone Consumer Protection Act. Defendants deny that they broke the law and deny doing anything wrong, and there has been no finding that Defendants have violated any laws.

**Summary Of The Settlement:** The recipients of this postcard notice have been identified in Defendants' records as having been called and are entitled to submit a claim and participate in this Settlement. Under the Settlement, which must be approved by the Court, Class Members who submit valid and timely claims, either online, by calling a toll-free telephone number, or by mail by downloading a claim form from that website and mailing it to the address below, may receive a recovery from the $15,000,000 settlement fund (the "Settlement Fund") which consists of a $13,000,000 debt forgiveness component and a $2,000,000 cash component. The particular recovery by each Class Member depends on if the Class Member owes Defendants on an existing account, and the amount of the credit depends on the number of valid claims submitted by persons with those existing accounts. If the Class Member owes Defendants nothing, or has no current account with Defendants, then that Class Member will receive a *pro rata* share of the $2,000,000 cash component, after certain deductions from that cash component for $7,500 in incentive payments and any Special Master fees. If at the time the claim is submitted the Class Member owes Defendants money on an account for which they are collecting, the Class Member will receive the lesser of (1) a *pro rata* share of the $13,000,000 of debt forgiveness; or (2) the amount that the Class Member is identified as owing to Defendants in their records. Defendants will pay separately from the Settlement Fund: 1) all costs of notice and claims administration, estimated to be approximately $3,350,000 and Class Counsel's attorneys' fees and costs in an amount subject to Court approval but not to exceed $2,400,000.

**How Do I Make a Claim?** You can make a claim online at www.MidlandTCPAsettlement.com, by calling 1-888-557-3460, a toll-free telephone number, or by mail by downloading a claim form from that website and mailing it to In re: Midland TCPA Claims Administrator, P.O. Box 30198, College Station, TX 77842-3198. If you received this postcard, to submit a claim, you need only provide the Claim Identification number on the front of the postcard, and a current address if the address is incorrect. The Settlement provides that any information about your current address or phone numbers provided to the Claims Administrator will *not* be provided to Defendants, but is retained solely by the Claims Administrator. The deadline for filing a claim is April 12, 2016. (The claims procedures for the group of Class Members that did not receive a postcard are different as explained on the Settlement Website www.MidlandTCPAsettlement.com.)

**Do I Have A Lawyer?** Yes. The Court has appointed the following lawyers to represent the Class: Douglas J. Campion of The Law Offices of Douglas J. Campion, APC, 17150 Via Del Campo, Suite 100, San Diego, CA 92127, and James O. Latturner of Edelman, Combs, Latturner & Goodwin, LLC, 20 South Clark St., Suite 1500, Chicago, IL 60603 ("Class Counsel"). The lawyers will be paid separate and apart from the Settlement Fund.

**What Should I Do?** You should get more information from the settlement website (www.MidlandTCPAsettlement.com) or from the Claims Administrator by calling the phone number below and make a decision about what your legal rights are. Basically, as a Class Member, you have four options:
(1) Do nothing. If you do nothing, you will not receive a share of the Settlement Fund and you give up your rights to sue Defendants about the lawsuit's legal claims.
(2) You can submit a Claim to the Claims Administrator to request a share of the Settlement Fund by April 12, 2016. If your Claim is approved, you will be bound by the Court's decision in the lawsuit. You will not have the right to sue separately about the issues in the lawsuit. You can submit a claim as set forth above.
(3) You can remain a Class Member but object to the Settlement. To do so you must send a letter (not an email) identifying yourself as a Class Member and explaining why you object. Your objection must be sent to Class Counsel, defense counsel and the Court and be postmarked no later than April 22, 2016. You may choose to pay for and be represented by a lawyer who may submit the objection for you. See the Class Notice ("FAQs") on the settlement website for the requirements for objecting to the settlement, defense counsel's address or appearing at the hearing.
(4) You can exclude yourself from the Settlement, and be able to sue Defendants about the facts at issue in the lawsuit, by mailing a letter (not an email) to the Claims Administrator (not the Court), with a copy to Class Counsel and Defendants' Counsel. You must include in writing your name, address, signature, and a statement that you meet the criteria of the Class but wish to be excluded from the Class. The request must be postmarked no later than April 22, 2016. See the Class Notice ("FAQs") on the settlement website for the requirements for excluding yourself from the Settlement.

**Scheduled Hearing:** The United States District Court for the Southern District of California, located at 221 West Broadway, San Diego, CA, 92101, will conduct a fairness hearing on whether to approve the Settlement and, if so, will determine what fees and expenses should be award to Class Counsel and whether a $2,500 incentive payment should be awarded to each of the three Class Representatives. The hearing is presently scheduled for August 26, 2016 at 9:00 a.m., in Courtroom 3A but may be changed. Any Class Member may enter an appearance with the Court through an attorney. For more information, visit www.MidlandTCPAsettlement.com or contact the Claims Administrator at 1-888-557-3460, or write to In re: Midland TCPA Claims Administrator, P.O. Box 30198, College Station, TX 77842-3198. Para ver este aviso en español, visite www.MidlandTCPAsettlement.com.

**EXHIBIT A**

ERICH B NEUMANN PL
5 ISLAND AVENUE, SUITE 3J
MIAMI BEACH, FL 33139

CERTIFIED MAIL

7015 1520 0000 5484 6439

U.S. POSTAGE
PAID
MIAMI BEACH, FL
33139
APR 20, 16
AMOUNT
$5.33
R2304H109687-02

Clerk of The Court Courtroom 3A
U.S. District Court
Southern District of California
221 West Broadway
San Diego, CA 92101

1897590