UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11-md-2286-MMA (MDD)<br><br>Member Cases:  10-cv-02221<br>                           10-cv-02600<br>                           10-cv-02368<br>                           10-cv-02370<br><br>REPORT AND RECOMMENDATION OF SPECIAL MASTER RE: OBJECTION TO THE SETTLEMENT |

I

## PRELIMINARY STATEMENT AND BACKGROUND TO SETTLEMENT

After lengthy settlement negotiations over a two-year period, including eleven (11) mediation sessions, Class Counsel negotiated a settlement with defendants Midland Funding LLC (Midland Funding), Midland Credit Management, Inc. (MCM) and Encore Capital Group, Inc. (Encore) (collectively referred to as "Midland" or "Defendants"). Under the settlement terms, Defendants will be committed to pay over $20 million in cash and credits as follows: $13 million in credits on existing accounts, $2 million in cash payments, approximately $3.5 million to be paid for costs of notice and claims administration and, if approved by this Court, $2.4 million for attorney fees and costs of

1

litigation. If final approval is granted, the net proceeds of the Settlement Fund will be distributed to class members on a pro rata basis; no cash settlement funds will revert back to Defendants.

The Special Master understands from information provided by the Claims Administrator that approximately 330,000 class members have submitted claims under the Settlement terms. Based upon the claims made, each class member who presently owes money to Defendants will receive a credit of approximately $58.00 against the amount still owed. Each Class Member who does not owe a debt to Midland will receive a cash payment of approximately $23.00.

In accordance with the appointment of the Special Master, a report and recommendation was to be prepared concerning Class Members who submitted objections to the Settlement. The Special Master has received from the Claims Administrator copies of all timely written objections of class members (which have been reviewed). As discussed below, in total, 32 "objections" were submitted. However, 15 of the "objections" were not true objections to the Settlement. In addition, three other objections to the Settlement have been withdrawn, leaving 14 remaining objections for consideration. A list of all written Class Member objectors received by the Special Master is attached as Exhibit 1.

## II

## HEARING ON OBJECTIONS TO SETTLEMENT

On August 17, 2016, the Special Master conducted a hearing on the objections to the Settlement at the offices of Judicate West, 402 West Broadway, Suite 2400, San Diego, California. The objecting class members were provided with notice of the hearing and call-in numbers to participate telephonically prior to the hearing date.

Appearing at the hearing on behalf of Plaintiffs and Class Counsel were Douglas J. Campion, Esq., with James O. Latturner, Esq. and Francis Greene, Esq. appearing telephonically. The Defendants were represented by Edward Totino, Esq. and William Boggs, Esq. Also appearing was John Davis, Esq. on behalf of Objector Steven F. Helfand. No other objectors or their representatives appeared in person or called into the hearing on the designated call-in number.

## III

## DISCUSSION OF OBJECTIONS

A. **NON-OBJECTIONS**

As noted previously, fifteen (15) of the written "objections" were not actually objections to the Settlement. Rather, they were miscellaneous comments about the Settlement or Defendants' collection practices which are not governed by the TCPA. These written "objections" are identified and discussed briefly below:

1. Class Member Ahmed complained about collection practices and Class Member Mitchell disputed the balance on her account;

2. Class Member Evans discussed her health situation, but asked for no relief;

3. Class Member Cox asked for a formal apology for harassment;

4. Class Member Rodriguez objected to there being "no admission of liability" in the Settlement;

5. Class Member Kiff raised a concern about the Defendants' ability to keep his personal information secure;

6. Class Member Garcia believed the collection activities of the Defendants should subject its principals to criminal prosecution;

7. Class Member Rosado disputed her debt with creditor "T-Mobile" and submitted its bill to her;

8. Class Members Wallis, Quick and James Gregory (and implicitly Denise Gregory) believed they were entitled to greater compensation for unauthorized calls;

9. Class Member Thier-Arnaiz complains about the Defendants' collection practices and not receiving the notice in time to file a timely claim;

10. Class Member Wratislaw's objection is virtually illegible;

11. Class Member Steven Vanscoy notes that both he and his wife (Maria) were repeatedly called by the Defendants;

12. Class Member Sweeny gives notice that he will not appear at the Fairness Hearing before this Court.

The Special Master recommends to this Court that the above (15) objections should be disregarded and rejected.

4

B.   OBJECTIONS TO SETTLEMENT TERMS

A number of objections received by the Claims Administrator relate to the terms of the Settlement and are discussed briefly below:

1.   Class Member Turner believed that the $2,500 cash incentive awards to the three named plaintiffs were insufficient and should be at least $10,000 for each plaintiff;

2.   Class Member Parris-Pierre objected to the cutoff date of the Settlement because "Midland" had continued to call her up to March 2016;

3.   Class Member Thiecke believed the named plaintiffs were receiving $10,000 incentive awards; and the class was receiving de minimis recovery based upon a misunderstanding that all potential class members would be submitting claims for payment;

4.   Class Member Beling objects (and also seeks to opt out) because he believes the Settlement could have the effect of re-starting the statute of limitations on his debt. However, the Settlement Agreement section 20.03 stated otherwise;

5.   Class Members Ferdinand and Perry raise concerns that the Defendants have either sold or assigned their debt to third parties so they would not have documentation that their debt has been "dismissed with prejudice." However, the Settlement Agreement does not dismiss or wipe out debts;

6.   Class Member Charonis, without explanation, states that "Midland is not paying enough to fairly settle the case of their telephone harassment";

7. Class Member Faucette states in conclusory fashion that "I believe the settlement should be $20,000,000 for debt reduction and $5,000,000 for cash settlement" and he would consider a "counter offer."

8. Class Member Linko states the settlement violates a previous "Consent Order" with the Consumer Financial Protection Bureau (CFPB) "and fails to compensate her attorney for work performed prior to the case being included in the "Multi-District Litigation." The attorney, Vicki Piontek, Esq. has not submitted a claim for compensation.

The Special Master recommends to this Court that these nine (9) objections be denied by this Court as not providing sufficient reasons or foundation for the objections.

C. REMAINING OBJECTIONS

The remaining objections to the Settlement have been submitted by attorneys who Class Counsel has referred to as "serial objectors" or "professional objectors" in that they have a prior history of making objections in other class action settlements. The attorneys and their Class Member clients are Attorney Donald A. Yarbrough on behalf of three Class Members (Outten, Sclafani and Schwimmer); Attorney Matthew Kurilic had filed an objection on behalf of Class Member Van de Voorde which has been withdrawn. However, Attorney Yarbrough has adopted or incorporated the Van de Voorde objection on behalf of his three Class Member clients.

Attorney Class Member Steven F. Helfand has raised an objection to the Settlement's "clear sailing" provision – the provision that Defendants will not object to a

petition for fees and costs in the amount of $2.4 million or less (Agreement, § 5.05) He also claims the entire Settlement is illusory in that the attorneys are making money on the release of non-existent debt. The Special Master believes that Helfand's objection should be rejected as it relates to the Settlement Approval. This objection may be more appropriately considered regarding the Class Counsel petition for attorney fees. Helfand's counsel raised additional objections at the hearing which are discussed later in this Report and Recommendation.

Attorney Class Member Erich Neuman also objects to the Settlement's "debt forgiveness" relief for Class Members and the preferential treatment for Class Members who receive cash over those who receive a "debt credit." He also objects to notice being inadequate and excessive attorney fees.

D. DISCUSSION OF SPECIFIC OBJECTIONS TO SETTLEMENT TERMS

The Special Master recognizes that objectors can provide assistance to the parties, the Court and Class Members by pointing out problems and issues in a proposed settlement. However, the Special Master is also aware that "serial" or "professional objectors" use the class action process to obtain payments from the settlement to avoid unnecessary delays and litigation with unmeritorious objections and possible appeals.

The Special Master observes that the issues for discussion stem from the withdrawn objection of Class Member Van de Voorde, having been incorporated by reference by Attorney Yarbrough on behalf of his Class Member clients.

1. The Release Is Not Overbroad

Contrary to objector's argument, the Release was in fact narrowly tailored to encompass the claims asserted in this litigation (§§ 16.01-16.02). The Settlement Agreement releases (a) claims relating to calls made between November 2, 2006 and August 31, 2014 (Class period) and (b) claims under either the TCPA or state laws placing calls using an artificial or prerecorded voice, or any automated process or technology (§ 16.01). Claims under the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, or other federal or state law that regulates debt collectors are not released. In the opinion of the Special Master, this objection should be denied by this Court.

2. The Settlement Does Not Violate The CFPB Consent Order

On September 3, 2015, the Defendants entered into a Consent Order with the Consumer Financial Protection Bureau (CFPB). The Consent Order identified certain of Defendants' collection practices as unlawful and prohibited those practices, as follows:

> "From making any representation, expressly or by implication, that a Consumer owes a Debt to Encore or as to the amount of a Debt owed or allegedly owed to Encore unless, at the time of making the representation, Encore can substantiate the representation." (Consent Order, § 129.)

The Van de Voorde objection disputes that the Defendants can substantiate their claims that certain Class Members owe them money and, therefore, Defendants "cannot be permitted to apply 'credits' to Class Member accounts" because Defendants do "not know with certainty that all 'open' accounts are supported and enforceable (at p. 5). The

Special Master finds this objection to be without merit. The Settlement provides that Class Members were notified by the Claims Administrator that they could contest the Defendants' claim that they owed money to Defendants. The opportunity to contest the alleged debt is stated in the Class Administrator's July 6, 2016 letter, and a toll-free number was provided to Class Members. The Special Master is informed that 14,788 Class Members did so and were automatically shifted to the Cash Component Class Member group.

Van de Voorde's objection and Class Member Bass also claim that the Settlement should not receive final approval until the Defendant[s] can demonstrate each "open" account satisfies the CFPB Consent Order. However, this action is not an action to monitor or enforce the Consent Order.

3. Debt Reduction Credits Provided to Class Members

The objectors made the assertion that the debt reduction credits provided to Class Members are illusory (in addition to allegedly violating the Consent Order) for those Class Members whose accounts are barred by the statute of limitations. The Consent Order does not prohibit Defendants from attempting to collect debts after the statute of limitations has run by means other than lawsuits. Further, in only two states – Wisconsin and Mississippi – does the expiration of the statute of limitations preclude any further collection of a time-barred debt. The Special Master recognizes that "debt reduction" is not the equivalent of a cash payment. Nevertheless, the Special Master's experience with

debt collection TPCA class action settlements demonstrates that "debt reduction" is frequently used and approved in those cases.

### 4. The Settlement Cash Component to Class Members

The Van de Voorde objection argues that the cash component of the Settlement ($2 million) is too little in relation to the scope of the Release provided to Defendants, citing *Vassalle v. Midland Funding, LLC*, 708 F.3d 747 (6th Cir. 2013). According to Van de Voorde, the "Sixth Circuit Court found a settlement involving Midland was unfair to class members because the cash relief of $17.38 was de minimis compared to the benefits obtained by the Class Representatives who received thousands of dollars in benefits as a result of the settlement" (p. 8). As Class Counsel points out, the Sixth Circuit expressly declined to rule on the appropriateness of the plaintiffs' monetary incentive awards. (*Vassalle*, 708 F.3d at p. 756.) Rather, the Sixth Circuit objected to the named plaintiffs receiving a release of their debts when class members' debts were not being released. (*Id.*, at pp. 755-756.) Here, the named plaintiffs are receiving a monetary incentive payment and no special treatment with respect to their debts with the Defendants. This objection should be denied.

### 5. Settlement Provisions for Attorney Fees and Costs

Objector Van de Voorde argues that Class Counsel attorney fees and costs should be reduced to "a reasonable percentage of the total cash relief 'because Class Members are giving up valuable claims and defenses in exchange for little to no relief'" (p. 10). As with objector Helfand's objection to the Settlement's "clear sailing" provision, the Special

Master believes that these objections are better served in opposing the attorney fees and costs petition rather than the Settlement Approval. Nevertheless, the objectors have presently provided nothing more than generalized objections to the attorney fees provision of the Settlement and should be denied.

6. Class Notice

Objectors Schwimmer, Sclafani, Outten and Helfand argue that the class notice provided in this case does not meet the due process standard. They point out the notice does not allow a class member without an open account to determine the cash portion of the Settlement. Hence, insufficient information would be available to decide whether to file a claim or opt out. The Special Master disagrees since Class Members are receiving a pro rata share of a cash settlement fund. Accordingly, the Class Members cannot ascertain prior to the opt-out deadline the exact amount of the cash portion.

Objector Schwimmer objects that no attempt was made to send postcard notice to Class Members who may have been called by the Defendants (possibly by mistake), but did not have any past or present collection account and did not owe money to the Defendants. In fact, there were significant efforts to send notice to such Class Members by publication notice. What Schwimmer suggests would be prohibitively expensive to provide direct notice to the millions of Class Members whose names and addresses were not in the Defendants' data base or records and not reasonably ascertainable.

Class Member objector Helfand also takes issue with class notice, calling it "incomprehensible" and "misleading." However, his assertion that he is unaware who the

Defendants are or which debts are affected by the Settlement is difficult to understand where the notice provided cost over $3 million.

7. "Fail-Safe" Settlement Class Definition

Class Member Van de Voorde argues (pp. 2-3) that the class is an impermissible "fail safe" class that is unascertainable because the Class definition would allow putative Class Members to avoid the effects of res judicata if they do not succeed on the merits of their claims. Here, the Defendants have agreed to a fail-safe class definition for settlement purposes only. There can be no res judicata effect with respect to Class Members. Van de Voorde's other objections to the class definition are equally devoid of merit and should be denied.

8. Hearing Objections of Steven F. Helfand

Attorney John Davis, Esq. appeared at the August 17, 2016 hearing on behalf of Objector Class Member Steven F. Helfand. Additional objection grounds were raised which were not part of Helfand's written objection filed on April 19, 2016. Nevertheless, the Special Master allowed Helfand to state the objections for the record.

Objector Helfand argued that the Settlement terms did not allow the Class Members to access the tax consequences of the debt reduction to their accounts. Class Counsel responded that this issue was discussed during settlement negotiations where it was determined that the debt forgiveness has to be in excess of $600 to be reportable. No individual debt reduction to a Class Member will exceed $600.

Objector Helfand also questioned the valuation of the Settlement in that: (1) there was no information as to Midland's cost of acquiring the debt; (2) would the debt reduction credit be retained should Midland later re-sell the debt to another debt collector; and (3) is Midland applying credits to debts that have already been written off or barred by the statute of limitations.

The Special Master recommends that these belated objections by Helfand be rejected by this Court. The cost of acquiring the debt is irrelevant to Class Members who are having their debt reduced. The Class Members will have a record of the debt reduction should the debt be re-sold by Midland. The statute of limitations argument has been previously discussed in this Report and Recommendation.

IV

SPECIAL MASTER'S RECOMMENDATION

The Special Master understands that the Class Members' reaction to the Settlement terms has been positive and favorable. *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992). Courts often conclude that settlement is fair, adequate and reasonable when relatively few class members object to it. See, e.g., *Churchill Village LLC v. Gen. Electric*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement approval where 45 of the approximately 90,000 notified class members objected and 500 opted out).

The Class Administrator has reported a positive response by the over 6 million Class Members who received the court-ordered class notice. Only 14 Class Members submitted timely written objections as discussed in this Report and Recommendation.

There were 446 Class Members who opted out of the Settlement (including 11 late opt-outs). The objections and opt-outs represent a very small percentage (less than a tenth of one percent) of the almost 329,755 claims. This response demonstrates the broad class-wide support for the Settlement. (See, Declaration of Eric Robin, Claims Administrator Project Manager, dated August 12, 2016.)

For all the above reasons, the Special Master respectfully recommends that this Court deny all the objections to the Class Action Settlement.

DATED: AUGUST 23, 2016

HERBERT B. HOFFMAN
Judge of the California Supreme Court (Ret.)
Special Master

# EXHIBIT 1

| LAST NAME | FIRST NAME |
|---|---|
| Ahmed | Nidris |
| Bass | Loraine |
| Beling | James J. |
| Charonis | David |
| Cox | Sheri O. |
| Evans | Therasa V. |
| Faucette | Maurice |
| Ferdinand | Erin |
| Garcia | Stanley |
| Gregory | Denise |
| Gregory | James F. |
| Helfand | Steven |
| Kiff | Stephen G. |
| Linko | Nicholas L. |
| Mitchell | Frances |
| Neuman | Erich |
| Outten | Davon L. |
| Perry | Keya |
| Pierre | Michelle |
| Quick | Joey |
| Rodriguez | Mariza D. |
| Rosado | Yolanda Ivette |
| Schwimmer | Carole |
| Sclafani | Lawrence |
| Sweeny | Patrick |
| Thiecke | Matthew |
| Thier | Jessica E. |
| Turner | Karl R. |
| Van de Voorde | Rhadiante |
| Vanscoy | Steven Jay |
| Wallis | Donald |
| Wratislaw | Heather |

EXHIBIT 1