John W. Davis (200113)
john@johnwdavis.com
Law Office of John W. Davis
501 W. Broadway, Suite 800
San Diego, California 92101
Telephone: (619) 400-4870
Facsimile: (619) 342-7170

*Attorney for Objector Steven F. Helfand*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11-md-2286-MMA (MDD)<br>Member Cases: 10-cv-02261<br>　　　　　　　　　10-cv-02600<br>　　　　　　　　　10-cv-02368<br>　　　　　　　　　10-cv-02370<br><br>CLASS ACTION<br><br>DECLARATION OF JOHN W. DAVIS; REQUEST TO WITHDRAW OBJECTION OF STEVEN F. HELFAND |

I, John W. Davis, affirm the following:

1. I am counsel for class member Steven Helfand in this action. I am licensed to practice law in California and this Court. If called as a witness, I would competently testify to the matters herein from personal knowledge.

2. On or about April 9, 2016, Mr. Helfand ("Objector" or "Helfand") timely filed his Objection to the Settlement. Objector raised concerns regarding the nature of debt being released as a condition of settlement, and whether the debt "credits" would be properly reported to the credit reporting agencies ("CRAs")

3. I have spoken with Plaintiffs' co-lead counsel Douglas J. Campion regarding concerns my client has about making certain the credits are applied to the class members' respective accounts and also reported to the CRAs. I discussed these issues with Mr. Campion and he informs me that he spoke with Midland's counsel Ed Totino about these concerns. He stated to me that Mr. Totino acknowledged that Midland had a duty to apply the credits as part of its obligation under the Settlement and intended to do so. Also, he stated in response to my inquiry that Mr. Totino inquired of Midland about the manner in which Midland reported to the CRAs any payments made on any of Midland's accounts. Mr. Totino stated that he learned such reports are made on a monthly basis, and the credits applied to the accounts would also be reported to those credit reporting agencies on a monthly basis.

4. In light of my conversations with Class Counsel, I am informed that Midland will apply the credits once the settlement is given final approval, and that Midland intends to notify the CRAs of these credits on a monthly basis. I further understand Midland's counsel will confirm the foregoing on the record at the upcoming fairness hearing.

5. Midland's agreement to confirm on the record that credits issued pursuant to the underlying settlement shall be properly reported to the CRAs substantially resolves Mr. Helfand's objection. Accordingly, in light of, and subject to this representation, Mr. Helfand respectfully requests to withdraw his objection to the proposed settlement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 4, 2016 pursuant to the laws of the United States.

                                                          s/ John W. Davis
                                                            John W. Davis

# **CERTIFICATE OF SERVICE**

I, John W. Davis, hereby certify that on September 4, 2016 a copy of the foregoing DECLARATION OF JOHN W. DAVIS; REQUEST TO WITHDRAW OBJECTION OF STEVEN F. HELFAND was served on all counsel of record who are registered with the Court's electronic case filing (ECF) system by operation of the ECF system.

                                                     s/ John W. Davis
                                                     John W. Davis