**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AYZA CORUJO CANTER and STEVEN M. CANTER,<br><br>Plaintiffs,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No.: 3:14-cv-02939-MMA-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Doc. No. 48 |

Defendant Midland Credit Management Inc. ("Defendant") moves to dismiss all of Plaintiffs Ayza and Steven Canter's ("Plaintiffs") claims that Defendant alleges were released on December 2, 2016 as a result of a class action settlement (the "Class Settlement") in the multidistrict litigation ("MDL") that this action is a member of. *See In Re: Midland Credit Management, Inc. Telephone Consumer Protection Act Litigation*, No. 11-md-2286-MMA-MDD (hereinafter "*Midland MDL*"). For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion. The Court **DISMISSES** Plaintiffs' Telephone Consumer Protection Act ("TCPA") claims, and **SUGGESTS** that the Judicial Panel on Multidistrict Litigation ("the MDL Panel") **REMAND** this action to the District Court for the Southern District of Florida to address Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA") claims.

# BACKGROUND

On August 18, 2014 Plaintiff Ayza Canter filed this action against Defendant in the United States District Court for the Southern District of Florida alleging violations of the FDCPA, 15 U.S.C. § 1692 *et. seq.*, the FCCPA, Fla. Stat. § 559.55 *et. seq.*, and the TCPA, 47 U.S.C. § 227 *et seq.*[1] On December 11, 2014, the MDL Panel transferred this action to this Court to be litigated as part of the Midland MDL. *See* Doc. No. 38. The Midland MDL consists of cases alleging violations of the TCPA. *See Midland MDL*, Doc. No. 1.

On December 2, 2016, the Court granted final approval of the Class Settlement in the Midland MDL. The Class Settlement resolved all TCPA claims by class members against Defendant for calls made from November 2, 2006 to August 31, 2014. Specifically, the Class Settlement released all claims by class members against Defendant:

> relating to the making, placing, dialing or initiating of calls using an automatic telephone dialing system or artificial or prerecorded voice, any and all claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder or related thereto, and any and all claims for violation of any laws of any state that regulate, govern, prohibit or restrict the making, placing, dialing or initiating of calls using an automatic telephone dialing system, an artificial or prerecorded voice, or any automated process or technology . . . .

*Midland MDL*, Doc. No. 281-3.

Class members had the right to opt out of the settlement or to object to the terms of the Class Settlement. *Midland MDL*, Doc. No. 281-3. On December 12, 2016, the Court ordered Plaintiffs to file a Status Report identifying any remaining claims not released by the Class Settlement, as it appeared that Plaintiffs had not opted out of the Class

---

[1] On February 25, 2015, Plaintiff filed the First Amended Complaint ("FAC"), adding Steven M. Canter as a Plaintiff. The allegations of the FAC remain otherwise the same.

Settlement. *See* Doc. No. 44-45. Plaintiffs did not file a Status Report in response to the Court's Order. Accordingly, on January 1, 2017, the Court issued an Order to Show Cause requiring Plaintiffs to explain why Plaintiffs' case should not be dismissed by February 6, 2017. *See* Doc. No. 45.

On February 7, 2017, Plaintiffs filed a response to the Order to Show Cause and included a "Status Report."[2] *See* Doc. No. 46. In the Status Report, Plaintiffs state that their TCPA claims were "swept up into the Class Settlement." *See* Doc. No. 46. However, Plaintiffs contend that their FDCPA and FCCPA claims remain. The Status Report also contained a request to transfer Plaintiffs' claims back to the United States District Court for the Southern District of Florida for adjudication. *See* Doc. No. 46. On March 24, 2017, Defendant filed the instant motion to dismiss. Defendant moves to dismiss Plaintiffs' TCPA claims as well as Plaintiffs' FDCPA and FCCPA claims to the extent that they rely on the use of an automatic telephone dialing system ("ATDS"), artificial or prerecorded voice, or any automated process or technology. *See* Doc. No. 48.

## LEGAL STANDARD

### 1. Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of

---

[2] Accordingly, Plaintiffs filed their response one day late. The Court notes that it could dismiss this case pursuant to Rule 41 based solely on Plaintiffs' failure to submit a timely Status Report. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962); *see* Fed. R. Civ. P. 41(b) (stating involuntary dismissal is appropriate "[i]f the plaintiff fails…to comply with…a court order"); *see, e.g.*, *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). However, because Plaintiffs submitted a Status Report with their response the Court's Order to Show Cause and Defendants did not move to dismiss on Rule 41 grounds, the Court declines to dismiss this action pursuant to Rule 41. The Court addresses the merits of Defendant's motion to dismiss below.

the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

**2. Remand**

Pursuant to 28 U.S.C. § 1407, the JPML is authorized to "separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded." *See* 38 U.S.C. § 1407(a). Further, "the [JPML] may remand an action or any . . . claim within it, upon . . . the transferee court's suggestion of remand." J.P.M.L.R. 10.1(b). "Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *See* 28 U.S.C.A. § 1407(a). "In considering the question of remand the [JPML] has consistently given great weight to the transferee [court]'s determination that remand of a particular action at a particular time is appropriate . . . ." *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).

//
//
//

## DISCUSSION

**1. Defendant's Motion to Dismiss**

   *a. Plaintiff's TCPA Claims*

Rule 23 demands that class members who did not timely opt out of the Class Settlement lose their ability to litigate their TCPA claims separately. Fed. R. Civ. P. 23(c)(2)-(3); *see In re Cement Antitrust Litig. (MDL No. 296)*, 688 F.2d 1297, 1309 (9th Cir. 1982). Plaintiffs do not contest that they are members of the settlement class and did not timely opt out of the Class Settlement. Plaintiffs are therefore bound by the Class Settlement, and their TCPA claims have been released.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss as to Plaintiffs' TCPA claims, and **DISMISSES** Plaintiffs' TCPA claims with prejudice.

   *b. Plaintiff's FDCPA and FCCPA Claims*

Defendant argues that some of Plaintiffs' FDCPA and FCCPA claims should be released because they stem from the same factual predicate as Plaintiffs' TCPA claims. *See* Doc. No. 48. Thus, Defendant argues the Court should dismiss Plaintiffs' FDCPA and FCCPA claims.

"It is well-settled that in order to achieve a comprehensive settlement . . . a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133–34 (9th Cir. 2008) (quoting 4 Newberg on Class Actions § 12:15); *see Hesse v. Spring Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (holding that a lack of an identical factual predicate as between the plaintiff's claims and the settled class action claims barred preclusion of the plaintiff's claims). However, the facts underlying Plaintiffs' FDCPA and FCCPA claims and the claims released under the Class Settlement are not identical. *See Midland MDL*, Doc. No. 434 at 23-24. Neither of the provisions of the FDCPA or FCCPA that Plaintiff asserts claims under require the use of an ATDS,

prerecorded or artificial voice, or any automated process or technology. *See* 15 U.S.C. § 1692(d); Fla. Stat. § 559.72(7).

Specifically, Plaintiffs allege violation of section 1692d(5) of the FDCPA, which prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." *See* 15 U.S.C. § 1692d(5). Although Plaintiffs allege Defendant used an ATDS in the First Amended Complaint, Plaintiffs' FDCPA claims do not require proof of the use of an ATDS, artificial or prerecorded voice, or any automated process or technology. Rather, FDCPA claims under § 1692d(5) require proof of annoying, abusive, or harassing conduct through repeated or continuous telephone ringing or conversation, regardless of whether the means are automated. Thus, the facts underlying Plaintiffs' FDCPA claims are not identical to the facts underlying the claims released by the Class Settlement.

Similarly, Plaintiff alleges a violation of section 559.72(7) of the FCCPA. That provision prohibits a debt collector from willfully communicating with a debtor or their family "with such frequency as can reasonably be expected to harass the debtor . . . or willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor." *See* Fla. Stat. § 559.72(7). Accordingly, the focus of section 559.72(7) is the harassing nature of a debt collector's communications or conduct, regardless of the debt collector's particular methods. Notably, the provision does not require the debt collector to have used an ATDS, artificial or prerecorded voice, or any automated process or technology in their communications with or conduct toward the plaintiff. Again, the Class Settlement only contemplated claims turning on the use of such technology. Therefore, the underlying facts of Plaintiffs' FCCPA claim and the claims released by the Class Settlement are not identical.

While there may be overlap between the purpose of the TCPA and the rights protected by the FCCPA and FDCPA, the relevant provisions of the FDCPA and FCCPA focus on the abusive and harassing nature of the conduct of debt collectors, and do not

require the use of an ATDS, artificial or prerecorded voice, or any automated process or technology. *See* 15 U.S.C. § 1692(d); Fla. Stat. § 559.72(7). Thus, the Class Settlement did not contemplate settlement of such claims.

Accordingly, the Court **DENIES** Defendant's motion to dismiss as to Plaintiffs' FDCPA and FCCPA claims.

### 2. Plaintiff's Request for Remand[3]

Plaintiffs request the Court transfer this action to its original jurisdiction in the Southern District of Florida. Defendant opposes remand, arguing that each claim that Plaintiffs seek to remand alleges the use of an ATDS. Defendant argues the claims share a common factual core with the other member cases of the MDL seeking relief under the TCPA, and that discovery regarding issues with a common factual core is not complete in this District. *See* Doc. No. 48-1; *In Re: Midland Credit Management, Inc.*, Doc. No. 443. For the reasons set forth below, the Court suggests remand to the Southern District of Florida.

First, as discussed above, the Plaintiffs' FDCPA and FCCPA claims do not share a common factual core with the claims released in the Class Settlement. As the Court noted, Plaintiffs' non-TCPA claims do not turn on the use of an ATDS, artificial or prerecorded voice, or any automated process or technology, as the released claims do. Any remaining discovery in the MDL will not be relevant—or will have minimal relevance—to Plaintiffs' remaining claims to the extent that it would be more efficient to adjudicate them here rather than in the Southern District of Florida. Accordingly, remand would be in the interests of judicial efficiency.

Second, remand would best serve the convenience of the Parties. According to their Amended Complaint, Plaintiffs live and work in Palm Beach County, Florida. *See* Doc. No. 38. As such, they originally filed this action in the Southern District of Florida

---

[3] While neither party has filed a motion to remand, Plaintiffs request remand in their Status Report. *See* Doc. No. 46.

before its transfer here.  *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Daisley v. Blizzard Music Ltd. (US)*, No. 3:16-CV-00519-HDM-WGC, 2017 WL 706605, at *2 (D. Nev. Feb. 22, 2017).  The burden on Defendant to litigate in Florida is minimal as compared with the inconvenience to Plaintiffs to continue litigating in California—a forum with which Plaintiffs have little or no connection to.

Third, the Southern District of Florida is best suited to address Plaintiffs' FCCPA claims.  Plaintiffs' claims arise from conduct allegedly committed in the Southern District of Florida.  Moreover, the District Court for the Southern District of Florida is better situated to decide matters of Florida state law.

In sum, the sole remaining claims are not claims contemplated by the MDL that this action was transferred to be a part of.  Remand to the Southern District of Florida best serves the relevant interests of the judiciary and the Parties in terms of convenience, efficiency, and familiarity with the relevant law.

Accordingly, the Court **SUGGESTS** that the MDL Panel **REMAND** this action to the District Court for the Southern District of Florida for adjudication.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.  *See* Doc. No. 48.  The Court **DISMISSES** Plaintiffs' TCPA claims and **SUGGESTS** that the MDL Panel **REMAND** this action to the District Court for the Southern District of Florida for further proceedings.

The Clerk of Court is instructed to forward a certified copy of this Order to the United States Judicial Panel on Multidistrict Litigation.

**IT IS SO ORDERED.**

Dated:  June 28, 2017

Hon. Michael M. Anello
United States District Judge