# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | MDL No.: 2286<br><br>**ORDER STRIKING FDCPA CAUSE OF ACTION FROM CONSOLIDATED AMENDED COMPLAINT** |

On October 20, 2017, Plaintiffs Curtis Bentley and William Baker, individually and on behalf of all others similarly situated, filed a Consolidated Amended Complaint ("CAC") against Defendants Midland Credit Management, Inc., Midland Funding LLC, and Encore Capital Group, Inc. (collectively, "Midland") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (hereinafter, "TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") in this multidistrict litigation ("MDL"). Doc. No. 538 ("CAC"). With respect to the FDCPA cause of action, Plaintiffs allege that Defendant Midland Credit Management, Inc. "failed to provide to Plaintiffs the required notice" pursuant to the FDCPA and seek to represent a class of "[a]ll natural persons in the United States who were not sent an initial collection letter containing the validation notice required by 15 U.S.C. § 1692g, within five days after the first telephone communication from [Midland Credit Management, Inc.], seeking to collect a debt for personal, family, or household purposes, on or after August 5, 2015, (e) that was not returned by the postal service." CAC, ¶¶ 104-09, 113.

The Transfer Order creating this MDL specifies the plaintiffs in the member actions allege that Midland "violated the federal [TCPA] by placing debt collection calls to debtors' cell phones using an automated system, without the debtors' consent." Doc. No. 1 at 1. Based on the TCPA allegations, the Judicial Panel on Multidistrict Litigation ("the Panel"), found that "[d]iscovery into the defendants' policies and practices with respect to *calling procedures* likely will be necessary across the . . . actions, and centralization will eliminate duplicative discovery and prevent inconsistent pretrial rulings." *Id.* (emphasis added). The Panel did not transfer cases into this MDL to handle FDCPA claims or to coordinate any discovery, other than that related to Midland's use of an automated telephone dialing system ("ATDS"). *See id.* Accordingly, the Court ordered Lead Plaintiffs and Midland to file a brief addressing why the FDCPA claim in the CAC should not be stricken for exceeding the boundaries of the Panel's Transfer Order. Doc. No. 561.

Federal Rule of Civil Procedure 12(f) empowers the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may do so on its own motion and deciding whether to strike all or a portion of a pleading lies within the Court's discretion. *Id.*; *see also In re Beef Industry Antitrust Litigation*, 600 F.2d 1148, 1168-69 (5th Cir. 1979) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807 (1969)). "An 'impertinent' allegation is neither responsive nor relevant to the issues involved in the action and which could not be put in issue or given in evidence between the parties. An 'impertinent' matter consists of statements that do not pertain and are unnecessary to the issues in question." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (citing *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120 n.6 (D. P.R. 1972); *Fogerty v. Fantasy, Inc.*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

Lead Plaintiffs argue that the FDCPA cause of action should not be stricken from the CAC for three reasons. Doc. No. 566. First, the Court has federal question

jurisdiction over FDCPA claims. *Id.* at 2. Second, the Panel contemplated this MDL to include FDCPA claims because FDCPA claims may involve common questions of fact with TCPA claims and because two of the four original complaints contained FDCPA causes of action. *Id.* at 3; *see also Martin v. Midland Credit Management, Inc., et al.*, No. 1:11-cv-03104 (N.D. Ill. Filed July 14, 2011), Doc. No. 17; *Scardina v. Midland Credit Management, Inc., et al.*, No. 1:11-cv-03149 (N.D. Ill Filed Aug. 18, 2011), Doc. No. 43. Third, the Court lacks authority to strike the FDCPA cause of action under Federal Rule of Civil Procedure 12(f). *Id.* at 4-5. However, Lead Plaintiffs contend that "if the Court is concerned that [FDCPA] claims are outside the scope of the MDL, the proper course of action would be either to proceed to discovery with the complaint as-is, or to stay the FDCPA claims until the TCPA claims are resolved." *Id.* at 5. Midland "has no objection to the Court striking the FDCPA claim from the [CAC] . . . [and] has no objection to Lead Plaintiffs' suggestion that the Court stay the FDCPA claim until the TCPA claims are resolved." Doc. No. 567.

Lead Plaintiff's argument with respect to the Court's jurisdiction over the claim misses the Court's concern. The Court's concern is that this MDL was created to address TCPA causes of action and no other causes of action. While Lead Plaintiff is correct that two of the original member cases in this MDL contained FDCPA causes of action, Lead Plaintiff omits the fact that the first Consolidated Complaint only raised causes of action under the TCPA. Doc. No. 23, Consolidated Complaint ("CC"), ¶¶ 75-84 (raising negligent violations of the TCPA and knowing and/or willful violations of the TCPA). Moreover, the prior class settlement resolved all claims under the TCPA and the regulations promulgated thereunder or related thereto, and any and all claims for violation of any laws of any state that regulate, govern, prohibit or restrict the making, placing, dialing or initiating of calls using an ATDS, an artificial or prerecorded voice, or any automated process or technology brought by Class Members against Midland. Doc. No. 434 at 3-4; Doc. No. 281-3. Accordingly, the Court dismissed with prejudice TCPA claims of Plaintiffs who are members of the settlement class who did not timely exclude

themselves from the class settlement and suggested those cases be remanded to their original districts. *See* Doc. No. 563 at 3-4. The Court noted that the remaining claims in each of those cases "no longer pertain to this TCPA MDL action." *Id.* at 4. Several of those cases contained FDCPA causes of action. *See Fuller v. Midland Credit Management, Inc.*, No. 3:14-cv-00385-MMA (MDD), Doc. No. 1*; Colter v. Midland Credit Management, Inc.*, No. 3:14-cv-00397-MMA (MDD), Doc. No. 1*; Barnett v. Midland Credit Management, Inc.*, No. 3:14-cv-00589-MMA (MDD), Doc. No. 1; *Wilbon v. Midland Credit Management, Inc.*, No. 3:14-cv-00719, Doc. No. 1; *Thomas Starner v. Midland Credit Management, Inc., et al.*, No. 3:14-cv-00774-MMA (MDD), Doc. No. 1*; Harris v. Midland Credit Management, Inc., et al.*, No. 3:14-cv-00956-MMA (MDD), Doc. No. 1; *Cavillo, et al. v. Midland Funding, LLC, et al.*, No. 3:14-cv-01664-MMA (MDD), Doc. No. 1.

Based on the Panel's Transfer Order and the procedural history of this MDL, the Court finds that the FDCPA cause of action contained in the CAC does not pertain to and is not necessary to the issues in question with respect to this TCPA MDL. *See In re Smith Patent Litigation*, 407 F. Supp. 1403, 1404 n.3 (J.P.M.L 1976) (stating that "[t]he scope of the coordinated or consolidated pretrial proceedings and the extent to which discovery is permitted are matters exclusively within the control of the transferee judge"). Accordingly, the Court **STRIKES** Lead Plaintiff's FDCPA cause of action from the CAC. The Court notes that this does not affect FDCPA causes of action contained within the individual member cases' complaints, including Lead Plaintiff Bentley's underlying complaint.

**IT IS SO ORDERED**.

Dated: February 15, 2018

Hon. Michael M. Anello
United States District Judge