# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | MDL No.: 2286<br><br>**ORDER STAYING ALL NON-TCPA CAUSES OF ACTION** |

The Transfer Order creating this Multidistrict Litigation ("MDL") specifies the plaintiffs in the member actions allege that Defendants Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc. (collectively, "Midland") "violated the federal Telephone Consumer Protection Act[, 47 U.S.C. § 227, *et seq*. (hereinafter "TCPA")] by placing debt collection calls to debtors' cell phones using an automated system, without the debtors' consent." Doc. No. 1 at 1. Based on the TCPA allegations, the Judicial Panel on Multidistrict Litigation ("the Panel"), found that "[d]iscovery into the defendants' policies and practices with respect to calling procedures likely will be necessary across the . . . actions, and centralization will eliminate duplicative discovery and present inconsistent pretrial rulings." *Id.*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for

1

itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether a stay is appropriate, the Court must "weigh competing interests and maintain an even balance." *Id.* The Court may grant a stay in a variety of circumstances in the interests of the efficiency of its own docket, and fairness to the parties. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) ("whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency.").

Many of the member cases raise non-TCPA causes of action. However, settlement of the first Consolidated Complaint did not address any of those causes of action, the Court struck the non-TCPA cause of action from the Consolidated Amended Complaint ("CAC"), and suggested remand of cases where the TCPA causes of action have been resolved but other non-TCPA causes of action remained. *See* Doc. Nos. 23, 538, 563. Based on the Panel's Transfer Order, the procedural history of this MDL, and to serve the interests of judicial economy and efficiency, the Court concludes that a stay of all non-TCPA causes of action in all member cases is warranted. *See In re Smith Patent Litigation*, 407 F. Supp. 1403, 1404 n.3 (J.P.M.L. 1976) (stating that "[t]he scope of the coordinated or consolidated pretrial proceedings and the extent to which discovery is permitted are matters exclusively within the control of the transferee judge"). Accordingly, the Court **STAYS** all non-TCPA causes of action in all member cases pending remand of those cases to their original districts or resolution of this MDL.

**IT IS SO ORDERED.**

Dated: March 6, 2018

Hon. Michael M. Anello
United States District Judge