# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT INC. TELEPHONE CONSUMER PROTECTION ACT LITIGATION<br><br>DIANE FLOYD,<br>         Plaintiff,<br>v.<br>MIDLAND CREDIT MANAGEMENT, INC.,<br>         Defendant. | Lead Case No.: 11md2286-MMA (MDD)<br><br>Member Case No.: 14cv2423-MMA (MDD)<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF DIANE FLOYD**<br><br>[Doc. No. 593] |

  On June 1, 2018, counsel of record for Plaintiff Diane Floyd ("Plaintiff"), Krohn & Moss, Ltd. ("Krohn & Moss"), filed a motion to withdraw as counsel. Doc. No. 593-1. A copy of Krohn & Moss' motion was served on Plaintiff. Doc. No. 593 at 3. To date, no opposition has been filed by Plaintiff or Defendant Midland Credit Management, Inc. ("Defendant"). *See* Docket.

  An attorney may not withdraw as counsel except by leave of court, and "[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594-WQH (NLS), 2008 WL

410694, at *2 (S.D. Cal. Feb. 13, 2008) (internal citations omitted); *see also Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); Civ. L.R. 83.3(f)(3). In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Beard*, 2008 WL 410694, at *2.

Pursuant to Civil Local Rule 83.4(b), each attorney "permitted to practice in this court must be familiar with and comply with the standards of professional conduct required by the members of the State Bar of California." Civ. L.R. 83.4(b). Counsel in this Court may withdraw as attorney of record if the client's "conduct renders it unreasonably difficult for the member to carry out the employment effectively." Cal. R. of Prof. Conduct, R. 3-700(C)(1)(d).

Here, Krohn & Moss explains that "[t]here has been a breakdown in communication between Plaintiff . . . and her counsel, which prevents counsel from adequately representing the rights of Plaintiff. The attorney-client relationship . . . has deteriorated to the point where counsel does not believe they can continue to represent Plaintiff." Doc. No. 593-1 at 1-2. Krohn & Moss has attempted several times to contact Plaintiff via telephone calls and e-mails, and has also sent written correspondence to Plaintiff on April 17, 2018, April 27, 2018, and May 11, 2018. *Id.* at 2; Doc. No. 593-2 ("Tieman Decl."). Plaintiff has not responded to any of Krohn & Moss' attempts to contact her. Doc. No. 593-1 at 2; *see also* Tieman Decl.

As a result of Plaintiff's failure to communicate with her counsel of record, the Court finds that Plaintiff has made it unreasonably difficult for Krohn & Moss to adequately continue representation. The Court further concludes that Krohn & Moss has met the notice requirements of the local rules, and that withdrawal will not prejudice Plaintiff or any other party. Therefore, Krohn & Moss' motion to withdraw as counsel for Plaintiff is **GRANTED**.

//

Accordingly, the Court **ORDERS** as follows:

1. Krohn & Moss must file a proof of service showing that a copy of this order was served on Plaintiff Diane Floyd; and

2. Plaintiff Diane Floyd is **SUBSTITUTED** in Krohn & Moss' place to act as her own counsel. Krohn & Moss is **DIRECTED** to provide Plaintiff with a copy of her complete case file by **June 25, 2018**, if it has not already done so. Plaintiff is hereby advised that she no longer has an attorney to represent her in this case. While Plaintiff may choose to continue to represent herself, the Court strongly recommends that she obtain a new attorney to handle this litigation on her behalf. Plaintiff is advised that in acting as her own counsel, she is responsible for complying with all court rules and applicable laws, as well as all currently scheduled court deadlines and hearings. Failure to do so, and failure to comply with any order of this Court may result in sanctions or in the dismissal of this action. Plaintiff is also hereby ordered to keep the Court apprised of her current mailing address and telephone number at all times.[1] Failure to do so will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: June 15, 2018

Hon. Michael M. Anello
United States District Judge

---

[1] Until otherwise notified by Plaintiff, the Clerk of the Court is instructed to list Plaintiff's mailing address on the docket as: 4304 N. FM 148, Crandall, TX 75114.