UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC. TELEPHONE CONSUMER PROTECTION ACT LITIGATION<br><br>This Document Relates To:<br><br>ALL MEMBER CASES | Case No.:  11-md-2286-MMA-MDD<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Michael M. Anello<br>Hon. Mitchell D. Dembin |

### STIPULATED PROTECTIVE ORDER

**WHEREAS**, the parties desire to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect information and material entitled to be kept confidential, and ensure that protection is afforded only to information and material so designated or entitled,

**IT IS HEREBY STIPULATED AND AGREED**, by and between Lead Plaintiffs Curtis Bentley and William Baker ("Lead Plaintiffs") and Defendants Midland Credit Management, Midland Funding, LLC, and Encore Capital Group, Inc. ("Defendants"),

through their respective attorneys, that the following confidentiality order be entered, pursuant to Federal Rule of Civil Procedure 26(c):

1.  This Protective Order applies to this MDL and all member cases, including cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, and cases filed in this district and transferred to this Court as related cases. Prior to receiving any material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," counsel in the member cases, and pro se parties, must agree to be bound by this Protective Order and must sign the Acknowledgment attached as Exhibit A. This Protective order supersedes all Protective Orders previously entered in this MDL or in any member case.

2.  Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, business, or personal information, or personal consumer information including but not limited to social security numbers, personal financial information, tax returns, driver's license numbers, or other private or sensitive information. Designation of "ATTORNEYS' EYES ONLY" material must be made by placing or affixing on the document in a manner which will not interfere with its legibility the words "CONFIDENTIAL-ATTORNEYS' EYES ONLY." One may make such a designation only when such person/entity in good faith believes it contains a higher degree of sensitive and confidential information, and disclosure to the parties could have an adverse market or financial impact on the producing party. Parties appearing pro se, who have signed Exhibit A, may receive information and documents designated "Attorneys' Eyes Only." Except for documents produced for inspection at the party's facilities, the designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before

being marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". Once specific documents have been designated for copying, any documents containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information will then be marked as appropriate after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents before they are copied and marked accordingly pursuant to these procedures.

3. Portions of any documents, pleadings or any other writings, which disclose any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or any information contained therein shall also be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable.

4. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if they are designated as such when the deposition is taken, or within a reasonable time thereafter.

5. Information or documents designated for protection under this Order must not be used or disclosed by the parties, or counsel for the parties, or any persons identified in Paragraph (5), for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties must not disclose information or documents designated as "CONFIDENTIAL" to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has been certified. For avoidance of doubt, "ATTORNEYS' EYES ONLY" material may not be shown to class members under any circumstances.

6. The parties, and counsel for the parties, must not disclose or permit the disclosure of any documents or information designated as protected under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material may be made to employees or agents of counsel for the parties who have direct functional responsibility for the prosecution or defense of the lawsuit or any portion thereof. Any such employee or agent to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material may be made to court reporters engaged for depositions and those third-parties, if any, specifically engaged for the limited purpose of making photocopies or otherwise imaging documents. Prior to disclosure to any such court reporter or third-parties engaged in making photocopies or imaging of documents, such person must agree to be bound by the terms of this Order by signing the Acknowledgment attached as Exhibit A hereto.

(iii) Disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order by signing the Acknowledgment attached hereto. The Acknowledgment signed by the expert shall be provided to counsel for the producing party ten (10) calendar days in advance of the first disclosure of any previously designated confidential information to such person. If no objection is made to such person receiving confidential information within such ten (10) calendar day period, then confidential information may be disclosed to such person. If objection is made, then the party objecting to the disclosure may bring to the Court the question of whether the particular confidential information may be disclosed to such person, and the party objecting to such disclosure shall have the burden of establishing before the Court that the objecting party will be harmed by the disclosure and that it should not be permitted.

7. All signed Acknowledgments shall be maintained through the conclusion of this action. Confidential information received by any of the persons in Paragraph (5)(i)-(iii) shall be used only for purposes of this litigation and for no other purpose.

8. Except as provided in Paragraph (5), counsel for the parties must keep all documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" which are received under this Order secure within their exclusive possession and must place such documents in a secure area.

9. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "CONFIDENTIAL" under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as applicable, if those words do not already appear.

10. Discovery in this MDL may involve the production of personal or private consumer information specific to member-case plaintiffs, such as social security numbers, personal financial information, tax returns, and/or driver's license numbers, or other sensitive information. Additionally, the Court may from time to time make orders that only certain counsel or parties are entitled to receive certain discovery, or that certain prerequisites must be satisfied prior to the receipt of such discovery, or that certain materials are discoverable in some member cases but not in others. For these reasons, among others, counsel, parties, and persons identified in Paragraph (5) may not share information or documents that have been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" with other parties in this MDL or any member case, or such other parties' counsel, experts or consultants. Additionally, Defendants may produce documents and information that has been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" via a secure file-transfer site. Access credentials for any such site are presumptively "ATTORNEYS' EYES ONLY" and may not be disclosed to anyone, including other parties in this MDL or any member case, or such other parties' counsel, experts, or consultants.

11. Any non-parties involved in discovery in this case shall likewise be entitled to designate material for protection.

12. Specifically (although this is just one example), the parties allege that documents and information belonging to Noble Systems Corporation ("Noble") are relevant to this civil action. The following provisions apply to all documents, information, and testimony belonging to, provided by, or originated by Noble ("Noble Material"), including but not limited to user manuals; product documentation; and information on services, pricing, contracts, and agreements, without regard to when or to whom the Noble Material has been previously disclosed:

(i) All Noble Material shall be deemed presumptively "CONFIDENTIAL" and subject to the terms of this Order, regardless of whether the material is labeled as being confidential.

(ii) Noble or any Party producing Nobel Material may additionally designate any Noble Material "ATTORNEYS' EYES ONLY" at any time.

(iii) The deposition of Jim Noble, or any Noble officer, director, or employee, shall be designated "CONFIDENTIAL" in its entirety, and Noble may additionally designate portions of the testimony "ATTORNEYS' EYES ONLY" either during the deposition, or within thirty (30) days of Noble's receipt of the transcript. Any Noble deposition transcript will be for "ATTORNEYS' EYES ONLY" in its entirety until thirty (30) days after Noble's receipt of the transcript.

(iv) Prior to the filing of any Noble Material with the Court, the filing party shall give Noble at least ten days' prior written notice. In the event Noble objects to such disclosure, the filing must be submitted under seal.

(v) Prior to the disclosure of any Noble Material to any consultant or expert, the disclosing party shall give Noble at least ten days' prior written notice, during which time Noble may place restrictions upon or prohibit the disclosure.

13. Except as agreed to in writing by counsel of record or as ordered by the Court, information or documents designated or treated as "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" shall be submitted and/or filed under seal with the Court.

14. The party or non-party designating any information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall, in the first instance, determine in good faith whether it constitutes "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information covered by this Order. The designation of information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be challenged by motion. The objecting party and the other person(s) involved shall follow the provisions of Local Rule 26.1 and Magistrate Judge Dembin's Civil Chambers Rules in (a) their attempt to informally resolve their designation dispute and (b) any motion practice before this Court should such dispute not be resolved informally. Any information or documents, the designation of which are subject to such dispute, shall be treated as designated pending further order of the Court.

15. Any information or documents previously designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in this MDL or in any member case shall retain that designation, and shall be treated in accordance with the provisions of this Order governing information or documents that have been so designated.

16. If confidential information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

17. If, through inadvertence, the producing party provides any confidential information pursuant to this litigation without marking the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the producing party may inform the receiving party of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" nature of the disclosed information, and the receiving party shall, as applicable, treat the disclosed information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and

1  shall return all copies of such documents (and destroy all summaries of same) within five
2  (5) business days of receipt of written notice from the producing party, and to the extent
3  the receiving party has already disclosed this information, the receiving party shall
4  promptly notify the producing party as to the specific recipients of such information and
5  shall take all reasonable steps to remove such information from said recipients unless the
6  recipients are otherwise entitled to disclosure under this Protective Order.

7      18.    If any person inadvertently produces in discovery any information subject to
8  attorney-client privilege, work product doctrine or any other privilege, protection, or
9  immunity, and the requirements of Federal Rule of Evidence 502(b) have been satisfied,
10 the producing person may (promptly upon learning of such production) notify the
11 receiving party of such production and seek the return and/or destruction of such
12 information as set forth below. Upon such notification, the receiving party shall promptly
13 return the information to the producing person, or shall destroy all such information
14 (including, without limitation, all originals and copies of any documents containing or
15 comprising such information). The information (including, without limitation, all
16 originals and copies of any documents containing or comprising such information) shall
17 continue to be privileged, protected, and/or immune, and no use shall be made of such
18 information (including, without limitation, all originals and copies of any documents
19 containing or comprising such information) by the receiving party, nor shall it be
20 disclosed to anyone by the receiving party. The receiving party shall promptly provide to
21 the producing person a written certification of the complete return or destruction of such
22 information (including, without limitation, all originals and copies of any documents
23 containing or comprising such information); provided that, to the extent any receiving
24 party has incorporated any such information in its own work product, it may (instead of
25 providing such work product to the producing person) destroy such information
26 incorporated in that work product and promptly certify to such destruction. Nothing
27 herein, however, shall preclude the receiving party from challenging that such materials
28 are privileged, or that any such privilege has been waived other than through the

inadvertent production.

19. If a party is served with a subpoena or an order issued in other litigation that would compel disclosure of any materials designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the party receiving the subpoena or order must so notify the party who designated the material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in writing immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The party receiving the subpoena or court order must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the party who received the subpoena or order compelling disclosure must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

20. At the conclusion of the litigation, all material protected under this Order that was not received in evidence must be returned to the originating party. If the parties so stipulate, the material may be destroyed. The protected material must be destroyed or returned within 60 days of the final termination of this action, and the party destroying or returning the material must, within the 60 day period, certify that he or she has done so, and has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the protected material.

21. Nothing in this Order restricts the ability of the originating party to disclose its own material, documents or information even though the same or equivalent material, documents or information may have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order.

22. Until modified by agreement between the parties or by an additional Order of this Court, this Order shall remain in full force and effect. For avoidance of doubt, this means that this Order will continue to be in effect notwithstanding the remand of any member case to its original jurisdiction.

23. This Court retains jurisdiction of the parties hereto indefinitely respecting any dispute between them concerning improper use of information disclosed under protection of this Order.

DATED: August 10, 2018

**SO STIPULATED**

| | |
|---|---|
| /s/ Shpetim Ademi | /s/ Amy M. Gallegos |
| Shpetim Ademi | Amy M. Gallegos |
| John D. Blythin | Christopher S. Lindsay |
| ADEMI & O'REILLY, LLP | Andrew G. Sullivan |
| Attorneys for Plaintiff Curtis Bentley | JENNER & BLOCK LLP |
| | Edward D. Totino |
| | Amanda C. Fitzsimmons |
| | DLA PIPER LLP (US) |
| /s/ David E. Bower | Attorneys for Defendants |
| David E. Bower | Midland Funding LLC, |
| MONTEVERDE & ASSOCIATES PC | Midland Credit Management, Inc., and Encore Capital Group, Inc. |
| Attorneys for Plaintiff William Baker | |

**ENTERED**: September 5, 2018

*(signature)*

Hon. Mitchell D. Dembin
United States Magistrate Judge

10

11-md-2286-MMA-MDD