**BRET A. KNEWTSON**, OSB 033553
Bret Knewtson, Attorney
3000 NE Stucki Ave Ste 230-M
Hillsboro, OR 97124
Telephone (503) 846-1160
Facsimile (503) 922-3181
bknewtson@yahoo.com

Attorneys for Plaintiff (Jonathan Spencer)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT INC. TELEPHONE CONSUMER PROTECTION ACT LITIGATION<br><br>MEMBER CASE # Dist OR, 3:16-02329, Spencer v. Midland Funding LLC et al. | MDL No. 11-md-2286 MMA (MDD)<br><br>OBJECTION TO DEFENDANTS EX PARTE MOTION FOR LEAVE TO REPLY TO RESPONSES TO MOTION FOR ORDER TO SHOW CAUSE RE: FAILURE TO SUBMIT PLAINTIFF QUESTIONNAIRE |

**OBJECTION**

Defendants have sought leave to reply to the responses filed by various plaintiffs to the Order to Show Cause for failure to submit a Questionnaire to Defendants. Dkt. 641. Defendants assert that a reply would be helpful to the court for four reasons: 1) to state the Defendants view on whether relief should be granted to the responding plaintiffs, 2) identify if those who said they did actually submitted Questionnaires, 3) offer its views as to the sufficiency of the information submitted in the Questionnaires, and 4) explain what impact it would have on Defendants' ability to comply with its December 21, 2018 deadline requiring it to produce its reciprocal response.

OBJECTION MOTION FOR LEAVE TO REPLY RE: OSC - Page 1 of 4

Dkt. 641 at 1, ln 17-26. Spencer objects to the first, third and fourth reasons because they were never raised by Defendants as a basis for the requested relief of dismissal[1].

Defendants' motion requested dismissal of the cases of plaintiffs who failed to submit Questionnaires because the Court had ordered the Questionnaires be submitted and the identified plaintiffs did not. That was it. The motion argued that deadlines were important, as they are, but offered no credible showing of prejudice to Defendants. The motion asserted that the Court should consider that Defendants were prejudiced because they needed the information in the Questionnaires to determine their defenses but offered no support evidencing such prejudice. As Spencer identified, and evidenced, in his Response to Defendants motion Defendants claim was not credible. Dkt. 639 at 3-7. Allowing Defendants to raise new issues in a reply is not warranted.

I.   **Objection to the request to provide Defendants view on dismissal (#1).**

Defendants motion was their opportunity to establish their views on dismissal and whether plaintiffs should be permitted a retro-active extension of time to file the Questionnaires. Spencer attempted to confer with Defendants on his motion for the same and Defendants declined to offer a position. An extension is appropriate under the grounds raised in Defendants motion which identified that the In re PPA[2] plaintiffs were warned multiple times of the need to comply with the In re PPA's Court's order but failed to do so. Dkt. 615-1 at 4, ln 25-28. The essential argument being that those plaintiffs were deemed to have abandoned their claims. Plaintiffs have not been warned multiple times to comply or be dismissed. Defendants' motion was the first engagement and demanded dismissal. Defendants should have conferred prior to

---

[1] The requested relief if granted would be limited to dismissal of TCPA claims. Any ancillary claims presumably would be remanded to the original action. Defendants do not identify that limitation on dismissal but they should.
[2] In re *Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217 (9th Cir. 2006).

filing their motion as it likely would have resulted in compliance without Court resources. Plaintiffs in this case may have given up hope of a resolution but Defendants cannot argue in good faith that those who have submitted late Questionnaires have abandoned their claims. They did not make that argument in their motion and should not be allowed to argue it in a reply.

    II.    **Objection to the request to weigh in on the sufficiency of various Questionnaires (#3).**

Defendants expressly reserved this issue for a later date. Dkt. 615-1 at fn 1, pg 2. Defendants should be required to confer with those plaintiffs whose Questionnaires it takes issue with. Whether a plaintiff can provide the requested information or not is an individual matter not one that Defendants can address in a blanket self-serving opinion of the matter. Filing a reply which attacks those Questionnaires for the first time with no opportunity to respond is not an accepted maneuver. Especially considering Defendants lack of support and candor in discussing Defendants need for the information sought in the Questionnaires.

    III.    **Objection to the request to debate Defendants ability to timely comply with its reciprocal disclosure obligation (#4).**

Spencer objects to the fourth request as Defendants had the opportunity to identify any prejudice they may suffer in executing their reciprocal obligation, as a result of any delay in receiving a Questionnaire, when they filed the motion for order to show cause. They did not. The majority of the information they have agreed to provide is specific to their operations as opposed to being specific to a plaintiff. That information should already be compiled and ready for disclosure. Any information that is specific to a plaintiff is going to be found on a computer system and easily obtained. Defendants are known to boast about how accurate and reliable their business records are in the thousands of collection actions they file each year. If they can collect the millions of accounts they own on a daily basis then surely in the next couple of weeks they can find the records of the 30 or so plaintiffs who filed Questionnaires late. If not, then they

should file a motion to extend the time to respond. Raising it as a new issue in a reply to support dismissal of the claims at issue is prejudicial and not a basis for the relief they sought.

## CONCLUSION

Allowing Defendants to raise new issues in a reply is prejudicial to the just, efficient, and speedy administration of justice. Of the reasons for the reply offered by Defendants it should be limited to identifying those plaintiffs who submitted Questionnaires.

December 5, 2018.
               s/ Bret Knewtson
               Bret Knewtson, OSB 03355
               Attorney for Plaintiff
               Jonathan Spencer

Service by ECF on December 5, 2018:
/s/ Bret Knewtson