UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONIC CONSUMER PROTECTION ACT LITIGATION | Case No.: 11-md-2286-MMA-MDD<br><br>**REPORT AND RECOMMENDATION REGARDING MEMBER CASES IN WHICH PLAINTIFFS DID NOT RESPOND TO DISCOVERY ORDER NOR ORDER TO SHOW CAUSE WHY THEIR CASES SHOULD NOT BE DISMISSED [ECF NO. 615]** |

## RELEVANT PROCEDURAL HISTORY

On August 10, 2018, a Joint Motion was filed seeking the Court's approval of an agreement between a group of counsel for Plaintiffs and Defendant regarding the use of a discovery questionnaire and a related protective order providing for limited discovery. (ECF No. 603). To facilitate early discovery without requiring formal discovery requests and responses, the parties recommended that the Court adopt a procedure whereby every Plaintiff in every member case complete a proposed discovery questionnaire.

1

In response to completed questionnaires, Defendant would provide certain Plaintiff-specific discovery and non-specific discovery regarding Defendant's dialing technologies and processes. (*Id.*).

On August 15, 2018, the Court issued an Order allowing two weeks for any Plaintiff to file objections to the proposed questionnaire and related procedures. (ECF No. 604). On September 5, 2018, having not received any objections, the Court ordered all Plaintiffs in this multi-district litigation to complete and serve a discovery questionnaire within 45 days. (ECF No. 608). The Order authorized Defendant to move to dismiss any cases in which Plaintiffs failed to serve a completed questionnaire. (*Id.*)

On November 13, 2018, Defendant moved for an order to show cause why cases in which Plaintiffs failed timely to serve a completed questionnaire should not be dismissed. (ECF No. 615). On November 16, 2018, the Court granted the motion and ordered that Plaintiffs who did not complete the questionnaire show cause by November 30, 2018, why their cases should not be dismissed. (ECF No. 617). A number of Plaintiffs responded to the Order to Show Cause. On January 14, 2019, the Court refused to recommend dismissal in cases where Plaintiffs served their discovery questionnaires late. (ECF No. 657). The Court advised all parties, however, that it would recommend dismissal of any cases in which Plaintiffs failed entirely to respond. A few Plaintiffs responded to the January 14 Order, and the Court granted them relief. (ECF Nos. 662, 671).

In summary, almost six months ago, the Court first provided an opportunity to all Plaintiffs to object to the discovery questionnaire and related procedures. Five months ago, the Court ordered all Plaintiffs to complete and serve the discovery questionnaire. Almost three months ago, Defendant moved for an order to show cause why cases in which Plaintiffs did

not timely complete and serve questionnaires should not be dismissed. Almost one month ago, the Court announced that it would recommend dismissal of all cases in which Plaintiffs did not complete and serve discovery questionnaires or respond to the Order to Show Cause. As discussed below, the Court now **RECOMMENDS** that cases in which Plaintiffs have failed to complete and serve discovery questionnaires or respond to the Order to Show Cause, be **DISMISSED WITH PREJUDICE.**

## LEGAL STANDARD

Rule 41(b), Fed. R. Civ. P., provides:

> If the plaintiff fails to prosecute or to comply with … a court order, a defendant may move to dismiss the action. … [A] dismissal under this subdivision (b) … operates as an adjudication on the merits.

Similarly, Rule 37(b)(2), Fed. R. Civ. P., provides that if a party fails to obey an order to provide discovery, the permissible sanctions which may be imposed by the court includes dismissing the action in whole or in part. Rule 37(b)(2)(A)(v), Fed. R. Civ. P.

In the Ninth Circuit the test for determining whether dismissal is appropriate is the same under Rules 37(b) and 41(b). *See In re Phenylpropanolamine*, 460 F.3d 1217, 1226 (9th Cir. 2006). There are five factors the Court must consider in determining whether dismissal is appropriate:

> 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring the disposition of cases on their merits; and 5) the availability of less drastic sanctions.

*Id.*

# DISCUSSION

The Court will address each of the *Phenylpropanolamine* factors in turn.

1. Public Interest

The public's interest in expeditious resolution of litigation always favors dismissal. *United Constr. Prods. v. Tile Tech*, 843 F.3d 1363, 1369 (Fed. Cir. 2016). For example, in *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) the court of appeals held that a failure to prosecute for four months weighed in favor of dismissal because of the public's interest in expeditious resolution of litigation. The Court recognizes that this multi-district litigation has been pending in this Court since 2011. One class action has been resolved and a second class action is pending. A number of individual cases, in which Plaintiffs opted out of the settlement of the first class action, and later-filed cases that may or may not be part of the second class action have been pending for some time. This effort to begin limited discovery was designed to get all of the cases moving forward and should have been welcomed by Plaintiffs. This factor weighs in favor of dismissal.

2. Docket Management

The court's need to manage its docket is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay. *In re Phenylpropandolamine*, 460 F.3d at 1227. The district court is given deference to decide if the docket may become unmanageable and "[d]istrict courts have an inherent power to control their dockets." *Id.* Here, as discussed above, the discovery order was designed to move all of these cases forward to resolution or merits hearings. This factor favors dismissal.

### 3. Risk of Prejudice to Defendant

The risk of prejudice to the defendant is determined by weighing the following: a) the actual prejudice to the defendant; b) the amount of time the plaintiff has wasted with delays; and c) the excuse for delay. "Prejudice, delay, and excuse all inform the district court's discretion." *Id.* at 1228.

Without the participation of these Plaintiffs in discovery, Defendant will not be able effectively to evaluate the claims of these Plaintiffs and determine whether Defendant has viable defenses. This constitutes an actual prejudice to Defendant. The delay, as discussed above, now has extended since at least September 5, 2018, when the Court ordered all Plaintiffs to complete the discovery questionnaire. The Plaintiffs subject to this Report and Recommendation have provided no reasons for the delay – they have not responded at all. This factor favors dismissal.

### 4. Public Policy Favoring Disposition on the Merits

Public policy usually favors disposition of the case on its merits. *In re Phenylpropanolamine*, 460 F.3d at 1228. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *Id.* This factor will weigh in favor of dismissal if the Plaintiff's conduct impedes progress in the case. *Id.* The failure of these Plaintiffs to participate in discovery and respond to court orders has impeded progress in this case. This factor weighs in favor of dismissal.

### 5. Availability of Less Drastic Sanctions

"A district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Joubert v. Delamater*, 616 F. App'x 291, 291 (9th Cir. 2015)(quoting *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir.

5

1992)). The Court recognizes that if this Recommendation is adopted by the district judge, these cases will be dismissed with prejudice. This is a severe sanction. That said, these are cases brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, which provides, in most part, for very limited compensation to individual plaintiffs. The intent of TCPA, by authorizing limited recovery for individual Plaintiffs but providing for recovery of reasonable attorneys' fees and costs, is to compel Defendant to operate in compliance with law. Even with the dismissal of the cases subject to this Recommendation, this litigation will continue and the public interest, as identified in the TCPA, will be satisfied.

Not one of the Plaintiffs affected by this Recommendation have responded in any manner to various orders of the Court regarding discovery. Only three of the cases involve Plaintiffs proceeding pro se. Not one presented an objection to the limited discovery procedure, completed and served discovery questionnaires, responded to the Order to Show Cause or responded after the Court warned that a recommendation of dismissal was forthcoming. Having reviewed the sanctions available under Rule 37(b)(2)(A), Fed. R. Civ. P., this Court firmly believes that under these circumstances—the utter abandonment of these cases by Plaintiffs and their counsel—dismissal is the appropriate sanction.

## CONCLUSION AND RECOMMENDATION

This Court **RECOMMENDS** that the following member cases be dismissed with prejudice:

1. *Carter v. Midland,* 14-cv-1160
2. *Clark v. Midland,* 16-cv-2078
3. *Conger v. Midland,* 16-cv-2365
4. *De la Cruz v. Midland,* 17-cv-1639 (pro se)

5. *Floyd v. Midland,* 14-cv-2423 (pro se)
6. *Holland v. Midland,* 14-cv-0506
7. *Jesula v. Midland,* 15-cv-2009
8. *King v. Midland,* 14-cv-2909
9. *Laurore v. Midland,* 16-cv-2487
10. *Leone v. Midland,* 14-cv-0905
11. *Maitlen v. Midland,* 15-cv-2636
12. *McCulley v. Midland,* 16-cv-1361
13. *McDonald v. Midland,* 14-cv-0689
14. *McGee v. Midland,* 14-cv-1317
15. *Miller v. Midland,* 15-cv-0473 (Plaintiff Richardson only)
16. *Miller v. Midland,* 15-cv-0710 (pro se)
17. *N.L. v. Midland,* 14-cv-1442
18. *Neal v. Midland,* 15-cv-0896
19. *Nelson v. Midland,* 15-cv-2008
20. *Pacheco, Jr. v. Midland,* 17-cv-0451
21. *Pugh v. Midland,* 16-cv-1977
22. *Vasquez v. Midland,* 16-cv-1294
23. *Ward, et al. v. Midland,* 17-cv-0448
24. *Watters v. Midland,* 17-cv-1687
25. *Wentworth v. Midland,* 14-cv-1355
26. *Wong v. Midland,* 14-cv-1538

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **February 20, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be

filed with the Court and served on all parties no later than **February 27, 2019**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F. 3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: February 6, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge