# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC. TELEPHONE CONSUMER PROTECTION LITIGATION | Case No.: 11md2286-MMA (MDD)<br><br>Member Cases: 14cv2909-MMA (MDD)<br>14cv689-MMA (MDD)<br>16cv1977-MMA (MDD)<br>14cv1355-MMA (MDD)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 675] |

On February 21, 2019, the Court adopted the Honorable Mitchell D. Dembin's Report and Recommendation in its entirety and dismissed with prejudice 25 cases in this multi-district litigation ("MDL"). Doc. No. 674. Four of the cases dismissed were 14cv2909-MMA (MDD), 14cv689-MMA (MDD), 16cv1977-MMA (MDD), and 14cv1355-MMA (MDD). *See id.*, Exhibit 1. The Plaintiffs from those four cases now move for reconsideration of the Court's Order under Federal Rules of Civil Procedure 59(e) and 60(b). Doc. No. 675-1 at 1-2. Defendants do not oppose the motion. *See* Docket. For the reasons stated herein, the Court **GRANTS** Plaintiffs' motion.

//
//

## LEGAL STANDARD

A motion for reconsideration may be brought under Federal Rules of Civil Procedure 59(e) or 60(b). A motion is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment or the ruling; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *Am. Ironworks & Erectors, Inc. v. N. Am. Construction Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (a motion for reconsideration is treated as a motion under Rule 59(e) if it is timely filed under that rule and as a motion under Rule 60(b) otherwise). Here, the order referenced was filed on February 21, 2019, and Plaintiffs' motion was filed on February 22, 2019. *See* Doc. Nos. 674, 675. Accordingly, Plaintiffs' motion is properly brought under Rule 59(e). *See Am. Ironworks & Erectors, Inc.*, 248 F.3d at 898-99.

Pursuant to Rule 59(e), district courts have the power to reconsider a previous ruling or entry of judgment. Fed. R. Civ. P. 59(e). Under Rule 59(e), it is appropriate to alter or amend a previous ruling or judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted).

## DISCUSSION

Here, Plaintiffs move for reconsideration of the Court's order dismissing the four cases on the grounds that the cases were dismissed in clear error. Doc. No. 675-1 at 2. The Court agrees. On February 6, 2019, the Court recommended these four cases be dismissed with prejudice. Doc. No. 672 at 7. Having received no objections to the Court's Report and Recommendation, this Court adopted the Report in its entirety and dismissed those cases with prejudice. *See* Doc. No. 674. The cases were subsequently dismissed and judgments were entered. However, on January 25, 2019, the Court granted the same four Plaintiffs' motion for reconsideration on an order denying as moot an extension of time to file discovery questionnaires. Doc. No. 662. In that Order, the

2

11md2286-MMA (MDD)

Court explained that "[t]hese cases . . . are not on the list for a recommendation of dismissal." *Id.* at 2. While Plaintiffs did not object to the Court's Report and Recommendation, the Court notes the discrepancy between the January 25, 2019 Order and the Orders on February 6, 2019 and February 21, 2019. Accordingly, Plaintiffs have shown a clear error of fact.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' motion for reconsideration. Doc. No. 675. The Court **VACATES** the judgments entered in cases 14cv2909-MMA (MDD), 14cv689-MMA (MDD), 16cv1977-MMA (MDD), and 14cv1355-MMA (MDD). The Clerk of Court is instructed to administratively re-open these four cases.

**IT IS SO ORDERED**.

Dated: February 27, 2019

Hon. Michael M. Anello
United States District Judge