UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONIC CONSUMER PROTECTION ACT LITIGATION | Case No.: 11-md-2286-MMA-MDD<br><br>**ORDER SETTING DISCOVERY DEADLINES AND LIMITATIONS ON DISCOVERY** |

On June 4, 2019, the Court ordered the parties to meet and confer and submit to the Court a joint status report providing the following information:

1. Whether the discovery contemplated by the questionnaire process is complete;

2. A joint discovery plan regarding depositions of Defendants under Rule 30(b)(6) and of individual Plaintiffs, including the class representative(s); and,

3. A proposed scheduling order containing a deadline for completing this round of discovery, a deadline for filing summary judgment motions and a deadline for filing any motion for class certification.  (ECF No. 689).

Three status reports were filed on August 5, 2019.  Defendants and

1

Lead Plaintiff filed a joint status report. (ECF No. 695). Individual Plaintiff Nicholas Martin filed a status report through his counsel. (ECF No. 696). Counsel who represent, collectively, fourteen individual Plaintiffs, filed a joint status report on behalf of these Plaintiffs. (ECF No. 697). Defendants did not participate in the status reports filed on behalf of any individual Plaintiffs.

## PLAINTIFF QUESTIONNAIRE AND RELATED DISCOVERY

There has been some significant discovery in this case. On September 5, 2018, the Court ordered every plaintiff in every member case of this multi-district litigation to complete a questionnaire and serve it upon Defendants. (ECF No. 608). The questionnaire was negotiated between the Lead Plaintiff and Defendants. Once completed, it was made available by the Court to all for objections. The questionnaire consisted of three pages of questions and a request for supporting documents. (ECF No. 608-1). Plaintiffs who completed the questionnaire and agreed to comply with a protective order, received reciprocal discovery from Defendants. (ECF No. 608-2).

In response to properly completed questionnaires and acknowledgements of the protective order, Defendants were obliged to provide to each Plaintiff a list of calls made to the Plaintiff on the accounts identified in the questionnaire to cellular telephone numbers identified in the questionnaire; any account notes or other records relating to the identified account(s); and any evidence regarding consent possessed by Defendants. (ECF No. 608 at 4-5). Defendants also were required to provide detailed discovery of its relevant dialing technologies and processes. (ECF No. 608 at 5-6).

According to Defendants and Lead Plaintiff, this process is complete.

## THE PARTIES' POSITIONS AND PROPOSALS

Plaintiff Nicholas Martin asserts that the information provided by Defendants is insufficient for plaintiffs that opted out of the initial class action and complain of calls prior to September 1, 2014. Counsel for Mr. Martin suggests that the Court appoint liaison counsel for the opt-out cases and provides suggested written discovery requests. Counsel for the fourteen individual Plaintiffs assert that they may not have received complete records. Specifically, they report that Defendants responded that there are no call records for two Plaintiffs, Denise Boyd and Jane Morley, a point disputed by those Plaintiffs. The fourteen Plaintiffs request that the Court authorize third-party discovery of Plaintiffs' cell carriers and of certain former employees of Defendants.

Lead Plaintiff proposes that the Court authorize additional and "follow-up" non-duplicative written discovery to Defendants regarding the calling technology at issue in this action. Defendants take the unhelpful posture that they cannot take a position without seeing the actual requests. Defendants also state that if written discovery is authorized for Lead Plaintiff, Defendants also should be able to conduct written discovery. Regarding depositions, Lead Plaintiff and Defendants agree that Defendants may take the deposition of Lead Plaintiff and other Plaintiffs alleging calls after September 1, 2014. The parties agree that after these depositions are completed, Defendants' corporate representative should be deposed under Rule 30(b)(6), Fed. R. Civ. P., regarding Defendants' calling practices and technologies during the proposed class period. The parties propose deadlines for written discovery, if authorized by the Court, deadlines for Plaintiff depositions and for the deposition of Defendants' representative. Deadlines also are offered for Lead Plaintiff to file a motion for class certification and

for summary judgment.

## ANALYSIS

This is a complex proceeding. In this multi-district litigation, there has been one class action, which has been settled, regarding calls made up to September 1, 2014. A second proposed class action commencing on that date is underway and is the subject, in part, of this Order. There are plaintiffs who opted-out of the initial class action settlement and there are plaintiffs who ultimately may opt-out of any settlement of the pending proposed class. Some plaintiffs that allege calls and opted out of the initial settlement also allege calls during the new proposed class period. There is no one-size-fits-all solution here.

Regarding cases involving calls on or after September 1, 2014, the Court is not convinced of the need for additional written discovery regarding the calling technologies used and disclosed by Defendants in the questionnaire process. The Court believes that a properly prepared corporate representative can answer any questions raised in a deposition under Rule 30(b)(6). The Court understands the need for the deposition of the Lead Plaintiff to help to determine his suitability as the class representative. The Court is not convinced that depositions of other Plaintiffs alleging calls post-September 1, 2014, is warranted at this time. The parties prefer first to proceed with the Lead Plaintiff's deposition. The Court will accept that agreement. The deposition of Lead Plaintiff must occur in Wisconsin no later than October 25, 2019.

The parties propose that the deposition of Defendants' representative on calling technologies and calling practices on and after September 1, 2014, take place no later than February 7, 2020. The Court sees no reason for the extended delay for that deposition. Accordingly, this corporate deposition

must be completed no later than November 22, 2019.  The Court agrees that there may be some value in coordinating the deposition of Defendants' representative in connection with two other purported class actions regarding the same allegations and the same time period pending before other judges of this Court.  That should be worked between all counsel.

Lead Plaintiff suggests that the motion for class certification be filed no more than 45 days after completing the deposition of Defendants' representative.  The Court agrees but will add in some time due to holidays.  Any motion for class certification must be filed no later than January 24, 2020.

The parties are in dispute regarding the timing of any summary judgment motion to be filed by Defendants.  Plaintiff wants to wait for the result of the class certification motion.  Defendants would like to bring the summary judgment motion earlier.  The Court finds that Defendants can bring their summary judgment motion on the same schedule as Plaintiff's motion for class certification.

Regarding the deposition of Defendants' representative on calling technologies and practices used on and after September 1, 2014, the Court believes that the interests of Lead Plaintiff and the other plaintiffs alleging calls on and after September 1, 2014, are aligned sufficiently for counsel for Lead Plaintiff to conduct the corporate deposition.  The Court suggests, however, that technology be employed in the deposition of Defendants' representative so that the deposition may be accessible in real-time, at least by audio, by other Plaintiffs who may electronically propose follow-up questions to the deposing attorney.

The 14 individual Plaintiffs that filed a status report seek additional discovery.  (ECF No. 697).  Most of these plaintiffs appear to be prospective

class members as they allege calls after September 1, 2014. Some allege calls both before and after September 1, 2014. A few appear only to allege calls prior to September 1, 2014. These 14 Plaintiffs, through their counsel, seek permission to issue subpoenas to their cellular service providers to obtain evidence of their calls. The Court approves this request. They also seek to depose "certain third-party fact witnesses," including a former employee of Defendants, "believed to have crucial information about internal policies directly relevant to defendant's compliance . . . with the [TCPA]." The Court will order counsel for Lead Plaintiff to confer with counsel representing the 14 Plaintiffs and, if these witnesses are prepared to give relevant testimony regarding calling practices during the proposed class period, meet and confer with Defendants and file a joint motion for permission to take these depositions reflecting the view of the plaintiffs and Defendants. If there is no agreement presented in the joint motion, the Court expects the proponent to provide a detailed statement regarding the testimony these third-parties would be expected to provide. Any such joint motion must be filed no later than December 2, 2019.

    Plaintiff Martin filed a status report expressing his frustration as a Plaintiff who opted out of the settlement of the initial class action. Mr. Martin requests the Court appoint liaison counsel and wants the Court to allow for direct discovery. (ECF No. 696). The Court had appointed liaison counsel and later approved the withdrawal of that counsel due to conflict. (ECF No. 548). The Court solicited applications from the community of counsel for the individual plaintiffs to take on the role. No applications were received. The Court cannot authorize independent discovery in each case alleging calls prior to September 1, 2014. This would contravene the purpose of the MDL.

The Court recognizes that it did not provide a procedure for plaintiffs with concerns regarding the plaintiff-specific discovery provided by Defendants in the questionnaire process to bring the concerns to the attention of the Court. This issue was raised by the 14 Plaintiffs in their status report and also raised recently by Plaintiff Ashok Arora. (ECF No. 701). This also needs to be addressed in this phase of discovery. No later than September 30, 2019, Defendants must file a report:

1. Including a list of the member cases and counsel alleging calls prior to September 1, 2014;
2. Designating attorneys responsible for responding to individual Plaintiffs, if unrepresented, or their counsel, to discuss discovery issues and settlement. To the extent a plaintiff wishes to depose Defendants, under Rule 30(b)(6), regarding calling technologies and practices during relevant time periods, other than post-September 1, 2014, the Court expects the involved parties to confer and propose a suitable procedure protecting the interests of the pre-September 1, 2014 plaintiffs. A joint motion regarding a deposition of Defendants for this purpose must be filed no later than December 2, 2019.
3. Designating attorneys responsible for responding to individual Plaintiffs, if unrepresented, or their counsel, regarding issues with the plaintiff-specific discovery provided by Defendants during the questionnaire process. Plaintiffs who remain dissatisfied with Defendants production may initiate a joint motion for determination of discovery dispute as provided in the Court's Civil Chambers Rules. The 30-day clock for bringing such a motion to the Court will commence on December 2, 2019.

## CONCLUSION AND ORDER

The following discovery is authorized, and the following deadlines apply in this next phase of this case:

1. Defendants may depose the Lead Plaintiff in Wisconsin no later than October 25, 2019.
2. Lead Plaintiff may depose Defendants by means of Rule 30(b)(6), Fed. R. Civ. P., regarding calling technologies and calling practices beginning on September 1, 2014, through the purported class period, no later than November 22, 2019.
3. Individual Plaintiffs are authorized to serve third-party subpoenas, under Rule 45, Fed. R. Civ. P., to cellular carriers who may possess relevant calling records relating to each Plaintiff.
4. No later than October 25, 2019, counsel for individual Plaintiffs alleging calls on or after September 1, 2014 must contact counsel for Lead Plaintiff regarding additional depositions suitable for handling under the MDL.  Counsel for Lead Plaintiff must confer with counsel representing the 14 Plaintiffs and, if the proposed witnesses are prepared to give relevant testimony regarding calling practices during the purported new class period, meet and confer with Defendants and file a joint motion for permission to take these depositions reflecting the view of the plaintiffs and Defendants.  The motion must be filed no later than December 2, 2019.
5. No later than September 30, 2019, Defendants must file a report:
    a. Including a list of the member cases and counsel alleging calls prior to September 1, 2014;
    b. Designating attorneys responsible for responding to individual Plaintiffs, if unrepresented, or their counsel, to discuss

8

discovery issues unique to the pre-September 1, 2014 cases, and to discuss settlement. To the extent a plaintiff wishes to depose Defendants, under Rule 30(b)(6), regarding calling technologies and practices during relevant time periods preceding September 1, 2014, the Court expects the involved parties to confer and propose a suitable procedure protecting the interests of the pre-September 1, 2014 plaintiffs. A joint motion regarding a deposition of Defendants for this purpose must be filed no later than December 2, 2019.

    c. Designating attorneys responsible for responding to individual Plaintiffs, if unrepresented, or their counsel, regarding issues with the plaintiff-specific discovery provided by Defendants during the questionnaire process. Plaintiffs who remain dissatisfied with Defendants production, after conferring with Defendants, may initiate a joint motion for determination of discovery dispute as provided in the Court's Civil Chambers Rules. The 30-day clock for bringing such a motion to the Court will commence on December 2, 2019.

6. Any motion for class certification and any motion for summary judgment must be filed no later than January 24, 2020.

**IT IS SO ORDERED:**

Dated: September 4, 2019

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge