# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 3:11-md-2286 – MMA (MDD)<br><br>**ORDER DENYING SEAN HARTRANFT'S MOTION TO INTERVENE**<br><br>[Doc. No. 698] |

Sean Hartranft ("Applicant") filed a motion to intervene in this multidistrict litigation pursuant to Federal Rule of Civil Procedure ("FRCP") 24. Doc. No 698. Defendants responded with a notice of nonopposition to the motion. Doc. No. 699. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 704. For the reasons set forth below, the Court **DENIES** Applicant's motion to intervene.

## BACKGROUND[1]

Plaintiffs in the present multidistrict litigation ("MDL"), which originated in 2011, allege defendants violated the Telephone Consumer Protection Act ("TCPA") by illegally making debt collection calls to them, through use of an automatic dialer or pre-recorded voice, on their cellular telephones without first obtaining their prior consent. *See generally* Doc. No. 23. On February 8, 2018, the Judicial Panel on Multidistrict Litigation ("JPML") suspended JPML Rule of Procedure 7.1(a), which ceased conditional transfer orders to prevent further tag-along actions. JPML Doc. No. 1074.[2] In effect, the February 2018 JPML order bars new member cases from entering the MDL.

Applicant filed a putative class action in this district on June 6, 2018, alleging violations by Defendants of the TCPA and Federal Debt Collection Practices Act. *See Hartranft v. Encore Capital Group, Inc.*, (No. 3:18-cv-1187-BEN-RBB). Applicant asserts that his action and the operative consolidated complaint in the MDL overlap substantially with respect to the TCPA claims and putative class members.[3] Doc. No. 698-1 at 2. On August 12, 2019, Applicant filed this motion to intervene. *See id.* Emphasizing the related issues of fact and law, Applicant argues intervention is proper as a matter of right pursuant to FRCP 24(a). *Id.* at 3. In the alternative, Applicant requests permission to intervene pursuant to FRCP 24(b). *Id.*

## LEGAL STANDARD

---

[1] Because this matter is before the Court on a motion to intervene, the Court must "accept as true the non-conclusory allegations made in support of an intervention motion." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819–20 (9th Cir. 2001).

[2] Unless otherwise noted—as the citation here refers to the JPML docket—all docket citations refer to the pagination assigned by the CM/ECF system for the United States District Court for the Southern District of California.

[3] Applicant seeks intervene in the "*Fetai* action." Doc. No. 698-1. Emir Fetai ("Fetai") is the Lead Plaintiff in the MDL. Applicant refers to the MDL as the "*Fetai* action." Fetai does not have an individual MDL member case in which Applicant could intervene.

Federal Rule of Civil Procedure 24 governs motions to intervene. Rule 24 states that a court must, upon a timely motion, allow intervention of right where the movant

> (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). The Ninth Circuit has interpreted Rule 24(a) to require an applicant meet all of the following four factors:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), *as amended* (May 13, 2003) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)); *Sw. Ctr. for Biological Diversity*, 268 F.3d at 817–18; *C.S. ex rel. Struble v. California Dep't of Educ.*, 2008 WL 962159, at *2 (S.D. Cal. Apr. 8, 2008). An applicant has a significant protectable interest where (1) his or her interest is protected under some law, and (2) "there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly*, 159 F.3d at 409. The resolution of the plaintiff's claims must actually affect the applicant. *Id.* If there would be a substantial effect, the applicant "should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 822.

In the alternative, courts may permit a party to intervene under Rule 24(b). The court may permit anyone to intervene who

> (A) is given a conditional right to intervene by a federal statute;
> or (B) has a claim or defense that shares with the main action a
> common question of law or fact. [. . .] (3) Delay or Prejudice. In
> exercising its discretion, the court must consider whether the
> intervention will unduly delay or prejudice the adjudication of
> the original parties' rights.

Fed. R. Civ. P. 24(b). A party seeking the court's permission to intervene must establish several prerequisites: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). However, "[e]ven if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *S. California Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir.), *modified*, 307 F.3d 943 (9th Cir. 2002), and *certified question answered sub nom. S. California Edison Co. v. Peevey*, 74 P.3d 795 (Cal. 2003) (quoting *Donnelly*, 159 F.3d at 412).

## DISCUSSION

### I. Intervention as a Matter of Right

The Court first considers whether intervention as a matter of right is proper under the Ninth Circuit's multi-factor test.

As to the timeliness prong, the Court assesses three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Smith v. Marsh*, 194 F.3d 1045, 1050 (9th Cir. 1999) (quoting *League of United Latin Am. Citizens*, 131 F.3d at 1302). Applicant appears to base his timeliness argument on the MDL parties' proposed discovery plan that requested depositions and other discovery be completed by April 3, 2020. *See* Doc. No 695 at 5; Doc. No. 698-1 at 2. However, after this motion was filed, the Magistrate Judge issued a discovery order with an accelerated timeline ordering Defendants to depose the Lead Plaintiff by October 25, 2019, and Lead Plaintiff to depose Defendants

4

by November 22, 2019. Doc. No. 695 at 8. Importantly, the Magistrate Judge ordered the parties to file any motions for summary judgment and class certification by January 24, 2020. *Id.* at 9. The MDL has been before this Court since 2011, and the parties are currently completing discovery. In light of the MDL's procedural posture and the fact that Applicant initiated his separate action more than a year ago, Applicant's motion is the antithesis of timely.

As to the interest and the protection of the interest prongs, the disposition of any claims or issues in this action would not impair or impede Applicant's ability to protect his own interests. Applicant claims that he has "a significant, protectable interest in this action because this action asserts the same violations and relief sought in *Fetai*, and because this action seeks certification of a [] subclass that is entirely subsumed by the proposed California class in *Fetai*." Doc. No. 698-1 at 6. Applicant's prayer for relief comprises monetary damages. *See* Doc. No. 698-2 at 23–24. However, "[a]n economic stake in the outcome of the litigation, even if significant, is not enough." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). Even if Applicant's economic interest were sufficient to trigger intervention as a matter of right, Applicant fails to detail how the disposition of any claims or issues the MDL action would prevent him from recovery in his separate pending putative class action.

As to the "inadequate representation" prong of the Ninth Circuit's factor test, Applicant fails to provide more than conclusory allegations that "[t]he *Fetai* parties are not able or well situated to make the arguments that Hartranft counsel could. Accordingly, Hartranft counsel is uniquely well situated to most effectively bring these claims against the Defendant and achieve the best possible resolution." Doc. No. 698-1 at 7. Because the Court must "accept as true the non-conclusory allegations made in support of an intervention motion," *Sw. Ctr. for Biological Diversity*, 268 F.3d at 819–20, and Applicant leaves the Court with only conclusory allegations, Applicant has failed to show how counsel's representation is inadequate.

1 | Thus, Applicant fails to meet any of the requirements necessary to intervene in the MDL action as a matter of right.

## II. Permissive Intervention

The Court next considers whether permissive intervention is proper.

Courts analyze timeliness similarly under Rules 24(a) and 24(b). *League of United Latin Am. Citizens*, 131 F.3d at 1308. However, timeliness is analyzed "more strictly than . . . with intervention as of right." *Id.* As mentioned above, Applicant bases the timeliness of his motion on the parties' proposed scheduling order. Doc No. 698-1 at 2. In light of the Magistrate Judge's September 4, 2019, discovery order, the parties have already started discovery, and deadlines have already passed en route to the upcoming summary judgment and class certification motion deadlines in January 2020. Doc. No. 702 at 8–9. Granting intervention would cause substantial undue delay by necessitating further discovery and pushing back the summary judgment and class certification timeline. Given the above analysis and permissive intervention's stricter assessment of timeliness in addition to the related accompanying delay that would occur if intervention were permitted, the Court finds Applicant's motion both untimely and likely to cause undue delay if granted.

Irrespective of any delay or prejudice, there is a special circumstance that the Court must consider. Permissive intervention would effectively contravene and circumvent the JPML's February 8, 2018, order that suspended JPML Rule 7.1(a) and thus barred new members cases from entering the MDL. Allowing Applicant to intervene in an MDL that originated in 2011 would undermine the JPML's order and set a precedent at odds with that order. The Court will not condone Applicant's transparent attempt to circumvent the JPML's order barring new member cases from entering the MDL.[4]

---

[4] Additionally, even if the Court were to grant Applicant's motion, Applicant fails to detail what form or function intervention would take. The Court is left wondering whether Applicant attempts to intervene as a member case within the MDL or to intervene in the MDL itself. Applicant further overlooks the ramifications to the extent he seeks to intervene as co-Lead Plaintiff, as Lead Plaintiff has

6

3:11-md-2286 – MMA (MDD)

## CONCLUSION

Based on the foregoing, the Court **DENIES** Applicant's motion to intervene.

**IT IS SO ORDERED**.

Dated: November 1, 2019

Hon. Michael M. Anello
United States District Judge

---

already been deposed, and Applicant's addition would require repeat discovery and deposition. Applicant also fails to consider whether his addition would require a third amended consolidated complaint and associated motion practice. However, the procedural ambiguity is irrelevant for the Court's disposition.