**MONTEVERDE & ASSOCIATES PC**
David E. Bower   SBN 119546
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Telephone:  (213) 446-6652
Direct:  (310) 210-0605
Facsimile:  (212) 601-2610

**ADEMI & O'REILLY, LLP**
Shpetim Ademi
Robert K. O'Reilly
John D. Blythin
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com

*Attorneys for Lead Plaintiff Emir Fetai*


**JENNER & BLOCK LLP**
Amy M. Gallegos
633 West 5th Street, Suite 3600
Los Angeles, California 90071
(213) 239-2208
agallegos@jenner.com

**BAKER MCKENZIE**
Edward D. Totino
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067
(310) 201-4728
edward.totino@bakermckenzie.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | CASE NO. 11-md-2286-MMA (MDD)<br>Member cases: 16-cv-02786; 16-cv-01041<br><br>**JOINT MOTION OF PARTIES' PROPOSED ADDITIONAL DEPOSITION AND DISCOVERY PLAN** |

- 1 -

On September 4, 2019, the Court ordered the Parties to meet and confer with respect to Plaintiffs' proposed additional discovery requests and submit a Joint Proposed Additional Deposition and Discovery Plan.  Pursuant to the Court's order, the parties submit the following Proposed Additional Deposition and Discovery Plan:

**A.     Deposition of Alfred Collins**

1.      Plaintiffs' Statement: Plaintiffs, including the Individual 14 Plaintiffs referenced in the Court's Order of September 4, 2019, intend to take the deposition, including a request for documents, of Alfred Collins ("Collins").  Alfred Collins is a former collection manager employee of Defendants who filed a whistleblower lawsuit against Defendants that alleged, among other things, that Defendants violated the TCPA with respect to placing collection calls to consumers during the relevant time period.  *See, Alfred Collins v. Encore Capital Group, Inc., et al.* Case No. 37-2016-00007600-CU-WT-CTL, *filed* March 7, 2016 (Cal. San Diego Cnty. Super. Ct.), *writ of mandate to seal complaint denied by Encore Capital Group, Inc v. The Superior Court of San Diego County*, No. D070649 (Cal. Ct. App. July 07, 2016) (unpubl.).  *See* attached Complaint and Writ.  The Parties agree that any depositions of Collins must be taken within three months from the date that the Court issues its Order regarding the Joint Third-Party Discovery Plan.

Defendants provided their proposed statement regarding Collins on the day that this joint motion must be filed, significantly handicapping Plaintiffs from having sufficient time to respond to Defendants' statements in this motion. Plaintiffs therefore suggest that any limitations on the deposition be more fully discussed, and possibly ruled upon, at the proposed telephone status conference on or around January 8, 2020 (*see infra* at 8). Plaintiffs disagree with, and object to, Defendant's prejudicial characterizations of Collins and his complaint. The purpose of this document is to address scheduling, and most of Defendants' arguments about Collins are ultimately questions of fact addressing a witness's credibility. Plaintiffs further object to Defendants' proposed

limitations on Plaintiffs' deposition of Collins. Briefly addressing Defendants' enumerated points *infra* at 5-6: 1) Defendants may object to questions regarding "communications with attorneys representing Midland" at the deposition, and not all such communications are privileged (for example, if non-attorneys were present, the crime-fraud exception, and/or other waiver of privilege); 2) Defendants should not be the sole arbiter of whether documents are "stolen" or privileged. Plaintiffs propose that Collins should produce documents pursuant to subpoena to Plaintiffs' counsel, who will subsequently share those documents with Defendants' counsel, and any issues with privilege may be addressed by the parties and the Court. Alternatively, Plaintiffs propose that a Special Master review the documents and make the determination whether privilege applies, create a privilege log, and provide the parties the opportunity to object to the determination; 3) Defendants have no grounds to insist that only one Plaintiff's attorney attend Collins deposition. Any material that is actually privileged can be stricken from the record. As the writ Defendants mentioned in their statement was denied by the court, there is little likelihood that any privileged information in Collins deposition would actually lead to disqualification; 4) Plaintiff's object to limiting their deposition time to 3.5 hours, but generally do not object to Defendants having equal time to question Collins in the deposition, or to allowing Midland to depose Collins separately; and 5) rather than tying up Judge Dembin's schedule for one or two days, Plaintiffs suggest that the Parties follow Judge Dembin's Chambers Rules, § V(B) regarding "Disputes During Depositions." Plaintiffs' counsel would not object to attempting to schedule the deposition on a date in which Judge Dembin will likely be available by telephone, after consulting with his chambers.

   2.   <u>Defendants' Statement</u>: Alfred Collins is not a "whistleblower." He is a disgruntled former Midland employee who stole attorney-client privileged communications and attorney work product when he left the company in March 2015. The documents he stole included legal memos

advising on TCPA issues from the attorneys representing Midland in this MDL. After Collins left Midland, he publicly filed a wrongful termination complaint that *quoted* the stolen, privileged memos (*e.g.*, Collins Cplt., ¶¶ 72, 85) and also purported to describe privileged conversations he supposedly had with Midland's in-house attorneys and outside counsel about the Company's TCPA compliance efforts. *See, e.g.*, *id.*, ¶¶ 25, 27, 28, 72, 77, 85, 90.

Collins is neither a lawyer nor a technology expert. He was a mid-level employee involved in coordinating a project led by Midland's in-house attorneys in response to the TCPA class actions that originally comprised this MDL. His lawsuit against Midland alleged a highly improbable conspiracy in which Midland's in-house lawyers supposedly orchestrated a convoluted scheme to "fake" TCPA compliance through various means. His allegations are false—as are his descriptions of conversations he supposedly had with Midland's in-house and outside attorneys.

Plaintiffs have already deposed Midland's F.R.C.P. 30(b)(6) witness about the company's dialing technology during the putative class period. Their decision to rely on Collins signals desperation more than anything else. Nevertheless, Midland does not object to Plaintiff's request to depose Collins, provided that (1) at least one half of the seven-hour deposition time is allotted to Midland so that it may question Collins as well; and (2) the deposition is limited to non-privileged facts and does not include questions about privileged communications or attorney work product. Midland also requests that the Court issue an order putting procedures in place to ensure that this deposition does not result in the disclosure of Midland's privileged communications, as detailed further below.

To be absolutely clear, Midland does not waive, and has not waived, the privilege with respect to this MDL, any case in it, its TCPA compliance procedures, or any other matters plaintiffs may attempt to raise at Collins' deposition. Midland did everything it could to keep its privileged information from being disclosed—Collins was bound by a confidentiality agreement which he

ignored; Midland brought an emergency motion to seal his complaint when it was filed; Midland took a writ when the motion to seal was denied. Collins' unauthorized disclosure of privileged information does not effect a waiver or otherwise make Midland's attorney-client communications and work product fair game in this MDL. *See Dukes v. Wal-Mart Stores*, 2013 WL 1282892, at \*4-5 (N.D. Cal. Mar. 26, 2013) (collecting numerous cases that holding that the unauthorized disclosure of privileged materials does not effect a waiver).

Good cause exists for the Court to limit the Collins deposition on the front end so as to protect the privilege. First, this is not the typical case where objections and instructions not to answer would be sufficient to protect the privilege. Collins is hostile to Midland and has already demonstrated that he has no compunction about disseminating Midland's privileged information. He is unlikely to comply with instructions from Midland's counsel not to disclose privileged information. Second, dealing with the fallout of the Collins deposition after the fact, through motions to seal testimony and to disqualify counsel who were exposed to privileged information through Collins' deposition, will derail this MDL. *See, e.g.*, *Bona Fide Conglomerate, Inc. v. Sourceamerica*, 2016 WL 4361808 at \*11-12 (S.D. Cal. Aug. 12, 2016) (disqualifying counsel who obtained and used opponent's privileged information); *McDermott Will & Emery LLP v. Sup.Ct. (Hausman)* 10 Cal. App. 5th 1083, 1120-1122 (2017) (same); *Clark v. Superior Court*, 196 Cal. App. 4th 37, 52-55 (2011) (affirming disqualification of counsel who "excessively reviewed" privileged documents stolen by the defendant's former employee).

Accordingly, Midland requests that the Court set the following rules and limitations on Collins' deposition:

1. Plaintiffs may not ask Collins about any communications with attorneys representing Midland, including both in-house and outside counsel.

Report of the Parties' Discovery Plan

2. If plaintiffs wish to request documents in their subpoena, the subpoena must direct Collins to deliver the documents to a deposition officer who will only be authorized to release the documents to Midland. This will prevent the disclosure of any stolen, privileged documents Collins still has in his possession.[1] Any privileged documents produced by Collins will be destroyed, and any confidential Midland documents will be designated as such pursuant to the Protective Order. Once these steps are complete, plaintiffs who have signed the Protective Order may then access Collins' production.

3. Only one attorney for plaintiffs may attend Collins' deposition. No other plaintiff's counsel may attend or listen to the deposition in real time. In the event that Collins discloses privileged information during the deposition, this rule will avoid putting more than one plaintiff's counsel in a position where they would be subject to disqualification. Once the deposition is complete, Midland will have the opportunity to redact any privileged material from the transcript. At that point, plaintiffs who have signed on to the protective order may obtain a redacted copy of the transcript.

4. The seven-hour deposition time shall be shared equally between one attorney representing all plaintiffs and counsel representing Midland. If plaintiffs exceed their allotted time, then Midland shall be entitled to an equal amount of additional time (i.e., if plaintiffs take five hours, then Midland is entitled to five hours notwithstanding Rule 30 (d)(1)).

5. If the Court is amenable, Midland believes it would be beneficial for the deposition to be conducted before Judge Dembin, so that any privilege issues can be immediately ruled upon.

---

[1] Collins should not have any such documents, since his settlement agreement with Midland required him to return or destroy all of the documents he stole.

Plaintiffs have suggested that any proposed limitations on the Collins deposition be discussed at a status conference on or around January 8, 2020.[2] Midland agrees that this would make sense, especially since it is apparent from Plaintiffs' response to Midland's proposal that if these issues are not addressed on the front end, disputes arising from the Collins deposition will likely derail this MDL and delay resolution on the merits.

**B.    30(b)(6) Deposition regarding calling technologies and practices for calls made prior to September 1, 2014.**

1. <u>Plaintiffs' Position</u>: The Individual 14 Plaintiffs referenced in the Court's Order of September 4, 2019 have conferred and agree that, to the extent the Individual 14 Plaintiffs desire to depose Defendants corporate representative regarding calling technologies and practices for calls made prior to September 1, 2014, the Individual Plaintiffs shall take such depositions, if needed, after the conclusion of the MDL.

2. <u>Defendants' Position</u>: Defendants have no objection to deferring depositions on calling technologies and practices for calls made prior to September 1, 2014 until after the conclusion of the MDL.

**C.    Deposition of Noble**

1. Plaintiffs intend to take the deposition, including a request for documents, of Noble Systems Corporation ("Noble").  Noble developed and marketed the technology that Defendants used to placing collection calls to Plaintiffs and other consumers during the relevant time period.  This discovery will pertain to the technological capabilities of the collection software utilized by the Defendants.  This discovery is necessary for establishing whether the system used by the defendants is an automatic telephone dialing

---

[2] Midland's counsel is scheduled to be in a mandatory settlement conference with Magistrate Judge Brooks on January 8, 2020 beginning at 10:00 am, but is otherwise available the weeks of January 6 and January 13.

Report of the Parties' Discovery Plan

system.  The Parties agree that any depositions of Noble must be taken within three months from the date that the Court issues its Order regarding the Joint Motion for Additional Depositions and Discovery Plan.

2. <u>Defendants Position</u>: Defendants do not object to plaintiffs' proposal.

**D.     Scheduling Matters.**

1. <u>Plaintiffs' Position</u>: The Plaintiffs respectfully request that the Court enter its order regarding the Parties' Joint Motion for Additional Depositions and Discovery Plan before entering any order with respect to Plaintiff's forthcoming Motion for Class Certification and/or Defendants' forthcoming Motion for Partial Summary Judgment so that the Parties may incorporate the relevant information discovered through third-party discovery.  The Plaintiffs further request that the Court schedule a telephonic status/scheduling conference on or around January 10, 2020, to address further scheduling matters, including expert discovery and the continuance of Plaintiffs' forthcoming Motion for Class Certification and Defendants' forthcoming Motion for Partial Summary Judgment.

2. <u>Defendants' Position</u>: Defendants do not object to plaintiffs' proposal.

Respectfully submitted: December 6, 2019

**ADEMI & O'REILLY, LLP**
By: <u>/s/ John D. Blythin</u>
    Shpetim Ademi
    Robert K. O'Reilly
    John D. Blythin
    3620 East Layton Avenue

**MONTEVERDE & ASSOCIATES PC**
By:<u>/s/ David E Bower</u>
    David E. Bower  SBN 119546
    600 Corporate Pointe, Suite 1170
    Culver City, CA 90230
    Tel: (310) 446-6652

Cudahy, WI 53110                          Dir: (310) 210-0605
(414) 482-8000                            Fax: (212) 601-2610
(414) 482-8001 (fax)                      Email:dbower@monteverdelaw.com
jblythin@ademilaw.com

*Attorneys for Lead Plaintiff Emir Fetai*

**JENNER & BLOCK LLP**                    **BAKER MCKENZIE**
By: /s/ Amy M. Gallegos
    Amy M. Gallegos                       Edward D. Totino
    633 West 5th Street, Suite 3600       1901 Avenue of the Stars, Suite 950
    Los Angeles, California 90071         Los Angeles, California 90067
    (213) 239-2208                        (310) 201-4728
    agallegos@jenner.com                  edward.totino@bakermckenzie.com

*Attorneys for Defendants*

- 9 -

**CERTIFICATE OF SERVICE**

   I, John D. Blythin, hereby certify that a copy of the foregoing JOINT REPORT OF PARTIES' THIRD PARTY DISCOVERY PLAN and this Certificate of Service is being filed via this Court's CM/ECF system and served by First Class Mail and email on December 6, 2019, to the following: (if any)

/s/ John D. Blythin_____
John D. Blythin

Report of the Parties' Discovery Plan