# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11-md-2286-MMA (MDD)<br><br>Member Case No. 15-cv-1712-MMA (MDD)<br><br>**ORDER OVERRULING PLAINTIFF ARORA'S OBJECTION TO MAGISTRATE JUDGE'S NONDISPOSITIVE ORDER**<br><br>[Doc. No. 748] |

Plaintiff Ashok Arora ("Arora"), proceeding pro se, objects to the Magistrate Judge's "Order Re: Joint Motion for Determination of Dispute" ("Order") (Doc. No. 742) pursuant to Federal Rule of Civil Procedure 72(a). *See* Doc. No. 748. Defendants filed an opposition to Arora's objection, and Arora replied. *See* Doc. Nos. 755, 760. For the reasons set forth below, the Court **OVERRULES** Arora's objection.

///
///
///

## I. BACKGROUND

On September 5, 2018, the Magistrate Judge issued an order outlining a unique means for the parties to conduct discovery in this multidistrict litigation (MDL).[1] *See* Doc. No. 608. On December 26, 2019, the parties filed a "Joint Motion for Determination of Discovery Dispute." *See* Doc. No. 736. The parties' motion addressed three disputes: (1) "Plaintiff contends that the list of calls produced by Defendant should include the time of day of each call"; (2) "Plaintiff contends that Defendant shall produce Account notes or other records relating to the identified account(s)"; and (3) "Plaintiff contends that Defendant shall produce any evidence regarding consent possessed by Defendants." *Id.* at 5, 8, 12.

The Magistrate Judge issued a brief but thorough ruling on the joint motion on January 6, 2020:

> Plaintiff Ashok Arora ("Arora") in member case number 15cv1712-MMA-MDD moved to compel Midland to supplement certain discovery responses relating to Plaintiff-specific information. (ECF No. 736). Pursuant to this Court's September 5, 2018 Order, Midland was required to produce certain "Plaintiff-specific information," including a list of calls made to Arora on the accounts identified to cellular telephone numbers identified by Arora, account notes or other records relating to Arora's account, and any consent evidence currently in Midland's possession. (ECF No. 608 at 4). Arora contends that Midland's production of such information was insufficient.
>
> First, Arora avers that the list of calls produced by Defendant should include the time of day of each call. Midland argues the time of day of each call is irrelevant in this TCPA action. On August 10, 2018, the parties filed a Joint Motion for Order Implementing the Plaintiff Questionnaire and

---

[1] For example, the discovery order set forth the following: "The responses to the Plaintiff Questionnaire shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be subject to the supplementation requirements of Fed. R. Civ. P. 26." Doc. No. 608 at 2. The discovery order also provided a means for Defendants to produce plaintiff-specific information. *See id.* at 4; *see also infra*.

Protective Order and Providing for Limited Preliminary Discovery. (ECF No. 603). On August 15, 2018, the Court ordered that any Plaintiff with objections to the implementation of the Questionnaire was required to file objections no later than August 27, 2018. (ECF No. 604). No objections were filed and the Court implemented the Plaintiff Questionnaire and the production of plaintiff-specific information, which does not require Midland to list the time of day of each call. (ECF No. 608). Arora could have objected to the questionnaire and Midland's proposed productions on the grounds that it would not require Midland to provide the time of day each call was made. The failure to object waives this argument.

Second, Arora contends Midland must produce account notes or other records relating to the account Midland called Arora about. Arora acknowledges that any account notes it has do not pertain to Arora because the calls to his telephone number were wrong-number calls. However, Arora still asserts he is entitled to those account notes because they are protected by the Protective Order in this case. Midland counters that the account notes are not relevant to Arora's case. The Court agrees with Midland. Arora is not entitled to a third party's confidential information, even with the Protective Order because they are not relevant.

Midland has told Arora that it has produced all of the documents required by the Court's September 5, 2018 Order [Doc. No. 608]. The Court's September 5, 2018 Order is unique to this Multi-District Litigation ("MDL") and is a method of obtaining discovery relevant to this MDL without requests for production of documents and interrogatories. Thus, Midland was not required to object or state that they do not have other records relating to Arora's number. Midland's statement that it has produced all of the document required by the Court's order is sufficient.

Third, Arora moves to compel evidence regarding consent possessed by Midland. According to Arora, Midland has neither stated that they do not possess any consent evidence nor objected to this request. As indicated previously, Midland was neither required to object nor state that they do not have any consent evidence and Midland's response that it produced all documents required by the Court's order is adequate.

Based on the foregoing, the Court **DENIES** Arora's motion to compel as presented in this Joint Motion.

3

Doc. No. 742 (footnotes omitted).

Subsequent to the Magistrate Judge issuing the Order, Arora filed the present objection on January 21, 2020. *See* Doc. No. 748.

## II. LEGAL STANDARD

A district judge's review of a magistrate judge's order on a nondispositive matter is limited.

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) ("The district court shall defer to the magistrate's orders unless they are clearly erroneous or contrary to law.").

The "clearly erroneous" prong "applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (first citing *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999); and then citing *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996)) ("[T]he district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). Under Rule 72(a), the reviewing district judge may not simply supplant his or her own judgment in place of

4

the deciding magistrate judge. *Grimes*, 951 F.2d at 241 (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

However, the "contrary to law" prong "permits independent review of purely legal determinations by the magistrate judge." *Fid. & Deposit Co. of Maryland*, 196 F.R.D. at 378 (first citing *Computer Econ., Inc.*, 50 F. Supp. 2d at 983; and then citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).

An order regarding a discovery dispute is generally a nondispositive matter. *See* 28 U.S.C. § 636(b)(1)(A); Civ. Loc. R. 72.1(b); *Grimes*, 951 F.2d at 240; *Fid. & Deposit Co. of Maryland*, 196 F.R.D. at 378.

### III. DISCUSSION

Arora makes six objections that essentially challenge the Magistrate Judge's ruling as to (1) call times and (2) account notes and other records. As to the call times, Arora objects for several reasons: "the Discovery Order did not state that the Rule 34 of Fed. R. Civ. P. was being waived for Defendants"; the call times are relevant; and he was pressed for time and thus could not seek clarification on or file objections to the Plaintiff Questionnaire. Doc. No 748 at 3–4. As to the account notes and other records, Arora claims that "while the account notes may not pertain to him in their entirety, parts of the account notes do pertain to him or calls to his cell phone." *Id.* at 6. Arora argues that the notes are relevant, and Defendant's privacy arguments are without merit. *See id.* at 8, 9.

In opposition, Defendants argue that the Magistrate Judge's ruling was correct. Doc. No. 755 at 5. They point to the high bar required to challenge a magistrate judge's nondispositive motion. *See id.* Defendants argue that Arora waived his call time objection because he failed to timely object; the call list produced by Defendants did not need to be produced as it was kept in the ordinary course of business; "the call times are irrelevant because the TCPA does not regulate the timing of non-marketing calls"; "verification purposes" is not a proper reason to request the call times because Arora does not identify why the call times would be relevant or the basis for why the call list would be falsified; and Arora's speculation that Defendants produced call times to other

5

plaintiffs is incorrect because the produced list was in the same format as was produced to "every member-case plaintiff who submitted a questionnaire and signed on to the protective order." *Id.* at 5–7. As to the third-party account notes, Defendants argue that third-party account notes of Elizabeth Adams are not required to be produced because she is not a plaintiff in this MDL and production would infringe upon her right to privacy. *Id.* at 8. In response to Arora's suggestion that the notes are relevant to revoked consent, Defendants reply:

> Arora does not contend that he revoked his consent—he contends he never consented in the first place. Arora also now claims for the first time that he informed Midland that it had reached a wrong number and he speculates that the Elizabeth Adams' account notes might contain information about that alleged interaction. This alleged interaction was never mentioned in his original motion, however, and seems like a last-ditch attempt to invent an excuse to discover Ms. Adams' personal information.

*Id.* at 8. Defendants emphasize that "Arora has not explained how consent by him could be proven or disproven using someone else's account notes." *Id.* at 9. Finally, Defendants argue that agreeing to produce account notes to member plaintiffs who were called regarding their own debts was not an admission that the notes are relevant in all cases or in wrong number cases. *Id.*

As to the call times, the Court finds that Arora has not carried his burden to show that the Magistrate Judge's ruling "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). If Arora had an issue with the proposed Plaintiff Questionnaire, he could have objected and sought modification. However, Arora failed to do so. Arora believes there was not enough time for him to seek clarification on or file objections to the Plaintiff Questionnaire. *See* Doc. No. 748 at 4. As Defendants correctly argue, Arora could have requested an extension to file objections, but he failed to do so. *See* Doc. No. 755 at 6. The Magistrate Judge correctly noted that Arora's failure to object to the Plaintiff Questionnaire waives his current argument. *See* Doc. No. 742 at 2.

Additionally, the Plaintiff Questionnaire Order called for Defendant's production of "Plaintiff-Specific Information," which included "a list of calls made to the plaintiff, if any, on the accounts identified in the questionnaire to cellular telephone numbers identified in the questionnaire." Doc. No. 608 at 4. Defendants' duty to produce a "list of calls" did not require Defendants to list the time of day for each call. Arora has not left the Court with the definite and firm conviction that the Magistrate Judge made a mistake. *See Deposit Co. of Maryland*, 196 F.R.D. at 378.

Similarly, as to the account notes and related records, the Court finds that Arora has not carried his burden to show that the Magistrate Judge's ruling "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Plaintiff-Specific Information" requiring production includes "account notes or other records relating to the plaintiff's account, if any." Doc. No. 608 at 4. The third-party's account notes do not relate to a plaintiff's account and thus fall outside of "Plaintiff-Specific Information" where the account notes pertain to wrong-number calls, which Defendants concede, *see* Doc. No. 755 at 8. The Court finds that the Magistrate Judge's Order regarding the account records of the third-party was not clearly erroneous when it balanced the privacy considerations against the relevance and need of the sought information. Arora has failed to show how the Magistrate Judge made a definite mistake—as to both its relevancy and privacy determinations. This Court cannot simply supplant the Magistrate Judge's judgment for its own in the present case. *See Grimes*, 951 F.2d at 241 (citing *BNS Inc.*, 858 F.2d at 464). Because Arora has not carried its burden to show that the Magistrate Judge's ruling was clearly erroneous, his objection is unavailing.

To the extent that Arora's objections address evidence regarding consent, the Court finds that the Magistrate Judge's ruling was not clearly erroneous. Despite Arora seeking "any evidence regarding consent possessed by Defendants," Defendants replied that "they have produced all of the documents required by the Questionnaire Order, including any consent evidence in their possession." Doc. No. 736 at 12, 13. The Court agrees

with the Magistrate Judge that Defendant's response that it produced all documents required by the order was adequate.

### IV. Conclusion

Based on the foregoing, the Court **OVERRULES** Arora's objection.

**IT IS SO ORDERED**.

Dated: March 2, 2020

Hon. Michael M. Anello
United States District Judge