**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION

Case No. 11-md-2286-MMA (MDD)

**ORDER DENYING DEFENDANTS' MOTION TO STAY**

[Doc. No. 761]

Defendants Midland Funding LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. (collectively, "Defendants") move to stay all proceedings in this Multi-District Litigation ("MDL"). *See* Doc. No. 761.[1] Lead Plaintiff filed a response[2]

---

[1] All citations refer to the pagination assigned by the CM/ECF system. All docket references refer to the docket of this action unless otherwise noted.

[2] Lead Plaintiff's response brief is not an opposition to the motion. Rather,

> Lead Plaintiff does not oppose a brief stay until June 30, 2020 or the date the Supreme Court releases the decision in *AAPC*, as an administrative matter, even though it is exceedingly unlikely that the Supreme Court will strike down the entire "restriction on

to Defendants' motion. *See* Doc. No. 763. Member Plaintiffs Nicholas Martin ("Martin") and Jeremy R. Johnson ("Johnson") filed a joint response in opposition. Doc. No. 765. Defendants replied. *See* Doc. No. 767. For the reasons set forth below, the Court **DENIES** Defendants' motion to stay.

## I. Background

Originating in 2011, the MDL comprises a lead class action member case and several dozen individual member cases alleging that the Defendants violated the Telephone Consumer Protection Act ("TCPA"). *See* Doc. No. 1 at 1. Specifically, Member Plaintiffs aver that Defendants placed debt collection calls to Member Plaintiffs cell phones using an automated system, but without the debtors' consent. *See id.*; Doc. No. 571 at 1. On December 16, 2019, the Magistrate Judge issued an order rescheduling discovery and pretrial motion deadlines. Doc. No. 726. The Magistrate Judge's order required any motion for class certification and any motion for summary judgment to be "filed no later than June 12, 2020." *Id.* at 7.

Defendants move to stay this action pending resolution of *Barr v. Am. Ass'n of Political Consultants*, Sup. Ct. Dkt. No. 19-631, currently before the United States Supreme Court. On January 10, 2020, the Supreme Court granted certiorari in that matter. *See id.* Defendants filed this motion on February 21 and based their motion on the briefing generated in the petition for writ of certiorari in *Ass'n of Political Consultants*. *See* Doc. No. 761. On February 24 the petitioners filed their merits brief. *Am. Ass'n of Political Consultants*, Sup. Ct. Dkt. No. 19-631. The respondents have not yet filed their merits brief. *Id.* The case is set for argument on April 22, 2020. *Id.* Accordingly, a decision is expected by the end of the Supreme Court's current term.

---

automated and prerecorded voice calls" (the "automated call restriction") contained in the TCPA.

Doc. No. 763 at 1. Despite Lead Plaintiff's non-opposition to the motion, the Court has an affirmative obligation to determine the propriety of the instant motion.

The Supreme Court's docket provides the following question presented:

> The Telephone Consumer Protection Act of 1991 (TCPA), Pub. L. No. 102-243, 105 Stat. 2394, generally prohibits the use of any "automatic telephone dialing system or an artificial or prerecorded voice" to "make any call" to "any telephone number assigned to a * * * cellular telephone service." 47 U.S.C. 227(b)(1)(A)(iii) (Supp. V 2017). The TCPA excepts from that automated-call restriction any "call made for emergency purposes or made with the prior express consent of the called party." *Ibid.* In 2015, Congress amended the TCPA to create an additional exception for calls "made solely to collect a debt owed to or guaranteed by the United States." *Ibid.*
>
> Respondents wish to use an automatic telephone dialing system or an artificial or prerecorded voice to make calls to the cell phones of potential or registered voters to solicit political donations and to advise on political and governmental issues. First Am. Compl. ¶¶ 8-10, 12. The court of appeals held that the government-debt exception to the TCPA's automated-call restriction violates the First Amendment. The court further held that the proper remedy was to sever the government-debt exception, leaving the basic automated-call restriction in place. The question presented is as follows:
>
> Whether the government-debt exception to the TCPA's automated-call restriction violates the First Amendment, and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute.

*Id.*

## II. LEGAL STANDARD

"A district court has discretionary power to stay proceedings in its own court . . . ." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, No. 13-CV-2014-H (KSC), 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). A district court may stay a case "pending resolution of

independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citations omitted). However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

In determining whether to grant a stay, courts in the Ninth Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including

> [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "'If there is even a fair possibility that the stay will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 255). The burden is on the movant to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (quoting *Landis*, 299 U.S. at 255).

## III. DISCUSSION

### A. Whether the Pending Supreme Court's Decision in *Ass'n of Political Consultants* Will Dispose of Member Plaintiffs' TCPA Claims

Before the Court can address the competing interests to determine whether a stay is appropriate, the Court must answer a threshold question: whether the Supreme Court's

decision in *Ass'n of Political Consultants* will have an impact on the merits of Member Plaintiffs' claims.

Defendants argue that "[i]f the Supreme Court invalidates the automated[-]call restriction, the ruling will dispose of all of the plaintiffs' TCPA claims in this MDL in one fell swoop." Doc. No. 761 at 4. Defendants note that the MDL's TCPA claims all allege "violations of the automated[-]call restriction." *Id.* at 7. Defendants assert that the Court would only need to remand the member cases involving non-TCPA claims back to their original courts. *Id.* Defendants emphasize that the issue of

> whether the automated[-]call restriction must be invalidated is squarely before the Supreme Court. Both AAPC and the Government *agreed* in their petitions that if the Court were to review the question of whether the automated[-]call restriction is unconstitutional, it should *also* review whether the appropriate remedy is to sever the government[-]debt exemption or invalidate the entire automated[-]call restriction.

*Id.* at 6.

As noted above, Lead Plaintiff "does not oppose a brief stay until June 30, 2020 or the date the Supreme Court releases the decision in AAPC . . . even though it is exceedingly unlikely that the Supreme Court will strike down the entire 'restriction on automated and prerecorded voice calls' . . . ." Doc. No. 763 at 1. However, Member Plaintiffs Martin and Johnson oppose a stay and argue that the invalidation of the automated-call exception is unlikely. *See* Doc. No. 765 at 2.

The parties appear to conflate the Supreme Court granting certiorari regarding the government-debt exception with the overall automated-call restriction. For example, Defendants state that "[t]he United States Supreme Court recently granted review in a case that presents the question of whether the *automated[-]call restriction* violates the First Amendment and, if so, whether this means that the restriction must be invalidated in its entirety." Doc. No. 761 at 4 (emphasis added). However, the question presented in the Petitioner's merits brief and the Supreme Court's docket is "[w]hether the

*government-debt exception* to the TCPA's automated-call restriction violates the First Amendment, and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute." *Am. Ass'n of Political Consultants*, Sup. Ct. Dkt. No. 19-631 (emphasis added); *accord* Brief of Petitioner at (I), *Am. Ass'n of Political Consultants*, Sup. Ct. Dkt. No. 19-631 (Feb. 24, 2020) (emphasis added). Defendants' statement of the issue overlooks the fact that the validity of the government-debt exception is the threshold issue that the Supreme Court must address *and also* find unconstitutional before it can assess if the government-debt exception is severable from the rest of the TCPA.

Accordingly, the Supreme Court's decision *might* have an impact on the merits of Member Plaintiffs' claims if the Court *both* passes the threshold issue *and then* finds the government-debt exception is not severable. Regardless, the possibility remains that the Supreme Court *could* invalidate the automated-call restriction. The Court now proceeds to weigh the competing interests to determine whether a stay is appropriate.

**B. Whether the Competing Interests Compel a Stay**

Defendants argue that a stay would benefit both parties because resources would be wasted if the motion to stay were denied and the Supreme Court were to invalidate the entire automated-call restriction. Doc. No. 761 at 8–9. Defendants point to the proposed stay's short duration. *Id.* at 8. Arguing that a Supreme Court ruling invalidating the automated-call restriction would dispose of all TCPA MDL claims, Defendants note that waiting for the Supreme Court would "greatly simplify and streamline the process here" as well as "promote judicial economy and conserve the parties' and the Court's resources." *Id.* at 7, 8. They assert that a decision invalidating the automated-call restriction would only require this Court to remand the member cases with non-TCPA claims back to their original courts. *Id.* Defendants argue that any discovery pertaining to "plaintiff-specific issues should be addressed after remand." *Id.* at 8. However, Defendants note that "if plaintiff-specific issues are going to be litigated in this MDL," then the discovery work and motion practice "will be unnecessary, and all of the parties'

and Courts' time and resources will be wasted, if the Supreme Court invalidates the automated call restriction." *Id.* at 8.

Although Lead Plaintiffs do not oppose the motion, Doc. No. 763 at 1, Member Plaintiffs Martin and Johnson oppose the motion, Doc. No. 765. Martin and Johnson argue that "Defendants fail to identify circumstances warranting such relief" and that they will suffer prejudice from the delay. *Id.* at 2. Specifically, Martin and Johnson assert that Defendants overstate the possibility that the Supreme Court will strike down the entire automated-call restriction, pointing to both the Ninth and Fourth Circuits that held the government-debt exception was severable from the remainder of the TCPA. *Id.* They also point to the repeated delay in this case and the fact that Defendants waited more than a month after the Supreme Court granted certiorari to file this motion. *See id.* at 3.

Defendants overlook the impact of a stay on the overall course of the MDL. The United States Judicial Panel on Multidistrict Litigation transferred the first member cases to this Court in 2011 for coordinated pretrial proceedings. Doc. No. 1. The standing class verification and summary judgment deadlines have already been pushed back several months. *Compare* Doc. No. 701 (January 24, 2020 deadline), *with* Doc. No. 726 (June 12, 2020 deadline). From the Court's perspective, staying this MDL would continue to consume more of the Court's resources and delay an already prolonged MDL. Further, Defendants delayed bringing this motion more than a month after the Supreme Court granted certiorari.

Importantly, Defendants have not sufficiently persuaded the Court that resources will be wasted on further discovery tasks. Defendants state that "expert discovery will take place in March and April" and that some "plaintiffs wish to serve discovery requests on common issues, and they have indicated they may seek leave to serve discovery on plaintiff-specific issues as well." Doc. No. 761 at 8. Further, Defendants note that "if plaintiff-specific issues are going to be litigated in this MDL, Midland will soon need to seek leave to conduct depositions of individual plaintiffs and take other necessary steps to preserve and develop its defenses in connection with each case in this MDL." *Id.*

Defendants' proffered evidence of wasted resources fails to place the discovery work to be completed in the proper context of the discovery that has been ongoing for many months. Defendants leave the court without the specifics as to what discovery has been completed and what discovery still needs to be done in the few remaining months.

As noted by Lead Plaintiff and Plaintiffs Martin and Johnson, it appears unlikely that the Supreme Court would invalidate the entire automated-call restriction. *See* Doc. No. 763 at 2; Doc. No. 765 at 2. Petitioners argue that the TCPA contains a severability provision that "unambiguously specifies the appropriate remedy, making clear Congress's intent that only the invalid exception should be excised and that 'the remainder of the [Act] * * * shall not be affected.'" Brief of Petitioner, *supra*, at 35 (quoting 47 U.S.C. § 60). Further emphasizing that the government-debt exception is severable, the Petitioner notes that Congress enacted the TCPA in 1991 and the provisions—including the automated-call exception—"remained in place for the next 24 years without any exception for calls made to collect government-backed debts." *Id.* Thus, based on the focus of the case before the Supreme Court, the Court finds the unlikelihood of the entire automated-call restriction being stricken suggests that a stay is inappropriate. *See Sutor v. Amerigroup, Corp.*, 1:19-cv-1602 (LMB/JFA), at 2 (Mar. 10, 2020), ECF No. 20 (denying a stay of a TCPA action not involving the government-debt exception, and noting the small likelihood of the Supreme Court invalidating the entire provision). *But see Wright, et al. v. Exp. Realty, LLC*, 6:18-cv-1851-PGB-EJK, at 2 (M.D. Fla. Feb. 7, 2020), ECF. No. 99 (granting a stay, noting the pending Supreme Court decision).

Accordingly, based on the unique characteristics of this MDL, the Court finds that Defendants have not carried their burden to persuade the Court to grant a stay. If the Supreme Court decides *Ass'n of Political Consultants* after the motion for class certification and motion for summary judgment deadline, and to the extent, if any, its decision has bearing on this Court's proceedings, the Court **INSTRUCTS** the parties to

file a joint status report detailing the Supreme Court's impact on this MDL **within one week** of the Supreme Court's decision.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion to stay on the proffered grounds. The Court **VACATES** the hearing date on this motion previously set for March 23, 2020.

**IT IS SO ORDERED**.

DATE: March 18, 2020

HON. MICHAEL M. ANELLO
United States District Judge