# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11-md-2286-MMA (MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' JOINT MOTION (1) TO FILE OVERSIZED BRIEFS AND (2) FOR LEAVE TO FILE PORTIONS OF THE PARTIES' BRIEFS UNDER SEAL**<br><br>[Doc. No. 778] |

In this Multi-District Litigation ("MDL"), Lead Plaintiff Emir Fetai ("Fetai") and Defendants Midland Credit Management, Inc., Midland Funding LLC, and Encore Capital Group, Inc. (collectively, "Defendants") jointly (1) "move the Court for an order allowing the parties to file oversized . . . briefs . . . [in] Fetai's upcoming motion for class certification" and (2) "request that the Court grant the parties leave to file portions of the class certification motion and briefs that refer to information that the parties have

designated as 'confidential' under seal." Doc. No. 778 at 2.[1] For the reasons set forth below, the Court **GRANTS in part and DENIES in part** the parties' joint motion.

## I. BACKGROUND

Originating in 2011, the MDL comprises a lead class action member case and several dozen individual member cases alleging that Defendants violated the Telephone Consumer Protection Act ("TCPA"). *See* Doc. No. 1 at 1. Specifically, member plaintiffs aver that Defendants placed debt collection calls to member plaintiffs' cell phones using an automated system, but without their consent. *See id.*; Doc. No. 571 at 1. On December 16, 2019, the Magistrate Judge issued an order rescheduling discovery and pretrial motion deadlines. Doc. No. 726. The Magistrate Judge's order required any motion for class certification and any motion for summary judgment to be "filed no later than June 12, 2020." *Id.* at 7. In light of the upcoming motion for class certification, the parties filed the instant joint motion.

## II. DISCUSSION

### A. Request to File Oversized Briefing

The parties "request that the Court grant leave for the Plaintiff and Defendant[s] to file briefs not in excess of 75 pages and for Fetai to file a reply brief not exceeding 30 pages." Doc. No. 778 at 2. The parties argue that the additional briefing is necessary because of the "significant and extensive factual record" that needs to be considered for the motion. *Id.* at 2.

Good cause appearing, the Court **GRANTS** the parties' joint motion for leave to file oversized briefs. *See* CivLR 7.1.h. Accordingly, the Court **ORDERS** that (1) Fetai may file a memorandum of points and authorities in support of his motion for class certification, not in excess of seventy-five (75) pages; (2) Defendants may file a memorandum of points and authorities in opposition to Fetai's motion for class

---

[1] All citations refer to the pagination assigned by the CM/ECF system.

certification, not in excess of seventy-five (75) pages; and (3) Fetai may file a reply memorandum in support of his motion for class certification, not in excess of thirty (30) pages.

The parties further note that the they "stipulate and agree that Defendants shall have at least 30 days to file their opposition. Before the class certification motion is filed, the parties shall confer and agree upon a hearing date that is agreeable to the Court and provides for at least a 30-day time frame for the opposition." Doc. No. 778 at 3. Given that the parties appear to request a special briefing schedule, the Court **ORDERS** that the parties (1) confer on an agreeable hearing date and briefing schedule regarding the opposition and reply briefs, and subsequently (2) move for a special briefing schedule on or before **June 9, 2020**. The Court will then issue an order establishing the filing dates for the opposition and reply briefs. This Order does not change the June 12, 2020 deadline to file a motion for class certification.

**B. Request for Leave to File Under Seal**

The parties further "request that the Court grant the parties leave to file portions of the class certification motion and briefs that refer to information that the parties have designated as 'confidential' under seal, pursuant to Local Rule 2.2." Doc. No. 778 at 2. The parties note that the briefs are likely to include "numerous, arguably confidential and proprietary matters." *Id.* at 3. The parties intend to file a redacted version for the public and an unredacted version under seal for the Court. *See id.*

The parties cite to "Local Rule 2.2." *Id.* at 2, 3. The parties appear to refer to Local Rule 2.2 under the *Patent* Local Rules. *See* Patent L.R. 2.2. This MDL does not involve patent infringement. Moreover, the parties have improperly moved to file documents under seal. The parties have not adhered to the District's Electronic Case Filing Administrative Policies and Procedures Manual. Furthermore, the parties have not made the necessary showing to support their request to file material under seal.

Therefore, the Court **DENIES** without prejudice the parties' request for leave to file portions of the class certification motion and briefs under seal. If the parties seek to

seal documents, the Court **INSTRUCTS** the parties move to seal at the time of filing the proposed sealed document in accordance with the District's Electronic Case Filing Administrative Policies and Procedures Manual § 2.j.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the parties' joint motion.

**IT IS SO ORDERED**.

Dated: June 2, 2020

HON. MICHAEL M. ANELLO
United States District Judge