# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11-md-2286-MMA (MDD)<br><br>**ORDER DENYING JOINT MOTION TO STAY**<br><br>[Doc. No. 808] |

Member Plaintiffs Nicholas Martin, Jeremy Johnson, and several others[1] and Defendants Midland Funding LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. (collectively, "Defendants") jointly move to stay all proceedings in this multidistrict litigation ("MDL") and hold the pending motions before the Magistrate Judge (Doc. Nos. 801, 802, 803) in abeyance. *See* Doc. No. 808.[2] For the reasons set forth below, the Court **DENIES** the joint motion to stay.

---

[1] The full list of member Plaintiffs that join the motion is located at Doc. No. 808 at 6–9.

[2] All citations refer to the pagination assigned by the CM/ECF system.

1

**I. Background**

Originating in 2011, the MDL comprises several dozen individual member cases alleging that Defendants violated the Telephone Consumer Protection Act ("TCPA"). *See* Doc. No. 1 at 1. Specifically, member Plaintiffs aver that Defendants placed debt collection calls to member Plaintiffs' cell phones using an automated system, but without the debtors' consent. *See id.*; Doc. No. 571 at 1. On December 16, 2019, the Magistrate Judge issued an order rescheduling discovery and pretrial motion deadlines. Doc. No. 726. The Magistrate Judge's order required any motion for class certification and any motion for summary judgment to be "filed no later than June 12, 2020." *Id.* at 7.

No party filed a motion for class certification or motion for summary judgment. However, on July 12, 2020, lead Plaintiff Emir Fetai and Defendants filed a joint notice of settlement. *See* Doc. No. 780. On June 29, 2020, the Court held a Telephonic Status Conference to determine the status of the MDL as to the remaining member cases. *See* Doc. Nos. 782, 789. After the Status Conference, the Magistrate Judge ordered that "any discovery dispute regarding the April 27, 2020 discovery order (Doc. No. 776) be brought to the Court's attention on or before July 15, 2020" and "[a]ny request for additional discovery must also be filed on or before July 15, 2020." Doc. No. 793 at 2.

There are several motions pending in this MDL before the Magistrate Judge: (1) motion regarding member Plaintiff Ashok Arora's request for leave to take depositions and discovery of Noble Systems (Doc. No. 790); (2) motion regarding several member Plaintiffs' request to amend the scheduling order (Doc. No. 801); (3) motion seeking determination of discovery dispute (Doc. No. 802); and (4) motion regarding request for leave to take depositions (Doc. No. 803).

Now, the moving parties seek to stay this action pending resolution of *Facebook, Inc. v. Duguid*, Sup. Ct. Dkt. No. 19-511, currently before the United States Supreme Court, and hold in abeyance the pending motions. On July 9, 2020, the Supreme Court granted certiorari in that matter. *See id.* The Supreme Court's docket provides the following question presented: "Whether the definition of ['automatic telephone dialing

system' ('ATDS')] in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" *Id.* On July 24, 2020, the moving parties filed this motion to stay. *See* Doc. No. 808.

## II. LEGAL STANDARD

"A district court has discretionary power to stay proceedings in its own court . . . ." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, No. 13-CV-2014-H (KSC), 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citations omitted). However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

In determining whether to grant a stay, courts in the Ninth Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including

> [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "'If there is even a fair possibility that the stay will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 255). The burden is on the movant to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

### III. D<small>ISCUSSION</small>

The moving parties argue that a stay of the MDL's proceedings and abeyance of the pending motions are warranted because the Supreme Court's ruling would clarify a question of law—the definition of ATDS—that is key to the MDL member cases. *See* Doc. No. 808 at 3. The parties state the ruling "could obviate the need for some of the discovery that is the subject of the pending motions." *Id.* The parties assert that a stay would allow for discovery tailored to the Supreme Court's guidance, which would avoid "the time and expense of developing alternative expert opinions to account for different possible Supreme Court rulings on the ATDS definition." *Id.* at 4. The moving parties further note that "[i]f a stay is not granted and summary-judgment motions are simply briefed under the ATDS definition applicable to the deciding court at the time, substantial supplemental briefing may be required after the Supreme Court rules." *Id.* Similarly, they claim that "[i]f dispositive motions are ruled upon while *Duguid* is pending, those rulings could conflict with the Supreme Court's decision and spawn a multiplicity of appeals." *Id.*

The parties potentially overstate the impact of the Supreme Court case given the current procedural standing of this MDL. The parties appear to assume that the Magistrate Judge's decisions on the pending motions—such as whether additional discovery is warranted or whether the dispositive motion deadline should be extended—will be granted or that the Supreme Court's future holding means that issues that previously were expected to have been brought to the Court's attention should be

relitigated. Depending on how the Magistrate Judge rules on the pending motions, a stay may be inappropriate regardless of the Supreme Court's future decision.

The Court does not provide a prejudgment on how the Magistrate Judge will or should resolve the pending motions. The Court merely finds that the present motion to stay is premature at this time. If further discovery is permitted or the scheduling order is amended, the parties may once again move to stay.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to stay without prejudice.

**IT IS SO ORDERED**.

Dated: August 1, 2020

HON. MICHAEL M. ANELLO
United States District Judge