UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No.:  11md2286-MMA-MDD<br><br>ORDER:<br><br>(1) DENYING PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER; [ECF No. 801]<br><br>(2) DENYING JOINT MOTION REGARDING PLAINTIFFS' REQUEST FOR LEAVE TO TAKE DEPOSITIONS; AND [ECF No. 803]<br><br>(3) DENYING JOINT MOTION FOR LEAVE TO TAKE DEPOSITION AND DISCOVERY OF NOBLE SYSTEMS [ECF No. 790] |

Before the Court is the motion of certain member Plaintiffs, filed on July 15, 2020, to amend the scheduling order in this multi-district litigation (MDL).[1] (ECF No. 801). Defendants Midland Funding LLC, Midland Credit

---

[1] The list of Plaintiffs bringing and joining in this motion can be found at ECF No. 801 at 3-6.

Management, Inc. and Encore Capital Group, Inc. (collectively "Defendants") responded in opposition on July 30, 2020. (ECF No. 809). As provided below, the motion to amend the scheduling order is **DENIED.**  The resolution of this motion also resolves Plaintiffs' motion for leave to take depositions (ECF 803), and Plaintiff Ashok Arora's motion for leave to obtain discovery and take depositions.  (ECF No. 790).

<u>BACKGROUND</u>

This MDL originated in 2011. Defendants are alleged to have violated the Telephone Consumer Protection Act (TCPA).  (ECF No. 1).  The MDL was initially comprised of four member actions, all purported class actions.  As of January 2018, there were roughly 264 actions.  The first consolidated complaint was filed on July 11. 2012. (ECF No. 23).  The Court approved the settlement of this class action, alleging calls prior to September 1, 2014, on December 2, 2016. (ECF No. 434). Only eight member cases resolved in the settlement of this first class action.  A second class action involving calls after September 1, 2014, was commenced with the filing of an amended consolidated complaint on October 20, 2017. (ECF No. 538).  That complaint was dismissed without prejudice on July 2, 2020, following a settlement with the Plaintiff representing the class. (ECF No. 795).  Remaining in the MDL are dozens of individual cases with Plaintiffs who opted out of the first class settlement and who were prospective class members in the second class.

Defendants answered the amended consolidated complaint on December 8, 2017. (ECF No. 549).  On January 30, 2018, the Court ordered Defendants to file a responsive pleading in all cases so that discovery could commence.  (ECF No. 562).  On April 25, 2018, an initial case management conference was held on all remaining cases. (ECF No. 587). Following the case management conference, the Court ordered the parties to complete the

11md2286-MMA-MDD

conference required by Rule 26(f), Fed. R. Civ. P., and file a joint discovery plan. A further case management conference was conducted on July 23, 2018. (ECF No. 602). As contemplated in the case management conference, on August 10, 2018, the parties filed a joint motion to implement a plaintiff questionnaire, a protective order, and to provide for certain preliminary discovery. (ECF No. 603). On August 15, 2018, the Court issued an order requiring any Plaintiff objecting to the proposed discovery procedure file objections by August 27, 2018. (ECF No. 604). No objections were filed.

On September 5, 2018, the Court issued an order implementing the questionnaire process. (ECF No. 608). The order, among other things, required Defendants to make available to plaintiffs who completed the required questionnaire:

> a. Non-privileged documents sufficient to show the dialing technology Defendants used to make debt-collection calls during the time periods in which the plaintiffs in this MDL were called by Midland, as reflected by the Plaintiff Questionnaire responses and the call records produced by Defendants (the "Relevant Time Periods").
>
> b. Non-privileged documents sufficient to show Defendants' internal policies and procedures relating to debt-collection calls during the Relevant Time Periods, including materials used to train employees responsible for placing calls during the Relevant Time Periods.
>
> c. A description of the technological systems, including both hardware and software, that Midland used to contact consumers by telephone during the Relevant Time Period, including, to the extent readily available:
>
> i. The model and manufacturer of all hardware devices used;
>
> ii. The name and developer of each software program used by Midland, whether such programs were purchased from a third-party vendor, customized for Midland in conjunction with a third-party vendor, or developed internally;
>
> iii. The purpose or function of each such device or software program;
>
> iv. How Midland's employees or agents operate such devices and software programs; and
>
> v. The dates such devices and software programs were in use at

Midland.

       d. A description of how the technological systems described in response to item (c) above are used to place calls to individual consumers.

September 2018 Order, ¶ C.1 (ECF No. 608 at 5-6).[2]

On June 4, 2019, the Court ordered the parties to file a status report confirming that the questionnaire discovery process was complete and requiring the parties to meet and confer regarding the next phase of discovery including deposing Defendants, deposing certain Plaintiffs and to provide a new joint discovery plan. The Court also ordered the parties to propose deadlines for the filing of any summary judgment motions and any motions for class certification. (ECF No. 689).

Following receipt of the status reports, including reports from some of the Plaintiffs bringing this motion, the Court issued an order setting discovery parameters and deadlines. In the order, filed on September 4, 2019, the Court set deadlines for the deposition of the lead Plaintiff in the proposed class action, the deposition of Defendants under Rule 30(b)(6), Fed. R. Civ. P., regarding calling technologies and practices after September 1, 2014, and the issuance of certain third-party subpoenas to cellular carriers by individual Plaintiffs. The Court also ordered the parties to meet and confer regarding other depositions pertinent to the post-September 1, 2014 Plaintiffs, and any proposed depositions and disputes regarding pre-September 2014 Plaintiffs. The Court required that any summary judgment motion and any motion for class certification be filed no later than January 24, 2020. (ECF No. 702).

In the September 4, 2019 order, the Court acknowledged that it did not

---

[2] The Court will refer to pagination supplied by CM/ECF rather than original pagination throughout.

provide for dispute resolution regarding any issues raised regarding the discovery provided by Defendants in connection with the questionnaire process.  To address that shortcoming, the Court ordered Defendants to file a report identifying all remaining cases alleging calls prior to September 1, 2014; designating attorneys responsible for responding to individual Plaintiffs regarding discovery issues and potential settlement; and designating attorneys responsible for responding to individual Plaintiffs regarding issues with the plaintiff-specific discovery provided by Defendants in connection with the questionnaire process.  The Court provided a deadline to bring any discovery dispute stemming from the questionnaire process to the Court no later than December 2, 2019.  The Court also ordered the relevant parties to meet and confer regarding a deposition of Defendants regarding calling technologies and practices prior to September 1, 2014.  (*Id.*).

On December 16, 2019, following the submission of status reports and motions, the Court issued two orders regarding discovery.  The first order involved a motion by two of the individual Plaintiffs who also brought the instant motion, Nicholas Martin and Jeremy Johnson, to take the deposition of Defendants regarding calling practices and technologies in place prior to September 1, 2014.  (ECF No. 713).  The Court granted the motion and allowed for the deposition to proceed no later than January 31, 2020.[3] (ECF No. 725).  The deposition was taken on January 28, 2020.  (*See* ECF No. 803 at 5).

The second motion was a joint motion by counsel for lead Plaintiff and Defendants to allow for the deposition of third party Alfred Collins, the

---

[3]  To proceed with the deposition, counsel had to provide a means for all interested Plaintiffs and counsel to attend the deposition either in person or by remote means and to have the ability to suggest questions to counsel taking the deposition.

deposition of third party Noble Systems and the deposition of Defendants regarding calling technologies and practices for calls made prior to September 4, 2014.  (ECF No. 715). The motion was instigated by the request of 14 individual Plaintiffs, made through lead counsel, for those depositions.  (*Id.*). That motion also was granted and provided that the deposition of Defendants proceed as provided in the Court's order on the motion brought by Plaintiffs Martin and Johnson.  The Court also ordered that the deposition of Noble Systems occur no later than January 31, 2020, and the deposition of Mr. Collins occur no later than February 14, 2020.  The Court extended certain expert discovery deadlines and provided that "any motion for class certification and any motion for summary judgment must be filed no later than June 12, 2020." (ECF No. 726). No motion was filed for class certification and no motion was filed by any party for summary judgment. No motion to extend the time to file any such motion was brought by any party. The depositions of Noble Systems and Mr. Collins did not proceed and no party asked that the dates for those depositions be extended.

On March 24, 2020, Plaintiffs Martin and Johnson and Defendants filed a joint motion presenting their agreement that certain requests for written discovery be served upon Defendants. Defendants agreed to accept service and agreed to respond to the requests, reserving their rights to object under the Federal Rules of Civil Procedure.  (ECF No. 773).  The Court accepted the agreement on April 27, 2020.  (ECF No. 776).

On June 29, 2020, a status conference was held regarding the possible remand of the cases remaining in the MDL.  (ECF No. 789).  Following the conference, the Court issued an order requiring that any discovery dispute regarding the April 27, 2020 discovery order be brought to the Court's attention on or before July 15, 2020, and that any request for additional

discovery also must be filed on or before July 15, 2020. (ECF No. 793).

The instant motion, brought by a collection of Plaintiffs, including Messrs. Martin and Johnson, seeks amendment of the scheduling order.

<u>LEGAL STANDARD</u>

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "…[T]he focus of the inquiry is upon the moving party's reasons for seeking modification…. If that party was not diligent, the inquiry should end." *Id*. (citation omitted). In addition to being required to establish good cause, a party moving to extend time after a scheduling order deadline has passed must demonstrate excusable neglect. *LaNier v. United States*, No. 15cv0360-BAS-BLM, 2017 WL 951040 at *2 (S.D. Cal. Mar. 10, 2017).

<u>DISCUSSION</u>

Plaintiffs' motion seeks to extend fact discovery, expert discovery, *Daubert* motions and dispositive motions. Plaintiffs explain that they labored under a misunderstanding regarding the deadline imposed by the Court to file "any" summary judgment motions in its December 16, 2019 Order. (ECF No 726). Plaintiffs believed that the deadline only applied to the class action. Plaintiffs fail to acknowledge that the Order was predicated by the request of 14 individual Plaintiffs to depose third parties Noble Systems and Alfred Collins, and to depose Defendants regarding calling practices and procedures pre-September 1, 2014. The latter request was duplicated by some of the Plaintiffs in the instant motion and was addressed in two separate Orders on December 16, 2019. (ECF Nos. 725, 726). The motion leading to the Order docketed as ECF No. 726 was brought by lead Plaintiff's counsel and Defendants as required by the September 4, 2019 Order, which required the

7

parties to meet and confer regarding additional common discovery requested by *any* Plaintiff. (ECF No. 702). For these Plaintiffs to assert now that they assumed the Order only related to the class action is disingenuous.

Plaintiffs' argument for relief, predicated as it is on their misreading of the Court's Order, goes only to the issue of whether the summary judgment deadline should be extended. Regarding extension of discovery deadlines, no confusion exists. In any event, arguing that Plaintiffs misunderstood whether the discovery deadlines applied to them would also be disingenuous for three reasons. First, Plaintiffs were aware of and took advantage of the opportunity to move for additional discovery. (ECF No. 725) (granting motion for additional discovery). Second, Plaintiffs had to be aware that the motion to depose Noble Systems and Mr. Collins was made on behalf of 14 individual Plaintiffs. Finally, Plaintiffs had to be aware that any Plaintiff could object to the questionnaire procedure and, later, bring any disputes regarding the discovery provided by Defendants pursuant to the questionnaire process to the Court. The misreading of the summary judgment deadline has no bearing on the question of whether the Court should amend the schedule to allow for additional fact discovery. Plaintiffs can find no solace in the fact that the Court accepted the agreement of Plaintiffs and Defendants regarding service of written discovery in April 2020. Defendants chose not to oppose and agreed to respond to the discovery. The Court accepted the agreement but did not rule that the discovery was appropriate or timely. Those issues were not presented.

The Court finds that Plaintiffs were not diligent in pursuing fact or expert discovery, in seeking extensions of deadlines or in seeking clarification of the Court's Orders regarding discovery. Accordingly, their motion to amend the schedule to allow for additional discovery is **DENIED**.

11md2286-MMA-MDD

With respect to the summary judgment deadline, Plaintiffs admit that they misread the Order.  Carelessness and confusion do not equate with good cause.  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 609.  The Court finds that Plaintiffs have not demonstrated good cause to extend the summary judgment deadline.  Their motion to amend the schedule for that purpose also is **DENIED**.

Plaintiffs Martin and Johnson separately moved for an Order allowing them to depose third parties Noble Systems, Livevox and Alfred Collins, certain employees of Defendants and others identified by Mr. Collins.  That motion was joined by several other Plaintiffs.  (ECF No. 803).  Plaintiff Ashok Arora also moved for an Order allowing for written discovery and the deposition of third party Noble Systems.  (ECF No. 790).  In light of the Court's ruling declining to extend the discovery deadline, these motions are **DENIED**.

## CONCLUSION

Plaintiffs' motion to amend the schedule is **DENIED.**  (ECF No 801). Plaintiffs' motion for leave to take depositions is **DENIED.** (ECF No. 803). Plaintiff Ashok Arora's motion to leave to take discovery of Noble Systems is **DENIED.**  (ECF No. 790).

**IT IS SO ORDERED**.

Dated:   August 6, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge