UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No.: 11md2286-MMA-MDD<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE<br><br>[ECF No. 802] |

Before the Court is a joint motion to determine a discovery dispute, filed on July 15, 2020. (ECF No. 802). On the Plaintiffs' side, the motion was brought by member Plaintiffs Nicholas Martin and Jeremy Johnson and was joined by several other member Plaintiffs.[1] On March 24, 2020, Plaintiffs Martin and Johnson and Defendants filed a joint motion presenting their agreement that certain requests for written discovery be served upon Defendants. Defendants agreed to accept service and agreed to respond to the requests, reserving their rights to object under the Federal Rules of Civil Procedure. (ECF No. 773). The Court accepted the agreement on April 27, 2020. (ECF No. 776). At a status hearing on June 29, 2020, the Court

---

[1] The list of Plaintiffs bringing and joining in this motion can be found at ECF No. 802 at 78-81.

1 Ordered that any dispute regarding these discovery requests be brought
2 forward no later than July 15, 2020.  (ECF No. 793).  The joint motion was
3 timely filed.

## BACKGROUND

5 This MDL originated in 2011. Defendants are alleged to have violated
6 the Telephone Consumer Protection Act (TCPA).  (ECF No. 1).  The MDL was
7 initially comprised of four member actions, all purported class actions.  As of
8 January 2018, there were roughly 264 actions.  The first consolidated
9 complaint was filed on July 11. 2012. (ECF No. 23).  The Court approved the
10 settlement of this class action, alleging calls prior to September 1, 2014, on
11 December 2, 2016. (ECF No. 434). Only eight member cases resolved in the
12 settlement of this first class action.  A second class action involving calls after
13 September 1, 2014, was commenced with the filing of an amended
14 consolidated complaint on October 20, 2017. (ECF No. 538).  That complaint
15 was dismissed without prejudice on July 2, 2020, following a settlement with
16 the Plaintiff representing the class. (ECF No. 795).  Remaining in the MDL
17 are dozens of individual cases with Plaintiffs who opted out of the first class
18 settlement and who were prospective class members in the second class.

19 Defendants answered the amended consolidated complaint on
20 December 8, 2017. (ECF No. 549).  On January 30, 2018, the Court ordered
21 Defendants to file a responsive pleading in all cases so that discovery could
22 commence.  (ECF No. 562).  On April 25, 2018, an initial case management
23 conference was held on all remaining cases. (ECF No. 587). Following the
24 case management conference, the Court ordered the parties to complete the
25 conference required by Rule 26(f), Fed. R. Civ. P., and file a joint discovery
26 plan.  A further case management conference was conducted on July 23,
27 2018. (ECF No. 602). As contemplated in the case management conference,

on August 10, 2018, the parties filed a joint motion to implement a plaintiff questionnaire, a protective order, and to provide for certain preliminary discovery. (ECF No. 603). On August 15, 2018, the Court issued an order requiring any Plaintiff objecting to the proposed discovery procedure file objections by August 27, 2018. (ECF No. 604). No objections were filed.

On September 5, 2018, the Court issued an order implementing the questionnaire process. (ECF No. 608). The order, among other things, required Defendants to make available to plaintiffs who completed the required questionnaire:

> a. Non-privileged documents sufficient to show the dialing technology Defendants used to make debt-collection calls during the time periods in which the plaintiffs in this MDL were called by Midland, as reflected by the Plaintiff Questionnaire responses and the call records produced by Defendants (the "Relevant Time Periods").
> b. Non-privileged documents sufficient to show Defendants' internal policies and procedures relating to debt-collection calls during the Relevant Time Periods, including materials used to train employees responsible for placing calls during the Relevant Time Periods.
> c. A description of the technological systems, including both hardware and software, that Midland used to contact consumers by telephone during the Relevant Time Period, including, to the extent readily available:
> i. The model and manufacturer of all hardware devices used;
> ii. The name and developer of each software program used by Midland, whether such programs were purchased from a third-party vendor, customized for Midland in conjunction with a third-party vendor, or developed internally;
> iii. The purpose or function of each such device or software program;
> iv. How Midland's employees or agents operate such devices and software programs; and
> v. The dates such devices and software programs were in use at Midland.
> d. A description of how the technological systems described in response to item (c) above are used to place calls to individual consumers.

September 2018 Order, ¶ C.1 (ECF No. 608 at 5-6).[2]

On June 4, 2019, the Court ordered the parties to file a status report confirming that the questionnaire discovery process was complete and requiring the parties to meet and confer regarding the next phase of discovery including deposing Defendants, deposing certain Plaintiffs and to provide a new joint discovery plan. The Court also ordered the parties to propose deadlines for the filing of any summary judgment motions and any motions for class certification. (ECF No. 689).

Following receipt of the status reports, including reports from some of the Plaintiffs bringing this motion, the Court issued an order setting discovery parameters and deadlines. In the order, filed on September 4, 2019, the Court set deadlines for the deposition of the lead Plaintiff in the proposed class action, the deposition of Defendants under Rule 30(b)(6), Fed. R. Civ. P., regarding calling technologies and practices after September 1, 2014, and the issuance of certain third-party subpoenas to cellular carriers by individual Plaintiffs. The Court also ordered the parties to meet and confer regarding other depositions pertinent to the post-September 1, 2014 Plaintiffs, and any proposed depositions and disputes regarding pre-September 2014 Plaintiffs. The Court required that any summary judgment motion and any motion for class certification be filed no later than January 24, 2020. (ECF No. 702).

In the September 4, 2019 order, the Court acknowledged that it did not provide for dispute resolution regarding any issues raised regarding the discovery provided by Defendants in connection with the questionnaire process. To address that shortcoming, the Court ordered Defendants to file a

---

[2] The Court will refer to pagination supplied by CM/ECF rather than original pagination throughout.

report identifying all remaining cases alleging calls prior to September 1, 2014; designating attorneys responsible for responding to individual Plaintiffs regarding discovery issues and potential settlement; and designating attorneys responsible for responding to individual Plaintiffs regarding issues with the plaintiff-specific discovery provided by Defendants in connection with the questionnaire process.  The Court provided a deadline to bring any discovery dispute stemming from the questionnaire process to the Court no later than December 2, 2019.  The Court also ordered the relevant parties to meet and confer regarding a deposition of Defendants regarding calling technologies and practices prior to September 1, 2014.  (*Id.*).

On December 16, 2019, following the submission of status reports and motions, the Court issued two orders regarding discovery.  The first order involved a motion by two of the individual Plaintiffs who also brought the instant motion, Nicholas Martin and Jeremy Johnson, to take the deposition of Defendants regarding calling practices and technologies in place prior to September 1, 2014.  (ECF No. 713).  The Court granted the motion and allowed for the deposition to proceed no later than January 31, 2020.[3] (ECF No. 725).  The deposition was taken on January 28, 2020.  (*See* ECF No. 803 at 5).

The second motion was a joint motion by counsel for lead Plaintiff and Defendants to allow for the deposition of third party Alfred Collins, the deposition of third party Noble Systems and the deposition of Defendants regarding calling technologies and practices for calls made prior to September 4, 2014.  (ECF No. 715). The motion was instigated by the request of 14

---

[3] To proceed with the deposition, counsel had to provide a means for all interested Plaintiffs and counsel to attend the deposition either in person or by remote means and to have the ability to suggest questions to counsel taking the deposition.

11md2286-MMA-MDD

1   individual Plaintiffs, made through lead counsel, for those depositions.  (*Id.*).
2   That motion also was granted and provided that the deposition of Defendants
3   proceed as provided in the Court's order on the motion brought by Plaintiffs
4   Martin and Johnson.  The Court also ordered that the deposition of Noble
5   Systems occur no later than January 31, 2020, and the deposition of Mr.
6   Collins occur no later than February 14, 2020.  The Court extended certain
7   expert discovery deadlines and provided that "any motion for class
8   certification and any motion for summary judgment must be filed no later
9   than June 12, 2020." (ECF No. 726). No motion was filed for class
10  certification and no motion was filed by any party for summary judgment.
11  No motion to extend the time to file any such motion was brought by any
12  party. The depositions of Noble Systems and Mr. Collins did not proceed and
13  no party asked that the dates for those depositions be extended.

14      On June 29, 2020, a status conference was held regarding the possible
15  remand of the cases remaining in the MDL.  (ECF No. 789).  Following the
16  conference, the Court issued an order requiring that any discovery dispute
17  regarding the April 27, 2020 discovery order be brought to the Court's
18  attention on or before July 15, 2020, and that any request for additional
19  discovery also must be filed on or before July 15, 2020. (ECF No. 793).

20      By Order dated August 6, 2020, the Court denied a motion to amend the
21  schedule brought by these same Plaintiffs and a motion for leave to take
22  depositions brought by Mr. Martin and Mr. Johnson and a motion for leave to
23  obtain discovery from third party Noble Systems brought by member Plaintiff
24  Ashok Arora. (ECF No. 811).

25                              LEGAL STANDARD

26      The Federal Rules of Civil Procedure authorize parties to obtain
27  discovery of "any nonprivileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is

1  not required.  Rather, "[a] party may be ordered to produce a document in the
2  possession of a non-party entity if that party has a legal right to obtain the
3  document or has control over the entity who is in possession of the
4  document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

5  Except for the Plaintiff-specific discovery authorized in the
6  questionnaire process, discovery in this MDL has been constrained to
7  discovery common to all cases. *See Order dated September 4, 2019 Setting*
8  *Discovery Deadlines and Limitations on Discovery* (ECF No. 702 at 6).  This
9  constraint was addressed as early as December 7, 2016. *See Hearing*
10 *Transcript of December 7, 2016* (ECF No. 583 at 15). And at a status hearing
11 held on April 25, 2018, in which the questionnaire process was discussed, it
12 was made clear to all, including counsel for Mr. Martin who actively
13 participated, that the nature of the general discovery to be provided by
14 Defendants and the information to be supplied by every Plaintiff in the
15 questionnaire was a process open to all.  (ECF No. 587 at 34).

## DISCUSSION

17 The Court does not consider itself restrained in considering the
18 appropriateness of these discovery requests by the fact that it endorsed the
19 agreement of the parties that the requests could be served.  Whether the
20 discovery sought was within the constraints on case-specific discovery or
21 otherwise appropriate was not before the Court. Defendants reserved the
22 right to challenge the requests on any legal basis including that the discovery
23 sought is individual case-specific.  (ECF No. 773, ¶ 4).

24 At issue here are Interrogatories 1 and 2 and Requests for Production 1,
25 2, 4, 8, 10, 13,14, 15,16, 17,18, 19 and 20.

26 Interrogatories 1 and 2

27 Interrogatory No. 1 calls for Defendants to identify the date, time,

1  source and circumstances under which the cell phone number for each
2  individual Plaintiff was obtained.  Interrogatory No. 2 requires Defendants to
3  explain, in each case where they claim a defense of express prior consent, to
4  explain their contention in detail.  Defendants object primarily on the
5  grounds that these Interrogatories call for case-specific information as
6  opposed to common discovery.  The Court agrees.  Discovery in this MDL has
7  been limited to common discovery except for the case-specific discovery
8  provided in response to questionnaires.  As summarized above, Plaintiffs had
9  the opportunity to participate in the crafting of the questionnaires and the
10 required responses from Defendants, had the opportunity to object to the
11 questionnaire process and related discovery and had the opportunity to bring
12 discovery disputes regarding the questionnaire process and related discovery
13 to the Court.  Having not taken advantage of these opportunities, this
14 requested case-specific discovery is out of bounds.  Defendants' objection is
15 **SUSTAINED.**

16 <u>Requests for Production Nos. 1, 2 and 4</u>

17 These Requests for Production ("RFP") call for Defendants to produce
18 "all data concerning inbound and outbound calls to/from [individual
19 Plaintiffs' cellular numbers at issue] (RFP No. 1); all recordings of telephone
20 calls to and from [individual Plaintiffs' cellular numbers at issue] (RFP. No.
21 2); all documents, including the recordings themselves, of any pre-recorded
22 message (RFP No. 4). These RFPs suffer the same flaws as doomed
23 Interrogatories 1 and 2.  Defendants' objections are **SUSTAINED.**

24 <u>RFP No. 8</u>

25 In this RFP Defendants are asked to produce all communications with
26 any call recording vendor regarding preservation, retention or deletion of call
27 recordings.  Defendants have responded all recordings were handled in-house

1  so that there are no documents responsive to the request. Defendants have
2  agreed to produce an email exchange with vendor LiveVox confirming that no
3  LiveVox calls were recorded.  Defendants' response is sufficient.  Defendants
4  must produce the information that they have agreed to produce within 14
5  days of the filing of this Order.
6        <u>RFP Nos. 10 and 13</u>
7        Defendants are asked to produce all complaints from consumers
8  pertaining the TCPA, calling without consent or high volume of calls (RFP
9  No. 10) or received through the Better Business Bureau (RFP No 13).
10 Plaintiffs assert that this information is relevant to Defendants' knowledge
11 that they were acting in violation of the TCPA and are demonstrative of the
12 use of an autodialer.  Defendants counter that this information is only
13 marginally relevant, at best, and that perusing their database of over 8,000
14 customer complaints to determine the basis of the complaints is not
15 proportional.  Defendants explain that a manual review of the complaints
16 would be required because of the manner that complaint information is
17 stored.  Defendants more persuasively argue that it has been sued hundreds
18 of times for alleged violations of the TCPA evidenced by the more than 300
19 complaints transferred to this MDL. Additional consumer complaints would
20 not add appreciably to Plaintiffs' ability to argue that Defendants acted
21 willfully if, in fact, Defendants employed an ATDS.
22       The Court finds that for Defendants to collect this information from its
23 internal sources is not proportional, is of marginal relevance and would be
24 duplicative of the public evidence of complaints against Defendants.
25 Moreover, to the extent that these RFPs call for the production of common
26 evidence, that issue should have been raised during the questionnaire process
27 or in the dispute resolution process provided by the Court. Defendants'

objection is **SUSTAINED.**

RFP No. 14

Defendants are asked to produce all documents concerning any audit, investigation or other inquiry into TCPA compliance and/or consent to make calls using a dialer. Plaintiffs assert that this information is relevant to the issue of willfulness. Defendants counter that whether the technology they employed is an ATDS under the law is in dispute so that they could not have acted willfully if they had a good faith belief that their technology was not covered by the TCPA. Defendants also raise the issue of proportionality. First, the Court finds that the request to produce "all" documents is overbroad: a more appropriate inquiry is to request production of the results of any internal audit or investigation into TCPA compliance regarding calls made prior to September 1, 2014. It is not for the Court, however, to rewrite so substantially a request for production. The Court also finds that to the extent this constitutes common discovery, the matter could have and should have been raised during the questionnaire process or in the dispute resolution process provided by the Court. Defendants need not respond further.

RFP No. 15

This RFP calls for the production of "all" emails and other documents pertaining to the TCPA. This RFP is overbroad on its face and will not be enforced.

RFP No. 16

This RFP calls for the production of all deposition transcripts and declarations from TCPA cases between 2007 and 2014. To the extent that a deposition has been designated confidential, Plaintiffs request the case caption and identification of plaintiff's lawyer. In response, Defendants have

agreed to produce declarations and depositions filed in TCPA cases outside this MDL during the relevant period and have identified the single case in which the deposition was designated confidential. Defendants' response is adequate provided that the requested materials are promptly produced. To eliminate needless bickering, the Court **ORDERS** that the responsive transcripts and declarations be produced no later than 14 days following the docketing of this Order.

RFP No. 17

In this RFP, Plaintiffs request that Defendants produce all sworn and unsworn statements that pertain to Defendants' use of dialers, consent to call cellular numbers or the TCPA. This is overbroad on its face and not proportional. To some extent it is duplicative of RFP No. 16. The Court will not require a further response from Defendants.

RFP No. 18

This RFP requests the production of all documents concerning any "whistleblower," including Albert Collins that relates to dialers or consent practices "without regard to time." Defendants object for relevance, vagueness and overbreadth. First, the Court, in an Order dated December 16, 2019 (ECF No. 726) authorized the deposition of Mr. Collins. Despite that authorization, requested by 14 individual Plaintiffs through lead Plaintiff's counsel, the deposition was not pursued. Plaintiffs here fail to explain why they did not pursue the opportunity presented. Second, to the extent that this is common discovery, Plaintiffs did not pursue the opportunity provided by the Court in its September 4, 2019 Order (ECF No. 702) to request this information from Defendants and seek Court resolution of any dispute. The Court will not enforce this RFP. Other than identifying Albert Collins, it is vague and overbroad and its relevance to calls preceding September 1, 2014,

is not obvious.

RFP No. 19

This RFP asks Defendants to produce all audits, investigations and other documents that concern their use of dialers or the TCPA "without regard to time" including the Collins matter. For the same reasons as provided regarding RFP No. 18, the Court will not enforce this RFP.

RFP No. 20

This RFP asks Defendants to produce "all" communications concerning the capabilities of any dialer used pre-2014. The questionnaire process, in which these Plaintiffs participated, required Defendants to produce to all Plaintiffs the following information regarding dialers:

> c. A description of the technological systems, including both hardware and software, that Midland used to contact consumers by telephone during the Relevant Time Period, including, to the extent readily available:
> i. The model and manufacturer of all hardware devices used;
> ii. The name and developer of each software program used by Midland, whether such programs were purchased from a third-party vendor, customized for Midland in conjunction with a third-party vendor, or developed internally;
> iii. The purpose or function of each such device or software program;
> iv. How Midland's employees or agents operate such devices and software programs; and
> v. The dates such devices and software programs were in use at Midland.
> d. A description of how the technological systems described in response to item (c) above are used to place calls to individual consumers.

September 5, 2018 Order, ¶ C.1 (ECF No. 608 at 5-6). In its Order dated September 4, 2019, the Court provided the opportunity for any Plaintiff aggrieved by Defendants production pursuant to the questionnaire process to meet and confer with Defendants and authorized the filing of motions to

determine any resultant discovery disputes. (ECF No. 702 at 7). This request falls squarely within the process contemplated by the Court. Plaintiffs offer no justification for not seeking relief at that time. The Court will not enforce this RFP.

## CONCLUSION

This Joint Motion to Determine a Discovery Dispute, presenting Plaintiffs' motion to compel further responses to the identified Interrogatories and Requests for Production is **DENIED.** Regarding RFP Nos. 8 and 16, the Court **ORDERS** that Defendants provide the responsive information that they have agreed to produce within 14 days of the entry of this Order.

**IT IS SO ORDERED**.

Dated: August 7, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge