**Ashok Arora,** *Pro Se*

869 E Schaumburg Rd 217

Schaumburg, IL 60194

Telephone: 224-622-3846

Email: ashoklaw@protonmail.com

*Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION** | MDL No. 11-MD-2286-MMA-MDD<br>Member Case 3:15-CV-01712<br><br>**OBJECTIONS BY PLAINTIFF ASHOK ARORA TO MAGISTRATE JUDGE'S ORDER (DOC NO. 811)**<br><br>Motion Date:<br>Motion Time:<br>Courtroom: 3D<br>**Honorable Michael M. Anello** |

## OBJECTIONS BY PLAINTIFF ASHOK ARORA TO MAGISTRATE JUDGE'S ORDER

Pursuant to Fed. R. Civ. Proc. 72(a), Plaintiff Ashok Arora respectfully objects to Honorable Magistrate Judge Dembin's Order (Doc 811) denying Plaintiff's requests to take deposition and discovery of Noble Systems (Doc 790).

On August 7, 2020, Judge Dembin denied Plaintiff's motion along with motions by several other Plaintiffs for additional discovery. Judge Dembin concluded that

"Plaintiffs were not diligent in pursuing fact or expert discovery, in seeking extensions of deadlines or in seeking clarification of the Court's Orders regarding discovery" (Doc 811 at 8 lines 24-27).

Plaintiff respectfully disputes Judge Dembin's conclusion.

## 2019 – THE SLOW YEAR FOR DISCOVERY

1. The initial set of discovery requests was propounded on September 5, 2018 via a court order (Doc 608).

2. In response, Defendants produced a document titled DEFENDANTS' WRITTEN DESCRIPTION OF DIALING TECHNOLOGY ("WRITTEN DESCRIPTION") to Plaintiff on December 28, 2018. The document is sixteen (16) pages long and five (5) of those pages describe the three (3) different makes of dialers that Defendants had used prior to September 1, 2014 (See Doc 802-4 at.13–17).

3. Defendants also produced some of their agent training guides which Plaintiff found mostly irrelevant to the TCPA question. This is because Defendants' agents do not dial the calls—they wait to receive the calls forwarded to them by the dialers. All three (3) dialers used by Defendants prior to September 1, 2014 were predictive dialers that dialed the calls automatically from telephone numbers stored in a database or files, and then forwarded a call to an agent when they determined it was answered by a live person.

4. The dialing related tasks—such as uploading telephone numbers to dialers or instructing the dialers how and when to auto dial those numbers—were handled by Defendants' technology team. Defendants needed to produce documents used by their technology team—such as the guides and manuals provided by the dialer manufacturers—but none were produced. Defendants insisted they had produced all required documents.

5. The court set the earliest date for filing any discovery dispute motion to December 2, 2019 (Doc 702 at 9 lines 13-18).[1]

6. Consequently, very little progress was made on discovery during the first ten months of 2019.

## CONCEALMENT BY DEFENDANTS

7. Discovery request 'c' required Defendants to produce, among other things: the name and developer of each software program used by Midland; the purpose or function of each such device or software program; and, how Midland's employees or agents operate such devices and software programs (Doc 608 at 6-7, or Doc 811 at 3 lines 19-27).

8. Discovery request 'd' required Defendants to produce a description of how the technological systems described in response to request 'c' were used to place calls to individual consumers (Doc 608 at 7 or Doc 811 at 4 lines 2-3).

9. Prior to September 1, 2014, Defendants had used a software program named Maestro for almost all of their dialing related tasks on Noble dialers. It was used to setup, control, and monitor all aspects of dialing including uploading telephone numbers to the dialers, organizing numbers into calling campaigns, scheduling or triggering the dialing of campaigns, monitoring the campaigns as they were dialed, generating call history reports, and so on. It was also used for host of other dialing related tasks.

10. Maestro is the single most important and relevant piece of software to TCPA claims for calls placed using the Noble dialers. Yet, there is no mention of the software in the WRITTEN DESCRIPTION (Doc 802-4) or any other document produced by Defendants in response to September 5, 2018 discovery requests. In the joint discovery dispute motion filed by Plaintiff (Doc 753), Defendants claimed that

---

[1] The August 7, 2020 court order incorrectly states the deadline for bringing discovery disputes was December 2, 2019 (Doc 811 at 5 lines 9-11).

they had produced all required documents in response to requests 'c' and 'd' (Doc 753 at 13-15, at 17-18). That was a false statement. Unfortunately, Judge Dembin agreed with the Defendants and denied Plaintiff's request to compel (Doc 754 at 3 lines 11-25).

11. The name Maestro was first mentioned by Defendants' employee during the deposition on January 28, 2020. The deponent called it a monitoring tool, but it is much more than that. In response to subsequent discovery propounded by Plaintiffs Johnson and Martin (Doc 773), Defendants have quietly produced several manuals on Maestro. Defendants have been making a rolling production. The production began on June 12, 2020 and the last set of documents was produced on July 31, 2020. Defendants have so far produced over fifteen hundred (1500) pages on Maestro. Plaintiff believes it is still possibly missing a few documents—such as the manuals on Noble's proprietary Atomix database used by Maestro.

12. Maestro is the most relevant piece of software to this discovery. For example, in their WRITTEN DESCRIPTION, Defendants assert that "To be called, each file must be in a format that includes specific data about the account such as the debtor's name, address, MCM account number, original creditor account number, date of last payment, and so on. Files not in this format cannot be called by the Noble Dialers; thus, it is not possible to use the Noble Dialers (*i.e.*, Hosts 1, 2, and 4) to call a list of random or sequential phone numbers." (Doc 802-4 at 12 lines 12-16). After a quick read of the Maestro manuals, Plaintiff can confidently say that Defendants are wrong. The Noble dialer only needs the complete telephone number—including country code which is '1' for United States—to do its job. All other data is optional. The dialer does not need a name, address or overdue account balance to dial a number. Plaintiff can now refute the main argument offered by Defendants to support their claim that Noble dialers cannot dial random or sequential numbers. Without the benefit of Maestro documentation, there was no way for Plaintiff to counter Defendants' assertion.

13. Through various functions provided by Maestro, one can understand the features, functionality, and capacity of Noble dialers. Maestro is also huge—with over 1500 pages of manuals to describe all of its functions. It is hard to fathom how Defendants could have overlooked it so completely during the year and a half of discovery.

## DEPOSITION OF NOBLE SYSTEMS

14. The deposition of Noble Systems needs to be at expert level. Also, depositions are expensive. Therefore, Plaintiff regarded the completion of written discovery a pre-requisite for deposition of Noble Systems.

15. Only with the recent production of documents since June 12, 2020, Plaintiff finds he has sufficient information on Noble Dialers to conduct a meaningful deposition of Noble Systems. This was not possible earlier.

## CONCLUSION

16. Noble Systems deposition delays were the result of Defendants concealing the use of Maestro software, failing to produce Maestro documents, and falsely claiming they had produced all required documents in their response to discovery motion.

17. Defendants withheld documents on Maestro until the June 12, 2020 deadline date for filing summary judgment motions. It appears to have been a deliberate stratagem by Defendants—most likely to prevent summary judgment motions in this court in the wake of Ninth Circuit ruling in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (Oct. 30, 2018) which favors Plaintiffs.

For the foregoing reasons, Plaintiff respectfully requests the Honorable Court that Plaintiffs be permitted to take a deposition of Noble Systems.

Dated: August 14, 2020

                                      Respectfully Submitted,

                                      /s/ Ashok Arora_____

Ashok Arora, PRO SE

869 E Schaumburg Rd 217

Schaumburg, IL 60194

Telephone: 224-622-3846

Email: ashoklaw@protonmail.com

OBJECTIONS BY PLAINTIFF ASHOK ARORA TO MAGISTRATE JUDGE'S ORDER

## CERTIFICATE OF SERVICE

I, Ashok Arora, hereby certify that on August 14, 2020, I electronically filed the foregoing **OBJECTIONS BY PLAINTIFF TO MAGISTRATE JUDGE'S ORDER (DOC NO. 811)** document with the Clerk of Court using the CM/ECF system which will send the notification of such filing to all attorneys of record.

/s/ Ashok Arora_____

Ashok Arora, PRO SE