**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11-md-2286-MMA (MDD)<br><br>**ORDER OVERRULING OBJECTION BY PLAINTIFF ARORA TO MAGISTRATE JUDGE'S ORDER AND OVERRULING PLAINTIFF MARTIN, et al.'s OBJECTION TO MAGISTRATE JUDGE'S ORDER**<br><br>[Doc. Nos. 815, 821] |

Two objections to the Magistrate Judge's orders are pending before the Court regarding discovery in this multidistrict litigation ("MDL"). *See* Doc. Nos. 815, 821.[1] First, Plaintiff Ashok Arora ("Arora"), proceeding pro se, objects to the Magistrate Judge's "Order (Doc 811) denying Plaintiff's requests to take deposition and discovery of

---

[1] All citations refer to the pagination assigned by the CM/ECF system. All docket references refer to the docket of this MDL unless otherwise noted.

1

Noble Systems (Doc 790)." Doc. No. 815 at 1. Second, Plaintiffs Nicholas Martin ("Martin"), Jeremy Johnson ("Johnson"), and several others[2] (collectively, "Martin, et al.") object to the Magistrate Judge's denial of their motion to compel requests for production (Doc. No. 812). *See* Doc. No. 821 at 5, 6, 13. Defendants Midland Funding LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. (collectively, "Defendants") filed an opposition to Arora's objection, and Arora replied. *See* Doc. Nos. 823, 825. Defendants also filed an opposition to Martin, et al.'s objection, and Martin, et al. replied. *See* Doc. Nos. 822, 824. For the reasons set forth below, the Court **OVERRULES** Plaintiff Arora's objection and **OVERRULES** Martin, et al.'s objection.

## I. BACKGROUND

Originating in 2011, the MDL comprises several dozen individual member cases alleging that Defendants violated the Telephone Consumer Protection Act ("TCPA"). *See* Doc. No. 1 at 1. Specifically, member Plaintiffs aver that Defendants placed debt collection calls to member Plaintiffs' cell phones using an automated system but without the debtors' consent. *See id.*; Doc. No. 571 at 1.

In December 2016, the Court entered an amended order granting final approval to the nationwide class-action settlement between then-lead Plaintiffs, class members, and Defendants—for a class period from November 2, 2006 through August 31, 2014. *See* Doc. No. 434. The settlement resolved only eight member cases. *See id.* at 25. Several member Plaintiffs opted out of the class and other member Plaintiffs alleged receiving autodialed telephone calls from Defendants on or after September 1, 2014.

In October 2017, Plaintiffs Curtis Bentley and William Baker filed a consolidated amended complaint with class allegations involving calls after September 1, 2014. *See* Doc. No. 538. Defendants answered the consolidated amended complaint in December 2017. *See* Doc. No. 549. The Court struck Fair Debt Collection Practices Act claims

---

[2] The full list of member Plaintiffs that join the motion is located at Doc. No. 821 at 13–16.

from the Consolidated Amended Complaint, Doc. No. 569, and stayed "all non-TCPA causes of action in all member cases pending remand of those cases to their original districts or resolution of this MDL," Doc. No. 571 at 2.

In January 2018, the Court ordered Defendants to respond to every member case complaint to initiate discovery. *See* Doc. No. 562. Further, at this Court's suggestion, the United States Judicial Panel on Multidistrict Litigation ("JPML") suspended JPML Rule 7.1(a) to bar further tag along cases from being transferred into the MDL. *See* JPML MDL No. 2286, Doc. No. 1074. Following an initial case management conference in April 2018, *see* Doc. No. 587, the Court ordered the parties to complete their Rule 26(f) conference and submit their Rule 26(f)(3) discovery plan, *see* Doc. No. 591. In August 2018, the parties filed a joint motion to implement a plaintiff questionnaire, a protective order, and to provide for certain preliminary discovery. *See* Doc. No. 603. The Magistrate Judge ordered any objecting Plaintiff to file objections to the questionnaire, *see* Doc. No. 604, and no Plaintiff objected, *see* Doc. No. 608 at 1. In September 2018, the Magistrate Judge issued an order granting the joint motion implementing the questionnaire process and production from Defendants. *See id.*

In December 2018, the Court permitted lead Plaintiffs Bentley and Baker to file a Second Consolidated Complaint and to add Emir Fetai as an additional lead Plaintiff. *See* Doc. Nos. 650, 651. In January 2019, the Court ordered lead Plaintiffs Baker and Bentley to arbitration and stayed their individual member cases. *See* Doc. No. 669 at 17–18. However, the Court allowed Fetai and his putative class to proceed. *See id.* at 18.

In June 2019, the Magistrate Judge found that sufficient time had passed for the Plaintiff questionnaire process to be completed and moved to the deposition phase of discovery. *See* Doc. No. 689 at 1. The Magistrate Judge ordered the parties to file a joint status report regarding discovery and expected "confirmation that the questionnaire and responsive discovery process [was] complete." *Id.* at 1. He also ordered the parties to meet and confer regarding a joint discovery plan and a proposed scheduling order for this

phase of discovery, a summary judgment motion deadline, and class certification motion deadline. *See id.* at 2.

On September 4, 2019 and following the filing of the status reports, the Magistrate Judge issued an order setting discovery deadlines and limitations on discovery. *See* Doc. No. 702. Among other things, the order provided for the deposition of lead Plaintiff in the class action by October 25, 2019; the Rule 30(b)(6) deposition of Defendants by lead Plaintiff regarding calling technologies and practices after September 1, 2014, by November 22, 2019; the issuance of subpoenas to cellular carriers by individual Plaintiffs; certain meet and confer requirements regarding other depositions pertinent to the post-September 1, 2014 Plaintiffs; and depositions and disputes regarding pre-September 1, 2014 Plaintiffs. *See id.* at 8–9. Additionally, to address the lack of a procedure for Plaintiffs having concerns regarding Plaintiff-specific discovery provided by Defendants, the Magistrate Judge ordered Defendants to file a report containing the list of member cases alleging calls before September 1, 2014; indicating the counsel responsible for responding to individual Plaintiffs to discuss discovery concerns and settlement; and indicating the counsel responsible for responding to individual Plaintiffs regarding "[P]laintiff-specific discovery provided by Defendants during the questionnaire process." *Id.* at 7. The Court ordered Plaintiffs who remained dissatisfied with Defendants' production to bring the discovery dispute by December 2, 2019 and further ordered the parties to meet and confer "regarding calling technologies and practices during relevant time periods preceding September 1, 2014." *Id.* at 9. Finally, the court provided that "[a]ny motion for class certification and any motion for summary judgment must be filed no later than January 24, 2020." *Id.*

On December 16, 2019, the Magistrate Judge issued two discovery orders. *See* Doc. Nos. 725, 726. In the first order, Plaintiffs Nicholas Martin and Jeremy Johnson, sought to depose Defendants regarding calling practices and policies prior to September 1, 2014. *See* Doc. No. 725 at 1. The Magistrate Judge granted the motion; limited the deposition to the periods January 1, 2008 through November 24, 2008, and January 1,

2013 through March 1, 2014; and ordered that the deposition occur no later than January 31, 2020—provided that Plaintiffs' counsel made arrangements for other relevant Plaintiffs to attend in person or remotely and suggest questions to counsel taking the deposition. *See id.* at 2–3. Plaintiffs took the deposition on January 28, 2020. *See* Doc. No. 803 at 5. In the second order, lead Plaintiff Fetai and fourteen fellow member Plaintiffs sought to depose two third parties—Alfred Collins and Noble Systems—and Defendants regarding calling technologies and practices for calls made prior to September 4, 2014. *See* Doc. Nos. 715 at 2, 7; Doc. No 726 at 1. The Magistrate Judge granted the order. *See* Doc. No. 726. The court allowed for the deposition of Defendants as provided in the first order. *See id.* at 5–7. The Court further ordered that "corporate deposition of Noble Systems Corporation must be obtained no later than January 31, 2020 and the deposition of Mr. Collins must be obtained no later than February 14, 2020." *Id.* at 6. In addition to setting expert discovery deadlines, the Magistrate Judge provided that "[a]ny motion for class certification and any motion for summary judgment must be filed no later than June 12, 2020." *Id.* at 7. However, "[t]he depositions of Noble Systems and Mr. Collins did not proceed[,] and no party asked that the dates for those depositions be extended." Doc. No. 811 at 6.

On January 7, 2020, Plaintiffs Martin and Johnson and Defendants stipulated that the deposition of Defendants regarding pre-September 1, 2014 calling practices and policies would not be limited as provided in the court's order (Doc. No. 725) but would cover the entire pre-September 1, 2014 period. *See* Doc. No. 745. On January 31, 2020, the Magistrate Judge granted in part Plaintiff Arora's motion to compel additional production from Defendants regarding call recording policies and proceedings. *See* Doc. No. 754 at 3, 4; *see also* Doc. Nos. 737, 741, 753.

On April 27, 2020, the Magistrate Judge granted Plaintiffs Martin and Johnson and Defendants' joint motion stating their agreement that certain written discovery requests were deemed served on Defendants, who agreed to accept service while reserving their

rights to object under the Federal Rules of Civil Procedure. *See* Doc. No. 773 at 3; Doc. No. 776 at 2.

No party filed a motion for class certification or motion for summary judgment. No party moved to extend the time to file such motions. However, on June 12, 2020, lead Plaintiff Fetai and Defendants filed a joint notice of settlement. *See* Doc. No. 780. On June 29, 2020, the Court held a telephonic status conference to determine the status of the MDL as to the remaining member cases. *See* Doc. Nos. 782, 789. After the status conference, the Magistrate Judge ordered that "any discovery dispute regarding the April 27, 2020 discovery order (Doc. No. 776) be brought to the Court's attention on or before July 15, 2020" and "[a]ny request for additional discovery must also be filed on or before July 15, 2020." Doc. No. 793 at 2.

On July 2, 2020, in response to a joint motion to dismiss, the Court dismissed Bentley's and Baker's member cases. *See* Doc. No. 795. In the same order, the Court also dismissed Fetai's claims based on lack of jurisdiction. *See id.*

Meanwhile, Arora sought leave to obtain discovery and take depositions. *See* Doc. No. 790. Specifically, Arora sought "to take a deposition of Noble Systems regarding Noble dialers utilized by Defendants prior to Sept 1, 2014 and, if necessary, also propound written discovery on it." *Id.* at 2. Martin, Johnson, and other member Plaintiffs then sought scheduling order changes and further discovery. First, they moved to amend the scheduling order to extend fact discovery, expert discovery, *Daubert* motion, and dispositive motion deadlines. *See* Doc. No. 801. Second, they and Defendants filed a joint motion to determine a discovery dispute. *See* Doc. No. 802. Plaintiffs sought leave to compel further responses to interrogatories and requests for production, which included three requests for production that are now at issue. *See id.* Third, Plaintiffs also sought "leave to take the Fed. R. Civ. P. 30(b)(6) depositions of Defendants' dialer providers Noble, Aspect (f/k/a Davox) and Livevox, Midland employees involved with its dialers Mike Aronson and Kevin McLaughlin, whistleblower

Alfred Collins, and individuals listed in Collins' complaint against Midland." Doc. No. 803 at 4.

The Magistrate Judge ruled on these motions in two orders. *See* Doc. Nos. 811, 812. In the first order, the Magistrate Judge denied Plaintiffs' motion to amend the scheduling order because Plaintiffs "were not diligent in pursuing fact or expert discovery, in seeking extensions of deadlines or in seeking clarification of the Court's Orders regarding discovery." Doc. No. 811 at 8. As to the summary judgment deadline specifically, the Magistrate Judge found that "Plaintiffs have not demonstrated good cause to extend the summary judgment deadline." *Id.* at 9. "In light of the Court's ruling declining to extend the discovery deadline," the Magistrate Judge denied Arora's and Martin, Johnson, and other member Plaintiffs' motions requesting leave to take depositions and discovery of third parties. *Id.* In the second order, the Magistrate Judge denied Plaintiffs' motion to compel further responses to the interrogatories and requests for production but ordered Defendants to provide responsive information to a few requests for production that are not now at issue. *See* Doc. No. 812 at 14.

Member Plaintiffs have filed two timely objections to the Magistrate Judge's rulings. *See* Doc. Nos. 815, 821; *see also* Doc. No. 820. Arora objects to the Magistrate Judge's "Order (Doc 811) denying Plaintiff's requests to take deposition and discovery of Noble Systems (Doc 790)." Doc. No. 815 at 1. Martin, et al. object to the Magistrate Judge's order (Doc. No. 812) denying Plaintiffs' request to compel written discovery. *See* Doc. No. 821 at 3, 6, 13. Specifically, Martin, et al. object to the Magistrate Judge denying their motion to compel requests for production numbered 14, 18, and 19. *See id.*

## II. LEGAL STANDARD

A district judge's review of a magistrate judge's order on a nondispositive matter is limited.

> When a pretrial matter not dispositive of a party's claim or defense is
> referred to a magistrate judge to hear and decide, the magistrate judge must

promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) ("The district court shall defer to the magistrate's orders unless they are clearly erroneous or contrary to law."). The objecting party carries the burden to show that the magistrate judge's order is clearly erroneous or contrary to law. *Kinkeade v. Beard*, No. 2:15-cv-01375-TLN-CDK, 2017 WL 2813037, at *1 (E.D. Cal. June 29, 2017) (first citing *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009); and then citing *Winz-Byone v. Metro. Life Ins. Co.*, No. EDCV 07-238-VAP (OPx), 2007 WL 4276751, at *1 (C.D. Cal. Nov. 16, 2007)).

The "clearly erroneous" prong "applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (first citing *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999); and then citing *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996)). The standard, which "applies to a magistrate judge's findings of fact, is 'significantly deferential, requiring "a definite and firm conviction that a mistake has been committed."'" *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003) (quoting *Concrete Pipe & Prod. of California, Inc. v. Constr. Laborers Pension Tr. for S. California*, 508 U.S. 602, 623 (1993)). The reviewing district judge may not simply supplant his or her own judgment in place of the deciding magistrate judge. *Grimes*, 951 F.2d at 241 (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

The "contrary to law" prong "permits independent review of purely legal determinations by the magistrate judge." *Fid. & Deposit Co. of Maryland*, 196 F.R.D. at 378 (first citing *Computer Econ., Inc.*, 50 F. Supp. 2d at 983; and then citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Simmons v. Adams*, No. 1:10-cv-01259-LJO-SKO PC, 2013 WL 5492767, at *1 (E.D. Cal. Oct. 1, 2013) (quoting *Knutson v. Blue Cross & Blue Shield of Minnesota*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002)).

An order regarding a discovery dispute is generally a nondispositive matter. *See* 28 U.S.C. § 636(b)(1)(A); CivLR 72.1(b); *Grimes*, 951 F.2d at 240; *Fid. & Deposit Co. of Maryland*, 196 F.R.D. at 378.

### III. DISCUSSION

**A. Arora's Objection**

As noted above, Arora objects to the Magistrate Judge's "Order (Doc 811) denying Plaintiff's requests to take deposition and discovery of Noble Systems (Doc 790)." Doc. No. 815 at 1. Arora "disputes" the Magistrate Judge's conclusion that "Plaintiffs were not diligent in pursuing fact or expert discovery, in seeking extensions of deadlines or in seeking clarification of the Court's Orders regarding discovery." *Id.* at 2 (quoting Doc. No. 811 at 8). To support his objection, Arora claims that minimal discovery progressed in the "first ten months of 2019." *Id.* at 3. Arora further asserts that "Noble Systems deposition delays were the result of Defendants concealing the use of Maestro software, failing to produce Maestro documents, and falsely claiming they had produced all required documents in their response to discovery motion." *Id.* at 5; *see also id.* at 3–5; Doc. No. 825 at 2, 7–8.

Defendants respond that no party objected to the Magistrate Judge's order denying the motion to amend the scheduling order, which made the order final. Doc. No. 823 at 3. Because "the February 14, 2020 deadline to take the deposition had passed" before

Arora filed his motion and the Magistrate Judge did not amend the scheduling order, Defendants reason that the Magistrate Judge's order denying Arora's motion cannot be erroneous or contrary to law. *Id.* at 4. Defendants further assert "nothing Plaintiff Arora argues can give the Court a definite and firm conviction that a mistake has been made." *Id.* They address five points to underscore their assertion. *See id.* at 4–6. First, Arora did not move to depose Noble until five months following the deadline, and when he did file his motion, he neglected to note the missed deadline or explain the delay. *See id.* at 4. Second, neither Arora nor other Plaintiffs sought an extension to take Noble's deposition before the deadline. *See id.* Third, neither Arora nor other Plaintiffs sought clarification of the Magistrate Judge's discovery orders. *See id.* at 5. Fourth, Arora's underlying motion did not demonstrate he had good cause to extend the deadline, acted with diligence, or that he missed the deadline because of excusable neglect. *Id.* Fifth, Arora's proffered explanations in his objection fail to establish good cause and excusable neglect. *Id.*

Arora has not carried his burden to show that the Magistrate Judge's order is clearly erroneous or contrary to law. As a preliminary matter, Arora does not appear to object to a pure legal determination by the Magistrate Judge in the underlying order denying leave to depose and propound discovery on Noble. Thus, the Court analyzes Arora's objection under the "clearly erroneous" prong.

Plaintiff Arora raises new arguments in his objection that he did not address in his underlying motion. As in the present objection, Arora requested leave to depose and propound written discovery on Noble. *See* Doc. No. 790 at 2. He originally argued that "the dialer related documents . . . are highly inadequate" and Defendants' responses at its January 2020 deposition were also inadequate. *Id.* at 4. Arora's present objection argues that Noble's "deposition delays were the result of Defendants concealing the use of Maestro software, failing to produce Maestro documents, and falsely claiming they had produced all required documents in their response to discovery motion." Doc. No. 815 at 5. Arora asserts that Defendants withheld the Maestro documents until the June 2020

dispositive motion deadline as a "deliberate stratagem" to prevent summary judgment. *Id.* Arora did not raise his concealment and Maestro arguments in his original motion. Motions to reconsider a magistrate judge's ruling "are not the place for parties to make new arguments not raised in their original briefs." *Hendon v. Baroya*, No. 1:05-cv-01247-AWI-GSA-PC, 2012 WL 995757, at *1 (E.D. Cal. Mar. 23, 2012) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *see also Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)).

> This Court's function, on a motion for review of a magistrate judge's discovery order, is not to decide what decision this Court would have reached on its own, nor to determine what is the best possible result considering all available evidence. It is to decide whether the Magistrate Judge, *based on the evidence and information before him*, rendered a decision that was clearly erroneous or contrary to law.

*Hendon*, 2012 WL 995757, at *1 (emphasis added) (quoting *Bare Escentuals Beauty, Inc. v. Costco Wholesale Corp.*, No. 07-cv-90, 2007 WL 4357672, at *2 (S.D. Cal. Dec. 11, 2007); *Paramount Pictures Corporatione et al., Plaintiff, v. Replay TV, et al., Defendants.*, No. CV 01-9358 FMC (Ex), 2002 WL 32151632, at *1 (C.D. Cal. May 30, 2002)). Thus, in determining whether the Magistrate Judge's order was "clearly erroneous," the Court declines to entertain Arora's new arguments. *See Hendon*, 2012 WL 995757, at *2 ("Thus, reconsideration must be denied to the extent it is based on new arguments and evidence.").

However, to the extent that his new argument relates to his claims in his original motion that Defendants' production was inadequate, those former claims undercut Arora's current objection. Arora's original motion implied that he had knowledge of the inadequacies of Defendants' deposition and written discovery spanning back to when the deposition occurred and when Defendants produced discovery. *See* Doc. No. 790 at 4. Thus, this supports the Magistrate Judge's finding that "Plaintiffs were not diligent in

pursuing fact or expert discovery, in seeking extensions of deadlines or in seeking clarification of the Court's Orders regarding discovery." Doc. No. 811 at 8.

The Court finds that Arora has not carried his burden to leave this Court with the definite and firm conviction that the Magistrate Judge made a mistake. Accordingly, the Court **OVERRULES** Arora's objection.

**B. Martin, et al.'s Objection**

Martin, et al. object to a portion of the Magistrate Judge's order that declined to compel Defendants to respond to requests for production 14, 18, and 19. *See* Doc. No. 821 at 3, 6, 13. Martin, et al. dispute the Magistrate Judge's finding that the requests were too broad and that they should have been made in the questionnaire process or the questionnaire dispute resolution process. *See id.* at 6, 7–8; *see also* Doc. No. 824 at 2–6. They further argue that the requests 18 and 19 are not vague and Defendants failed to carry their burden to show vagueness. *See* Doc. No. 821 at 9. Martin, et al., assert that the sought documents are discoverable and probative. *See id.* at 9–12; *see also* Doc. No. 824 at 6–8. Finally, they argue that their failure to take Collins's deposition does not defeat their document request. *See* Doc. No. 821 at 12–13; *see also* Doc. No. 824 at 8–9.

Defendants respond that the requests for production are "overly broad and vague." Doc. No. 822 at 10–13. They further claim the requests lack relevance. *See id.* at 13–15. Defendants contend that the failure to depose Collins or include the request in the questionnaire process defeats Martin, et al.'s assertion that the documents are highly probative. *See id.* at 16–17. Finally, Defendants argue that "since Collins was the project manager for the Palm Springs project, which was created at the direction and oversight of Midland's legal department in response to the onslaught of TCPA litigation, documents relating to Collins['s] involvement in that project are protected by the attorney-client privilege and work product doctrine." *Id.* at 18.

**1. Request for Production No. 14**

Request for production 14 stated the following: "Produce all documents concerning any audit, investigation or other type of inquiry into TCPA compliance and/or

consent to make calls using a dialer." Doc. No. 802 at 40.  Defendants responded with attorney-client privilege and work product doctrine objections. *Id.*  They contended that the production would disclose personal, confidential information. *Id.*  Defendants further countered that the request was vague, ambiguous, "overly broad[,] and unduly burdensome." *Id.*  They finally objected on relevance and proportionality grounds. *See id.*  In particular, Defendants argued that because the TCPA's automated telephone dialing system ("ATDS") definition is ambiguous, they could not have willfully or knowingly violated ethe TCPA. *See id.* at 43.  The Magistrate Judge found the request overbroad—suggesting a possible temporal limitation—and declined to rewrite the request. *See* Doc. No. 812 at 11.  The Magistrate Judge further found that "to the extent this constitutes common discovery, the matter could have and should have been raised during the questionnaire process or in the dispute resolution process provided by the Court." *Id.*

      Here, as to request 14, the Court finds that Martin, et al. have not persuaded the Court that the Magistrate Judge made a fatal mistake as to factual findings or discretionary decisions and have not pointed to a determination that was contrary to law. The language of request 14 seeks production of "*all* documents" involving "*any* audit, investigation or other type of inquiry into TCPA compliance and/or consent to make calls using a dialer." Doc. No. 802 at 40.  However, the request was expressly qualified by a temporal limiting instruction: "[u]nless otherwise specified in a particular paragraph, the time period covered by these requests is October 12, 2007, to September 30, 2014." Doc. No. 773-1 at 2; *see also* Doc. No. 802 at 5.  Although the Magistrate Judge may have erred in finding a temporal limitation was necessary when the request already contained one, the Court finds that the Magistrate Judge did not err in separately and independently finding that the matter could and should have been raised during the questionnaire or dispute resolution process.

      Although the Magistrate Judge issued the parameters of common discovery, these parameters originated from the parties' own wishes.  In the joint motion and subsequent

order implementing the Plaintiff questionnaire and providing for discovery, *see* Doc. Nos. 603, 608, the production to be completed by Defendants—as designed by the parties—included information relating to Defendants' dialing technology and practices. *See* Doc. No. 608 at 5–6. In Plaintiffs' separate statement in the underlying joint motion at issue, Plaintiffs argued that the request regarding "any whistleblower . . . such as Collins" seeks documents ultimately relating to "Defendants' dialers or consent practices." Doc. No. 802 at 58, 59; *see also id.* at 41.

However, it does not appear Plaintiffs seized the opportunity to pursue discovery or otherwise seek resolution of a discovery dispute. Plaintiffs declined to seek such discovery—when originally moving to depose Collins and Noble in December 2019—despite also requesting documents directly from Collins, which the Court allowed with some procedural requirements. *See* Doc. No. 715 at 2; Doc. No. 726 at 4. Moreover, Plaintiff Martin further did not pursue the discovery even after his August 2019 status report provided several documents he would request if he were to individually litigate the case: "[a]ll documents and communications concerning any internal or external audits and investigations concerning automated or prerecorded calls" and

> [a]ll documents and communications concerning any employee or contractor of Midland or any affiliate thereof, that mentions use of a dialer or prerecorded message. This request is intended to encompass, for example, 'whistleblower' communications where an employee raised Midland's improper use of dialers to the attention of Midland or its affiliates.

Doc. No. 696 at 4. Plaintiffs further failed to follow up after a group of fourteen Plaintiffs filed a status report the same day that requested third-party discovery, including of a witness who was "a former terminated Midland employee that worked in the collections department, and who is believed to have crucial information about internal policies directly relevant to defendants' compliance, or lack of compliance, with the [TCPA]." Doc. No. 697 at 4. Thus, Martin, et al. had the opportunity to collect the discovery from Defendants. They ultimately failed to do so and failed to seek resolution

of a dispute from the Magistrate Judge regarding dissatisfaction with Defendants' production.

Although Martin, et al. accurately note that the questionnaire process was not the "end-all-be-all" for discovery and that there was no formal fact discovery closure date, *see* Doc. No. 821 at 8, they are correct merely to the extent that further discovery may be warranted after remand in the respective member cases' transferor districts. However, for the purposes of discovery in this MDL, it was never the Court's intent to prolong the MDL with repetitive phases of discovery. Such a process would defeat the objective to "promote the just and efficient conduct" of this MDL. *See* Doc. No. 1 at 1. Allowing Plaintiffs to propound substantially similar discovery that they previously declined to seek after failing to file a dispositive motion would undermine the goals of this MDL. The Court declines Martin, et al.'s invitation to ensnare every member case in repetitive discovery opportunities.

In sum, the Court finds that Martin, et al. have not carried their burden to show that the Magistrate Judge's order is clearly erroneous or contrary to law as to request for production 14. Accordingly, the Court **OVERRULES** Martin, et al.'s objection to the Magistrate Judge's ruling regarding request for production 14.

**2. Request for Production No. 18**

Request for production 18 stated the following: "Produce all documents concerning any whistleblower (or as Midland put it, 'disgruntled employee') such as Alfred Collins, that relates in any way to your dialers or consent practices, without regard to time. Include emails, text messages, letters and memoranda." Doc. No. 802 at 58. Defendants responded with attorney-client privilege and work product doctrine objections. *See id.* They further argued that the request was vague, ambiguous, overly broad, and overly burdensome. *See id.* The Magistrate Judge noted that despite authorizing a deposition of Collins, as requested by fourteen individual Plaintiffs through lead Plaintiff Fetai, Plaintiffs failed to take the deposition and failed to explain why they did not do so. Doc. No. 812 at 12; *see also* Doc. Nos. 715, 726. The court then found

that "Plaintiffs did not pursue the opportunity provided by the Court in its September 4, 2019 Order (ECF No. 702) to request this information from Defendants and seek Court resolution of any dispute." Doc. No. 812 at 12.  Finally, the Magistrate Judge found that other than the identification of Collins, the request was "vague and overbroad and its relevance to calls preceding September 1, 2014, is not obvious." *Id.* at 12–13.

      Here, as to request 18, the Magistrate Judge did not err in finding that this matter should have been raised during the questionnaire and Defendant discovery production process or in the dispute resolution process for the same reasons outlined above regarding request 14.

      Additionally, the Court agrees that the language of the request is overbroad.  The Magistrate Judge correctly noted the lack of temporal or any other limitation to meet Rule 34(b)(1)(A)'s particularity standard.  Martin, et al. take issue with the Magistrate Judge's suggested temporal restriction of "calls made prior to September 1, 2014" for TCPA compliance internal audits and investigations.  *See* Doc. No. 821 at 7 (quoting Doc. No. 812 at 11).  However, this was merely a possible "more appropriate inquiry." Doc. No. 812 at 11.  After all, as the Magistrate Judge noted, it is not the Court's job to rewrite a request for recommendation.  *See id.*  Regardless of any disagreements over the Magistrate Judge's suggested appropriate request, the issue remains that the request is overbroad, especially in light of the "without regard to time" qualifier.  *See* Doc. No. 802 at 65.  A request lacking any "any temporal or other reasonable limitations is objectionable on its face as overly broad." *Shuckett v. Dialamerica Mktg., Inc.*, No. 17-cv-2073-LAB (KSC), 2018 WL 4350123, at *5 (S.D. Cal. Sept. 10, 2018).  As currently written, the request's sweeping language is not sufficiently tailored to establish the requisite sufficient particularity.

      In sum, the Court finds that Martin, et al. have not carried their burden to show that the Magistrate Judge's order is clearly erroneous or contrary to law as to request for production 18.  Accordingly, the Court **OVERRULES** Martin, et al.'s objection to the Magistrate Judge's ruling regarding request for production 18.

### 3. Request for Production No. 19

Request for production 19 stated the following: "Produce all audits, investigations and other documents that concern use of your dialers or the TCPA, without regard to time, including investigations and witness statements concerning the Collins matter." Doc. No. 802 at 65. Defendants responded with attorney-client privilege and work product doctrine objections. *Id.* They also objected that the request was broad, unduly burdensome, not relevant, and not proportional. The Magistrate Judge did not enforce the request for the same reasons it denied request for production 18. *See* Doc. No. 812 at 13.

Here, as to request 19, Martin, et al. have not persuaded the Court that the Magistrate Judge made a mistake as to factual findings or discretionary decisions and have not pointed to a determination that was contrary to law. The Court further finds the Magistrate Judge's decision is sound for the same reasons outlined above regarding requests 14 and 18.

In sum, the Court finds that Martin, et al. have not carried their burden to show that the Magistrate Judge's order is clearly erroneous or contrary to law as to request for production 19. Accordingly, the Court **OVERRULES** Martin, et al.'s objection to the Magistrate Judge's ruling regarding request for production 19.

## IV. CONCLUSION

For the foregoing reasons, the Court the Court **OVERRULES** Plaintiff Arora's objection and **OVERRULES** Martin, et al.'s objection.

**IT IS SO ORDERED**.

Dated: November 4, 2020

HON. MICHAEL M. ANELLO
United States District Judge