# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11-md-2286-MMA (MDD)<br><br>**AMENDED ORDER SUGGESTING REMAND**[1] |

In this multidistrict litigation ("MDL"), the motion for summary judgment deadline has lapsed without a party filing such motion and there does not appear to be any pending common discovery to be produced. *See* Doc. No. 827. Accordingly, the Court *sua sponte* finds that coordinated or consolidated pretrial proceedings have been exhausted. For the reasons set forth below and pursuant to United States Judicial Panel on Multidistrict Litigation ("Panel or JPML") Rule 10.1(b)(i), the Court respectfully

---

[1] The Court issues this amended order for the sole purpose of addressing clerical errors regarding the list of member cases at the end of this order at the request of the United States Judicial Panel on Multidistrict Litigation. There are no substantive changes to the original order.

**SUGGESTS** that the Panel **REMAND** all member cases within this MDL to their originating transferor districts.

## I. BACKGROUND

The member Plaintiffs in this MDL generally allege that Defendants Midland Funding LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. (collectively, "Defendants"), violated the rights of plaintiffs and other unnamed class members by illegally making debt collection calls to them, through use of an automated dialing system, on their cell phones without the debtors' consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").[2] *See In re: Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, 818 F. Supp. 2d 1377 (U.S. Jud. Pan. Mult. Lit. 2011); *see also* Doc. No. 1.[3] Originating in 2011, the MDL was initially comprised of four member actions, all purported class actions. *See* Doc. No. 1 at 3. Two actions were originally filed in the Southern District of California: *Robinson v. Midland Funding, LLC*, No. 10-cv-02261 (S.D. Cal.) and *Tovar v. Midland Credit Management*, No. 10-cv-02600 (S.D. Cal.). The other two actions were filed in the Northern District of Illinois: *Martin v. Midland Funding*, LLC, No. 11-cv-03104 (N.D. Ill.) and *Scardina v. Midland Credit Management, Inc.*, No. 11-cv-03149 (N.D. Ill.). *See id*. This MDL now consists of approximately sixty-five[4] member actions, transferred from district courts throughout the United States.

In December 2016, the Court entered an amended order granting final approval to the nationwide class-action settlement between then-lead Plaintiffs, class members, and

---

[2] The TCPA prohibits making "any call . . . using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

[3] All citations refer to the pagination assigned by the CM/ECF system. All docket references refer to the docket of this action unless otherwise noted.

[4] This number does not include all of pro se Plaintiff David E. Mack's 106 related member cases. The Court previously *sua sponte* consolidated his 106 member cases under one case number, 15-cv-723-MMA (MDD). *See* Doc. No. 572.

1  Defendants—for a class period from November 2, 2006 through August 31, 2014. *See*
2  Doc. No. 434. The settlement resolved only eight member cases. *See id.* at 25. Several
3  member Plaintiffs opted out of the class and other member Plaintiffs alleged receiving
4  autodialed telephone calls from Defendants on or after September 1, 2014.

5       In October 2017, Plaintiffs Curtis Bentley and William Baker filed a consolidated
6  amended complaint with class allegations involving calls after September 1, 2014. *See*
7  Doc. No. 538. Defendants answered the consolidated amended complaint in December
8  2017. *See* Doc. No. 549. The Court struck Fair Debt Collection Practices Act claims
9  from the Consolidated Amended Complaint, Doc. No. 569, and stayed "all non-TCPA
10 causes of action in all member cases pending remand of those cases to their original
11 districts or resolution of this MDL," Doc. No. 571 at 2.

12      In January 2018, the Court ordered Defendants to respond to every member case
13 complaint to initiate discovery. *See* Doc. No. 562. Further, at this Court's suggestion,
14 the Panel suspended JPML Rule 7.1(a) to bar further tag along cases from being
15 transferred into the MDL. *See* JPML MDL No. 2286, Doc. No. 1074. Following an
16 initial case management conference in April 2018, *see* Doc. No. 587, the Court ordered
17 the parties to complete their Rule 26(f) conference and submit their Rule 26(f)(3)
18 discovery plan, *see* Doc. No. 591. In August 2018, the parties filed a joint motion to
19 implement a plaintiff questionnaire, a protective order, and to provide for certain
20 preliminary discovery. *See* Doc. No. 603. The Magistrate Judge ordered any objecting
21 Plaintiff to file objections to the questionnaire, *see* Doc. No. 604, and no Plaintiff
22 objected, *see* Doc. No. 608 at 1. In September 2018, the Magistrate Judge issued an
23 order granting the joint motion implementing the questionnaire process and production
24 from Defendants. *See id.*

25      In December 2018, the Court permitted lead Plaintiffs Bentley and Baker to file a
26 Second Consolidated Complaint and to add Emir Fetai as an additional lead Plaintiff. *See*
27 Doc. Nos. 650, 651. In January 2019, the Court ordered lead Plaintiffs Baker and
28

Bentley to arbitration and stayed their individual member cases. *See* Doc. No. 669 at 17–18. However, the Court allowed Fetai and his putative class to proceed. *See id.* at 18.

In June 2019, the Magistrate Judge found that sufficient time had passed for the Plaintiff questionnaire process to be completed and moved to the deposition phase of discovery. *See* Doc. No. 689 at 1. The Magistrate Judge ordered the parties to file a joint status report regarding discovery and expected "confirmation that the questionnaire and responsive discovery process [was] complete." *Id.* at 1. He also ordered the parties to meet and confer regarding a joint discovery plan and a proposed scheduling order for this phase of discovery, a summary judgment motion deadline, and class certification motion deadline. *See id.* at 2.

On September 4, 2019 and following the filing of the status reports, the Magistrate Judge issued an order setting discovery deadlines and limitations on discovery. *See* Doc. No. 702. Among other things, the order provided for the deposition of lead Plaintiff in the class action by October 25, 2019; the Rule 30(b)(6) deposition of Defendants by lead Plaintiff regarding calling technologies and practices after September 1, 2014, by November 22, 2019; the issuance of subpoenas to cellular carriers by individual Plaintiffs; certain meet and confer requirements regarding other depositions pertinent to the post-September 1, 2014 Plaintiffs; and depositions and disputes regarding pre-September 1, 2014 Plaintiffs. *See id.* at 8–9. Additionally, to address the lack of a procedure for Plaintiffs having concerns regarding Plaintiff-specific discovery provided by Defendants, the Magistrate Judge ordered Defendants to file a report containing the list of member cases alleging calls before September 1, 2014; indicating the counsel responsible for responding to individual Plaintiffs to discuss discovery concerns and settlement; and indicating the counsel responsible for responding to individual Plaintiffs regarding "[P]laintiff-specific discovery provided by Defendants during the questionnaire process." *Id.* at 7. The Court ordered Plaintiffs who remained dissatisfied with Defendants' production to bring the discovery dispute by December 2, 2019 and further ordered the parties to meet and confer "regarding calling technologies and practices

during relevant time periods preceding September 1, 2014." *Id.* at 9. Finally, the court provided that "[a]ny motion for class certification and any motion for summary judgment must be filed no later than January 24, 2020." *Id.*

On December 16, 2019, the Magistrate Judge issued two discovery orders. *See* Doc. Nos. 725, 726. In the first order, Plaintiffs Nicholas Martin and Jeremy Johnson, sought to depose Defendants regarding calling practices and policies prior to September 1, 2014. *See* Doc. No. 725 at 1. The Magistrate Judge granted the motion; limited the deposition to the periods January 1, 2008 through November 24, 2008, and January 1, 2013 through March 1, 2014; and ordered that the deposition occur no later than January 31, 2020—provided that Plaintiffs' counsel made arrangements for other relevant Plaintiffs to attend in person or remotely and suggest questions to counsel taking the deposition. *See id.* at 2–3. Plaintiffs took the deposition on January 28, 2020. *See* Doc. No. 803 at 5. In the second order, lead Plaintiff Fetai and fourteen fellow member Plaintiffs sought to depose two third parties—Alfred Collins and Noble Systems—and Defendants regarding calling technologies and practices for calls made prior to September 4, 2014. *See* Doc. Nos. 715 at 2, 7; Doc. No 726 at 1. The Magistrate Judge granted the order. *See* Doc. No. 726. The court allowed for the deposition of Defendants as provided in the first order. *See id.* at 5–7. The Court further ordered that "corporate deposition of Noble Systems Corporation must be obtained no later than January 31, 2020 and the deposition of Mr. Collins must be obtained no later than February 14, 2020." *Id.* at 6. In addition to setting expert discovery deadlines, the Magistrate Judge provided that "[a]ny motion for class certification and any motion for summary judgment must be filed no later than June 12, 2020." *Id.* at 7. However, "[t]he depositions of Noble Systems and Mr. Collins did not proceed[,] and no party asked that the dates for those depositions be extended." Doc. No. 811 at 6.

On January 7, 2020, Plaintiffs Martin and Johnson and Defendants stipulated that the deposition of Defendants regarding pre-September 1, 2014 calling practices and policies would not be limited as provided in the court's order (Doc. No. 725) but would

cover the entire pre-September 1, 2014 period. *See* Doc. No. 745. On January 31, 2020, the Magistrate Judge granted in part Plaintiff Arora's motion to compel additional production from Defendants regarding call recording policies and proceedings. *See* Doc. No. 754 at 3, 4; *see also* Doc. Nos. 737, 741, 753.

On April 27, 2020, the Magistrate Judge granted Plaintiffs Martin and Johnson and Defendants' joint motion stating their agreement that certain written discovery requests were deemed served on Defendants, who agreed to accept service while reserving their rights to object under the Federal Rules of Civil Procedure. *See* Doc. No. 773 at 3; Doc. No. 776 at 2.

No party filed a motion for class certification or motion for summary judgment. No party moved to extend the time to file such motions. However, on June 12, 2020, lead Plaintiff Fetai and Defendants filed a joint notice of settlement. *See* Doc. No. 780. On June 29, 2020, the Court held a telephonic status conference to determine the status of the MDL as to the remaining member cases. *See* Doc. Nos. 782, 789. After the status conference, the Magistrate Judge ordered that "any discovery dispute regarding the April 27, 2020 discovery order (Doc. No. 776) be brought to the Court's attention on or before July 15, 2020" and "[a]ny request for additional discovery must also be filed on or before July 15, 2020." Doc. No. 793 at 2.

On July 2, 2020, in response to a joint motion to dismiss, the Court dismissed Bentley's and Baker's member cases. *See* Doc. No. 795. In the same order, the Court also dismissed Fetai's claims based on lack of jurisdiction. *See id.*

Meanwhile, Arora sought leave to obtain discovery and take depositions. *See* Doc. No. 790. Specifically, Arora sought "to take a deposition of Noble Systems regarding Noble dialers utilized by Defendants prior to Sept 1, 2014 and, if necessary, also propound written discovery on it." *Id.* at 2. Martin, Johnson, and other member Plaintiffs then sought scheduling order changes and further discovery. First, they moved to amend the scheduling order to extend fact discovery, expert discovery, *Daubert* motion, and dispositive motion deadlines. *See* Doc. No. 801. Second, they and

Defendants filed a joint motion to determine a discovery dispute. *See* Doc. No. 802. Plaintiffs sought leave to compel further responses to interrogatories and requests for production. *See id.* Third, Plaintiffs also sought "leave to take the Fed. R. Civ. P. 30(b)(6) depositions of Defendants' dialer providers Noble, Aspect (f/k/a Davox) and Livevox, Midland employees involved with its dialers Mike Aronson and Kevin McLaughlin, whistleblower Alfred Collins, and individuals listed in Collins' complaint against Midland." Doc. No. 803 at 4.

The Magistrate Judge ruled on these motions in two orders. *See* Doc. Nos. 811, 812. In the first order, the Magistrate Judge denied Plaintiffs' motion to amend the scheduling order because Plaintiffs "were not diligent in pursuing fact or expert discovery, in seeking extensions of deadlines or in seeking clarification of the Court's Orders regarding discovery." Doc. No. 811 at 8. As to the summary judgment deadline specifically, the Magistrate Judge found that "Plaintiffs have not demonstrated good cause to extend the summary judgment deadline." *Id.* at 9. "In light of the Court's ruling declining to extend the discovery deadline," the Magistrate Judge denied Arora's and Martin, Johnson, and other member Plaintiffs' motions requesting leave to take depositions and discovery of third parties. *Id.* In the second order, the Magistrate Judge denied Plaintiffs' motion to compel further responses to the interrogatories and requests for production but ordered Defendants to provide responsive information to a few requests for production. *See* Doc. No. 812 at 14.

After the Magistrate Judge issued these two orders, member Plaintiffs filed two timely objections. *See* Doc. Nos. 815, 821; *see also* Doc. No. 820. Arora objected to the Magistrate Judge's "Order (Doc 811) denying Plaintiff's requests to take deposition and discovery of Noble Systems (Doc 790)." Doc. No. 815 at 1. Martin, Johnson, and several others[5] (collectively, "Martin, et al.") objected to the Magistrate Judge's order

---

[5] The full list of member Plaintiffs that join the motion is located at Doc. No. 821 at 13–16.

(Doc. No. 812) denying Plaintiffs' request to compel written discovery. *See* Doc. No. 821 at 3, 6, 13. Specifically, Martin, et al. objected to the Magistrate Judge denying their motion to compel requests for production numbered 14, 18, and 19. *See id.* The Court overruled both objections. *See* Doc. No. 827. The Court now finds and respectfully suggests that remand of the remaining member cases is appropriate.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1407,

> [e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: *Provided, however*, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

28 U.S.C. § 1407(a). The same statute permits the Panel to "prescribe rules for the conduct of its business not inconsistent with Acts of Congress and the Federal Rules of Civil Procedure." *Id.* § 1407(f). The Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation provide such additional procedural details:

> (b) <u>Initiation of Remand</u>. Typically, the transferee judge recommends remand of an action, or a part of it, to the transferor court *at any time by filing a suggestion of remand with the Panel*. However, the Panel may remand an action or any separable claim, cross-claim, counterclaim or third-party claim within it, upon
>
>> (i) the transferee court's suggestion of remand,
>> (ii) the Panel's own initiative by entry of an order to show cause, a conditional remand order or other appropriate order, or
>> (iii) motion of any party.

J.P.M.L. R. 10.1(b) (emphasis added).

"In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re: Columbia/HCA Healthcare Corp. Qui Tam Litig.* (No. II), 560 F. Supp. 2d 1349, 1350 (U.S. Jud. Pan. Mult. Lit. 2008) (quoting *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977)). When suggesting remand, transferee courts apply the same guidelines the Panel itself would apply when deciding whether to order remand. *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). "Remand is inappropriate . . . when continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'" *In re Silica Prod. Liab. Litig.*, 398 F. Supp. 2d 563, 668 (S.D. Tex. 2005) (quoting *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002)). "By contrast, the Panel has discretion to remand when everything that remains to be done is case-specific." *Id.*

### III. DISCUSSION

The deadline for filing a pretrial dispositive motion has passed. Several member Plaintiffs moved to amend the deadline after it passed. *See* Doc. No.801. However, the Magistrate Judge denied the motion, and Plaintiffs did not object on the issue of the dispositive motion deadline. *See* Doc. No. 811. Further, there is no outstanding common discovery remaining to be completed for the purposes of this MDL. Plaintiffs Arora and Martin, et al. objected to several of the Magistrate Judge's orders regarding further discovery. *See* Doc. Nos. 815, 821. The Court overruled these objections. *See* Doc. No. 827.

Given that the time for filing pretrial dispositive motions has passed and there does not appear to be any pending discovery to be produced for the purpose of this MDL, pretrial proceedings—to the extent such proceedings are common as to all member

cases—are complete.[6]  Because "pretrial proceedings are now complete, remand is obligatory." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-05944-JST, 2017 WL 8676440, at *1 (N.D. Cal. Apr. 5, 2017); *see also* 28 U.S.C. § 1407(a) (noting that member cases "shall" be remand "at or before the conclusion of such pretrial proceedings"); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("The Panel's instruction comes in terms of the mandatory 'shall' which normally creates an obligation impervious to judicial discretion."). The Court finds that any remaining discovery, especially any outstanding Plaintiff-specific discovery, can and should be achieved in the transferor courts. Given the current procedural standing of this MDL and the fact this MDL has continued since 2011, the Court finds that the just and efficient litigation of the member cases can only be continued in their original transferor courts.[7] Accordingly, the Court finds remand appropriate.

---

[6] The Court makes no findings and expresses no opinion as to whether any further pretrial proceedings are necessary or appropriate in any individual member case. The Court suggests remand *sua sponte* after carefully inquiring what remains to be done in this MDL that may be relevant to all member cases. After no party filed a motion for summary judgment by the June 12, 2020 deadline, the Court promptly held a status conference on June 18, 2020 to determine the "current status of this MDL as to the remaining member cases." Doc. No. 782 at 1; *see also* Doc. No. 789. In particular, the Court generally sought to determine "whether there [were] any other pretrial matters requiring the attention of the Court" and whether the Court should suggest remand. Doc. No. 782 at 1–2. After member Plaintiffs moved to amend scheduling deadlines and compel discovery, the Magistrate Judge denied the motions—although he did order Defendants to provide the responsive information they agreed to produce regarding a few requests for production. *See* Doc. No. 811; Doc. No. 812. Then, after several Plaintiffs objected, the Court overruled the objections. *See* Doc. No. 827.

[7] Additionally, the Court otherwise finds that a MDL is not the most appropriate vehicle for adjudicating pretrial issues in TCPA cases—as seen in the recent trend of the Panel denying centralization of TCPA actions. *See, e.g.*, *In re United Collection Bureau, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 273 F. Supp. 3d 1364–65, 1365 (U.S. Jud. Pan. Mult. Lit. 2017) ("These factual issues, while common, appear to be relatively straightforward, and discovery is unlikely to be unusually burdensome or time-consuming. In contrast, the amount of individualized discovery into such matters as the number of calls each plaintiff received, the process and documentation involved in the obtaining (or revocation) of consent, and the timing and circumstances thereof seems likely to be quite significant."); *In re Kohl's Tel. Consumer Prot. Act (TCPA) Litig.*, 220 F. Supp. 3d 1363, 1364 (U.S. Jud. Pan. Mult. Lit. 2016) ("At least with respect to those actions, factual issues encompass defendants' practices, policies, and procedures with respect to making debt collection calls and obtaining and recording recipients' consent (and any revocation thereof), as well as the nature of the dialing system or systems used. But these

Upon remand and for the benefit of the transferor courts, the Court recommends that the transferor courts set status conferences to determine whether settlement is appropriate and, if not, to determine whether Plaintiff-specific discovery needs to be completed and to set a dispositive motion deadline for Plaintiff-specific issues that can be adjudicated prior to trial.

## IV. CONCLUSION

For the foregoing reasons and pursuant to Panel Rule 10.1(b)(i), the Court respectfully **SUGGESTS** that the Panel **REMAND** all remaining member cases, which are listed below. The Court **DIRECTS** the Clerk of Court to file this Order on the docket of 11-md-2286-MMA (MDD). The Court further **DIRECTS** the Clerk of Court to forward a certified copy of this Order to the United States Judicial Panel on Multidistrict Litigation. The member cases are as follows[8]:

/ / /

/ / /

/ / /

/ / /

/ / /

---

issues, while common, appear to be relatively straightforward, and discovery is unlikely to be unusually burdensome or time-consuming. In contrast, the amount of individualized discovery into such matters as the number of calls each plaintiff received, the process and documentation involving in obtaining that plaintiff's consent, and the timing and circumstances surrounding revocation seems likely to be quite significant."); *In re: Uber Techs., Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 247 F. Supp. 3d 1386, 1387 (U.S. Jud. Pan. Mult. Lit. 2016) ("Although the actions appear to share some factual questions relating to allegations that Uber violated the TCPA by sending unsolicited text messages to plaintiffs, the record indicates that several actions present significant individualized factual issues concerning the issue of consent and the applicability of allegedly mandatory arbitration agreements to certain plaintiffs." (footnote omitted)).

[8] This list does not include the two member cases that originated in this district and, thus, do not require formal remand by the Panel: *Prows v. Midland Funding LLC*, 13-cv-800-MMA (MDD) and *Gazanchiyants v. Midland Credit Management, Inc.*, 15-cv-2375-MMA (MDD). *See* JPML MDL No. 2286, Doc. No. 08/23/2016. Upon the Panel granting remand of all MDL member cases, the Court will treat these two actions as independent actions outside of the MDL.

1. *Martin v. Midland Funding, LLC*, 11-cv-2368-MMA (MDD)
2. *Goetz v. Midland Credit Management, Inc.*, 13-cv-1478-MMA (MDD)
3. *Ferdarko v. Midland Credit Management, Inc.*, 13-cv-1517-MMA (MDD)
4. *Manasse v. Midland Funding LLC*, 13-cv-1519-MMA (MDD)
5. *Doherty v. Midland Credit Management, Inc.*, 13-cv-2010-MMA (MDD)
6. *Roy v. Midland Credit Management, Inc.*, 13-cv-2882-MMA (MDD)
7. *Akers v. Midland Funding, LLC*, 14-cv-240-MMA (MDD)
8. *Santamaria v. Midland Funding, LLC*, 14-cv-242-MMA (MDD)
9. *Quevedo v. Midland Credit Management, Inc.*, 14-cv-381-MMA (MDD)
10. *Cooper v. Midland Credit Management, Inc.*, 14-cv-382-MMA (MDD)
11. *McDonald v. Midland Credit Management, Inc.*, 14-cv-689-MMA (MDD)
12. *Gilmore v. Midland Credit Management, Inc.*, 14-cv-861-MMA (MDD)
13. *Weisberger v. Midland Credit Management, Inc.*, 14-cv-1336-MMA (MDD)
14. *Jones v. Midland Credit Management, Inc.*, 14-cv-1337-MMA (MDD)
15. *Wentworth v. Midland Funding LLC*, 14-cv-1355-MMA (MDD)
16. *Smith et al v. Midland Funding, LLC*, 14-cv-1386-MMA (MDD)
17. *Bretz v. Midland Credit Management Inc*, 14-cv-1502-MMA (MDD)
18. *Gruver v. Midland Credit Management, Inc.*, 14-cv-1559-MMA (MDD)
19. *Dotson v. Midland Credit Management, Inc.*, 14-cv-1760-MMA (MDD)
20. *Benarroch v. Midland Credit Management, Inc.*, 14-cv-1893-MMA (MDD)
21. *Hill v. Midland Credit Management, Inc.*, 14-cv-1950-MMA (MDD)
22. *Valliere v. Midland Credit Management, Inc.*, 14-cv-1960-MMA (MDD)
23. *Shearer v. Midland Credit Management, Inc.*, 14-cv-2151-MMA (MDD)
24. *Moya v. Midland Credit Management, Inc.*, 14-cv-2467-MMA (MDD)
25. *Andrews v. Midland Credit Management, Inc.*, 14-cv-2506-MMA (MDD)
26. *Love v. Midland Credit Management, Inc.*, 14-cv-2881-MMA (MDD)
27. *King v. Midland Credit Management, Inc.*, 14-cv-2909-MMA (MDD)
28. *Howard v. Midland Credit Management, Inc.*, 15-cv-170-MMA (MDD)

| | |
|---|---|
| 1 | 29. *Glover v. Midland Credit Management, Inc.*, 15-cv-222-MMA (MDD) |
| 2 | 30. *Gaddis v. Midland Credit Management Inc*, 15-cv-234-MMA (MDD) |
| 3 | 31. *Hall v. Midland Credit Management, Inc.*, 15-cv-503-MMA (MDD) |
| 4 | 32. *Mack v. Midland Credit Management, Inc.*, 15-cv-723-MMA (MDD)[9] |
| 5 | 33. *Mack v. Midland Credit Management, Inc.*, 15-cv-724-MMA (MDD) |
| 6 | 34. *Mack v. Midland Credit Management, Inc.*, 15-cv-725-MMA (MDD) |
| 7 | 35. *Mack v. Midland Credit Management, Inc.*, 15-cv-726-MMA (MDD) |
| 8 | 36. *Mack v. Midland Credit Management, Inc.*, 15-cv-728-MMA (MDD) |
| 9 | 37. *Mack v. Midland Credit Management, Inc.*, 15-cv-729-MMA (MDD) |
| 10 | 38. *Mack v. Midland Credit Management, Inc.*, 15-cv-773-MMA (MDD) |
| 11 | 39. *Mack v. Midland Credit Management, Inc.*, 15-cv-774-MMA (MDD) |
| 12 | 40. *Mack v. Midland Credit Management, Inc.*, 15-cv-775-MMA (MDD) |
| 13 | 41. *Mack v. Midland Credit Management, Inc.*, 15-cv-776-MMA (MDD) |
| 14 | 42. *Mack v. Midland Credit Management, Inc.*, 15-cv-777-MMA (MDD) |
| 15 | 43. *Mack v. Midland Credit Management, Inc.*, 15-cv-783-MMA (MDD) |
| 16 | 44. *Mack v. Midland Credit Management, Inc.*, 15-cv-785-MMA (MDD) |
| 17 | 45. *Mack v. Midland Credit Management, Inc.*, 15-cv-1784-MMA (MDD) |
| 18 | 46. *Mack v. Midland Credit Management, Inc.*, 15-cv-1785-MMA (MDD) |
| 19 | 47. *Mack v. Midland Credit Management, Inc.*, 15-cv-1788-MMA (MDD) |
| 20 | 48. *Mack v. Midland Credit Management, Inc.*, 15-cv-1789-MMA (MDD) |
| 21 | 49. *Mack v. Midland Credit Management, Inc.*, 15-cv-1790-MMA (MDD) |
| 22 | 50. *Mack v. Midland Credit Management, Inc.*, 15-cv-1796-MMA (MDD) |
| 23 | 51. *Mack v. Midland Credit Management, Inc.*, 15-cv-1797-MMA (MDD) |
| 24 | 52. *Mack v. Midland Credit Management, Inc.*, 15-cv-1798-MMA (MDD) |

---

[9] This action includes each of pro se Plaintiff David E. Mack's 106 related member cases. As noted above, the Court previously *sua sponte* consolidated his 106 member cases under one case number, 15-cv-723-MMA (MDD). *See* Doc. No. 572. The full list of Mack's 106 cases can be found at Doc. No. 572-1 at 2–4, which the Court also includes in this list as requested by the Panel.

|   |   |
|---|---|
| 1 | 53. *Mack v. Midland Credit Management, Inc.*, 15-cv-1799-MMA (MDD) |
| 2 | 54. *Mack v. Midland Credit Management, Inc.*, 15-cv-1801-MMA (MDD) |
| 3 | 55. *Mack v. Midland Credit Management, Inc.*, 15-cv-1803-MMA (MDD) |
| 4 | 56. *Mack v. Midland Credit Management, Inc.*, 15-cv-1805-MMA (MDD) |
| 5 | 57. *Mack v. Midland Credit Management, Inc.*, 15-cv-1806-MMA (MDD) |
| 6 | 58. *Mack v. Midland Credit Management, Inc.*, 15-cv-1807-MMA (MDD) |
| 7 | 59. *Mack v. Midland Credit Management, Inc.*, 15-cv-1808-MMA (MDD) |
| 8 | 60. *Mack v. Midland Credit Management, Inc.*, 15-cv-1809-MMA (MDD) |
| 9 | 61. *Mack v. Midland Credit Management, Inc.*, 15-cv-1810-MMA (MDD) |
| 10 | 62. *Mack v. Midland Credit Management, Inc.*, 15-cv-1811-MMA (MDD) |
| 11 | 63. *Mack v. Midland Credit Management, Inc.*, 15-cv-2226-MMA (MDD) |
| 12 | 64. *Mack v. Midland Credit Management, Inc.*, 15-cv-2228-MMA (MDD) |
| 13 | 65. *Mack v. Midland Credit Management, Inc.*, 15-cv-2229-MMA (MDD) |
| 14 | 66. *Mack v. Midland Credit Management, Inc.*, 15-cv-2231-MMA (MDD) |
| 15 | 67. *Mack v. Midland Credit Management, Inc.*, 15-cv-2250-MMA (MDD) |
| 16 | 68. *Mack v. Midland Credit Management, Inc.*, 15-cv-2251-MMA (MDD) |
| 17 | 69. *Mack v. Midland Credit Management, Inc.*, 15-cv-2252-MMA (MDD) |
| 18 | 70. *Mack v. Midland Credit Management, Inc.*, 15-cv-2253-MMA (MDD) |
| 19 | 71. *Mack v. Midland Credit Management, Inc.*, 15-cv-2330-MMA (MDD) |
| 20 | 72. *Mack v. Midland Credit Management, Inc.*, 15-cv-2331-MMA (MDD) |
| 21 | 73. *Mack v. Midland Credit Management, Inc.*, 15-cv-2332-MMA (MDD) |
| 22 | 74. *Mack v. Midland Credit Management, Inc.*, 15-cv-2333-MMA (MDD) |
| 23 | 75. *Mack v. Midland Credit Management, Inc.*, 15-cv-2335-MMA (MDD) |
| 24 | 76. *Mack v. Midland Credit Management, Inc.*, 15-cv-2337-MMA (MDD) |
| 25 | 77. *Mack v. Midland Credit Management, Inc.*, 15-cv-2418-MMA (MDD) |
| 26 | 78. *Mack v. Midland Credit Management, Inc.*, 15-cv-2421-MMA (MDD) |
| 27 | 79. *Mack v. Midland Credit Management, Inc.*, 15-cv-2422-MMA (MDD) |
| 28 | 80. *Mack v. Midland Credit Management, Inc.*, 15-cv-2423-MMA (MDD) |

81. *Mack v. Midland Credit Management, Inc.*, 15-cv-2525-MMA (MDD)
82. *Mack v. Midland Credit Management, Inc.*, 15-cv-2527-MMA (MDD)
83. *Mack v. Midland Credit Management, Inc.*, 15-cv-2528-MMA (MDD)
84. *Mack v. Midland Credit Management, Inc.*, 15-cv-2529-MMA (MDD)
85. *Mack v. Midland Credit Management, Inc.*, 15-cv-2639-MMA (MDD)
86. *Mack v. Midland Credit Management, Inc.*, 15-cv-2641-MMA (MDD)
87. *Mack v. Midland Credit Management, Inc.*, 15-cv-2643-MMA (MDD)
88. *Mack v. Midland Credit Management, Inc.*, 15-cv-2644-MMA (MDD)
89. *Mack v. Midland Credit Management, Inc.*, 15-cv-2645-MMA (MDD)
90. *Mack v. Midland Credit Management, Inc.*, 15-cv-2646-MMA (MDD)
91. *Mack v. Midland Credit Management, Inc.*, 15-cv-2647-MMA (MDD)
92. *Mack v. Midland Credit Management, Inc.*, 15-cv-2648-MMA (MDD)
93. *Mack v. Midland Credit Management, Inc.*, 15-cv-2649-MMA (MDD)
94. *Mack v. Midland Credit Management, Inc.*, 15-cv-2650-MMA (MDD)
95. *Mack v. Midland Credit Management, Inc.*, 15-cv-2651-MMA (MDD)
96. *Mack v. Midland Credit Management, Inc.*, 15-cv-2653-MMA (MDD)
97. *Mack v. Midland Credit Management, Inc.*, 15-cv-2822-MMA (MDD)
98. *Mack v. Midland Credit Management, Inc.*, 15-cv-2823-MMA (MDD)
99. *Mack v. Midland Credit Management, Inc.*, 15-cv-2827-MMA (MDD)
100. *Mack v. Midland Credit Management, Inc.*, 15-cv-2830-MMA (MDD)
101. *Mack v. Midland Credit Management, Inc.*, 15-cv-2831-MMA (MDD)
102. *Mack v. Midland Credit Management, Inc.*, 15-cv-2832-MMA (MDD)
103. *Mack v. Midland Credit Management, Inc.*, 15-cv-2834-MMA (MDD)
104. *Mack v. Midland Credit Management, Inc.*, 15-cv-2835-MMA (MDD)
105. *Mack v. Midland Credit Management, Inc.*, 15-cv-2858-MMA (MDD)
106. *Mack v. Midland Credit Management, Inc.*, 16-cv-61-MMA (MDD)
107. *Mack v. Midland Credit Management, Inc.*, 16-cv-62-MMA (MDD)
108. *Mack v. Midland Credit Management, Inc.*, 16-cv-131-MMA (MDD)

109. *Mack v. Midland Credit Management, Inc.*, 16-cv-132-MMA (MDD)
110. *Mack v. Midland Credit Management, Inc.*, 16-cv-265-MMA (MDD)
111. *Mack v. Midland Credit Management, Inc.*, 16-cv-266-MMA (MDD)
112. *Mack v. Midland Credit Management, Inc.*, 16-cv-267-MMA (MDD)
113. *Mack v. Midland Credit Management, Inc.*, 16-cv-269-MMA (MDD)
114. *Mack v. Midland Credit Management, Inc.*, 16-cv-271-MMA (MDD)
115. *Mack v. Midland Credit Management, Inc.*, 16-cv-272-MMA (MDD)
116. *Mack v. Midland Credit Management, Inc.*, 16-cv-273-MMA (MDD)
117. *Mack v. Midland Credit Management, Inc.*, 16-cv-274-MMA (MDD)
118. *Mack v. Midland Credit Management, Inc.*, 16-cv-334-MMA (MDD)
119. *Mack v. Midland Credit Management, Inc.*, 16-cv-335-MMA (MDD)
120. *Mack v. Midland Credit Management, Inc.*, 16-cv-336-MMA (MDD)
121. *Mack v. Midland Credit Management, Inc.*, 16-cv-340-MMA (MDD)
122. *Mack v. Midland Credit Management, Inc.*, 16-cv-341-MMA (MDD)
123. *Mack v. Midland Credit Management, Inc.*, 16-cv-342-MMA (MDD)
124. *Mack v. Midland Credit Management, Inc.*, 16-cv-343-MMA (MDD)
125. *Mack v. Midland Credit Management, Inc.*, 16-cv-350-MMA (MDD)
126. *Mack v. Midland Credit Management, Inc.*, 16-cv-351-MMA (MDD)
127. *Mack v. Midland Credit Management, Inc.*, 16-cv-352-MMA (MDD)
128. *Mack v. Midland Credit Management, Inc.*, 16-cv-353-MMA (MDD)
129. *Mack v. Midland Credit Management, Inc.*, 16-cv-354-MMA (MDD)
130. *Mack v. Midland Credit Management, Inc.*, 16-cv-356-MMA (MDD)
131. *Mack v. Midland Credit Management, Inc.*, 16-cv-357-MMA (MDD)
132. *Mack v. Midland Credit Management, Inc.*, 16-cv-358-MMA (MDD)
133. *Mack v. Midland Credit Management, Inc.*, 16-cv-359-MMA (MDD)
134. *Mack v. Midland Credit Management, Inc.*, 16-cv-360-MMA (MDD)
135. *Mack v. Midland Credit Management, Inc.*, 16-cv-361-MMA (MDD)
136. *Mack v. Midland Credit Management, Inc.*, 16-cv-362-MMA (MDD)

137. *Mack v. Midland Credit Management, Inc.*, 16-cv-363-MMA (MDD)
138. *Farley v. Midland Credit Management, Inc.*, 15-cv-939-MMA (MDD)
139. *Cray v. Midland Credit Management Inc*, 15-cv-1051-MMA (MDD)
140. *Permenter v. Midland Credit Management, Inc.*, 15-cv-1644-MMA (MDD)
141. *Arora v. Midland Credit Management, Inc.*, 15-cv-1712-MMA (MDD)
142. *Basham v. Midland Funding, LLC*, 15-cv-2282-MMA (MDD)
143. *Johnson v. Encore Capital Group, Inc.*, 13-cv-2477-MMA (MDD)
144. *Rumbough v. Capital One Bank (USA), N.A.*, 15-cv-2943-MMA (MDD)
145. *Cockman v. Midland Credit Management, Inc.*, 16-cv-1362-MMA (MDD)
146. *Pugh v. Midland Credit Management, Inc.*, 16-cv-1977-MMA (MDD)
147. *Eaton et al v. Midland Credit Management Inc*, 16-cv-3025-MMA (MDD)
148. *Gilbert v. Midland Funding LLC*, 17-cv-115-MMA (MDD)
149. *Boyd v. Midland Funding LLC*, 17-cv-471-MMA (MDD)
150. *Colacchia v. Midland Funding LLC*, 17-cv-472-MMA (MDD)
151. *Miller v. Midland Fundng LLC*, 17-cv-473-MMA (MDD)
152. *Duval v. Midland Funding LLC*, 17-cv-475-MMA (MDD)
153. *Cruz v. Midland Funding LLC*, 17-cv-476-MMA (MDD)
154. *Morris v. Midland Funding LLC*, 17-cv-479-MMA (MDD)
155. *Avesian v. Midland Funding LLC*, 17-cv-482-MMA (MDD)
156. *Richino-Brown v. Midland Funding LLC*, 17-cv-483-MMA (MDD)
157. *Lefler v. Midland Credit Management, Inc.*, 17-cv-504-MMA (MDD)
158. *Spencer v. Midland Funding LLC*, 17-cv-605-MMA (MDD)
159. *Covington v. Midland Credit Management, Inc.*, 17-cv-784-MMA (MDD)
160. *Little v. Midland Credit Management, Inc.*, 17-cv-975-MMA (MDD)
161. *Ramcharitar v. Midland Credit Management, Inc.*, 17-cv-976-MMA (MDD)
162. *Natalie Huffman v. Midland Credit Managment, Inc.*, 17-cv-1015-MMA (MDD)
163. *Prince v. Midland Funding LLC*, 17-cv-1242-MMA (MDD)
164. *Negroni vs. Midland Credit Management, Inc.*, 17-cv-2522-MMA (MDD)

165. *Christian v. Credit One Bank, N.A.*, 18-cv-19-MMA (MDD)
166. *Lauderdale v. Midland Credit Management, Inc.*, 18-cv-483-MMA (MDD)

**IT IS SO ORDERED**.

Dated: November 20, 2020

*/s/ Michael M. Anello*
HON. MICHAEL M. ANELLO
United States District Judge